UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY and STATE FARM FIRE AND CASUALTY
COMPANY,

      Plaintiff,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUS, LAZARO MUSE, HUGO
GOLDSTRAJ, MAMUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC,, NOEL SANTOS,
ANGEL CARRASCO, JORGE RAFAEL COLL,
PAIN RELIEF CLINIC OF HOMESTEAD, CORP.,
JESUS LORITES, AND JOSE GOMEZ-CORTES,

      Defendants.

_____/

## DEFENDANT JESUS LORITES' MOTION TO DISMISS STATE FARM'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, JESUS LORITES, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, move to dismiss State Farm's Amended Complaint (DE 6), for failure to state a claim upon which relief can be granted.

## PREAMBLE

State Farm is in the business of settling insurance claims after it investigates, evaluates, and negotiates the claims that injured parties and their attorneys submit. This lawsuit involves almost fifty claims State Farm negotiated and settled with accident victims over the last five years. Without disturbing those settlements, State Farm is now pursuing the health care providers who treated the

20

accident victims, to recoup some of the money. State Farm now brings FDUTPA, Fraud, and Unjust Enrichment claims predicated on the health care providers' purported violations of various Florida regulatory and licensing statutes. In addition, State Farm seeks a declaratory judgment that the medical bills for services provided to a number of other accident victims are "not owed." The insurance claims subject to the declaratory judgment claim were submitted by injured persons before State Farm commenced this action almost a year ago and are still pending. State Farm is negotiating those claims with the accident victims while litigating its obligation to pay their medical bills in this action.

The instant action is another of multiple lawsuits filed by State Farm wherein it casts a wide net upon every entity, its principals, medical providers and administrative staff in an attempt to scare and intimidate these Defendants into walking away from pending PIP claims amounting to hundreds of thousands of dollars by threating to seek reimbursement for monies paid on PIP claims in many cases dating well prior to the expiration of any statute of limitations.

## **INTRODUCTION**

First and foremost, In Plaintiff's Amended Complaint [D.E. 6], Plaintiff lumps multiple defendants, including Defendant Lorites, together. Instead of containing numbered paragraphs limited to a specific set of facts or circumstances, or to a specific defendant, Plaintiff groups all of the defendants as one. As drafted, Plaintiff's Amended Complaint does not specify which party is responsible for which acts or omissions. Thus, Plaintiff's Amended Complaint is improper and should be dismissed.

## I.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a), 10(b). Thus, to survive a

Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id*. (*citing Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## II.   PLEADINGS WHICH LUMP MULTIPLE DEFENDANTS TOGETHER ARE IMPROPER

Federal courts have found that pleadings *must* separate defendants into separate counts pursuant to Fed. R. Civ. P. 8(a) and 10(b), and that failure to do so results in dismissal of the claim. *See*, *e.g.*, *Fikes v. City of Daphne*, 79 F.3d 1079 (11th Cir. 1996); *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 2010 U.S. Dist. LEXIS 107077 (N.D. Ill. 2010) ("If nothing else, plaintiffs have run afoul of Rule 10(b) by lumping ostensibly separate claims against separate defendants into a single claim."); *Veltmann v. Walpole Pharm.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) ("The complaint fails to separate each alleged act by each defendant into individually numbered paragraphs."). Generally, the reasoning is that these rules work together to require the plaintiff to enter pleadings such "that his adversary can discern what he is claiming and frame a responsive pleading and allow the court to determine which facts supported which claims and

whether the plaintiff had stated any claims upon which relief can be granted." *Wash. v. Bauer*, 149 Fed. Appx. 867, 869-870 (11th Cir. 2005) (*citing Fikes*, at 1082).

By lumping "defendants" together, Plaintiff has failed to comply with Fed. R. Civ. P. 8. Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)); *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011).

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, ***there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions***, or which of the defendants the claim is brought against. *Id.* at 1321–23 (footnotes omitted).

All four categories of shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings fundamentally violate Federal Rules of Civil Procedure 8(a)(2) and 10(b). *Weiland*, 792 F.3d at 1320.

The Eleventh Circuit Court of Appeals has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years . . . ." *Davis v. Coca–Cola Bottling Co*., 516 F.3d

955, 979 (11th Cir. 2008).  Faced with a shotgun pleading, district courts must require repleader. *Ferrell*

*v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam). Where a plaintiff brings claims against multiple defendants, "the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming." *J.V. v. Duval Cty. Sch. Bd.*, No. 3:16cv-1009-J-34MCR, 2017 WL 4226590, at *1 (M.D. Fla. Sept. 22, 2017); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, (11th Cir. 1997) (describing as a "prototypical shotgun complaint" a pleading that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15defendants"); *Synergy Real Estate of SW Fla., Inc. v. Premier Prop. Mgmt. of SW Fla., LLC*, No. 2:11–cv–707–FtM–29UAM, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013).

This practice of lumping multiple defendants together and failing to provide specific allegations as to each defendant has routinely been found to be a violation of Rule 8's pleading requirements. *See Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."); *Synergy Real Estate of SW Florida, Inc. v. Premier Prop. Mgmt. of SW Florida, LLC*, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013) ("Although the Court has stated and again reminded plaintiffs that indiscriminately lumping 'defendants' together fails to comply with Fed. R. Civ. P. 8, the Second Amended Complaint continues to indiscriminately lump defendants together."); *Scott v. Yellon*, 2013 WL 3802797, at *1 (M.D. Fla. July 11, 2013) (requiring Plaintiff to "replead to separate each Defendant and the

20

allegations against each of them under each separate Count"). That is, the practice fails to provide "each defendant 'fair notice' of the nature of the claim and the 'grounds' on which the claim rests." *Prushansky v. Brown*, 2013 WL 3716398, at *3 (M.D. Fla. July 15, 2013) (quoting Twombly, 550 U.S. at 555 n. 3).

The Amended Complaint in paragraph 44 states:

"As set forth in detail below, the Muse Clinic Medical Directors failed to satisfy these duties."

This allegation fails to identify, individually, Defendant LORITES failures as the Medical Director of Pain Relief.  State Farm lumps all of the Medical Directors of All of the entities into one paragraph.

The Amended Complaint  alleges that "Defendant Jesus Lorites, M.D. is a citizen of Florida and is believed to reside in Miami-Dade County, Florida. Dr. Lorites is a licensed physician who claimed to be the medical director at Pain Relief from June 15, 2010 to April 1, 2013."

Defendant Pain Relief Clinic of Homestead Corp. is an active Florida corporation with its principal place of business at 26051 South Dixie Highway, Naranja, Florida 33032. Florida Department of Corporation records reflect that Pain Relief was incorporated on May 11, 2010 by Ulises Salgado Acevedo. The initial registered agent for Pain Relief is Better Life Home Health, Inc., a Florida company owned by Lazaro Muse. Jose Artiles purportedly became a part owner of Pain Relief on August 24, 2012, and purported to take over complete ownership on April 1, 2013 when Ulises Salgado Acevedo resigned. On July 8, 2013, Jose Artiles purportedly transferred ownership to Daniel Collazo Lopez, who claims to be the current owner. Despite purported transfers of ownership, the Muse Family still owns and/or controls the operations of Pain Relief, and Beatriz Muse handles the billing for Pain Relief through her billing company, Confidence Billing.

Defendant LORITES was the Medical Director of Pain Relief from in or about August, 2010 to his resignation on or about September, 2013 when the ownership was transferred to Daniel Collazo Lopez.

The amended complaint alleges that pursuant to Section 627.732(2)(a)-(c), Florida Statutes, "medically necessary" refers to "a medical service or supply that a prudent physician would provide for the purposes of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is: (a) [i]n accordance with generally accepted standards of medical practice; (b) [c]linically appropriate in terms of type, frequency, extent, site, and duration; and (c) [n]ot primarily for the convenience of the patient, the physician, or other health care provider."

Defendant LORITES, as the Medical Director of Pain Relief, was solely responsible for AHCA Compliance.  Defendant LORITES was not involved in nor did he participate in patient care, treatment plan, prognosis and diagnosis, nor was he involved in the preparation or execution of the HCFA Forms submitted to the insurance carriers for payment.  State Farm attaches to its Amended Complaint Exhibits 3 and 4, Form 1500 Health Insurance Claim Form as examples, however, as noted, Defendant LORITES did not execute this form, Dr. Enrique O. Bernardino. (See attached as Exhibit A).

In fact, during Defendant LORITES tenure at Pain Relief, he participated in and obtain certification of compliance from AHCA[1].  (See attached as Composite Exhibit B).

## MEMORANDUM OF LAW

I.    **THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

   A.   **The legal standard on a motion to dismiss**

---

[1] The express purpose of the HCCA "is to provide for the licensure, establishment and enforcement of basic standards for health care clinics and to provide administrative oversight by AHCA.

In diversity cases, federal courts apply state substantive law and federal procedural law. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). A motion to dismiss for failure to state a claim upon which relief can be granted under rule 12(b)(6) tests the legal sufficiency of the complaint and assumes all well-plead *factual* allegations to be true, drawing all reasonable inferences in favor of the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

Courts considering motions to dismiss may adopt a "two-pronged approach" in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)) (internal quotation marks omitted). Importantly, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* The Court may dismiss a complaint under rule 12(b)(6) when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.  The factual allegations are insufficient to state a claim for violation of section 817.234(1). Fla. Stat., the criminal statute governing insurance fraud**

While the Court—at this stage—is required to assume all *factual* allegations as true, and draw all *reasonable* inferences from those facts in Plaintiff's favor, the court does not have to accept State Farm's colorful adjectives and numerous legal conclusion as true. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). Instead, the Court may infer "obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.*

State Farm offers an incendiary narrative of patient brokering, insurance fraud, and unfair and deceptive practices rife with legal conclusions but resting on a flawed foundation of thin factual allegations. State Farm contends that Defendant(s) violated section 817.234(1), Florida Statutes, which—according to State Farm—entitles an insurer to "complete, accurate information that is material to a claim for payment," and claims that Defendants failed to provide that. However, under the circumstances present here, where an attorney is submitting a claim to an insurer in an adversarial context during presuit negotiations, the criminal insurance fraud statute does not create the duty to provide "complete" disclosure as State Farm purports. *See State v. Mark Marks, P.A.*, 698 So. 2d 533, 538 (Fla. 1997). In *Mark Marks, P.A.*, the Florida Supreme Court explained that "less than complete disclosure in some contexts, including settlement negotiations, is acceptable," and stated: "We cannot conclude that practicing attorneys would reach a different conclusion." *Id.* The court further explained:

> It is not enough to say that a pre-suit statement filed by an attorney is "incomplete" and thus violates the statute if it is filed with intent to defraud, deceive, or injure an insurer.

> Relying on intent to defraud, deceive, or injure to define the term "incomplete" is especially troublesome where, as here, *the attorneys, pursuant to the various sources guiding their conduct, were under no clear duty to disclose the information they allegedly withheld.* As the district court recognized:

>> A fraud is committed for the failure to disclose material information only when there is a duty to disclose such; and such duty arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them.

*Id.* at 539 (emphasis supplied). The Florida Supreme Court found that "the term 'incomplete' renders section 817.234(1)[2] unconstitutionally vague as applied to attorneys in the representation of their clients," and that the counts based on these allegations *and their predicate acts* were properly

---

[2] The 2012 version of the statute that is applicable here contains substantially the same language as the 1987 version reviewed by the Florida Supreme Court.

dismissed. *Id.* Because no duty existed to disclose the Defendants' business arrangement, the Defendants did not violate the statute.

To the extent State Farm contends that the bills were "false" or "misleading" this contention is not supported by the factual allegations. State Farm does not allege the bills were submitted for medical services not performed or that they were false for other reasons such as those alleged in *State v. Mark Marks, P.A.*, *supra*, where the attorneys were accused of altering or forging medical reports. *See* 698 So. 2d at 535. Instead, State Farm contends the Metropolitan bills were "inflated," but at the same time, alleges that it was Defendants' practice to submit bills from Metropolitan for "Metropolitan's *standard or 'gross' rates.* Other than Defendants' business arrangement—which they were not obligated to disclose—State Farm offers no other explanation as to why it deems the bills "inflated," nor does it claim that the bills were higher than other providers' bills for similar services.

Florida law provides that a "patient's obligation is not to pay whatever the provider demands, but only a reasonable amount. A medical bill constitutes the provider's opinion of a reasonable charge for the services and an offer to settle for that amount." *See A.J. v. State*, 677 So. 2d 935, 937 (Fla. 4th DCA 1996). Medical bills, being the providers' opinion of a reasonable charge, are therefore not actionable as fraud. *See Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So. 2d 168, 172 (Fla. 4th DCA 1994), *reh'g denied, clarification granted* (Apr. 4, 1995) ("A claim of fraudulent misrepresentation is not actionable if premised on a mere opinion").

State Farm, like the patient, is only required to pay the reasonable amount of the medical bills and has made no allegation that it settled for more than what it—after its investigation—considered to be a reasonable amount at the time. Instead, State Farm alleges that "the submission of the claims by the Defendants to [State Farm] to collect charges that were not owed constituted insurance fraud under Florida Statutes § 817.234." Therefore, State Farm's allegations of damages

resulting from the purported violations of 817.234, Fla. Stat. must fail, and the charges being "not owed" are legally insufficient to state a claim, in the absence of any authority rendering the claims unenforceable and noncompensable.

**C. The claims against the individual Defendants should be dismissed with prejudice, because the allegations are contradictory and—again—fail to meet the <u>heightened pleading standard under Rule 9(b) where required</u>**

Allegations of fraud must meet the heightened pleading standard under rule 9(b), Federal Rules of Civil Procedure, requiring fraud to be alleged with particularity. *See Corsello v. Lincare*, 428 F.3d 1008, 1012 (11th Cir. 2005). The Court has already found that the particularity requirement applies not only to State Farm's claim for common law fraud, but also to its claim for violations of FDUTPA, because State Farm's complaint "sounds in fraud." (*See* DE 133 at 30-31), *see also Meitis v. Park Square Enters.*, No. 608CV1080-ORL22GJK, 2009 WL 703273, at *2 (M.D. Fla. Jan. 21, 2009) (citing cases). Although, State Farm has changed its characterization of Defendants' conduct and no longer emphasizes a fraudulent scheme—presumably to avoid the heightened pleading standard in its FDUTPA claim—the allegations are the same, and still "sound in fraud." Thus, the Fraud claims against the individual Defendants must be pled with particularity.

In *Krinsk v. SunTrust Banks, Inc.*, No. 8:09- CV-909-T-27EAJ, 2010 WL 11475608, at *6 (M.D. Fla. Jan. 8, 2010) the Court declined to to pierce corporate veil where plaintiff has not plead facts supporting shareholder had domination and control over corporate defendant where "no well-pleaded allegations specifically claiming that the Individual Defendants created any false statements. Rather all references to the Individual Defendants are conclusory. Further, the Court also found that there were "no well-pleaded allegations detailing the Individual Defendants' participation in any unfair or deceptive act" (*id.* at 31), and that "there are no well-pleaded allegations that the Individual Defendants involved themselves in the scheme in any way other than through their ownership interest in the entity Defendants." (*Id.* at 20). The Amended Complaint contains the same conclusory allegations

State Farm has to bring specific allegations of the individuals' involvement in the business arrangement, in order to assert a claim against the individuals. This is plainly impossible. *See Gardner v. Bay Area Credit Servs., LLC*, No. 8:15- CV-1108-T-24EAJ, 2015 WL 12838995, at *2 (M.D. Fla. June 26, 2015) (citing *Christman v. Walsh*, 416 Fed. Appx. 841, 844 (11th Cir. 2011) ("the list of multiple choice factual alternatives that the plaintiff provides makes large portions of the factual allegations confusing and contradictory. The complaint is indicative of the formulaic recitation of elements that *Twombly* and *Iqbal* sought to avoid."). While pleading claims in the alternative is permitted, pleading "alternative facts" is not.

State Farm's factual allegations against the individual Defendants' are internally conflicting making it impossible for the Court to assume that they are all true, as required at this stage. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). State Farm therefore fails to state any *plausible* claim against Defendant LORITES, as required to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). State Farm's claims against Defendant LORITES should therefore be dismissed.

**D**      **State Farm's allegations of Fraud as to the MUSE Family**

Throughout State Farm's Amended Complaint, the allegations refer to a "Scheme" of the Muse Family through its ownership structure.  There are no allegations that Defendant LORITES was an owner of that he participated or knew anything about any scheme.

**E.    The fraud claim fails because Defendants do not owe a duty to Plaintiff to disclose their business practices**

As set forth above, Defendants do not owe State Farm any duty of complete disclosure concerning its business arrangements, and State Farm cannot predicate its fraud claim on the submission of bills that merely constituted the "provider's opinion of a reasonable charge for the services and an offer to settle for that amount." *See A.J. v. State*, 677 So. 2d 935, 937 (Fla. 4th DCA 1996); *see supra* Section I. C. It is well established under Florida law that a "defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose," and such "duty arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence

20

between them." *TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879–80 (Fla. 4th DCA 2000). Here, there is no confidential, contractual, or fiduciary relationship between State Farm and Defendant LORITES. To the contrary, their relationship is adversarial and State Farm cannot impute a duty into the Insurance Fraud statute that does not exist, particularly in the context of an adversarial relationship, such as a settlement negotiation. *See supra* and *State v. Mark Marks, P.A.*, 698 So. 2d 533, 538 (Fla. 1997). Plaintiff has therefore failed to state a claim for common law fraud.

### D. Dismissal of the unjust enrichment claim is required because State Farm fails to allege that the retention of any benefit purportedly conferred would be unjust

An unjust enrichment occurs when a "defendant holds something that belongs to the plaintiff or receives, without legal cause, a transfer of goods or services from the plaintiff. The law of unjust enrichment is concerned solely with enrichments that are unjust *independently* of wrongs." *See Flint v. ABB, Inc.*, 337 F.3d 1326, 1331 n.2 (11th Cir. 2003). In other words, "when the plaintiff relies on a wrong to supply the 'unjust factor,' the causative event is a wrongful enrichment rather than an unjust enrichment." *Id.* This is because liability in unjust enrichment claims "has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." *State of Fla., Office of Atty. Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) (quoting *Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.,* 329 F.3d 1241, 1245 n. 3 (11th Cir.2003)).

In *Tenet Healthcare Corp.*, this Court dismissed the plaintiffs unjust enrichment claim because it was predicated on the defendant's wrongful conduct "in allegedly submitting 'inflated and improper costs.'" *Id.* at 1309. Thus, the plaintiffs' right of recovery, if any, arose from the wrong of the alleged tort [RICO violations], which, if proven, might entitle them to damages, "rather than unjust enrichment." *Id.* Even though pleading claims in the alternative is often permitted, an unjust enrichment claim is still subject to dismissal if it is predicated on wrongful

conduct that serve as the basis for other separate claims. *See Union Pac. R. Co. v. Paragon Labs., Inc.*, No. 06-60873 CIV, 2006 WL 3709619, at *4 (S.D. Fla. Dec. 14, 2006) (citing *Tenet Healthcare Corp.*).

Here, State Farm predicates it Unjust Enrichment claim on the submission of "inflated" medical bills that also forms the basis for all of State Farm's other claims. Thus, State Farm merely asserts a claim for "wrongful enrichment," not unjust enrichment, as already recognized by the Court in its dismissal order: "Plaintiff has not alleged a benefit conferred and accepted, which would be unjust for Defendants to retain." The Unjust Enrichment claim should therefore be dismissed.

## II.     AMENDED COMPLAINT SHOULD BE DISMISSED FOR VIOLATION OF THE STATUTE OF LIMITITATIONS

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. Nonetheless, a court may consider exhibits submitted with the complaint. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based."*Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v.*

*First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

However, pursuant to *Alford v. Wachovia Bank/World Sav. Bank,* 2010 U.S. Dist. LEXIS 14060 (E.D. Cal. Jan. 26, 2010): [A] limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss.*Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.,* 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face.*Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp*., 576 F.2d 697 (6th Cir. 1978).

In the instant action, State Farm attaches to its Complaint, identified as Exhibit 46, (Attached as Exhibit C) a list identifying patients seen at Pain Relief and sets forth specific dates. In particular, the dates as  may be applicable to Defendant LORITES, are 9/2/2010 to 6/30/2011. As noted above, Defendant LORITES tenure at Pain Relief was from 8/10 to 9/13.

On its face, it appears that the four (4) year statute of limitations to bring a claim against Defendant LORITES has expired.  F.S. Section 95.11(3)(j).  Clearly, State Farm had possession of

the medical records and Form 1500 and knew or should have known of any allegations of fraud or misconduct well prior to the expiration of any statute of limitations.

Therefore, this Court should dismiss the claim against Defendant LORITES as being time barred.

## II.   THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ANY AMENDMENT WOULD BE FUTILE

Under certain circumstances, dismissal with prejudice is appropriate including when amendment would result in undue prejudice to defendant; or when amendment would be futile. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); R. 15(a), Fed. R. Civ. P.

Here, the allegations against Defendant LORITES are not applicable to him and the Amended Complaint and the Exhibits attached thereto, do not set forth a viable claim of any fraud or misconduct by Defendant LORITES.

## CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted and for the foregoing reasons, this Court should dismiss the Amended Complaint against Defendant LORITES with prejudice, award attorneys' fees and costs to Defendant LORITES for having to defend this action, where applicable, find further amendment would be unduly prejudicial and futile and for such other and further relief as this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was e-filed this

27<u>th</u>   day of Septtember, 2018 through CM/ECF to: Brad McPherson, Attorney for Plaintiff,

brad.mcpherson@akerman.com.

KAREN B. PARKER, P.A.
Attorneys for Defendant Jesus Lorites
2550 S. Bayshore Drive, Suite 102
Coconut Grove,  Florida 33133
Telephone: (305) 343-8339
By: *Karen B. Parker*
KAREN B. PARKER, ESQUIRE
Florida Bar No.: 54482
kparker@kbparkerlaw.com
kbparkerlaw@gmail.com

| 1500 | | | |
|---|---|---|---|

**HEALTH INSURANCE CLAIM FORM**
APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE 08/05

STATE FARM
POBOX 9608
WINTHERHAVEN FL 33883

PICA | | | | | | | | | PICA

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | (SSN OR ID) | (SSN or ID) | X (ID) | CL#59A668645 | |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
S███, F███

3. PATIENT'S BIRTH DATE ███ M [X] F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
S███, F███

5. PATIENT'S ADDRESS (No., Street) ███

6. PATIENT RELATIONSHIP TO INSURED
Self [X] Spouse Child Other

7. INSURED'S ADDRESS (No., Street) ███

CITY MIAMI STATE FL

8. PATIENT STATUS
Single Married Other
Employed Full-Time Student Part-Time Student

CITY MIAMI STATE FL

ZIP CODE 33177 TELEPHONE (Include Area Code) ███

ZIP CODE 33177 TELEPHONE (INCLUDE AREA CODE) ███

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
PL#9221710594

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES [X] NO

a. INSURED'S DATE OF BIRTH MM DD YY SEX M [X] F

b. OTHER INSURED'S DATE OF BIRTH MM DD YY SEX M F

b. AUTO ACCIDENT? YES [X] NO PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT? YES [X] NO

c. INSURANCE PLAN NAME OR PROGRAM NAME
STATE FARM

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES [X] NO If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING AND SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED SIGNATURE ON FILE DATE 11/04/10

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED SIGNATURE ON FILE

14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
10 28 10 INJURY

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE
EMMA J DELAROSA DC

17a. CH-6213
17b. NPI 1093879256

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY TO MM DD YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB? YES [X] NO $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

22. MEDICAID RESUBMISSION CODE ORIGINAL REF. NO.

1. 847.0    3. 847.2
2. 847.1    4. 840.9

23. PRIOR AUTHORIZATION NUMBER

| 24. A DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B PLACE OF SERVICE | C EMG | D PROCEDURES, SERVICES, OR SUPPLIES CPT/HCPCS / MODIFIER | E DIAGNOSIS POINTER | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I ID QUAL | J RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 04 10 | 11 04 10 | 11 | | 72040 | 1 2 3 4 | 360.00 | 1 | | 1G NPI | CRT 38641 1811093131 |
| 11 04 10 | 11 04 10 | 11 | | 72070 | 1 2 3 4 | 395.00 | 1 | | 1G NPI | CRT 38641 1811093131 |
| 11 04 10 | 11 04 10 | 11 | | 72100 | 1 2 3 4 | 390.00 | 1 | | 1G NPI | CRT 38641 1811093131 |

25. FEDERAL TAX I.D. NUMBER SSN EN
270312791 [X]

26. PATIENT'S ACCOUNT NO. ███

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
[X] YES NO

28. TOTAL CHARGE $ 1145 00

29. AMOUNT PAID $

30. BALANCE DUE $ 1145 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
BERNARDINO Q. ENRIQUE
SIGNED CRT 38641 DATE 12/01/10

32. SERVICE FACILITY LOCATION INFORMATION
PAIN RELIEF CLINIC
311 NE 8 ST SUITE 101
HOMESTEAD FL 33030
a. 1598073041 b.

33. BILLING PROVIDER INFO & PH # (786) 3399270
PAIN RELIEF CLINIC OF HOMESTEAD
311 NE 8 ST STE # 101
HOMESTEAD FL 33030
a. 1598073041 b.

**1500**

**HEALTH INSURANCE CLAIM FORM**

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE 08/05

STATE FARM
PO BOX 9608
WINTER HAVEN FL 33883

| | |
|---|---|
| PICA | PICA |

**1.** MEDICARE ☐ (Medicare #)  MEDICAID ☐ (Medicaid #)  CHAMPUS ☐ (Sponsor's SSN)  CHAMPVA ☐ (VA File #)  GROUP HEALTH PLAN ☐ (SSN or ID)  FECA BLK LUNG ☐ (SSN or ID)  OTHER ☒ (ID) | **1a. INSURED'S I.D. NUMBER** (FOR PROGRAM IN ITEM 1) CL#59A668645 |

**2. PATIENT'S NAME** (Last Name, First Name, Middle Initial) R█████, C█
**3. PATIENT'S BIRTH DATE** MM DD YY  SEX M ☒ F ☐
**4. INSURED'S NAME** (Last Name, First Name, Middle Initial) S███, E█

**5. PATIENT'S ADDRESS** (No., Street) ████████
**6. PATIENT RELATIONSHIP TO INSURED** Self ☐ Spouse ☒ Child ☐ Other ☐
**7. INSURED'S ADDRESS** (No., Street) ████████

CITY MIAMI  STATE FL
**8. PATIENT STATUS** Single ☐ Married ☒ Other ☐
CITY MIAMI  STATE FL

ZIP CODE 33177  TELEPHONE (Include Area Code) ████████
Employed ☐ Full-Time Student ☐ Part-Time Student ☐
ZIP CODE 33177  TELEPHONE (INCLUDE AREA CODE) ████████

**9. OTHER INSURED'S NAME** (Last Name, First Name, Middle Initial)
**10. IS PATIENT'S CONDITION RELATED TO:**
**11. INSURED'S POLICY GROUP OR FECA NUMBER** PL#9221710594

**a. OTHER INSURED'S POLICY OR GROUP NUMBER**
**a. EMPLOYMENT?** (CURRENT OR PREVIOUS) YES ☐ NO ☒
**a. INSURED'S DATE OF BIRTH** MM DD YY  SEX M ☒ F ☐

**b. OTHER INSURED'S DATE OF BIRTH** MM DD YY  SEX M ☐ F ☐
**b. AUTO ACCIDENT?** YES ☒ NO ☐ PLACE (State) FL
**b. EMPLOYER'S NAME OR SCHOOL NAME**

**c. EMPLOYER'S NAME OR SCHOOL NAME**
**c. OTHER ACCIDENT?** YES ☐ NO ☒
**c. INSURANCE PLAN NAME OR PROGRAM NAME** STATE FARM

**d. INSURANCE PLAN NAME OR PROGRAM NAME**
**10d. RESERVED FOR LOCAL USE**
**d. IS THERE ANOTHER HEALTH BENEFIT PLAN?** YES ☐ NO ☒ If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING AND SIGNING THIS FORM.
**12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED SIGNATURE ON FILE  DATE 11/04/10

**13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED SIGNATURE ON FILE

**14. DATE OF CURRENT:** MM DD YY 10 28 10 ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY(LMP)
**15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS.** GIVE FIRST DATE MM DD YY
**16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION** FROM  TO

**17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE** EMMA J DELAROSA DC
17a. CH6213
17b. NPI 1093879256
**18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES** FROM  TO

**19. RESERVED FOR LOCAL USE**
**20. OUTSIDE LAB?** YES ☐ NO ☒ $ CHARGES

**21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY** (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 847.0  3. 847.2
2. 847.1  4. 841.9

**22. MEDICAID RESUBMISSION CODE**  ORIGINAL REF. NO.

**23. PRIOR AUTHORIZATION NUMBER**

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 04 10 | 11 04 10 | 11 | | 72040 | | 1 2 3 4 | 360.00 | 1 | | 1G | CRT_38641 1811093131 |
| 11 04 10 | 11 04 10 | 11 | | 72070 | | 1 2 3 4 | 395.00 | 1 | | 1G | CRT_38641 1811093131 |
| 11 04 10 | 11 04 10 | 11 | | 72100 | | 1 2 3 4 | 390.00 | 1 | | 1G | CRT_38641 1811093131 |
| 11 04 10 | 11 04 10 | 11 | | 73070 | LT | 1 2 3 4 | 320.00 | 1 | | 1G | CRT_38641 1811093131 |

**25. FEDERAL TAX I.D. NUMBER** 270312791 SSN ☐ EIN ☒
**26. PATIENT'S ACCOUNT NO.** ████████
**27. ACCEPT ASSIGNMENT?** (For govt. claims, see back) YES ☒ NO ☐
**28. TOTAL CHARGE** $ 1465.00
**29. AMOUNT PAID** $
**30. BALANCE DUE** $ 1465.00

**31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS** (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
BERNARDINO O. ENRIQUE
SIGNED CRT 38641  DATE 12/01/10

**32. SERVICE FACILITY LOCATION INFORMATION**
PAIN RELIEF CLINIC
311 NE 8 ST SUITE 101
HOMESTEAD FL 33030
a. 1598073041  b.

**33. BILLING PROVIDER INFO & PH #** (786) 3399270
PAIN RELIEF CLINIC OF HOMESTEAD
311 NE 8 ST STE # 101
HOMESTEAD FL 33030
a. 1239807304 b.

APPROVED OMB-0938-0999 FORM CMS-1500 (08-05)

PRINTED: 08/20/2010
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: LC9315 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED 08/19/2010 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| PAIN RELIEF CLINIC OF HOMESTEAD CORP | 311 NE 8 ST STE 101 HOMESTEAD, FL 33030 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 000 | Initial Comments | U 000 | | |
| | A State Licensure Survey was conducted on 08/19/10. There were no discernable deficiencies noted at the time of the Initial Licensure Survey. | | | |

AHCA Form 3020-0001
LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE                TITLE                (X6) DATE

STATE FORM                021199                H8P211                If continuation sheet  1 of 1



FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION

CHARLIE CRIST
GOVERNOR

*Better Health Care for all Floridians*

THOMAS W. ARNOLD
SECRETARY

August 25, 2010

Administrator
Pain Relief Clinic Of Homestead Corp
311 Ne 8 St, Ste 101
Homestead, FL  33030

Dear Administrator:

This letter reports findings of a State Licensure survey that was conducted on August 19, 2010 by a representative of this office. Attached is the provider's copy of the State (3020) Form, which indicates there were no discernible deficiencies noted on the date of the survey.

The Quality Assurance Questionnaire has long been employed to obtain your feedback following survey activity.  This form has been placed on the Agency's website at http://ahca.myflorida.com/Publications/Forms.shtml as a first step in providing a web-based interactive consumer satisfaction survey system.  You may access the questionnaire through the link under Health Facilities and Providers on this page.  Your feedback is encouraged and valued, as our goal is to ensure the professional and consistent application of the survey process.

Thank you for the assistance provided to the surveyor.  Should you have any questions please call Ernesto Castillejo, HFE Supervisor/Health Care Clinic Division at (305) 593-3100.

Sincerely,

*E Castillejo*
R. Steve Emling
Field Office Manager, Area 11

Enclosure: State (3020) Form



Headquarters
2727 Mahan Drive
Tallahassee, FL  32308
http://ahca.myflorida.com

Miami Field Office
8355 N.W. 53rd Street, First Floor
Miami, FL 33166
Phone (305) 593-3100; Fax (305) 499-2190

PRINTED: 10/12/2012
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: LC9315 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED 10/11/2012 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| PAIN RELIEF CLINIC OF HOMESTEAD CORP | 311 NE 8 ST STE 101 HOMESTEAD, FL 33030 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 000 | Initial Comments | U 000 | | |
| | There were no discernable deficiencies at the time of the renewal survey on 10/11/2012. The facility was found to be in compliance with Chapter 400, Part X, F.S. and Chapter 59A-33. F.A.C. | | | |

AHCA Form 3020-0001

LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE          TITLE          (X6) DATE

STATE FORM                021199                UG7D11                If continuation sheet 1 of 1



RICK SCOTT
GOVERNOR

*Better Health Care for all Floridians*

ELIZABETH DUDEK
SECRETARY

October 18, 2012

Administrator
Pain Relief Clinic Of Homestead Corp
311 NE 8th Street, Suite 101
Homestead, FL 33030

Dear Administrator:

This letter reports findings of a State Renewal Licensure survey that was conducted on October 11, 2012 by a representative of this office. Attached is the provider's copy of the State (3020) Form, which indicates there were no discernible deficiencies noted on the date of the survey.

The Quality Assurance Questionnaire has long been employed to obtain your feedback following survey activity. This form has been placed on the Agency's website at http://ahca.myflorida.com/Publications/Forms.shtml as a first step in providing a web-based interactive consumer satisfaction survey system. You may access the questionnaire through the link under Health Facilities and Providers on this page. Your feedback is encouraged and valued, as our goal is to ensure the professional and consistent application of the survey process.

Thank you for the assistance provided to the surveyor. Should you have any questions please call Ernesto Castillejo, Operations & Management Consultant Manager / Health Care Clinic Division at (305) 593-3100.

Sincerely,

E. Castillejo
Arlene Mayo-Davis *for*
Field Office Manager, Area 11

Enclosure: State (3020) Form



Headquarters
2727 Mahan Drive
Tallahassee, FL 32308
http://ahca.myflorida.com

Miami Field Office
8333 N.W. 53rd Street, Suite 300
Miami, FL 33166
Phone (305) 593-3100; Fax (305) 593-3121

PRINTED: 09/20/2013
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | | A. BUILDING _____ | | |
| | **LC9315** | B. WING _____ | | **09/16/2013** |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| **PAIN RELIEF CLINIC OF HOMESTEAD CORP** | **311 NE 8 ST STE 101**<br>**HOMESTEAD, FL  33030** |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 000 | Initial Comments | U 000 | | |
| | There were no discernable deficiencies noted at the time of an INITIAL-CHOW survey on 09-16-13. The facility was found to be in compliance with Chapter 400, Part X, F.S. and Chapter 59A-33 F.A.C. | | | |

AHCA Form 3020-0001

LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE                TITLE                (X6) DATE

STATE FORM                                              021199                FNDV11                If continuation sheet  1 of 1



RICK SCOTT
GOVERNOR

ELIZABETH DUDEK
SECRETARY

September 25, 2013

Administrator
Pain Relief Clinic of Homestead Corp
311 NE 8th Street, Suite 101
Homestead, FL  33030

Dear Administrator:

This letter reports findings of a State Initial/Chow Licensure survey that was conducted on September 16, 2013 by a representative of this office. Attached is the provider's copy of the State (3020) Form, which indicates there were no discernible deficiencies noted on the date of the survey.

The Quality Assurance Questionnaire has long been employed to obtain your feedback following survey activity. This form has been placed on the Agency's website at http://ahca.myflorida.com/Publications/Forms.shtml as a first step in providing a web-based interactive consumer satisfaction survey system. You may access the questionnaire through the link under Health Facilities and Providers on this page. Your feedback is encouraged and valued, as our goal is to ensure the professional and consistent application of the survey process.

Thank you for the assistance provided to the surveyor. Should you have any questions please call Ernesto Castillejo, Operations & Management Consultant Manager / Health Care Clinic Division at (305) 593-3100.

Sincerely,

E Castillejo

Arlene Mayo-Davis  pon
Field Office Manager, Area 11

Enclosure: State (3020) Form



Headquarters
2727 Mahan Drive
Tallahassee, FL  32308
http://ahca.myflorida.com

Miami Field Office
8333 N.W. 53rd Street, Suite 300
Miami, FL 33166
Phone (305) 593-3100; Fax (305) 593-3121

## Payments from State Farm to Pain Relief Clinic of Homestead - predetermined treatment

**State Farm Mutual Automobile Insurance Company**

| Row Number | Claim Number | Patient Initials | Loss Date | First Date of Service | Amount of Bills Submitted | PIP Amount Paid | MPC Amount Paid |
|---|---|---|---|---|---|---|---|
| 1 | 597L71699 | JC | 11/5/2015 | 11/6/2015 | $3,790.00 | $1,309.42 | $0.00 |
| 2 | 59747P381 | EF | 10/18/2015 | 10/19/2015 | $10,490.00 | $3,926.60 | $0.00 |
| 3 | 59721X103 | ME | 8/26/2015 | 9/2/2015 | $24,060.00 | $10,000.00 | $0.00 |
| 4 | 596Q55677 | CP | 6/1/2015 | 6/3/2015 | $3,730.00 | $2,239.70 | $0.00 |
| 5 | 596D52948 | MA | 4/5/2015 | 4/8/2015 | $23,140.00 | $10,000.00 | $0.00 |
| 6 | 596D52948 | YM | 4/5/2015 | 4/8/2015 | $21,770.00 | $9,961.36 | $0.00 |
| 7 | 59601R816 | AA | 2/10/2015 | 2/11/2015 | $9,840.00 | $3,621.81 | $0.00 |
| 8 | 59601R816 | RHQ | 2/10/2015 | 2/11/2015 | $21,750.00 | $10,000.00 | $0.00 |
| 9 | 59573H464 | MH | 12/14/2014 | 12/17/2014 | $20,870.00 | $10,000.00 | $0.00 |
| 10 | 594W49433 | EES | 8/23/2014 | 9/3/2014 | $20,885.00 | $10,000.00 | $0.00 |
| 11 | 59378P807 | CG | 12/9/2013 | 12/18/2013 | $20,600.00 | $9,699.21 | $0.00 |
| 12 | 590D36536 | RS | 6/23/2011 | 6/30/2011 | $20,315.00 | $9,261.70 | $0.00 |
| 13 | 59A784899 | MQ | 4/14/2011 | 4/15/2011 | $20,120.00 | $9,250.94 | $2,312.71 |
| 14 | 590B57207 | AMR | 3/25/2011 | 3/31/2011 | $21,540.00 | $9,574.94 | $0.00 |
| 15 | 590B57207 | JRS | 3/25/2011 | 3/31/2011 | $18,055.00 | $7,360.46 | $0.00 |
| 16 | 59A773114 | AG | 3/25/2011 | 3/28/2011 | $24,170.00 | $9,374.49 | $0.00 |
| 17 | 59A765354 | AH | 3/9/2011 | 3/11/2011 | $19,690.00 | $9,022.47 | $0.00 |
| 18 | 59A743716 | MRN | 2/8/2011 | 2/10/2011 | $16,980.00 | $6,836.64 | $0.00 |
| 19 | 59A704754 | NA | 12/16/2010 | 12/20/2010 | $17,505.00 | $7,643.29 | $0.00 |
| 20 | 59A702521 | BE | 12/12/2010 | 12/16/2010 | $17,815.00 | $8,572.46 | $0.00 |
| 21 | 59A662158 | AC | 10/20/2010 | 10/25/2010 | $19,005.00 | $9,737.02 | $0.00 |
| 22 | 59A662158 | AL | 10/20/2010 | 10/25/2010 | $20,110.00 | $9,802.32 | $0.00 |
| 23 | 59A658935 | JCC | 10/16/2010 | 10/21/2010 | $19,885.00 | $9,695.49 | $0.00 |
| 24 | 59A658935 | TW | 10/16/2010 | 10/21/2010 | $19,890.00 | $9,694.88 | $0.00 |
| 25 | 59A656969 | JP | 10/9/2010 | 10/14/2010 | $19,295.00 | $9,027.22 | $0.00 |
| 26 | 59A656969 | RP | 10/9/2010 | 10/14/2010 | $19,825.00 | $9,657.99 | $0.00 |
| 27 | 59A627496 | IP | 8/28/2010 | 9/2/2010 | $17,670.00 | $8,501.13 | $0.00 |
| **State Farm Mutual Automobile Insurance Company Total** | | | | | **$492,795.00** | **$223,771.54** | **$2,312.71** |

**State Farm Fire and Casualty Company**

| Row Number | Claim Number | Patient Initials | Loss Date | First Date of Service | Amount of Bills Submitted | PIP Amount Paid | MPC Amount Paid |
|---|---|---|---|---|---|---|---|
| 1 | 59A825212 | CJ | 7/5/2011 | 7/7/2011 | $10,196.70 | $4,294.37 | $1,273.60 |
| 2 | 59A825212 | KL | 7/5/2011 | 7/7/2011 | $20,160.00 | $9,328.91 | $2,532.23 |
| 3 | 59A804628 | AB | 5/20/2011 | 5/26/2011 | $20,580.00 | $9,126.35 | $0.00 |
| 4 | 59A804628 | YA | 5/20/2011 | 5/26/2011 | $20,310.00 | $9,032.16 | $0.00 |
| 5 | 59A781669 | FOS | 4/8/2011 | 4/14/2011 | $19,520.00 | $8,968.13 | $0.00 |
| 6 | 59A713930 | JR | 12/27/2010 | 12/30/2010 | $21,468.40 | $9,549.32 | $0.00 |
| 7 | 59A662096 | BH | 10/20/2010 | 10/21/2010 | $18,575.00 | $8,351.11 | $0.00 |
| 8 | 59A662096 | EE | 10/20/2010 | 10/21/2010 | $18,890.00 | $8,478.41 | $0.00 |
| 9 | 59A646536 | DSJ | 9/20/2010 | 9/27/2010 | $20,455.00 | $8,951.43 | $0.00 |
| 10 | 59A619201 | HMA | 8/25/2010 | 9/2/2010 | $14,850.00 | $5,355.72 | $0.00 |
| 11 | 59A619201 | MLS | 8/25/2010 | 9/2/2010 | $20,075.00 | $9,240.95 | $0.00 |
| **State Farm Fire and Casualty Company Total** | | | | | **$205,080.10** | **$90,676.86** | **$3,805.83** |

| | | | |
|---|---|---|---|
| **Total Payments from State Farm to Pain Relief Clinic of Homestead** | **$697,875.10** | **$314,448.40** | **$6,118.54** |