UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

        Plaintiffs,

v.                                               CASE NO:      1:18-cv-23125-RNS

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, JORGE RAFAEL COLL,
PAIN RELIEF CLINIC OF HOMESTEAD, CORP.,
JESUS LORITES, AND JOSE GOMEZ-CORTES,

        Defendants.

_____/

## DEFENDANT, JORGE RAFAEL COLL'S MOTION TO DISMISS ALL CLAIMS, TO ABSTAIN OR IN THE ALTERNATIVE TO SEVER CLAIMS AGAINST DEFENDANT, FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES, DEFENDANT, JORGE RAFAEL COLL'S MOTION FOR ATTORNEYS FEES AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the Defendant, JORGE RAFAEL COLL, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and moves this Honorable Court to dismiss Plaintiffs' Complaint, enter an Order requiring the Plaintiffs to file an amended complaint consistent with the arguments herein, and/or strike the Plaintiffs' claim for attorneys fees (Doc. 6). Defendants also hereby move for attorneys fees pursuant to Sections 627.428 and 559.021(1), Fla. Stats. In support thereof, Defendant states:

### INTRODUCTION

Two separate Plaintiffs have filed multiple claims for relief against twelve separate Defendants (Doc. 6).  The Plaintiffs have filed this lawsuit alleging rather broadly and generically that the Defendant medical clinics submitted claims that were not compensable because the

1

services were either apart of a predetermined protocol, or some unidentified services were not provided, and that the Defendant medical directors did not comply with their medical director responsibilities as set forth under Florida law. The instant lawsuit is a flailing attempt by the Plaintiffs to manufacture federal court jurisdiction where none exists, and in doing so, the Plaintiffs have disregarded well settled principles governing federal court diversity jurisdiction. For the reasons set forth below, the Defendants hereby move this Court for an order dismissing the Plaintiffs' claim for declaratory relief, and/or ordering the Plaintiffs to file an amended complaint setting for the Court's federal court jurisdiction as to each Plaintiff and each Defendant separately, and/or striking the Plaintiffs claim for attorney's fees.

## STANDARD

In ruling on a motion to dismiss, the Court must view the complaint in light most favorable to the plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). However, to survive a motion to dismiss, a plaintiff's complaint must include "'enough facts to state a claim for relief that is plausible on its face." *Hansen v. Geovera Specialty Ins. Co.*, 2008 U.S. Dis. LEXIS 28151 (M.D. Fla. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). The complaint "must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; despite the highly deferential reading which [a court] accords a litigant's complaint under Rule 12(b)(6)." *Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir. 1991). In short, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do. *Twombly* at

554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## ARGUMENT

Defendant Lorites has previously filed a mtion to dismiss. (Doc. 34.) Defendant Coll adopts the arguments raised by Defendant Lorites in its motion to dismiss. (Doc. 34.)

The Plaintiffs' claims should be dismissed, severed, or stricken for several reasons.  First and foremost, the Plaintiffs have clearly improperly joined and aggregated claims in a vain attempt to create federal court jurisdiction.  As each of the Plaintiffs and each of the Defendants are separate and distinct entities, the Plaintiffs claims against each of the Defendants can only be joined if and only if they arise out of the same transaction occurrence.  This is a showing that the Plaintiffs simply cannot make.  In addition, the Plaintiffs have improperly aggregated all of the claims that each of the Plaintiffs have against each of the Defendants for the sole purpose of attempting to create federal jurisdiction.  Again, because the claims that each Plaintiff has against all of the Defendants do not arise out of the same transaction or occurrence, these claims cannot be aggregated.  To be clear, the Defendants agree that the claims that a single Plaintiff has against a single Defendant can be aggregated, this argument speaks specifically to all of Plaintiffs attempting to aggregate all of their claims against all of the Defendants to create federal court jurisdiction.  As a threshold matter, the Plaintiffs have failed to establish standing to bring any of the claims in its Complaint.

Substantively, the Plaintiffs' claim for fraud must fail as a matter of law in that the claim is barred by the economic loss rule, and the Plaintiffs have failed to allege that Defendant Dr. Coll made any representations whatsoever to the State Farm Plaintiffs. As it relates to the claim for

damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, the Plaintiffs have failed to establish that it is a "consumer" as defined by the Act and/or that the payment of PIP claims fits the definition of "trade or commerce." Absent any such allegations, the Plaintiff's FDUPTA claim must fail.

Finally, the Plaintiffs have asserted no basis for a claim for attorneys fees, and no such basis exists.  This is best characterized as "procedural fencing" which is entirely inappropriate. Defendant Dr. Coll moves this Court for an award of attorney's fees pursuant to section 627.428 and 501.2105, Fla. Stats.

**A.    The Plaintiffs Have Improperly Joined Defendants And Have Improperly Aggregated Claims In An Attempt To Create Federal Jurisdiction.**

In this case, two separate Plaintiffs have requested damages against three separate Defendants. Each Plaintiff has separate policies of insurance, some providing commercial insurance coverage, others not; some with or without addendums; other with or without riders; and more with or without endorsements; and beyond those numerous permutations – a separate set of insured for each policy of insurance combination. In addition, each Defendant is a either an individual or separate legal corporate entity. The Plaintiffs have improperly joined all twelve Defendants in this action in an attempt to manufacture federal court jurisdiction.  Unless EACH Plaintiff can satisfy the amount in controversy element of diversity jurisdiction with respect to EACH Defendant, the Plaintiffs complaint must be dismissed.

First, the Plaintiffs have improperly joined all the Defendants in this single action. The Eleventh Circuit discussed the requirements of joinder in *Alexander v. Fulton County, Georgia*, 207 F.2d 1303, 1322 (11th Cir. 2000) and stated:

> Among other things, the Federal Rules of Civil Procedure provide that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly,

severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences **and** if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a). *See also Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir.1996). A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, **and** 2) some question of law or fact common to all persons seeking to be joined. *See* Fed.R.Civ.P. 20(a). Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *See Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974). The Federal Rules, however, also recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. *See* Fed.R.Civ.P. 42(b); *Grayson,* 79 F.3d at 1097.

In this case, it is abundantly clear that the Plaintiffs have improperly joined all the Defendants in this case. The Plaintiffs are simply unable to show that the claims that all of the Plaintiffs have against each of the Defendants arise out of the same transaction or occurrence or series of transactions or occurrences. Each PIP claim referenced by the Plaintff stems from separate and distinct policies of insurance, involves different insureds, involves different types of services, and payments of PIP benefits were made directly to the Defendant medical clinics AND NOT the Defendant medical directors. As such, the Court need not even consider the second prong of the joiner requirement.

Federal Rule of Civil Procedure 21 requires severance of improperly joined parties. The Plaintiffs have improperly joined unrelated Defendants in this action in violation of Rule 20(a)(2). Once the improperly joined Defendants are severed, this Court will then have to determine if EACH Plaintiff can satisfy the amount in controversy requirement of federal court jurisdiction as it relates to EACH Defendant separately.

Under Rule 18(a), a single party asserting a claim to relief as an original claim, counterclaim, crossclaim, or third-party claim may join, either as independent or as alternate

claims, as many claims as the party has against an opposing party. A single plaintiff however cannot secure jurisdiction in federal court by simply joining separate defendants whose aggregate indebtedness exceeds the jurisdictional amount, absent a showing that the claims arose out of the same transaction and occurrence. *Walter v. Northeastern R. Co.*, 147 U.S. 370, 373-74, 13 S. Ct. 348, 349-50, 37 L. Ed. 206 (1893). It is equally well settled that when multiple plaintiffs join in a single lawsuit, each Plaintiff must be able to individually establish the federal jurisdictional amount. *Id.* at 350 (It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff.). It therefore stands to reason then that if there are multiple Plaintiffs and multiple Defendants, each separate Plaintiff must establish the federal amount in controversy as to each separate Defendant. And if any one or more of the Plaintiffs cannot make this showing, then the case must be dismissed for want of jurisdiction.

As delineated in the Complaint, STATE FARM MUTUAL AUTOMOBLE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY are all separate and distinct insurance companies. In addition, each of the Defendant medical clinics are all separate Florida corporations. In addition, each of the Defendant medical directors are separate individuals from the corporate Defendants. There is no corporate connection between any of the Plaintiffs. There is no corporate connection between any of the Defendants. As such, this Court must require the Plaintiffs to make a showing that the amount in controversy is present between each Plaintiff and each Defendant. It is unknown whether the Plaintiffs can make this showing,

but because the Defendants have been improperly joined, and because the Plaintiffs have attempted to aggregate their claims against the Defendants, this Court must step in and require the Plaintiffs to make this showing. As such, the Defendant requests that this Court dismiss the Plaintiffs complaint and/or require each Plaintiff to make a showing of jurisdiction as to each Defendant.

Alternatively, the Defendants request this Court to sever each Plaintiff's individual claims against each Defendant. Each Plaintiffs' allegations are individualized and specific to each Defendant and even more so to each claim. All of the Defendants are separate entities as are all the Plaintiffs. Without question, an independent violation by one defendant does not subject any of the co-defendants to joint or several liability. In fact, the Plaintiffs have not asserted any right to relief against the separate Defendant medical clinics "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and there is no common question of law or fact common to all the defendants that will arise in the action." *Newman v. Sun Capital*, 2010 WL 1961158 (M.D. Fla. 2010). And the Plaintiffs have not asserted any right to relief against the separate Defendant medical directors "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and there is no common question of law or fact common to all the defendants that will arise in the action." *Id.* To the extent a viable cause of action exists for each Plaintiff in this case, each Plaintiff must prove liability on the part of each Defendant with respect to that Defendants' actions. As a consequence, the Plaintiffs' claims clearly do not arise from the same "transaction, occurrences or series of transactions or occurrences" necessary to satisfy the requirements of Fed. R. Civ. P. 20. Thus, the claims of each of the Plaintiffs are improperly joined and should be severed pursuant to Fed. R. Civ. P. 21. As such, the Defendants request that this Court dismiss this action for want of jurisdiction, and/or sever the claims as to each Plaintiff and

each Defendant and require EACH Plaintiff prove that the amount in controversy requirement as it relates to EACH Defendant is satisfied.

### B. Plaintiffs Have Failed To State A Cause Of Action For Fraud Based On The Economic Loss Rule.

The Plaintiffs have alleged a claim for fraud against Dr. Coll and other Defendants including Defendant Pain Relief Clinic of Homestead, Corp. in Count II and the Amended Complaint. (Doc. 6 at 44-46.) The economic loss rule however bars the Plaintiff's fraud claim.

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indem. Ins. Co. v. Am. Aviation, Inc*., 891 So. 2d 532, 536 (Fla. 2004). *See also Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994) (*citing Interstate Sec. Corp. v. Hayes Corp*., 920 F.2d 769, 773 (11th Cir. 1991)). In the context of contractual privity, the economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Am. Aviation*, 891 So. 2d at 536. One of the recognized exceptions, however, permits a tort action where the tort was committed independently of the contract breach. *Id*. at 537, 543. A tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract. *Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc*., 974 So. 2d 1176, 1179 (Fla. 5th DCA 2008).

An assignee can enforce payments or performance under an assigned contract, *State Farm Fire & Cas. Co. v. Ray*, 556 So. 2d 811, 813 (Fla. 5th DCA 1990), because the assignee stands in the shoes of the assignor and the assignor retains no rights to enforce the contract, *Price v. RLI Ins. Co*., 914 S. 2d 1010, 1013-14 (Fla. 5th DCA 2005). "[A]n assignment of an insurance policy places the assignee in the same status with respect to all rights and liabilities under it which the insured occupied before the transfer; the assignee is effectively substituted as the insured." *AXA Equitable*

*Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1349, 1356 (S.D. Fla. 2009) (citations omitted). "Once made, an assignment of the insured's interest in personal injury protection benefits to a medical services provider is irrevocable." *Superior Ins. Co. v. Libert*, 776 So. 2d 360, 365 (Fla. 5th DCA 2001).

In *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1288-89 (M.D. Fla. 2009) the Middle District considered a nearly identical scenario. In that case, Nationwide sought recovery of PIP benefits that it had paid alleging that the Defendants hhad engaged in fraudulent activity. The Court concluded that the economic loss rule precluded the fraud claim brought by the insurer because the policyholders had assigned their benefits to the medical providers.

The same is true in this case. In this case, the policyholders completed assignments of benefits in favor of the Defendant medical providers. (Doc. 6 at Exh. 5.) The Defendant medical clincs were the ones that submitted the claims to the State Farm Plaintiffs. And the State Farm Plaintiffs issued payment directly to the Defendant medical clinics, not Defendant medical directors. If the State Farm Plaintiffs have the right to recover under any theory of recovery, it would be pursuant to the contract and the rights and liabilities associated therein that the State Farm policyholders assigned to the Defendant medical clinics.

The whole point behnd the economic loss rule was so that a Defendant was not required to defend a claim in tort that is based soley on a contractual relationship and whose damages are purely economic. State Farm Plaintiffs cannot argue that the assignments of benefits do not assign any obligations to the Defendant medical clinics. The State Farm Plaintiffs have gone to great lengths to assert the many policy and statutory rights that the Defendant medical clinics are responsible to abide by.

Morevoer, the economic loss rule would preclude the State Farm Plaintiffs from recovering against the Defendant medical directors where their claim against the Defendant medical clinics are barred. It would be incomprehensible for the State Farm Plaintiffs to be able to recover in tort against the Defendant medical providers for fraud where the claims against the Defendant medical clinics are barred by the economic loss rule, where the Defendant medical directors did not submit any claims to the State Farm Plaintiffs, and where the State Farm Plaintiffs did not issue any payment to the Defendant medical directors.

As the claims against the Defendant medical clinics for fraud are barred by the economic loss rule are barred by the economic loss rule, the fraud claim against Dr. Coll should be precluded as well.

### C.    Where The Plaintiffs Have Failed To Allege That The Defendant Medical Directors Submitted Any Claims For PIP Benefits.

Morevoer, in alleging fraud, the Plaintiffs must show that Dr. Coll (1) knowingly made a false statement of material fact or concealed a material fact; (2) intended to induce Plaintiffs to act on the statement; (3) that Plaintiffs relied on the statement; and (4) that Plaintiffs suffered damages as a result of the reliance. *Palm Beach Roamer, Inc. v. McClure*, 727 So. 2d 1005, 1007 (Fla. 5th DCA 1999). Fed. R. Civ. P. 9(b) requires fraud allegations to be plead "with particularity." "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006). "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006)(citations omitted*). See also Ziemba v.

*Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when [,] where, and how: the first paragraph of any newspaper story." *Garfield*, 466 F.3d at 1262 (citations omitted). "Failure to satisfy Rule 9 (b) is a ground for dismissal of a complaint."

In this case, the State Farm Plaintiffs have failed to allege that Dr. Coll made any representations to State Farm, much less any false representations. In this case, the State Farm Plaintiffs have alleged that *"[t]he Muse clinics* submitted false, materially misleading, and/or fraudulent bills and supporting record to Plaintiffs for services which were not medically necessary, and in some instances were never actually rendered." (Doc. 6 at ¶2.) (emph. added.) There is no allegation that Dr. Coll submitted any claims to the State Farm Plaintiffs. Specific to Dr. Coll, the State Farm Plaintiffs have alleged that "*Medical Wellness* was engaged in an unlawful scheme to defraud insurers like State Farm Mutual and State Farm Fire through the use of a Predetermined Treatment Plan." (Doc. 6 at ¶ 169) (emph. added.) The crux of State Farm's fraud claim against Dr. Coll and the other Defendants is that "the bills submitted to State Farm Fire and State Farm Mutual are unlawful and therefore noncompensable." (Doc. 6 at ¶ 169.) Who were the bills submitted by? Not Dr. Coll.

State Farm has utterly failed to show that Dr. Coll made any representations to the State Farm Plaintiffs. The claims were all submitted to the State Farm Plaintiffs by the Muse clinics, not the medical directors. As the Plaintiffs have failed to allege its fraud claim with the specificity required by the Federal Rules of Civil Procedure, the Plaintiffs' fraud claim should be dismissed.

**D.     Plaintiffs have failed to join indispensable parties as required by Rule 12(b)(7) and Rule 19, namely the doctors that provided the subject medical treatment.**

Plaintiffs' complaint should also be dismissed for failure to join indispensable parties,

11

namely the doctors that actually provided the rendered the alleged "Predetermined Treatment" and who created the medical records that were ultimately used to create the billing that was submitted to State Farm by the Muse clinics.

Dismissal under Rule 12(b)(7) is a "two-step inquiry." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). First, the party moving to dismiss an action for failure to join an indispensable party must establish the absent party is a "required" party as defined by Federal Rule of Civil Procedure 19(a). *Id.* The moving party "bears the burden of proof in establishing that the non-party is needed for a just adjudication." *Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 WL 11505477, at *4 (S.D. Fla. Jan. 11, 2010). "Generally, an absent party is not required simply because its joinder would be convenient to the resolution of the dispute." *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1266 (M.D. Fla. 2014). Instead, an absent party is required where (1) the court cannot accord complete relief among the existing parties; (2) prejudice would result to the absent party's ability to protect itself in the instant action; or (3) the nonparty's absence would create a substantial risk that the existing parties would incur inconsistent or duplicative obligations. *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 682-83 (S.D. Fla. 2014); *see also City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999).

Second, if the court determines that the absent party is required, it "must order that party joined if its joinder is feasible." *Raimbeault*, 302 F.R.D. at 682; *see also* Fed. R. Civ. P. 19(a)(2). If for some reason the party cannot be joined, i.e., if joining the party would deprive the court of subject matter jurisdiction, "the court must analyze the factors outlined in Rule 19(b) to determine whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable.'" *Laker Airways, Inc. v.*

12

*British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) (quoting Fed. R. Civ. P. 19(b)). Conversely, if the court determines the absent party is not required under Rule 19(a), the lawsuit continues. *Id*. In *Haas v. Jefferson National Bank*, 442 F.2d 394 (5th Cir. 1971), the Court held that a joint tortfeasor will be considered a necessary party when the absent party "emerges as an active participant" in the allegations made in the complaint that are "critical to the disposition of the important issues in the litigation." *Id*. at 398.

In this case, the State Farm Plaintiffs have alleged that the Muse clinics employed "treating physicians," "massage therapists," and "on-call x-ray technicians." (Doc. 6 at 17.) Accoridng to the State Farm Plaintiffs, the treating physicians are allegedly entirely complicit in the alleged "Predetermined Treatment Plan." (Doc. 6 at ¶77-80.)[1] The State Farm Plaintiffs allege that the treating physicians misrepresent the dignoses of the patient and thus the treatment plan is not reasonable, related or necessary. (Doc. 6 at ¶138; 142.) The State Farm Plaintiffs allege that the massage therapists lack the requisite skill and training, the massage therapists provided treatment based on the unlawful treatment plan created by the treating physician, and that the treating physicians failed to supervise the massage therapists. (Doc. 6 at ¶82; 157-69.) The State Farm Plaintiffs also allege that the treating physicians signed the very same medical bills that the medical

---

[1] 77.   The Predetermined Treatment Plan follows a pattern whereby the overwhelming majority of Insureds are diagnosed with injuries to the entire back – the cervical, thoracic, and lumbar regions. Almost every Insured is referred for an x-ray that is generally performed on the date of the initial evaluation. None of the treating physicians at the Muse Clinics waits for the results of the x-rays they prescribe before commencing treatment. Instead, on the same date as the initial examination, nearly every Insured is prescribed excessive physical therapy, including extensive active and passive modalities far beyond what is reasonable or medically necessary for most, if not all, Insureds. Moreover, treatment is prescribed for the Insured's entire back, five times per week, for nearly every Insured.

(Doc. 6 at 17.)

directors were alleged to have signed and that form the basis of the medical directors alleged liability. The State Farm Plaintiffs allege that the treating phyisicians failed to adequately document the patients' medical records. (Doc. 6 at ¶ 141; 145-47.) Lastly, the State Farm Plaintiffs allege that the treating physician list services on the medical records that are allegedly never provided to the patient. (Doc. 6 at ¶ 149; 152-156.) Likewise, the State Farm Plaintiffs allege that the massage therpaists listed modalities on the treatment records that were in fact not performed. (Doc. 6 at ¶ 145-47; 152-56.)

Here, Defendant Coll takes the position that if this Court is inclined the allow this case to proceed, notwithstanding the foregoing arguments, the treating physicians and massage therapists of Defendant Medical Wellness must be joined in this lawsuit. According to the State Farm Plaintiffs' complaint, the treating physicians and massage therapsits would certainly be considered an active participant in the allegations. The treating physicians and the massage therapsists are the ones who provided the treatment to State Farm's policyholders.  As such, the treating physicians and massage therapists are necessary parties and should be joined, if feasible.

E.    **Plaintiffs Are Not Entitled To Relief Under The Florida Deceptive And Unfair Trade Practices Act ("FDUTPA").**

In Count V of the Amended Complaint, the Plaintiffs allege a claim for violation of the FDUPTA (Doc. 6 at 50-52.) To state a FDUPTA claim, the Plaintiffs must plead that the conduct complained of was unfair and deceptive and that plaintiff was aggrieved by the unfair and deceptive act. *Macias v. HBC of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. 3d DCA 1997). The FDUPTA was designed to "protect *consumers* from those 'who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.'" *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002) (quoting Fla. Stat. § 501.202(2)) (emph. added.) "Trade or commerce" is defined by the Act as "the

14

advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service….” § 501.203(8), Fla. Stat.

FDUTPA is a Florida statute that protects consumers “from the illegal and/or unscrupulous practices of debt collectors and other person.” S*chauer v. General Motors Acceptance Corp*., 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002) (citation omitted). In order to properly state a FDUTPA claim, a plaintiff must allege a deceptive act or unfair practice, causation, and actual damages. *Scantland v. Jeffry Knight, Inc*., No. 8:09-CV-1985-T-17TBM, 2010 U.S. Dist. LEXIS 103151, 2010 WL 4117683, at *7 (M.D. Fla. Sept.29, 2010). A deceptive act or unfair practice may be found when “there is a representation, omission, or practice that is likely to mislead the *consumer* acting reasonably in the circumstances, to the *consumer’s* detriment.” Bl*air v. Wachovia Mortg. Corp*., No. 5:11-cv-566-Oc-37TBS, 2012 U.S. Dist. LEXIS 33941, 2012 WL 868878 *1 (M.D. Fla. Mar.14, 2012) (*citing Sundance Apartments I, Inc. v. General Elec. Capital Corp*., 581 F.Supp.2d 1215, 1220 (S.D.Fla.2008) (*quoting Beacon Prop. Mgmt., Inc*., 842 So.2d 773, 777 (Fla.2003)) (emph. added); *see also Scantland*, 2010 U.S. Dist. LEXIS 103151, 2010 WL 4117683 at *8 (“A deceptive practice is one that is likely to mislead *consumers*, and an unfair practice is one [that] offends established published policy, ‘or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.’”) (*quoting Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)) (emph. added.)

In *Schaefer v. Seattle Serv. Bureau*, No. 2:15-cv-444-FtM-38CM, 2015 U.S. Dist. LEXIS 168468, at *14 (M.D. Fla. Dec. 15, 2015), the Middle District addressed a similar situation. In *Schaefer*, the court considered a FDUPTA claim that was brought by a subrogee against the collection company hired by State Farm to subrogate on an insurance claim against the Plaintiff. In dismissing the Plaintiff’s claim for FDUPTA, the court explained that Schafer was not a

15

consumer and the subject dispute was not "trade or commerce." The same result was reached in *DBI Servs. LLC v. Shorter*, No. 4:16-cv-127MW/CAS, 2017 U.S. Dist. LEXIS 204340, at *7 (N.D. Fla. May 1, 2017) and *Daily v. Rawlings Co*., LLC, No. 2:15-CV-1138-VEH, 2016 U.S. Dist. LEXIS 5254, at *64 (N.D. Ala. Jan. 15, 2016). Accoridng to *Shaefer*, *DBI Services*, and *Daily* the subrogation interests in those cases, was an "obligation to pay . . . damages arising out of an accident [which] does not arise out of any consensual or business dealing." *Shaefer*, at *4. Therefore it "plainly . . . does not constitute a 'transaction' under the FDCPA." *Id.*

In this case, the Plaintiffs have failed to allege that it is a "consumer" and that its obligation to pay is a "consensual or business dealing." First and foremost, the State Farm Plaintiffs are not "consumers" within the definition of the FDUPTA. The Defendant medical directors have provided no consumers services to the State Farm Plaintiffs. In fact, the State Farm Plaintiffs have not alleged that the Defendant medical directors provided any medical services to State Farm's policy holders. In this case, State Farm is nothing more an entity responsible for the payment of their insureds' debts through a policy of insurance. The only persons who could bring a FDUPTA claim based on these facts are the policyholders who received the treatment provided by the Defendant medical clinics. There is nothing in the Plaintiffs' Amended Complaint to support their alleged status as a "consumer." There is nothing to indicate that the State Farm Plaintiffs can file a lawsuit to enforce a statute that is intended only to protect consumers, not insurers. As such the Plaintiffs' FDUPTA claim against Dr. Coll must fail.

In addition, the mere submission of insurance claims to be paid on behalf of another stemming from an automobile accident does not fit the definition of "trade or commerce" as between the party submitting the claim and the insurer. The Middle District made three important notes in *Schafer*, (1) if the Defendant in the FDUPTA claim is not providing a service for the

Plaintiff, then there can be no FDUPTA claim, (2) a person is not engaged in trade or commerce merely by the exercise of contractual or legal remedies, and (3) mere allegations of fabricating false documents or presenting false or misleading documents for use in foreclosures cases have been deemed not to be "trade or commerce" in the context of FDUPTA. The Middle District went on to cite several cases that support these findings.[2] There is no "trade or commerce" between the State Farm Plaintiffs and Dr. Coll.

Because State Farm does not fit the definition of a "consumer," because Dr Coll in his capacity as a medical director did not provide any services to the Plaintiffs or their policy holders, and because the claims submitted by the Defendant do not fit the definition of "trade or commerce" the FDUPTA claim must fail.

**F.      Plaintiffs claim for unjust enrichment fails as there is no allegation that Defendant Coll received any payment from the State Farm Plaintiffs.**

Lastly, the State Farm Plaintiffs have alleged a claim for unjust enrichment against Defendant Coll and other Defendants. (Doc. 6 at 56.) Under Florida law, the elements of an unjust enrichment claim are "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof."

---

[2]  *Economakis v. Butler & Hosch, P.A.*, No. 2:13-CV-832-FTM-38DN, 2014 U.S. Dist. LEXIS 26779, 2014 WL 820623, at *2-3 (M.D. Fla. Mar. 3, 2014) (*quoting Kelly*, 681 F.Supp.2d at 1376); *see also Trent v. Mortgage Electronic Registration Systems, Inc*., 618 F.Supp.2d 1356, 1365 n. 12 (M.D.Fla.2007) ("The MERS communicated pre-suit with plaintiffs that it was a 'creditor' or 'owned' the debt does not fall within the purview of 'trade or commerce.'"); *See also Acosta v. James A. Gustino, P.A.*, No. 6:11-cv-1266-Orl-31GHK, 2012 U.S. Dist. LEXIS 130656, 2012 WL 4052245, at *1 (M.D. Fla. Sept.13, 2012) (finding that the defendants were not engaged in "trade  or commerce" because "attempt[ing] to collect a debt by exercising one's legal remedies does not constitute 'advertising, soliciting, providing, offering, or distributing' as those terms are used in Fla. Stat. § 501.203(8)"). *Begelfer v. Najarian*, 381 Mass. 177, 191, 409 N.E.2d 167 (1980)); *Acosta*, 2012 U.S. Dist. LEXIS 130656, 2012 WL 4052245, at *1. *State, Office of Att'y Gen. v. Shapiro & Fishman*, LLP, 59 So.3d 353 (Fla. 4th DCA 2011)).

*Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241, n.4 (Fla. 2004) (internal citation omitted); *see also Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329 (11th Cir. 2012).

Florida cases further hold that the Defendant *must receive a direct benefit from the Plaintiff*. *Malamud v. Syprett*, 117 So.3d 434, 438 (Fla. 2d DCA 2013) ("We acknowledge that in order to support a claim of unjust enrichment, a plaintiff must show that the defendant received a direct benefit from the plaintiff.") (emph. added); *IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283, 2013 WL 6061883 (M.D. Fla. 2013) (direct benefit required). In *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009), the Third District Court of Appeal held that a plaintiffs' payments to a defendant's subsidiary company did not constitute a direct benefit to the defendant *even though the defendant ultimately retained at least a portion of the payments*. *Id.* at 401, 404 (emph. added.) As a result, those payments could not support an unjust enrichment claim against the defendant. *Id.*; *see also Kopel v. Kopel*, 117 So. 3d 1147, 1152-53 (Fla. 3d DCA 2013), *rev'd on other grounds*, 2017 Fla. LEXIS 187, 2017 WL 372074 (Fla. Jan. 26, 2017) (holding a plaintiff's payment of approximately $1.8 million into two corporations in which the defendant had two-thirds ownership stakes constituted an "indirect" benefit to the defendant that could not support an unjust enrichment claim); *Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017).

In this case, the State Farm Plaintiffs have unequivocally admitted that the only ones who received a direct benefit in the form of benefits from the State Farm Plaintiffs are the Defendant Muse clinics. (Doc. 6 at ¶ 282.) There are absolutely no allegations in the Amended Complaint that the State Farm Plaintiffs paid any insurance benefits directly to Defendant Dr. Coll. The State Farm Plaintiffs' allegation that the benefits it pais to the Defendant Muse clinics were then distributed to the medical directors and owners is unavailing as it does not allege a "direct benefit"

conferred by State Farm to Defendant Coll and this type of indirect benefit has been disavowed by Florida Courts. *See Extraordinary Title*.

Moreover, Florida law is clear that where there is a consideration or a contract for the benefit, there can be no claim for unjust enrichment. *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So.2d 322, 331-32 (Fla. 5th DCA 2007) ("When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails.") In this case, the insurance benefits that were paid, were the subject of an insurance policy, the benefits of which were assigned to the Defendant Muse clinics. As such, the benefits that were paid are contractual in nature, and there can be no claim for unjust enrichment under Florida law. *See also Biondi v. Branch Banking & Tr. Co.*, No. 1:18-cv-22521-UU, 2018 U.S. Dist. LEXIS 147363, at *21 (S.D. Fla. Aug. 28, 2018).

Notwithstanding the foregoing, and possibly even a more important point of law is the fact that just because the State Farm Plaintiffs paid insurance benefits directly to the Defendant Muse clinics, does not mean that State Farm is the one that has standing to recover those benefits. State Farm was required to pay those benefits on behalf of its policyholders. In this case, there is no dispute that the State Farm Plaintiffs paid benefits to the Defendant Muse clinics on behalf of State Farm policyholders. These insurance benefits are owned by the policyholders not State Farm. These benefits are purchased by the policyholders for their own benefit, not the benefit of State Farm. As such, the allegations raised by State Farm can only be raised by the policyholders, not State Farm.

The Plaintiffs have failed to satisfy the required element of a direct benefit conferred on Defendant Coll. All payments were issued directly to the Defendant Muse clinics. No payments were made to Defendant Dr. Coll. Additionally, if this claim is anything, it is a contract claim

between the State Farm Plaintiffs and the Defendant Muse clinics. And lastly, State Farm does not have standing to bring this cause of action.

### G. Motion For More Definite Statement.

The Complaint alleges that the State Farm Plaintiffs have paid Defendant Medical Wellness over $1.5 million in insurance benefits. (Doc. 6 at 27.) According to State Farm, these payments were distributed over the course of treating 228 State Farm policy holders. (Doc. 6 at 28.)  It is alleged that each of the claims paid were the result of assignment of benefits executed by contracting policyholders of one of the two Plaintiffs and that each of these insureds sought the medical treatment from Defendant Medical Wellness.  It is unknown whether any amounts were paid for any services rendered by the separate Defendants, and, if so, what amounts were paid under the separate policies of insurance.

If the Court declines to dismiss the Plaintiffs' Amedned Complaint, Defendant Dr. Coll would request that the Plaintiffs be required to amend the complaint to identify what insurance carrier is asserting what claims against which Defendants.  Additionally, the amounts paid by each insurance company as to each of the claims is necessary to adequately respond to the Plaintiff's Complaint. Furthermore, this Court should grant the Defendants request for a more definite statement so that the Defendants can determine how to formulate a responsive pleading and be placed on notice of the alleged portions of the policies of insurance and Florida Statute that the Plaintiffs intend to rely upon for its actions.

### G. Motion To Strike Plaintiffs' Claim For Attorney's Fees As There Is No Basis For The Plaintiffs To Recover Attorney's Fees.

Lastly, the Plaintiffs demand attorneys fees in their claim for declaratory relief. (Doc. 6). The only potential basis that the undersigned can locate for the Plaintiffs to seek attorneys fee is under the Remedies section of the Florida Unfair and Deceptive Trade Practices Act. §501.201,

Fla. Stat. *et. seq*. For the reasons asserted above, the Plaintiffs do not fit the definition of a "consumer,"[3] the submission of claims to insurers does not fit the definition of "trade or commerce" and as such the Plaintiffs are not entitled to enforce the provisions of the Florida Unfair and Deceptive Trade Practices Act, and are therefore not entitled to attorneys fee under the Act. Alternatively, the Defendants are entitled to attorney's fees. §550.2105, Fla. Stat. As such, the Defendants request that this Court strike the Plaintiffs' claim for attorneys fees.

**H.    Defendant's Motion For Attorneys Fees Pursuant To Sections 627.428 And 501.2105, Florida Statutes.**

Should this Court dismiss the Plaintiffs complaint, the Defendants are considered the prevailing parties pursuant to Section 627.428, Florida Statutes.  In addition, if this Court dismisses the complaint as it relates to the Plaintiffs allegations that the Defendant violated the Florida Unfair and Deceptive Trade Practices Act, the Defendant is entitled entitled to attorneys fees. §501.2105, Fla. Stat. In both instances the Defendant would be the prevailing party.  There is no discretion for

---

[3] **501.202    Purposes; rules of construction**.—The provisions of this part shall be construed liberally to promote the following policies:

(1)    To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.

(2)    To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

(3)    To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

**501.203    Definitions**.—As used in this chapter, unless the context otherwise requires, the term:
…

(7)    "Consumer" means an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination.

(8)    "Trade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

the Court to deny the Defendant attorneys fees under these statutory provisions if the complaint is dismissed. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362 (Fla. 2013) ("Under FDUTPA, a prevailing party is entitled to reasonable attorney's fees and costs in civil litigation arising from a violation of that act 'after judgment in the trial court and exhaustion of all appeals"); *Bull Motors, LLC v. Borders*, 132 So. 3d 1158, 1160 (Fla. 3d DCA 2013). As such, should this Court enter an Order dismissing the Plaintiffs' complaint, the Defendants request that this Court enter an Order finding that the Defendants are entitled to attorneys fees and costs pursuant to Sections 627.428 and 501.2105, Fla. Stats.

## CONCLUSION

For the foregoing reasons, Defendant, Dr. Coll requests that this Court grant his motion to dismiss, motion for more definite statement, motion to strike, and motion for attorney's fees.

s/Chad A. Barr
CHAD A. BARR, ESQUIRE
Fla. Bar No.: 55365
LAW OFFICE OF CHAD A. BARR, P.A.
986 Douglas Avenue
Suite 100
Altamonte Springs, Florida 32714
Telephone:    (407) 599-9036
Facsimile:    (407) 960-6247
service@chadbarrlaw.com (Primary)
chad@chadbarrlaw.com (Secondary)
paralegal@chadbarrlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed with the Clerk of the Courts using the Florida Courts E-Filing Portal and that a copy hereof has been furnished to the following recipients via electronic mail:  David Spector, Esquire at david.spector@akerman.com, Brad McPherson, Esquire, at brad.mcpherson@akerman.com and Caitlin Saladrigas, Esquire at caitlin.saladrigas@akerman.com, Christian Carrazana at christian@carrazana-legal.com, and

Karen B. Parker, Esquire at kparker@kbparkerlaw.com and kbparkerlaw@gmail.com on this 25th day of October 2018.

s/Chad A. Barr
CHAD A. BARR, ESQUIRE
Fla. Bar No.: 55365
LAW OFFICE OF CHAD A. BARR, P.A.