UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANT and STATE
FARM FIRE and CASUALTY
COMPANY
       Plaintiffs,

    vs.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE,
HUGO GOLDSTRAJ, MANUEL FRANCO,
MEDICAL WELLNESS SERVICES, INC.,
NOEL SANTOS, ANGEL CARRASO, JORGE
RAFAEL COLL, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES and
JOSE GOMEZ-CORTES,

      Defendants.

_____/

## DEFENDANT HEALTH AND WELLNESS SERVICES INC.'S MOTION TO DISMISS

COMES NOW the Defendant, HEALTH AND WELLNESS SERVICES INC., (HEALTH AND WELLNESS) by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), moves this Honorable Court to dismiss the Plaintiffs' Complaint, enter an Order requiring the Plaintiffs to file an Amended Complaint consistent with the arguments herein, and/or strike the Plaintiffs' claim for attorney's fees.

On August 1, 2018 Plaintiffs commenced this action by filing a 59 page, 298 paragraph, ten (10) Count Complaint, for alleged violations of the Florida Health Care Clinic Act

("FHCCA"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Civil Remedies for Criminal Practices Act ("CRCPA"), and various state law causes of action, against twelve (12) Defendants. On August 3, 2018, Plaintiffs filed an Amended Complaint.

As explained below, the Complaint should be dismissed for failure to state a claim because it fails to set forth allegations in a manner that states a claim for relief. Alternatively, Plaintiffs should be required to provide a more definitive statement because, among other things, the Complaint is *so* vague and ambiguous that it fails to put Defendants on notice of the claims asserted against them and the facts supporting those claims.

## I.   LEGAL STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pled allegations in the complaint. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court must view the complaint in light most favorable to the plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

No such presumptive truthfulness attaches, however, to conclusory allegations or unwarranted deductions of fact. *See S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration

in original)). Rather, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

However, to survive a motion to dismiss, a plaintiff's complaint must include "'Enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). The complaint "must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; despite the highly deferential reading which [a court] accords a litigant's complaint under Rule 12(b)(6)." *Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir. 1991). In short, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do. *Twombly at 554-555 (2007).* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).* In other words, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

All facts that plaintiffs have alleged against HEALTH AND WELLNESS SERVICES INC. are conclusory and fail to meet the necessary threshold to state a claim.

## II.  *PLAINTIFFS "SHOTGUN" COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY.*

Plaintiffs incorporate and re-allege paragraphs 1-213 in Counts One,, Four, Seven and Ten of their cause of actions.    Rather than clearly identify each defendant by name, the plaintiffs, in each of these separate causes of actions, use a boiler plate description. The use of such a general term is a text book example of a shotgun pleading.

Plaintiffs, in each of its counts, incorporates all the preceding allegations of the Complaint.  Such a pleading is known as a "shotgun complaint." *See Ferrell v. Durbin*, 311 Fed.Appx. 253, 259. (11th Cir. 2009) Such a complaint is highly disfavored in the Eleventh Circuit. See *Jovine v. Abbott Laboratories*, 795 F. Supp.2d 1331 (D.C. S.D. Fla. 2011) Indeed, such pleadings often are dismissed in their entirety with leave to amend. *Id*.

The Eleventh Circuit "has had much to say about shotgun pleadings, none of which is favorable." *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 n. 54 (11th Cir.2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 9 (11th Cir.2002) ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir.2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); *Anderson v. D. Bd. of Trs. of Central Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir.1996) (quotation omitted) .... Consequently, the Court will dismiss Plaintiff's Amended Complaint, in its entirety, for this reason.

The Defendant respectfully requests that this Court do the same and dismiss the entire complaint with leave to amend.

### III.   COUNTS I AND II OF *STATE FARM COMPLAINT DOES NOT STATE CLAIMS FOR WHICH RELIEF MAY BE GRANTED.*

Plaintiffs in Counts I attempts to allege a fraud claims against HEALTH AND WELLNESS, but fails to comply with Federal Rules of Civil Procedures 8(a)(1), Rule 9(b) and 12(b)(6). The essential elements of common-law fraud under Florida law are: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. *See, e.g., Johnson v. Davis*, 480 So.2d 626, 627 (Fla. 1985).

Additionally, any fraud claim or claim "sounding in fraud" must satisfy Rule 9(b) and allege the fraud with "particularity," which dictates that the complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud." *Rogers v. Nacchio*, 241 Fed.Appx. 602, 608 (11th Cir. 2007) (per curiam) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). A plaintiff "need not prove [his] allegations in the complaint but must provide particular facts so the Court is not 'left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *State Farm Auto Mobile Insurance., et al. v. Carefree Land Chiropractic's* (2018 WL 6514797) et al.  Cites *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 & n. 23 (11th Cir. 2002). Failure to meet Rule 9(b)'s standards results in dismissal of the complaint. *Clausen*, 290 F.3d at 1310.

Plaintiff clearly has not satisfied Rule 8(a)(1) and 9(b). Instead, the complaint, in conclusory fashion, alleges that all the defendants collectively made the alleged actionable representations with no attempt, let alone success, at pleading with particularity. In fact, Plaintiffs allege that all the defendants, "individually, or by and through their agents or representatives, intentionally and knowingly made false and fraudulent statements of material fact to State Farm. …"  See Complaint (Paragraph 216) Similarly, the Complaint states that "[D]defendants, individually or by and through their agents or representatives, actively misrepresented, acquiesced or ratified misrepresentation.   See Complaint, (Paragraph *215*) Further, as to a main element of specific intent to induce a reliant action, the Complaint again, in conclusory fashion, alleges that the "defendants, individually, or by and through their agents or representatives, made, acquiesced to, or ratified the above-described misrepresentation to induce State Farm to rely on them.

Plaintiffs do not even attempt to specify, as required by Rule 9(b) the following critical facts to support a fraud theory of liability: 1) the individual defendant who made the allegedly fraudulent statement; 2) whether it was oral or written; 3) how many times it purportedly was made; 4) state where, when and how the statements were made to  or 5) allege why the "statement(s) were fraudulent to the plaintiffs.  A conclusory pleading that a group of defendants collectively committed a fraud is insufficient to state an actionable claim. *James v. Ashley Adams Antiques, Inc.*, 2006 U.S. Dist. LEXIS 39690, *3 (M.D. Fla. 2006) (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). Failure of a plaintiff to satisfy Rule 9(b)'s pleading requirements is grounds for dismissal of a complaint. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

The Complaint completely fails to differentiate between the defendants in violation of Rule 9(b), which requires that a Complaint provide notice to each defendant and identify who allegedly committed a fraud by his separate and individual conduct. *See, e.g*., *Haskin v, R.J. Reynolds Tobacco Co*., 995 F.Supp. 1437, 1439 (M.D. Fla. 1998) (citing *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771,777 (7th Cir. 1994).

The Defendant respectfully requests that this Court dismiss the entire complaint with leave to amend.

### IV. Plaintiffs' Fourth Cause of Action Must be Dismissed with Prejudice as Inapplicable to Persons or Activities Regulated by the Office of Insurance Regulation of the Financial Services Commission

Plaintiffs' Fourth Cause of Action against the HEALTH AND WELLNESS Defendants for violations of the FDUTPA must be dismissed with prejudice. "FDUTPA does not apply to any person or activity regulated under the laws administered by the Office of Insurance Regulation of the Financial Services Commission." *Carles Construction, Inc. v. Travelers Casualty & Surety Company of America*, 2013 WL 12061474, *1 (S.D. Fla. Feb. 11, 2013). Pursuant to section 20.121, Florida Statutes, the Office of Insurance Regulation is responsible for all activities in connection with insurers and other risk bearing entities, such as the Plaintiffs. Fla. Stat. § 20.121(3)(a)(1).

Plaintiffs are admittedly authorized to issue automobile insurance policies in the State of Florida and, as such, are "insurers" as defined in section 624.03, Florida Statutes. Therefore, Plaintiffs' FDUTPA claim against the HEALTH AND WELLNESS Defendants must be dismissed with prejudice because Plaintiffs and their activities are regulated under the laws of the Office of Insurance Regulation.

**V. Alternatively, Plaintiff Must Provide a More Definite Statement Because the Complaint is so Vague and Ambiguous that it Fails to put Defendants on Notice of the Claims Against Them and of the Facts Supporting Those Claims**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Complaint does not satisfy the "short and plain" statement requirement of Rule 8. As written, the Complaint fails to apprise HEALTH AND WELLNESS of the legal claims asserted against them and the factual allegations upon which those claims are based. Furthermore, Rule 9(b) requires Plaintiffs to provide the HEALTH AND WELLNESS Defendants with fair notice so as to apprise them of their individual roles in the alleged fraudulent scheme. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.* 116 F.3d 1364 (11th 1997). The Plaintiffs cannot simply lump HEALTH AND WELLNESS together in their causes of action sounding in fraud because doing so violates the Rule 9(b) particularity standard.

Plaintiffs' One (Common Law Fraud), Two (Common Law Fraud) Four (FDUTPA), Five ( FDUTPA), Seven ( Unjust enrichment), Eight (Unjust Enrichment) and Thirteen (Common Law Fraud) Causes of Action against the HEALTH AND WELLNESS Defendants, among others, incorporate and re-allege paragraphs 1–213, without setting forth the particular fraudulent representations or fraudulent acts or false claims attributed to each individual Defendant in direct violation of the Rule 9(b) particularity standard.

Accordingly, Plaintiffs fail to provide HEALTH AND WELLNESS with fair notice of the claims against them, which renders them unable to discern what Plaintiffs are claiming to frame a responsive pleading. Accordingly, the Court should require Plaintiffs to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## VI. <u>CONCLUSION</u>

**WHEREFORE**, the Defendant HEALTH AND WELLNESS SERVICES INC. hereby respectfully request that this Honorable Court enter an order dismissing the third, fifth, sixth and seventh causes of actions in the Plaintiffs' complaint for the failure to state a cause of action for which relief can be granted.  Alternatively, the Defendants respectfully request that this Court order the Plaintiff to provide a more definite statement or require that Plaintiffs' replead the action for the reasons cited above.

Respectfully submitted,
s/ Louis V. Martinez
Louis V. Martinez FBN: 528862

100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050
Email: louisvmartinez14@gmail.com
*Counsel for Defendant Health and Wellness Services, Inc.*

/s/Louis V. Martinez
Louis V. Martinez
(FBN#528862)

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record.

/s/Louis V. Martinez