UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC., BEATRIZ MUSE, LAZARO MUSE, HUGO GOLDSTRAJ, MANUEL FRANCO, MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, ANGEL CARRASCO, JORGE RAFAEL COLL, PAIN RELIEF CLINIC OF HOMESTEAD CORP., JESUS LORITES, AND JOSE GOMEZ-CORTES,

Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT
HEALTH AND WELLNESS SERVICES, INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "the State Farm Plaintiffs"), file their response in opposition to Defendant Health and Wellness Services, Inc.'s ("Health & Wellness") Motion to Dismiss ("Motion to Dismiss") [ECF No. 65] and in support, state:

**I.        INTRODUCTION**

The State Farm Plaintiffs seek to recover personal injury protection ("PIP") insurance benefits paid as a result of the fraudulent scheme orchestrated by defendants Beatriz Muse, Lazaro Muse, and Noel Santos (collectively the "Muse Family"). The scheme involved treating hundreds of patients at the defendant clinics pursuant to a predetermined treatment plan ("Predetermined Treatment Plan") that ignored the patients' individualized medical needs and

1

maximized Defendants' financial gain.  In furtherance of the scheme, each clinic defendant, including Health & Wellness, hired a medical director, but each medical director failed to supervise the care administered at the clinics in violation of Florida law.  In connection with the scheme, defendant Health & Wellness submitted bills to the State Farm Plaintiffs and, from 2007 to 2016, received over $2 million dollars unlawfully.

Health & Wellness's Motion to Dismiss should be denied in its entirety.  Each of the arguments raised by Health & Wellness overlooks or misconstrues the facts pled in the Amended Complaint and ignores governing law.  In short:

- Health & Wellness's argument that the Amended Complaint does not satisfy Rule 10(b) as a shotgun pleading fails because the allegations against Health & Wellness provide specific notice of the claims against it.  *See, e.g.*, *Weiland v. Palm Beach Sheriff's Office,* 792 F.3d 1313, 1324-25 (11th Cir. 2015) (reversing district court's dismissal of certain counts in third amended complaint which incorporated all factual allegations into each count, but did not incorporate prior counts, and finding that the complaint "clearly and concisely" described the at issue conduct to adequately put defendants on notice of the specific claims against them).  The Amended Complaint clearly specifies the allegations against Health & Wellness.

- Health & Wellness argues the State Farm Plaintiffs' did not plead the fraud claim against Health & Wellness with sufficient particularity but applicable law and the State Farm Plaintiffs' well-pleaded allegations contradict this position.  "[T]he requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based."  *See Brady v. Medtronic, Inc.*, No. 13-62199-CIV, 2015 WL 11181971, at *3 (S.D. Fla. Mar. 30, 2015) (internal citation omitted) (Scola, J.).  The Amended Complaint specifically alleges that Health & Wellness submitted bills and medical records to the State Farm Plaintiffs which misrepresented that treatment performed there was lawfully rendered and medically necessary.  Those misrepresentations caused the State Farm Plaintiffs to make payments to Health & Wellness in reliance on those bills and records. *See* [ECF No. 6], Am. Compl. at ¶¶ 3; 75-76; 97; 98-121; 215; 220.  Thus, fraud was sufficiently pled against Health & Wellness.

- Health & Wellness contends that FDUTPA does not apply to persons or conduct regulated by the Office of Insurance Regulation of the Financial Services Commission ("OIR") and as such, the State Farm Plaintiffs, who are insurers regulated by the OIR, cannot bring their alleged FDUTPA claim.  Courts across the Eleventh Circuit, in similar cases brought by State Farm, have rejected this argument numerous times.  *See e.g.*, *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center*, 427 Fed. Appx. 714 (11th

2

Cir. 2014) *rev'd in part sub nom*. *State Farm Mut. Auto. Ins. Co. v. Williams*, 563 Fed. Appx. 665 (11th Cir. 2014); *State Farm Mut. Auto. Ins. Co. v. Kugler*, No. 11-80051, 2011 WL 4389915, at *12 (S.D. Fla. Sep. 21, 2011); *State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, LLC*, 9 F. Supp. 1303, 1313 (M.D. Fla. 2014).

- Health & Wellness also moves for a more definite statement on grounds that the Amended Complaint does not clearly specify the nature of the claims against it. Not only is the Amended Complaint unequivocally clear as to the claims asserted, but a "[R]ule 12(e) motion will be granted only if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Int'l Aero. Grp., Corp. v. Evans Meridian, Ltd.*, No. 16-24997, 2017 U.S. Dist. LEXIS 26189, at *14-15 (S.D. Fla. Feb. 23, 2017) (internal citations omitted). Here, the State Farm Plaintiffs' allegations against Health & Wellness are clear and straightforward: Health & Wellness obtained a license in order to fraudulently obtain no-fault insurance benefits; Health & Wellness operates as the clinic where hundreds of patients were treated pursuant to the Predetermined Treatment Plan; Health & Wellness submitted bills to the State Farm Plaintiffs for payment; and Health & Wellness received payment from the State Farm Plaintiffs based on the submission of the fraudulent bills. *See* [ECF No. 6]. Am. Compl. at ¶¶ 222; 75-76, 98-121; 97; 215; 220. These allegations are sufficiently clear to put Health & Wellness on notice of the allegations against it and allow it to formulate a response.

II. **THE STATE FARM PLAINTIFFS SUFFICIENTLY PLED CAUSES OF ACTION AGAINST DEFENDANT HEALTH & WELLNESS UNDER RULES 8(A) AND 10(B)**

Health & Wellness argues the "Plaintiffs incorporate and re-allege paragraphs 1-213 in Counts One, Four, Seven, and Ten of their cause of actions [sic]." *See* [ECF No. 65], Mot. to Dismiss at 4. Health & Wellness concludes that the Amended Complaint is thus a "shotgun pleading" – which is simply wrong.

In the Eleventh Circuit, a complaint is subject to dismissal as a "shotgun pleading" in only four instances, none of which were clearly asserted by Health & Wellness, and certainly none apply to the Amended Complaint. Those four instances are:

- "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" – a circumstance which is not present in the Amended Complaint;

3

- "a complaint that [alleges] conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" - a circumstance which is not present in the Amended Complaint;

- "one that commits the sin of not separating into a different count each cause of action or claim for relief" - a circumstance which is not present in the Amended Complaint;

- "[a complaint] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," - a circumstance which is not present in the Amended Complaint.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F. 3d 1313, 1321-23 (11th Cir. 2015). Based on an objective reading of the Motion to Dismiss, Health & Wellness does not specifically argue that any of the above circumstances exist and for that reason alone, the request for dismissal should be rejected.

Instead, Health & Wellness misconstrues the law prohibiting the rote inclusion of all preceding counts into subsequent counts (which the Amended Complaint did not do), by claiming that the Amended Complaint's inclusion of **background facts** from the body of the Amended Complaint in multiple counts is improper. *See* [ECF No. 65], Mot. to Dismiss at 4. Under governing law, inclusion of background facts into multiple counts is proper. *See Weiland*, 792 F.3d at 1324-25. The Eleventh Circuit addressed precisely this issue in *Weiland* and rejected the same argument that Health & Wellness makes here. *Id*. In *Weiland*, the Eleventh Circuit assessed a complaint which incorporated all factual allegations into each of the seven counts for relief but also separated the complaint into specific sections identifying separate conduct relating to different claims for relief. *Id*. There the defendants argued that by incorporating all of the factual allegations, which related to different conduct, into each of the counts, the operative complaint was an impermissible shotgun pleading. *Id*. at 1324. The district court agreed and dismissed certain counts as a result, but the Eleventh Circuit reversed stating: "Weiland's re-

alleging of paragraphs 1 through 49 [the entirety of the background allegations] at the beginning of each count looks, at first glance, like the most common type of shotgun pleading. ***But it is not***." *Id*. at 1324. The Eleventh Circuit also emphasized that the organization of the operative complaint with specific subsections and clear description of underlying facts put defendants "on notice of the specific claims against them and the factual allegations that support those claims." *Id*. at 1325. Similar to the approved form of pleading in *Weiland*, the Amended Complaint is organized with subsections and headings clearly delineating the allegations specific to Health & Wellness.

District courts have applied the same approach to dismissal motions based on shotgun pleadings. For example, in *Jones v. Florida Power & Light Co*., No. 09-22683, 2010 WL 1740713, at *2 (S.D. Fla. Apr. 29, 2010), Judge Cooke denied a motion to dismiss that alleged a violation of Rule 10(b) stating that "[t]here is nothing in the Complaint that would cause Defendant to have to exercise undue effort to ascertain the grounds for the claims pled." *See Id*. The *Jones* Court further noted that: "[t]he various counts are kept separate from each other, clearly labeled, and the elements of each count are addressed in a relatively straightforward manner. The fact that each Count incorporates the general factual allegations is appropriate and unsurprising given the fact that the theories alleged are similar in nature." Similarly, Judge Seitz denied a motion to dismiss that argued plaintiff improperly incorporated factual background allegations and prior counts for relief into each subsequent count in violation of Rule 10(b) by finding that "the allegations are not so prolix that it is 'impossible to know which allegations of fact are intended to support which claims for relief.'" *Fin. Healthcare Assoc., Inc., v. Pub. Health Trust of Miami Dade Cty*, No. 06-21692, 2006 WL 8434073, at * 1-2 (S.D. Fla. Dec. 29, 2006).

Even a cursory review of the Amended Complaint demonstrates that the State Farm Plaintiffs gave sufficient notice to Health & Wellness of the claims against it and the facts supporting those claims. The Amended Complaint specifies the conduct for which Health & Wellness is liable, including an entire section titled "Unlawful Conduct at Health & Wellness" which details the Predetermined Treatment Plan implemented there and the failures of the respective medical directors in supervising the treatment. *See* [ECF No. 6], Am. Compl. at ¶¶ 94-132. Moreover, the State Farm Plaintiffs specifically identify the defendants to which each count pertains. For example, Count I of the Amended Complaint, a claim for common law fraud, is attributable only to Health & Wellness, Beatriz Muse, Lazaro Muse, Hugo Goldstraj, and Manuel Franco. *Id*. at 214-222. State Farm Plaintiffs' pled its claims for FDUTPA (Count IV), unjust enrichment (Count VII) and declaratory relief (Count X) against Health & Wellness in the exact same manner. *Id*. at ¶¶ 241-251; 274-280; 295-298. Health & Wellness cannot legitimately argue that it is unaware of the claims the State Farm Plaintiffs brought against it or the basis for those claims.

In addition, Health & Wellness summarily argues that "[r]ather than clearly identify each defendant by name, the plaintiffs, in each of these separate causes of action, use a boiler plate description." *See* [ECF No. 65], Mot. to Dismiss at 4. Health & Wellness does not cite to any legal authority to support this position. In contrast, at no point in the Amended Complaint do the State Farm Plaintiffs' identify the defendants in "boiler plate" fashion. Instead, the State Farm Plaintiffs specifically included Health & Wellness by name in each count for which relief is sought against Health & Wellness, though often through a defined term. *See* [ECF No. 6], Am. Compl. at ¶¶ 214-222; 241-251; 274-280; 295-298. Accordingly, Health & Wellness's argument for dismissal on these grounds is factually inaccurate, without merit, and should be rejected.

47310090;9

### III. THE STATE FARM PLAINTIFFS PLED THEIR FRAUD CLAIM WITH THE REQUISITE PARTICULARITY

Health & Wellness next argues that Count I for fraud violates Rules 8 and 9(b) of the Federal Rules of Civil Procedure and should be dismissed. Specifically, Health & Wellness argues that "Plaintiffs do not even attempt to specify, as required by Rule 9(b) the … critical facts to support a fraud theory of liability" and instead "in conclusory fashion, alleges that all the defendants collectively made the alleged actionable representations with no attempt, let alone success, at pleading with particularity." *See* [ECF No. 65], Mot. to Dismiss at 6. Health & Wellness's argument ignores the well-pleaded allegations supporting the fraud claim in the State Farm Plaintiffs' Amended Complaint.

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). To meet this standard, the complaint needs to identify: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of, and the persons responsible for, the alleged misrepresentations; (3) the content and manner in which the misrepresentations misled the plaintiff; and (4) what the defendant gained through the alleged fraud." *See FCC Mortgage Corp., LLC v. Red Door Title Ins. Agency, Inc.*, No. 13-61132, 2013 WL 12138556, at *2 (S.D. Fla. Dec. 11, 2013) (Scola, J.). "Essentially, the requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *Brady v. Medtronic, Inc.*, No. 13-62199-CIV, 2015 WL 11181971, at *3 (S.D. Fla. Mar. 30, 2015) (internal citation omitted) (Scola, J.).

Specifically, the State Farm Plaintiffs allege that the Muse Family implemented a Predetermined Treatment Plan at Health & Wellness which resulted in hundreds of patients receiving nearly identical, non-individualized, medically unnecessary treatment. *See* [ECF No. 6], Am. Compl. at ¶¶ 75-76, 98-121. The State Farm Plaintiffs also allege that "[t]he Muse Clinics [which is specifically defined to include Health & Wellness] submitted false, materially misleading, and/or fraudulent bills and supporting records to Plaintiffs for services which were not medically necessary, and in some instances, were never actually rendered." *Id*. at ¶ 3; *see also id*. at ¶¶ 215-16. In reliance on those bills and the misrepresentations therein, the State Farm Plaintiffs paid Health & Wellness. *Id*. at ¶¶ 97, 220. In addition, Health & Wellness's status as a licensed clinic assisted in creating the appearance of legitimacy which further deceived the State Farm Plaintiffs into making payments for the unlawfully rendered treatment. *Id*. at ¶ 222. Moreover, the State Farm Plaintiffs set forth each of the misrepresentations made by Health & Wellness, either directly or indirectly, in Count I, a fact which Health & Wellness conveniently ignores in its Motion to Dismiss. *See* [ECF No. 6], Am. Compl. at ¶¶ 215-216. These allegations comprise the components of a fraud claim against Health & Wellness sufficient to meet the particularity requirement under Rule 9(b).

Further, the fraud count against Health & Wellness is premised upon the submission of bills for unlawfully rendered services which the State Farm Plaintiffs were induced to believe were medically necessary and lawfully rendered causing them to make payments they otherwise would not have made. Many courts in this Circuit have rejected the identical argument now asserted by Health & Wellness and denied the respective defendants' motions to dismiss in similar cases. *See State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, LLC*, 9 F. Supp. 3d 1303, 1311 (M.D. Fla. 2014) (denying motion to dismiss a fraud claim where State

Farm pled sufficient facts to demonstrate plausible violations of several statutes, how the relationships between and the roles of the defendants operated to conceal the fraud, and attached exhibits that provided sufficient detail as to State Farm's damages); *State Farm Mut. Auto. Ins. Co. v. Kugler,* No. 11-80051, 2011 WL 438915, at *12 (S.D. Fla. Sep. 21, 2011) (denying a motion to dismiss State Farm's fraud claim where State Farm specified the alleged misrepresentations, i.e., the bills and records submitted stating that diagnostic tests and certain medical procedures were medically necessary when they were not, and attached exhibits identifying the author and date of each alleged misrepresentation); *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, No. 11-CV-1373, 2011 WL 6450769, at *3-4 (M.D. Fla. Dec. 21, 2011) (denying a motion to dismiss a fraud claim where State Farm pled allegations of unlawful ownership of the clinic and an accounting of the bills submitted by the clinic was sufficient to meet Rule 9(b) requirements).

Moreover, even if the Amended Complaint did not allege that Health & Wellness committed every act of the fraudulent scheme, the applicable law is clear that "everyone who knowingly participates in a fraud scheme will be liable for conduct of their co-schemers even if some participants do not make the fraudulent statements." *See State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, No. 11-cv-1373, 2011 WL 6450769, at *4 (M.D. Fla. Dec. 21, 2011)  Specifically, Judge Marra addressed this issue in the context of an insurance fraud scheme similar to the instant suit in *State Farm Mutual Automobile Insurance Company v. Brown*, No. 16-80793, 2017 WL 1291995 (S.D. Fla. Mar. 30, 2017).  In *Brown*, as in this case, State Farm Mutual sued several clinics and their respective owners and medical directors, as well as related entities, for fraud arising out of an unlawful scheme to obtain PIP benefits for medically unnecessary and/or unlawful services perpetrated collectively by the defendants.  *See*

*Id*. at *1.  One of the defendants, Preferred Physician Management Services, Inc. ("PPMS"), who sold medically unnecessary TENS units that the clinic defendants provided to patients, sought dismissal of State Farm Mutual's fraud claim.  *Id*. at *5-6.  PPMS argued that there were no allegations that PPMS submitted any bills to State Farm Mutual or was paid any money by State Farm Mutual or even that PPMS had direct communication with State Farm Mutual.  Accordingly, it argued, State Farm Mutual could not maintain a claim for fraud against PPMS.  The court rejected this argument and found that State Farm Mutual sufficiently alleged that the defendants, including PPMS, submitted or caused to be submitted fraudulent bills and documentation at issue in the complaint to warrant denial of PPMS's dismissal motion as to the fraud claim.  *Id*. at *6.

Here, the allegations are even stronger than in *Brown*.  As set forth above, Health & Wellness **submitted bills** to the State Farm Plaintiffs and **received payments** from the State Farm Plaintiffs while serving a critical role in perpetrating the fraud.  *See e.g*., [ECF No. 6], Am. Compl. at ¶¶ 3, 97, 220.  Therefore, Health & Wellness's argument, like PPMS's argument in *Brown*, should be rejected.

IV. **FDUTPA APPLIES TO THE DEFENDANTS' SCHEME**

Health & Wellness argues that the State Farm Plaintiffs' FDUTPA claim must be dismissed with prejudice based on Health & Wellness's improper reading of Fla. Stat. § 501.212(4)(a), which governs the applicability of FDUTPA.  Specifically, Health & Wellness bases its argument on the premise that "FDUTPA does not apply to any person or activity regulated under the laws administered by the Office of Insurance Regulation of the Financial Services Commission."  *See* [ECF No. 65], Mot. to Dismiss at 7.  Health & Wellness then argues that "Plaintiffs are admittedly authorized to issue automobile policies in the State of Florida and, as such, are 'insurers'" under the purview of the Office of Insurance Regulation.  *Id*.

Accordingly, from Health & Wellness's perspective, the State Farm Plaintiffs should not be permitted to bring a FDUTPA claim against Health & Wellness.

Courts in the Eleventh Circuit have repeatedly rejected this argument in similar cases. In *State Farm Mutual Automobile Insurance Company v. Physicians Injury Care Center*, 427 Fed. Appx. 714 (11th Cir. 2014) *rev'd in part sub nom. State Farm Mutual Automobile Insurance Company v. Williams*, 563 Fed. Appx. 665 (11th Cir. 2014), the Eleventh Circuit rejected the argument that Fla. Stat. § 501.212(4)(a) "creates a specific exemption from suit under FDUTPA for '[a]ny person or activity regulated under laws administered by…[t]he Office of Insurance Regulation of the Financial Services Commission." *Id*. at 723.

Similarly, Judge Hurley addressed this exact issue and explained that the argument Health & Wellness raises here "loses sight of State Farm's status as the plaintiff alleging a violation of the FDUTPA…based on the ***defendants' participation in an allegedly fraudulent billing scheme***. These defendants and fraudulent billing activities are not regulated by the Office of Insurance regulation, and therefore, [at the motion to dismiss stage] the FDUTPA potentially applies to the conduct described in State Farm's complaint." *State Farm Mut. Auto. Ins. Co. v. Kugler*, No. 11-80051, 2011 WL 4389915, at *12 (S.D. Fla. Sep. 21, 2011) (emphasis added). The *Kugler* court expressly rejected the argument that FDUTPA could not apply to anyone regulated by the OIR, such as the State Farm Plaintiffs, and denied the defendant's motion to dismiss in its entirety. *Id*. at *14. Further, Chief Judge Moore granted summary judgment in favor of State Farm Mutual on its FDUTPA claim despite defendants' argument that the statutory exemption set out in Fla. Stat. § 501.212(4)(a) precludes any such claim for recovery under FDUTPA. *See State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla., Inc*., 103 F. Supp. 3d 1343, 1354 (S.D. Fla. 2015).

These decisions from the Southern District of Florida align with those issued by the Middle District of Florida. *See State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, LLC*, 9 F. Supp. 1303, 1313 (M.D. Fla. 2014) (denying a motion to dismiss based on argument that persons or activity regulated by the Office of Insurance Regulation of the Financial Services Commission falls outside the reach of FDUTPA); *see also State Farm Mut. Auto. Ins. Co. v. Comprehensive Physician Services, Inc.*, No. 14-CV-2381, 2014 WL 7070832, at *3 (M.D. Fla. Dec. 15, 2014) (same).

The only case cited in support of Health & Wellness's position is *Carles Construction, Inc. v. Travelers Casualty & Surety Company of America*, 2013 WL 12061474, at *1 (S.D. Fla. Feb. 11, 2013). In *Carles Construction*, the plaintiff, a subcontractor, sued the defendant surety on a performance bond for FDUTPA violations arising from the defendant's settlement (and concomitant release) of plaintiff's claims related to a payment bond associated with two construction projects. *Id*. Defendant moved to dismiss plaintiff's claim on grounds that the FDUTPA claim was subject to dismissal because "FDUTPA does not apply to any person or activity regulated under the laws administered by the Office of Insurance Regulation of the Financial Services Commission" and defendant was encompassed within the definition of "insurer." *Id*. The *Carles Construction* case is inapplicable here because it is distinguishable from the instant litigation. In *Carles Construction*, the at-issue conduct, i.e., the defendant surety's "management and settling of Plaintiffs' claims", was conduct by an insurance company that is in fact regulated by the OIR. Here, the conduct at issue is not the State Farm Plaintiffs' conduct, but rather, the unlawful fraud scheme perpetrated by the Defendants, who are not subject to regulation by the OIR. Thus, Health & Wellness's argument should be rejected.

V. **THE AMENDED COMPLAINT, INCLUDING ITS EXHIBITS, PROVIDES SUFFICIENT NOTICE TO HEALTH & WELLNESS OF THE DETAILS OF THE CLAIMS**

Health & Wellness also moves for a more definite statement, asserting that "the Complaint fails to apprise HEALTH AND WELLNESS of the legal claims asserted against them[1] and the factual allegations upon which those claims are based." *See* [ECF No. 65], Mot. to Dismiss at 8. Health & Wellness further argues that "Plaintiffs cannot simply lump HEALTH AND WELLNESS together in their causes of action sounding in fraud because doing so violates the Rule 9(b) particularity standard." *Id*. Health & Wellness concludes that "Plaintiffs fail to provide HEALTH AND WELLNESS with fair notice of the claims against them, which renders them unable to discern what Plaintiffs are claiming to frame a responsive pleading" and, thus, that a more definite statement is required. *Id*. Health & Wellness's argument is without merit.

"Motions for more definite statement are disfavored in the federal system, due to liberal discovery practices." *Scouten v. NCL (Bahamas) Ltd.*, No. 08-21485, 2008 WL 3976916, at * 10 (S.D. Fla. Aug. 20, 2008). "Because pleadings give notice and discovery provides the intricacies of the issues and evidence for trial, a [R]ule 12(e) motion will be granted only if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Int'l Aero. Grp., Corp. v. Evans Meridian, Ltd.*, No. 16-24997, 2017 U.S. Dist. LEXIS 26189, at *14-15 (S.D. Fla. Feb. 23, 2017) (internal citations omitted). "A motion for a more definite statement is intended to provide a remedy for an unintelligible pleading, rather

---

[1] In this section Health & Wellness refers to: "Plaintiffs' One (Common Law Fraud), Two (Common Law Fraud), Four (FDUTPA), Five (FDUTPA), Seven (Unjust Enrichment), Eight (Unjust Enrichment) and Thirteen (Common Law Fraud) Causes of Action," *see id*., which do not correspond to the counts in the State Farm Plaintiffs' Amended Complaint. First, the State Farm Plaintiffs' Amended Complaint only has ten counts. Second, the only claims against Health & Wellness in the Amended Complaint are Count I (Common Law Fraud), Count IV (Violation of FDUTPA), Count VII (Unjust Enrichment) and Count X (Declaratory Relief).

than a vehicle for obtaining greater detail." *Euro RSCG Direct Resp., LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012) (Scola, J.).

Here, the Amended Complaint is not so vague or ambiguous that Health & Wellness cannot respond. Instead, the Amended Complaint clearly alleges four causes of action that specifically name Health & Wellness all of which arise from the same unlawful conduct. Health & Wellness served as a platform enabling the Muse Family to perpetrate their fraud scheme and unlawfully obtain payments from the State Farm Plaintiffs. The State Farm Plaintiffs alleged that hundreds of at-issue patients purportedly received treatment at Health & Wellness pursuant to the Predetermined Treatment Plan, receiving non-individualized, medically unnecessary treatment. *See* [ECF No. 6], Am. Compl. at ¶¶ 75-76, 98-121. Moreover, Health & Wellness submitted the medical bills arising from that treatment, which misrepresented that the treatment performed there was medically necessary. *Id*. at ¶¶ 3, 215-16; 242-43, 278-79; 296-97. And, Health & Wellness is the entity that the State Farm Plaintiffs paid for such unlawful treatment. *Id*. at ¶¶ 97, 220; 250; 280. In addition, Health & Wellness's status as a licensed clinic assisted in creating the appearance of legitimacy which, further deceived the State Farm Plaintiffs into making payments for the unlawfully rendered treatment. *Id*. at ¶ 222. Last, Health & Wellness is the clinic that employed medical directors Hugo Goldstraj and Manuel Franco who unlawfully failed to supervise the clinic's activities. *See Id*. at 94-132.

Furthermore, the State Farm Plaintiffs' Amended Complaint and attached exhibits provide Health & Wellness with the details concerning the claims against it including the amounts paid by State Farm Mutual and State Farm Fire to each of the Muse Clinics, including Health & Wellness, for each of the patients whose treatment is at issue. In particular, Exhibits 42 and 43 to the Amended Complaint set forth in detail each of the State Farm Plaintiffs' payments

14

47310090;9

to Health & Wellness, including the claim number, the patient initials, the date of loss (accident date), first date of service at Health & Wellness, amount of bills submitted, and the amount paid pursuant to either a PIP policy, *i.e.*, the "PIP Amount," and/or a Medical Payments Coverage Policy, *i.e.*, "MPC Amount Paid." Exhibits 47 and 48 set forth essentially the same information regarding unpaid amounts submitted by Health & Wellness that are the subject of the State Farm Plaintiffs' declaratory relief claim. This information is more than sufficient to provide Health & Wellness with notice of the causes of action against it and the underlying insurance claims on which those causes of action are premised. *See e.g., GEICO v. Benefica Health Ctr. Corp.*, No. 17-20161-CIV, 2017 WL 1749608, at *2 (S.D. Fla. May 1, 2017) (denying a motion for more definite statement because the amended complaint identified the date of the underlying accident, the type of service provided, the date on which those services were provided, the approximate date on which the claim was mailed to GEICO, the amount of the claim, and the claim number used by Defendants for a large representative sample of claims). More is not required. Accordingly, Health & Wellness's motion for more definite statement should be denied.

## VI.     CONCLUSION

For the foregoing reasons, Health & Wellness's Motion to Dismiss should be denied in its entirety because the State Farm Plaintiffs properly pled each of their claims against Health & Wellness and because Health & Wellness's arguments directly contradict governing law.

47310090;9

<table>
<tr><td>Dated: December 31, 2018</td><td>By: <i>/s/ Brad McPherson</i><br>DAVID SPECTOR (FBN: 086540)<br>david.spector@akerman.com<br>BRAD MCPHERSON (FBN: 017395)<br>brad.mcpherson@akerman.com<br>CAITLIN SALADRIGAS (FBN: 095728)<br>caitlin.saladrigas@akerman.com<br><b>AKERMAN LLP</b><br>777 South Flagler Drive<br>Suite 1100, West Tower<br>West Palm Beach, FL 33401<br>Telephone:  (561) 653-5000<br>Facsimile:   (561) 659-6313<br><i>Attorneys for Plaintiffs</i></td></tr>
</table>

<b><u>CERTIFICATE OF SERVICE</u></b>

I hereby certify that on December 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

<i>/s/ Brad McPherson</i><br>Brad McPherson, Esq. (FBN: 017395)

47310090;9

**SERVICE LIST**

| | |
|---|---|
| Chad A. Barr, Esq.<br>**LAW OFFICE OF CHAD A. BARR, P.A.**<br>986 Douglas Avenue, Suite 100<br>Altamonte Springs, FL 32714<br>Telephone: (407) 599-9036<br>Email: chad@chadbarrlaw.com<br>      service@chadbarrlaw.com<br>      paralegal@chadbarrlaw.com<br>*Attorneys for Defendant Jorge Rafael Coll*<br>**Served via CM/ECF** | Richard J. Diaz, Esq.<br>**RICHARD J. DIAZ, P.A.**<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc.; Noel Santo; Beatriz Muse; and Lazaro Muse;*<br>**Served via CM/ECF** |
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendants:*<br>*Pain Relief Clinic of Homestead, Corp.*<br>**Served via CM/ECF** | Sean Ellsworth, Esq.<br>**ELLSWORTH LAW FIRM, P.A.**<br>1000 5th Street<br>Thyssen Building, Suite 223<br>Miami Beach, FL 33139<br>Telephone: (305) 535-2529<br>Facsimile: (305) 525-2881<br>Email: sean@ellslaw.com<br>*Attorneys for Defendant Jose Gomez-Cortes*<br>**Served via CM/ECF** |
| Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>      kbparkerlaw@gmail.com<br>      parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via CM/ECF** | Louis V. Martinez, Esq.<br>**DIAZ, REUS & TARG LLP**<br>3400 Miami Tower<br>100 SE 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 375-9220<br>Facsimile: (305) 375-8050<br>Email: lmartinez@diazreus.com<br>*Attorneys for Defendant*<br>*Health & Wellness Services Inc.*<br>**Served via CM/ECF** |
| Hugo Goldstraj<br>1850 S. Ocean Drive, Apt. 1101<br>Hallandale, FL 33009-7678<br>**Served via U.S. Mail** | |

47310090;9