## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

        v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, JORGE RAFAEL COLL,
PAIN RELIEF CLINIC OF HOMESTEAD, CORP.,
JESUS LORITES, AND JOSE GOMEZ-CORTES,

Defendants.

_____/

JORGE RAFAEL COLL,

Counter-Plaintiff,

        v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Counter-Defendants.

_____/

### PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION TO DISMISS
### DEFENDANT/COUNTER-PLAINTIFF JORGE COLL'S COUNTERCLAIM

Plaintiffs/Counter-Defendants, State Farm Mutual Automobile Insurance Company and

State Farm Fire and Casualty Company (collectively "the State Farm Plaintiffs"), pursuant to

Federal Rules of Civil Procedure 12(b)(6) and 12(f), file this Motion to Dismiss

1

Defendant/Counter-Plaintiff Jorge Rafael Coll's ("Dr. Coll") Counterclaim [ECF No. 116] for failure to state a claim upon which relief may be granted.

## I.   INTRODUCTION

Dr. Coll's counterclaims for fraud, defamation, and declaratory relief are facially defective and provide no basis for relief.  In a transparent retaliatory pleading after this Court denied Dr. Coll's motion to dismiss and without a shred of factual support, Dr. Coll claims the State Farm Plaintiffs created "various schemes" by victimizing policyholders and employees of Defendant Medical Wellness.  *See* [ECF No. 116], Countercl. at ¶ 7.  Specifically, Dr. Coll claims the State Farm Plaintiffs targeted medical clinics "whose primary patient base is Hispanic" with a primary goal to "destroy Medical Wellness and Coll's reputation to prevent Coll from the practice of medicine."  *Id*. at ¶ 9.  According to Dr. Coll, the State Farm Plaintiffs did so to improve their "long-term profitability" by applying "heightened claims evaluation and discriminatory adjusting practices" to claims submitted by those targeted clinics in connection with no fault (PIP) insurance policies.  *Id*. at ¶¶ 9-10.  Dr. Coll boldly claims that in doing so, the State Farm Plaintiffs "secured false statements from witnesses," implemented "aggressive" investigations of Hispanic medical personnel, and disseminated defamatory statements.  *Id*. at ¶¶ 13(d)-(e).  While patently false, Dr. Coll's counterclaim fails to provide *any* facts – because none exist – to support these specious allegations.  The complete lack of any factual content falls far short of federal court pleading standards imposed by Federal Rules of Civil Procedure 8, and where applicable 9(b), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Dr. Coll's counterclaims should be dismissed because:

- **Count I – Fraud**:  Dr. Coll's claim for fraud fails to allege a single element of the cause of action.  Specifically, Dr. Coll does not identify, even in cursory fashion, a single misrepresentation of material fact made by the State Farm Plaintiffs which was relied on by Dr. Coll which caused him damage.  Rather, Dr. Coll, who is not a policy

holder, cobbled together a few paragraphs which claim the State Farm Plaintiffs claims decisions did not comply with Florida's PIP legislation. The Middle District addressed a virtually identical counterclaim in *GEICO v. KJ Chiropractic Center, LLC, et al.*, No. 12-CV-1138-ORL -40DAB, 2014 WL 12617573, at * 2-3 (M.D. Fla. Aug. 5, 2014) and dismissed it for precisely these reasons. Not only are these allegations devoid of any facts, it is incomprehensible how Dr. Coll could ever satisfy his obligations under Rule 11 to make such a claim when he is not a policy holder.

- **Count II – Defamation**: Next, Dr. Coll alleges that "through the actions described" in connection with his fable of fraud, that the State Farm Plaintiffs defamed him. Matching the utter lack of factual support for Count I, Dr. Coll's defamation claim similarly fails to set forth the elements necessary to state a claim including when the purported statements were made, by whom, to whom, and the content of those statements. Florida law prohibits the maintenance of a defamation action with such lack of facts. Moreover, the Court in *KJ Chiropractic* addressed a virtually identical counterclaim and, like the fraud counterclaim, dismissed it for failure to state a claim. *Id.* at * 3.

- **Count III – Declaratory Judgment**: Last, Dr. Coll's declaratory relief claim seeks a declaration that Dr. Coll complied with all of his duties and obligations as medical director at Medical Wellness. Dr. Coll fails to plead an actual case or controversy because his allegations do not address any future harm but rather improperly seek to address conduct which is already the subject of pending litigation. Separately, Dr. Coll's declaratory relief claim is completely subsumed within the State Farm Plaintiffs' Amended Complaint which specifically seeks relief that necessarily requires this determination, *see* [ECF No. 6] at ¶¶ 225, 231, 254(f), 257, 285-286, as well as duplicative of Dr. Coll's own affirmative defenses, *see* [ECF No. 116], Aff. Def. at ¶ 316, and should be dismissed or in the alternative stricken.

## II.   BACKGROUND

The State Farm Plaintiffs filed this action against the Defendants, which includes three health care clinics, their owners and their respective medical directors, alleging the Defendants collectively engaged in a predetermined treatment scheme designed to obtain no-fault insurance benefits rather than examine, diagnose, and treat patients based on their individual needs. *See* [ECF No. 6], at ¶ 3. The medical director defendants, like Dr. Coll, ignored their duties and responsibilities under Florida law in order to facilitate the scheme. *Id.* at ¶ 5. These duties include ensuring that all health care practitioners have active, appropriate certification or licensure for the level of care being provided and conducting systematic reviews of the clinic's billing to prevent

billing fraud.  *See* [ECF No. 6] at ¶¶ 38, 40 (citing Fla. Stat. §§ 400.9935(1)(d), (g)).  After the Court rejected the attempts to seek dismissal finding the State Farm Plaintiffs properly stated claims for fraud, unjust enrichment, violations of the Florida Unfair and Deceptive Trade Practices Act, and declaratory relief.  *See* [ECF No. 113], Omnibus Or. Denying Mot. to Dismiss.  Dr. Coll filed an answer, affirmative defenses, and counterclaim, in which he asserts three claims for relief: (1) fraud; (2) defamation; and (3) declaratory relief.  *See* [ECF No. 116].  These claims and the purported facts on which they rely are sourced largely from an unrelated counterclaim[1] filed in the *GEICO v. KJ Chiropractic Center, LLC, et al.*, No. 12-cv-1138-ORL-40DAB, ECF No. 276 (M.D. Fla. Feb 10, 2014),[2] which raises questions in and of itself as to whether such facts truly exist against the State Farm Plaintiffs, and which Judge Byron of the Middle District appropriately dismissed for failure to state a claim.[3]

As in *KJ Chiropractic*, Dr. Coll's counterclaims here are based on alleged "various schemes to defraud," including "a) [the State Farm Plaintiffs'] conduct of discriminatory claims handling by implementing more stringent requirements for processing payment of claims to certain medical facilities that [the State Farm Plaintiffs'] have targeted for destruction; [and] b) general scheme of selective or flat out refusal to pay claims based upon manufactured, fraudulent bases

---

[1] The factual allegations and claims for fraud and defamation are, in some places, copied and pasted straight from the counterclaim in *KJ Chiropractic*.  *Compare* Ex. 1, Plaintiff's Motion to Dismiss in *GEICO v. KJ* Chiropractic at ¶¶ 2, 8-15, 16€-(g), (i), (k)(l), 17-19, 25-29, 32-36, 39-44 with [ECF No. 116] at ¶¶ 1, 4-5, 7-12, 13(a)-(d), (f), (g), 14-19, 21-24, 26-35, respectively.

[2] The Magistrate Judge issued a report and recommendation dismissing the counterclaim, almost in its entirety.  *See GEICO v. KJ Chiropractic Center, LLC, et al.*, No. 12-cv-1138-ORL-40DAB, 2014 WL 126175172 (M.D. Fla. Jul. 9, 2014) (the "*KJ Chiropractic R&R*").  The only part of the counterclaim which was not dismissed was one specific allegation of defamation that properly identified the speaker, the statement, and how it was published.  *Id.* at *7.
The District Court adopted the report and recommendation in whole.  *GEICO v. KJ Chiropractic Center, LLC, et al.*, No. 12-cv-1138-ORL-40DAB, 2014 WL 12617573 (M.D. Fla. Aug. 5, 2014) (the "*KJ Chiropractic Order Adopting R&R*").

[3] Dr. Coll's Counterclaim includes a paragraph alleging that "[j]uridisction and venue are proper in the Middle District of Florida" which is patently inaccurate.  *See* [ECF No. 116], Countercl. at ¶ 3.  The State Farm Plaintiffs respectfully request this Court strike or in the alternative disregard this portion of Dr. Coll's Counterclaim and find that jurisdiction and venue are properly in the Southern District of Florida.

for denial." *See* [ECF No. 116], Countercl. at ¶ 7.  According to Dr. Coll, the State Farm Plaintiffs, through unidentified agents, employees, investigators, SIU investigators, and independent contractors, "targeted" Medical Wellness as a "Hispanic Clinic" and "applied heightened claims evaluation and discriminatory adjusting practices to No Fault claims submitted by Medical Wellness and its, employees including [Dr. Coll]."  *Id*. at ¶¶ 8, 10-11.  Dr. Coll alleges the State Farm Plaintiffs: denied payments to Medical Wellness based on the "specious" allegation that services were part of a "programmed treatment protocol;" demanded that Hispanic insureds provide statements at "an exponentially higher rate than non-Hispanic patients;" "coaxed false statements from witnesses;" and "disseminated defamatory, slanderous and libelous statements that [Dr. Coll] engaged in providing unnecessary medical services in conspiracy with others to obtain unlawful payments," among other things, in an effort to avoid payment of No-Fault insurance benefits.  *Id*. at ¶¶ 13(a)–(g).  Dr. Coll's allegations are nothing more than conclusory statements and threadbare recitations of the elements of each cause of action and are insufficient to withstand a motion to dismiss.

## III.   STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss, a counterclaim must include sufficient factual details to amount to "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  Instead, the counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

#68777586_v12

liable for the misconduct alleged.  *Id*.  While a court, at this stage of the litigation, must consider the allegations contained in the counterclaim as true, this rule "is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The conclusory allegations that run throughout Dr. Coll's counterclaims are not simply technical violations.  Rather, they fail to provide the State Farm Plaintiffs with adequate notice of and an opportunity to defend against the claims asserted against them.  *See Miller v. Support Collection Unit Westchester County*, No. 09-CV-1898, 2010 WL 767043, at *7 (M.D. Fla. Mar. 5, 2010) (holding that a complaint must allege sufficient facts to ensure fundamental fairness for a defendant so as to "put the defendant on notice as to what conduct is being called for defense in a court of law"); *see also Iqbal*, 129 S. Ct. at 1949 (Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

As discussed below, Dr. Coll does not allege sufficient factual matter on which the Court could draw a reasonable inference that the State Farm Plaintiffs are liable under any of Dr. Coll's asserted claims for relief.

## IV.   ARGUMENT

### a.   Dr. Coll's Fraud Counterclaim Fails to Satisfy Federal Rule of Civil Procedure 9(b)

Dr. Coll's fraud claim relies on conclusory allegations, fails to properly plead the elements of fraud, and falls far short of meeting the heightened pleading standard for fraud claims prescribed by the Federal Rules of Civil Procedure.

To prevail on a common law fraud claim, a plaintiff must prove: 1) a false statement concerning a specific material fact; 2) the speaker's knowledge that the representation is false; 3) an intention that the representation induces another's reliance; and 4) consequent injury to the other party acting in reliance on the representation.  *State Farm Mut. Auto. Ins. Co. v. Performance*

*Orthapaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1301 (S.D. Fla. 2018).  As this Court recognized in its recent Omnibus Order Denying Motions to Dismiss, *see* [ECF No. 113], "[w]here a cause of action sounds in fraud…Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8."  *See* [ECF No. 113] at 3.  Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake."  *Id*.  As this Court also noted, "[t]he 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Id*. (citing *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc*., 287 F. App'x 81, 86 (11th Cir. 2008).  Rule 9(b)'s "particularity" requirement is not satisfied by "conclusory allegations that certain statements are fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud."  *W. Coast Roofing & Waterproofing*, 287 F. App'x at 86.  To meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud.  *FCC Mortgage Corp., LLC v. Red Door Title Ins. Agency, Inc.*, No. 13-61132, 2013 WL 12138556, at *2 (S.D. Fla. Dec. 11, 2013) (Scola, J.) (citing *W. Coast Roofing & Waterproofing*, 287 F. App'x at 86).

Here, Dr. Coll's fraud claim, at best, and as construed by the Court in *KJ Chiropractic*, alleges that by selling insurance policies the State Farm Plaintiffs made representations to Medical Wellness, its policyholders, and indirectly to Dr. Coll, that the State Farm Plaintiffs would properly handle claims.  *See* [ECF No. 116], Countercl. at ¶¶ 5, 21-22; *see also KJ Chiropractic R&R* at *5.  As Dr. Coll sees it, the State Farm Plaintiffs implemented "egregious and fraudulent claims

#68777586_v12

handling [which was] outside the normal and routine adjusting process" –which Dr. Coll never identifies—that resulted in "medical providers purportedly waiving their rights to payment for legitimate services and coerces …innocent parties to not seek medical care for their injuries." *Id.* at ¶¶ 23-24. As a result of this conduct, Dr. Coll claims to have suffered damage to his reputation in the medical community. *Id.* at ¶ 24.

As a threshold matter, Dr. Coll fails to allege sufficient facts to demonstrate his standing to bring a fraud claim against the State Farm Plaintiffs. Dr. Coll is not a policy holder and, moreover, failed to allege any facts demonstrating the State Farm Plaintiffs made intentional misrepresentations *to him* upon which he relied. *See e.g., Sevi v. Israel Discount Bank of New York*, No. 13-21922, 2014 WL 12861833 at *12 (S.D. Fla. Nov. 24, 2014) (noting that the plaintiffs cited "no authority for the proposition that a Florida common law fraud claim can rest on (1) a defendant's alleged misrepresentation to a third party and/or (2) a third party's reliance on a defendant's alleged misrepresentation" and dismissing the fraud claim with prejudice); *see also Platinum Properties Investor Network, Inc. v. Sells*, No. 18-61907, 2019 WL 2247544, at * 10 (S.D. Fla. Apr. 11, 2019) (Seltzer, M.J. (noting that the Court had not "any authority under Florida law that would support Plaintiffs' position that a third-party's reliance on a misrepresentation is sufficient to plead a claim in fraud…where there has been no actual reliance on that representation by the plaintiff" and recommending dismissing of same). On this basis alone, Dr. Coll's fraud claim must be dismissed.

Moreover, Dr. Coll's counterclaim allegations are insufficient to describe the key elements of a fraud claim and completely fail to meet the particularity threshold required under Rule 9(b). Specifically, Dr. Coll provides no facts which identify the "normal and routine adjusting process." Even worse, Dr. Coll similarly provides no facts which identify the "egregious and fraudulent

claims handling" which he believes forms the basis for a claim for fraud.  For example, the State Farm Plaintiffs are left to guess as to all the details surrounding this broad sweeping allegation about its claim handling process.  Further, the State Farm Plaintiffs are left to guess as to the timing of the alleged fraudulent claims handling process, the geographic area of such claims handling process, the mechanics of same and who was involved.  Even if the State Farm Plaintiffs could speculate as to the factual scenarios relating to these crucial and required allegations, they would then have to guess the identity of the insurance policies which this unidentified purported fraudulent claims handling process targeted, along with the dates of the automobile accidents which formed the basis for these claims.  Obviously, the State Farm Plaintiffs are not required to engage in such guesswork related to these crucial elements.

Significantly, in *KJ Chiropractic*, the Court held a medical provider does not state a cause of action for fraud against an insurer where the medical provider does not identify the specific, allegedly false, statements made to the provider directly which caused harm.  For example, the "misrepresentation" that Dr. Coll attempts to manufacture is not a representation that the State Farm Plaintiffs made to him directly or a statement at all.  As the Middle District stated in *KJ Chiropractic*, "the [only identifiable] statement, as pled, is not an actual statement, but appears to be an inference made by [Dr. Coll] from the act of selling insurance policies [but]…the mere act of selling insurance policies is not, in and of itself, a false statement."  *KJ Chiropractic R&R*, 2014 WL 12617572, at *5.  The *KJ Chiropractic* Court noted that, at best, GEICO failed to pay benefits. *Id*.  As in *KJ Chiropractic*, the State Farm Plaintiffs' failure to pay benefits to the clinic where Dr. Coll was employed does not provide a cause of action for fraud.  *Id*.  ("Fraud is more than a failure, even an intentional failure, to pay a debt allegedly owed.")

Similarly, Dr. Coll's fraud claim is entirely devoid of any allegation of how he relied upon the State Farm Plaintiffs' purported misrepresentation. These deficiencies are identical to those in the defendants'/counter-plaintiffs' fraud claim in *KJ Chiropractic*—which the Middle District dismissed—and fatal to Dr. Coll's fraud claim as well. *See KJ Chiropractic Order Adopting R&R*, 2014 WL 12617573 at *3. Thus, Dr. Coll's fraud counterclaim—like the fraud counterclaim in *KJ Chiropractic*—must be dismissed.

### b. Dr. Coll's Defamation Counterclaim Fails to State a Cause of Action

In order to state a cause of action for defamation under Florida law, a plaintiff must allege that "(1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the plaintiff suffered damages as a result of the publication." *Five for Entertainment S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (Seitz, J.) (quoting *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006)) (Seltzer, M.J.). To the extent Dr. Coll attempts to allege a claim for defamation *per se*, his claim would need to reference words, which on their face, are defamatory. *See Piplack v. Mueller*, 121 So. 459 (Fla. 1929); *see also Spear ex rel. Spear v. Publix Supermarkets, Inc.*, No. 08-81453-CIV, 2008 WL 5276441, at *2 (S.D. Fla. Dec. 1, 2008) (Marra, J.) ("Words which are injurious on their face and without the aid of extrinsic proof are defamatory *per se*…").

In order to satisfy Rule 8, a defamation plaintiff must also allege "facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *Fowler v. Taco Viva, Inc*., 646 F. Supp. 152, 157-58 (S.D. Fla. 1986) (King, J.). Moreover, "to state a viable claim against a corporation for defamation based upon a statement made by one of its employees, a plaintiff must also show that the employee was acting at the time within the scope of his or her employment and used the alleged defamatory statements in the actual

performance of his or her duties touching the matter in question." *Bell v. Novartis Pharmaceuticals Corp*., No. 8:08–cv–30–T–17–EAJ, 2008 WL 2694893, *4 (M.D. Fla. July 3, 2008) (dismissing defamation claim, without prejudice, where Plaintiff failed to disclose the identities of Defendant's employee that made the alleged defamatory statement and the pharmaceutical representative alleged to have heard the statement; and Plaintiff failed to identify the time frame in which the representative made the alleged defamatory statement and how the statement was made in connection with his or her performance or job duties).  Dr. Coll's defamation claim satisfies none of these requirements.

Instead, Dr. Coll's defamation claim vaguely asserts the State Farm Plaintiffs made "statements" (without identifying the person(s) who made such purported statements), orally and in writing to "third parties, including patients that were seeking medical care from Medical Wellness" that "would tend to harm and have harmed [Dr. Coll's] reputation in the community and have deterred third parties from engaging the services of [Dr. Coll]." *See* [ECF No. 116], Countercl. at ¶¶ 28-29.  Even under a liberal reading of the Counterclaim, the content of the at-issue statements referenced by Dr. Coll is unclear.  Relying on some guesswork, it appears Dr. Coll is attempting to allege that certain unidentified employees of the State Farm Plaintiffs purportedly made certain unidentified statements to certain unidentified third parties.  *See e.g., Id*. at ¶ 15 (the State Farm Plaintiffs "disseminated the false accusations and slanderous statements referenced herein and engaged in bad faith insurance practices designed to intimidate its policyholders, individuals obtaining insurance benefits through its policyholders, witnesses and other interested persons.").  Separately, Dr. Coll seems to use the defamation counterclaim to attack the State Farm Plaintiffs' lawsuit itself.  *See Id*. at 16. (alleging the State Farm Plaintiffs

"made false statements and maliciously slandered [Dr. Coll] by alleging that he was engaged in fraudulent practices and directed or oversaw the falsification of medical bills or records.").

The Middle District of Florida, in *KJ Chiropractic*, addressed a virtually identical defamation counterclaim and dismissed it for failure to state a claim.  Regarding essentially the same allegations, the *KJ Chiropractic* Court stated:

> "While these statements, if false, might be defamatory, they lack the identity of the speaker and the time frame, as well as any facts to support the publication of the statements, all required under the pleading standards.  Thus, to the extent these Defendants seek to maintain a cause of action with respect to these loosely identified categories of statements, the motion to dismiss should be granted, as more specificity is required."[4]

*KJ Chiropractic R&R,* at *3, *report and recommendation adopted*, No. 612CV1138ORL40DAB, 2014 WL 12617573 (M.D. Fla. Aug. 5, 2014).

As was the case in *KJ Chiropractic*, Dr. Coll's counterclaim allegations fail to set forth the required information to properly state a claim for defamation or defamation *per se* under Florida law because (1) they fail to specify when they were made; (2) they fail to identify the person(s) who made them or to whom they were made, (3) they fail to plead the content of the defamatory statements; and (4) because any such statements which can be deciphered in the Counterclaim are subject to either an absolute or a qualified privilege.

First, Dr. Coll's defamation counterclaim does not allege, as it must, when the defamatory remarks were made or the context in which these statements were made.  *See Fowler*, 646 F. Supp. at 157-58; *Miller*, 2010 WL 767043, *6 (dismissing slander claim because the complaint failed,

---

[4] Of note, the *KJ Chiropractic* Court identified one allegation in the defamation counterclaim that properly stated a claim as it identified the date of the statements ("May, 2013"), the identity of the person who made the alleged statements ("Randy Gibson"), the circumstances during which the alleged statements were made ("Gibson took the statement of a KJ Chiropractic patient") and the substance of the statements ("KJ Chiropractic and/or Smith were involved in the staging of accidents and submitted fraudulent claims for payment.").  Such required details are not present, in any fashion, in Dr. Coll's count for defamation.  *See KJ Chiropractic R&R*, at *3, *report and recommendation adopted*, No. 612CV1138ORL40DAB, 2014 WL 12617573 (M.D. Fla. Aug. 5, 2014).

*inter alia*, to plead where the statement was made or when it occurred); *Woodhull v. Mascarella*, 2009 WL 1790383, *3 (N.D. Fla. Jun 24, 2009) (alleged statements purportedly "made over an unspecified period of time to various people in state agencies and within the family, none of whom [were] identified" failed to state a claim).

Second, Dr. Coll fails to identify the individuals who purportedly made these "statements" nor does he identify to whom they were made as required by Florida law. *See Miller*, 2010 WL 767043, at *6 (M.D. Fla. Mar. 5, 2010) (dismissing defamation claim because, *inter alia*, the complaint failed to identify to whom the statement was made); *see also Jackson v. N. Broward Cnty. Hosp. Dist.*, 766 So. 2d 256, 257 (Fla. 4th DCA 2000) (dismissing defamation claim that did not identify individuals making and receiving defamatory statements). At best, Dr. Coll's defamation counterclaim identifies the State Farm Plaintiffs' "special investigations agents and other personnel," *see* [ECF No. 116], Countercl. at ¶ 15, as the individuals who made these statements and "policyholders, individuals obtaining benefits through its policy holders, witnesses and other interested persons," *see Id.*, as the individuals to whom the purported statements were made, but this is not sufficient. *See Jackson*, 766 So. 2d at 257; *see also Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027-28 (Fla. 3d DCA 1981) (dismissing defamation-based claim where the plaintiff merely alleged "the defamatory remarks were allegedly made to numerous third parties on numerous occasions").

Third, the claim fails to plead the specific content of the allegedly defamatory words. *See, e.g.*, *Asa Accugrade, Inc. v. Am. Numismatic Ass'n*, No. 05-CV-1285, 2006 WL 1640698, at *10 (M.D. Fla. June 9, 2006) (dismissing defamation claim that failed, *inter alia*, "to allege the content of the allegedly disparaging statements"); *Grigsby v. Rest. Mgm't Servs., Inc.*, No. 94-1115-CIV-T-17E, 1994 WL 855090, *1-2 (M.D. Fla. Nov. 21, 1994) (dismissing claim for defamation *per*

*se* because the specific words allegedly used were not stated in the complaint); *Hawke v. Broward Nat'l Bank of Ft. Lauderdale*, 220 So. 2d 678, 679 (Fla. 4th DCA 1969) (affirming dismissal of defamation claim where plaintiffs failed to allege the disputed words used).

Fourth, these allegations obscure whether critical defenses, such as absolute privileges or qualified privileges, apply to Dr. Coll's claims.  Because the purported statements bear some similarity to the allegations contained in the State Farm Plaintiffs' Amended Complaint, and because Dr. Coll chose not to provide any details regarding same, the State Farm Plaintiffs are left unable to determine the applicability of a viable defense.  If Dr. Coll's defamation claim only seeks to attack the State Farm Plaintiffs' allegations brought in this case, his claim would be precluded by an absolute privilege.  *See, e.g., Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1274 (11th Cir. 2004) (concluding "the district court's application of Florida's absolute litigation privilege to the conduct at question was appropriate"); *Miller*, 2010 WL 767043, *8 (concluding allegations that the defendant had misrepresented facts in affidavits and in testimony in other courts was absolutely immune and dismissing cause of action for slander).

Further, if Dr. Coll's defamation claim is based on statements made to policyholders and other third parties, such statements may nevertheless still be covered by a qualified privilege.  *John Hancock Mut. Life Ins. Co. v. Zalay*, 581 So. 2d 178, 179-80 (Fla. 2d DCA 1991) (holding an insurance company had qualified privilege as matter of law to speak to its policy holders); *Gunder's Auto Ctr. v. State Farm Ins.*, 699 F. Supp. 2d 1339, 1341-42 (M.D. Fla. Mar 26, 2010) (finding qualifiedly privileged insurance company's statements to an insured that the repair shop overcharged customers and performed untimely work); *Del Fuoco v. O'Neil*, 2011 WL 601645, *8 (M.D. Fla. Feb. 11, 2011) (dismissing defamation claim because the alleged statements, when considered in the context in which they were made, "were nothing more than abstract opinions, or

opinions based on facts disclosed and explained in the statement"); *Med. Sav. Ins. Co. v. HCA, Inc.*, 2005 WL 1528666, at *10 (M.D. Fla. June 24, 2005) (dismissing defamation claim because the statements constituted pure opinions). However, due to Dr. Coll's decision to intentionally withhold the details of these purported statements, the State Farm Plaintiffs have no way of evaluating the applicability of any such a defense.   Accordingly, Dr. Coll's defamation counterclaim must be dismissed.

      **c.**  **Dr. Coll's Declaratory Judgment Counterclaim (Count III) Does Not Raise a Justiciable Case or Controversy, is Duplicative of Plaintiffs' Causes of Action and Should be Dismissed or in the Alternative This Counterclaim Should be Stricken as Duplicative**

Count III of Dr. Coll's counterclaim seeks several separate declarations from this Court in an attempt to avoid "criminal and civil penalties" which may be imposed on him as a result of his actions as the medical director at Medical Wellness.  *See* [ECF No. 116], Countercl. at ¶¶ 55, Declaratory Relief Wherefore Clause at ¶¶ a) – d).  Dr. Coll's declaratory judgment count fails because the threat of future prosecution is too remote and the issue of whether Dr. Coll complied— or substantially complied—with his medical director duties is fully subsumed in the relief sought by the Amended Complaint, as well as Dr. Coll's own affirmative defenses.  As a result, Dr. Coll's request for declaratory relief is unnecessarily duplicative of those pleadings, and therefore serves no useful purpose.  Last, Dr. Coll's attempt to seek a declaration as to the State Farm Plaintiffs' standing to assert the claims made in this lawsuit is nothing more than an affirmative defense. Each argument is addressed in turn below.

As a threshold matter, the federal Declaratory Judgment Act provides for declaratory relief to address a "case of actual controversy…"  *See* 28 U.S.C 2201(a).  This actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'"  *Odyssey Marine Exploration, Inc. v.*

*Unidentified, Shipwrecked Vessel or Vessels*, 512 Fed. Appx. 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)).   In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed to seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a "substantial likelihood that he will suffer injury *in the future*." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210–11 (11th Cir. 2019) (citing *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)); accord *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014).

Claims for declaratory relief are subject to the court's discretion.   *See Pearson Education, Inc. v . Hotfile Corp.*, No. 14-CIV-20200, 2015 WL 11216708, at *2 (S.D. Fla. Jan 27, 2015) (""…courts retain broad discretion over whether or not to exercise jurisdiction under the [federal Declaratory Judgment] Act").   The federal Declaratory Judgment Act, under which Dr. Coll brings his declaratory relief claim, "confers on federal courts unique and substantial discretion in deciding *whether* to declare the rights of litigants." *Wilton v. Seven Falls Co*., 515 U.S. 277, 284 (1995) (emphasis added).   "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." *Old Rep. Union. Ins. Co. v. Tillis Trucking Co., Inc*., 124 F.3d 1258, 1260 (11th Cir. 1997).   A court's discretion "extends to whether to sustain a declaratory judgment action when a direct action involving the same parties and the same issues has already been filed." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011) (Marra, J.) (internal citations omitted).

     **i.**    **Any Criminal Prosecution Which Dr. Coll Seeks to Avoid Through Alleged Declaratory Relief Claim is Too Remote to Constitute an Actual Controversy**

First, Dr. Coll alleges that he is "currently …threatened with prosecution for the services provided by Medical Wellness [and] … would be subject to criminal and civil penalties…" *See* [ECF No. 116], Countercl. at ¶ 55.  However, the "possibility that [Dr. Coll] will be subject to criminal prosecution in the future is insufficient to state a claim for declaratory relief." *Holt v. Crist*, 233 Fed. Appx. 900, 903 (11th Cir. 2007) (upholding the district court's dismissal of a civil rights plaintiff's declaratory relief claim based on potential criminal prosecution).  As courts have consistently held, "the remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *U.S. ex. rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13–22536–CIV, 2014 WL 186125, at *5-6 (S.D. Fla. Jan. 16, 2014) (dismissing a declaratory relief counterclaim because it addressed only a "threat of hypothetical injury").

     **ii.**    **Dr. Coll's Declaratory Relief Claim is Duplicative of the Amended Complaint and Dr. Coll's Own Affirmative Defenses**

Dr. Coll's declaratory relief counterclaim is also subject to dismissal or to being stricken because it is redundant of the Amended Complaint and Dr. Coll's own affirmative defenses.  When deciding whether to dismiss a counterclaim, under Rule 12(b), or strike a counterclaim, under Rule 12(f), on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011); *Tecnoglass LLC v. RC Home Showcase, Inc*., No. 16-24328-CIV, 2017 WL 4481169, at *4 (S.D. Fla. Oct. 6, 2017) (Scola, J.) (granting a motion to strike a counterclaim that implicated the same factual and legal issues as the affirmative defenses).  To determine whether the declaratory judgment serves a useful purpose, courts should consider "whether resolution of

plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. at 1217.

Here, Dr. Coll seeks a declaration he either complied or "substantially complied" with his medical director obligations. *See* [ECF No. 116], Countercl. at Declaratory Relief Wherefore Clause ¶¶ a), b), and e). The State Farm Plaintiffs plainly seek relief which would require this Court to determine precisely those things. *See* [ECF No. 6] Am. Compl. at ¶¶ 225, 231, 254(f), 257, 285-286. Instead, Dr. Coll's declaratory relief counterclaim is at best another long-winded, factual affirmative defense to the State Farm Plaintiffs' claims—an affirmative defense he already asserted. *See* [ECF No. 116] at ¶ 316 ("Dr. Coll complied with Florida's medical director requirements."). When alignment of factual and legal issues exists between a complaint and/or affirmative defenses and a counterclaim, as is the case here, courts are well within their discretion to strike or dismiss the counterclaim as redundant. *See Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1308 (S.D. Fla. 2017) (Moreno, J.) (dismissing a declaratory relief claim because the rights and legal relations of the parties were being adjudicated through other claims); *see also Pearson Education, Inc. v. Hotfile Corp.*, No. 14-CIV-20200, 2015 WL 11216708, at * 3 (S.D. Fla. Jan. 27, 2015) (Bloom, J.) (finding that counterclaims which duplicated affirmative defenses were redundant and unnecessary); *Tecnoglass LLC v. RC Home Showcase, Inc*., No. 16-24328-CIV, 2017 WL 4481169, at *4 (S.D. Fla. Oct. 6, 2017) (Scola, J.) (granting a motion to strike a counterclaim that implicated the same factual and legal issues as the affirmative defenses). Accordingly, Dr. Coll's request for declaratory relief serves no useful purpose and should be dismissed or stricken by this Court.

### iii.     Dr. Coll's Attempt to Seek a Declaration Regarding the State Farm Plaintiffs' Standing is Also Improper

Dr. Coll alleges he is entitled to a declaration the State Farm Plaintiffs do not have standing to enforce provisions of Florida law relating to the responsibilities of medical directors, like Dr. Coll. *See* [ECF No. 116], Countercl. at Declaratory Relief Wherefore Clause ¶¶ c) – d). Dr. Coll clearly attempts to use his counterclaim as a vehicle to procedurally attack the State Farm Plaintiffs' claims. This is improper. Generally, a challenge to a party's standing must be raised in a motion to dismiss or a motion for summary judgment. *See e.g.*, *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("To the extent Defendant challenges Plaintiff's standing to pursue FHCP's claims, Federal Rule of Civil Procedure 12(b)(1) applies."); *McLagan v. Fed. Home Loan Mortg. Corp*., 145 So. 3d 943, 945 (Fla. 2d DCA 2014) (holding that standing was sufficiently raised when defendant denied standing allegations in complaint, raised standing in a motion for summary judgment, and argued standing in response to plaintiff's motion for summary judgment, which resulted in the summary judgment on appeal (citing *Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla.*, 998 So.2d 1201, 1206 (Fla. 2d DCA 2009))). At best, a challenge to standing can be preserved as an affirmative defense. *See e.g.*, *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12–61716–CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) (noting that although standing is not enumerated in Rule 8(c) as an affirmative defense, it nevertheless may be alleged as an affirmative defense to put the plaintiff on notice defendant intends to raise it as an issue). In contrast, a declaratory judgment serves to clarify legal relations. *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009); *Eisenberg v. Standard Ins. Co.*, No. 09–80199, 2009 WL 1809994, at *3 (S.D. Fla. June 25, 2009).

The State Farm Plaintiffs have found no examples of a court permitting a declaratory relief counterclaim to be used as a means to re-iterate or preserve a standing argument.  Yet, that is exactly what Dr. Coll attempts to do.  As this Court is well aware, Dr. Coll already challenged the State Farm Plaintiffs standing in his motion to dismiss, [ECF No. 42] at 19, which this Court rejected in its Omnibus Order Denying Motions to Dismiss, [ECF No. 113] at 10-11.  The only remaining method available to Dr. Coll to challenge the State Farm Plaintiffs' standing would be through an affirmative defense.  *See e.g.*, *Ramnarine*, 2013 WL 1788503, at *4.  As a result, Dr. Coll's attempt to use a declaratory relief claim to challenge the State Farm Plaintiffs' standing should be rejected and Count III of his counterclaim dismissed.

## V.   CONCLUSION

For the reasons set forth above, Dr. Coll's counterclaim alleging fraud, defamation and declaratory relief fails to state a claim upon which relief can be granted and as such should be dismissed in its entirety.

WHEREFORE, the State Farm Plaintiffs respectfully request that the Court dismiss (or, in the alternative with respect only to the declaratory relief claim, strike) Dr. Coll's counterclaim in its entirety and for any such other and further relief that this Court deems just and proper.

Dated: July 23, 2019

By: /s/ David Spector, Esq.

DAVID SPECTOR (FBN: 086540)
david.spector@hklaw.com
CAITLIN SALADRIGAS (FBN: 095728)
caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399

*Attorneys for Plaintiffs*

#68777586_v12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail (as noted).

 /s/ *David Spector, Esq.*
DAVID SPECTOR (FBN: 086540)

#68777586_v12

## SERVICE LIST

| | |
|---|---|
| Chad A. Barr, Esq.<br>**LAW OFFICE OF CHAD A. BARR, P.A.**<br>986 Douglas Avenue, Suite 100<br>Altamonte Springs, FL 32714<br>Telephone: (407) 599-9036<br>Email:  chad@chadbarrlaw.com<br>        service@chadbarrlaw.com<br>        paralegal@chadbarrlaw.com<br>*Attorneys for Defendant/Counter-Plaintiff Jorge Rafael Coll*<br>**Served via email** | Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile:  (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** |
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email** | Louis V. Martinez, Esq.<br>**DIAZ, REUS & TARG LLP**<br>3400 Miami Tower<br>100 SE 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 375-9220<br>Facsimile:  (305) 375-8050<br>Email: lmartinez@diazreus.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email** |
| Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email:  kparker@kbparkerlaw.com<br>        kbparkerlaw@gmail.com<br>        parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email** | Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL  33012<br><br>- AND -<br><br>3400 SW 130th Avenue<br>Miami, FL  33175<br>*In Pro Se*<br>**Served via U.S. Mail** |
| Michael Nicoleau<br>**NICOLEAU | LAW**<br>11900 Biscayne Boulevard, Suite 770<br>North Miami, FL   33181-2737<br>Telephone:  (305) 438-7883<br>Email: michael@nicoleaulaw.com<br>        eservice@nicoleaulaw.com<br>*Attorneys for Defendant Hugo Goldstraj*<br>**Served via email** | |

#68777586_v12