UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANT and STATE
FARM FIRE and CASUALTY
COMPANY

      Plaintiff,

vs.

HEALTH AND WELLNESS SERVICES, INC., BEATRIZ MUSE, LAZARO MUSE, HUGO GOLDSTRAJ, MANUEL FRANCO, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS**, ANGEL CARRASO, JORGE RAFAEL COLL, PAIN RELIEF CLINIC OF HOMESTEAD, CORP., JESUS LORITES and JOSE GOMEZ-CORTES,

      Defendants.
_____/

## DEFENDANTS' UNOPPPOSED MOTION FOR EXTENSION OF TIME TO COMPLETE EXPERT DISCLOSURE AND DISCOVERY AND TO EXTEND A RELATED (DISPOSITIVE MOTION) AND MEDIATION DEADLINE AS A RESULT THEREFROM

Defendants, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE** and **BEATRIZ MUSE** ("Defendants"), file this motion for extension of time and state as follows:

1. At the outset, the Defendants alert the Court that the relief requested herein will *not* in any way, shape or form, impact the current March 16, 2020 trial date, nor will it prejudice the Plaintiffs in   any way either.

2. When the scheduling order was constructed long ago, the deadline for expert *disclosure* was set for July 30, 2019; the deadline for expert *discovery* was set for September 30, 2019; and the fact witness discovery was to be accomplished by August 30, 2019.

3. On reflection, these discovery dates – as between fact and expert witnesses - should have been reversed, as it is axiomatic that expert witnesses should not be disclosed until the factual record is sufficiently developed for the experts to formulate their opinions. But so be it…

4. When it became apparent that additional time to disclose the experts was necessary, counsel for the parties agreed that the Plaintiff would file its expert report later than July 30, 2019, and although there was not an express reciprocal request for later disclosure of the Defendants' expert witness(es), undersigned counsel does not believe that Plaintiff will take that position in response to this motion as the Defendant did not oppose their request.

5. On August 8, 2019, Plaintiff filed its expert report. Strangely, this expert has formulated an opinion without even considering all of the fact evidence in this case. In any event, this witness is scheduled to be deposed on September 25, 2019.

6. There are many Defendants in this case with little variation on their defense strategies and although defense counsel have discussed potential experts, they had not yet made their selection of a joint expert witness by the July 30, 2019 disclosure date.

7. Accordingly, undersigned counsel undertook to unilaterally seek an expert to represent his clients allowing other codefendants to join if they elected to participate in the process, including, naturally, sharing in the expert witness fees on a pro rata basis.

8. In that process, undersigned counsel selected an expert witness for his clients and he has been retained. He has also been given a universe of reliance materials he requested for his

review. However, his review does not allow for a report to be prepared – especially compounded because of the recent hurricane – before mid-October, 2019.

9. Plaintiff's counsel will provide several "open" deposition dates for this expert witness to be deposed *immediately* after his report is disclosed to Plaintiff's counsel. In short, we expect this deposition can be taken in mid to late October 2019, which, as stated, does not affect the trial date.

10. Accordingly, Defendants named herein seek an extension to October 15, 2019 to file their expert witness report, and extension to October 31, 2019 for this expert to be deposed.

11. If granted, this extension would impact the October 30, 2019 dispositive motion deadline. Accordingly, we additionally seek to push that deadline 30 days to November 30, 2019.

12. Last, mediation is currently set for November 14, 2019. Based on the foregoing, the parties wish to reschedule the mediation to mid-December and thus, request that the current deadline for mediation of November 29, 2019 be extended to December 31, 2019.

13. To repeat, if these extension requests are granted, they will not compromise the trial date in any way, shape, or form.

14. This extension request is made in good faith and not for delay purposes.

15. Counsel for the Plaintiff does not oppose the extensions and relief requested herein.

WHEREFORE, Defendants respectfully request that the Court enter an Order granting the extension requests herein.

Respectfully submitted,

s/ Richard J. Diaz

_____

Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL   33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 10 day of September, 2019.

s/ Richard Diaz

_____
Richard J. Diaz, Esq.