UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, request leave to file a Second Amended Complaint against defendants Health and Wellness Services, Inc., Beatriz Muse, Lazaro Muse, Hugo Goldstraj, Manuel Franco, Medical Wellness Services, Inc., Noel Santos, Angel Carrasco, Pain Relief Clinic of Homestead, Corp., Jesus Lorites and Jose Gomez-Cortes[1] to expand the grounds upon which

---

[1] Defendants Health & Wellness, Medical Wellness and Pain Relief are collectively referred to as the "Muse Clinics" for ease of reference. Similarly, defendants Beatriz Muse, Lazaro Muse and Noel Santos are referred to as the "Muse Family." And defendants Hugo Goldstraj, Manuel Franco, Angel Carrasco, Jesus Lorites, and Jose Gomez-Cortes and non-party Jorge Coll are collectively referred to as the "Muse Medical Directors." The State Farm Plaintiffs settled with prior defendant Jorge Coll who served as medical director at Medical Wellness from 2013 and 2017 and filed a Joint Stipulation for Dismissal on September 16, 2019, [ECF No. 140] which was entered on

the State Farm Plaintiffs seek relief based on recently discovered information. A copy of the State Farm Plaintiffs' proposed Second Amended Complaint is attached hereto as **Exhibit A**.

## I.     INTRODUCTION

The State Farm Plaintiffs filed this action for damages and declaratory relief against the Muse Clinics, the medical directors at those clinics and the individuals who own and control these facilities. The current Amended Complaint alleges the Defendants worked in concert to implement a predetermined treatment plan ("Predetermined Treatment Plan") designed to exploit No-Fault insurance benefits by subjecting auto accident patients to a pre-scripted treatment regimen rather than examining, diagnosing, and treating those patients based on their individual needs. *See* [ECF No. 6], at ¶ 3. The Amended Complaint further alleges the Muse Medical Directors played a critical role in implementing this Predetermined Treatment Plan by ignoring their duties and responsibilities under Florida law in order to facilitate the scheme. *Id*. at ¶ 5. These duties include ensuring all health care practitioners have active, appropriate certification or licensure for the level of care being provided and conducting systematic reviews of the clinic's billing to prevent billing fraud. *See* [ECF No. 6] at ¶¶ 38, 40 (citing Fla. Stat. §§ 400.9935(1)(d), (g)).

Recently, deposition testimony—which the State Farm Plaintiffs could not have known at the outset of this lawsuit—confirmed not only were the Muse Medical Directors acting in violation of Florida law by failing to properly supervise the Muse Clinics' operations and ensure proper and individualized patient care, but the Muse Clinics and Muse Medical Directors failed to engage in a general business practice of attempting to collect co-payments or deductibles as required by

---

September 24, 2019 [ECF No. 142]. The term "Defendants" as used in this Motion encompasses Jorge Coll.

#70095908_v6

Florida law. *See* Fla. Stat. § 817.234(7)(a). As a result, no such co-payments or deductibles were collected.

The failure to engage in a general business practice of attempting to collect co-payments and/or deductibles constitutes a violation of Florida's Insurance Fraud Statute, Fla. Stat. §817.234, and renders all charges at the Muse Clinics non-compensable. *See State Farm Mut. Auto Ins. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1163 at n. 7 (S.D. Fla. 2015). In fact, under Florida law the failure to engage in a good faith business practice to collect such co-payments and deductibles is *per se* insurance fraud and the Muse Medical Directors were required, at all times, to conduct systematic reviews to ensure the Muse Clinics' billings were not fraudulent or unlawful. *See Id.*; *see also* Fla. Stat. §§ 817.234(7)(a); 400.9935(1)(g).

As a result, the State Farm Plaintiffs seek to file the Second Amended Complaint, attached as Exhibit A, which includes the recently discovered evidence surrounding the previously undiscovered violation of Florida law by Defendants. The State Farm Plaintiffs are especially mindful of the existing deadlines in seeking leave to amend and only do so because the additional violations of Florida law, *i.e.*, Florida's Insurance Fraud Statute, are clear. Good cause exists to permit this amendment because the State Farm Plaintiffs could not have known about such a violation of Florida law until depositions were taken during discovery and the State Farm Plaintiffs were diligent in seeking leave to amend as soon as practicable upon discovery of sufficient information. Further, granting the State Farm Plaintiffs limited leave to include these claims will not cause prejudice or undue delay because no additional discovery or depositions would need to occur related to the amendment. In light of the limited nature of the proposed amendment, the State Farm Plaintiffs will be prepared to meet impending deadlines, including summary judgment. Defendants cannot show undue delay, prejudice, or that the State Farm Plaintiffs have a bad faith

or dilatory motive in seeking leave to include these additional grounds for relief. Accordingly, justice supports an order granting the State Farm Plaintiffs' request for leave to amend.

## II. PROCEDURAL & FACTUAL BACKGROUND

1. On August 1, 2018, the State Farm Plaintiffs filed their Complaint and two days later, on August 3, 2018, they filed their Amended Complaint to correct the allegations regarding the citizenship of certain defendants. *See* [ECF Nos. 1 and 6, respectively].

2. Defendants, Dr. Lorites, Dr. Coll and Health & Wellness filed separate motions to dismiss the State Farm Plaintiffs' Amended Complaint on September 27, 2018, October 25, 2018, and December 17, 2018, respectively. *See* [ECF Nos. 34, 42 and 65].

3. On November 6, 2018, this Court entered its Scheduling Order, setting pertinent deadlines, including the discovery cut-off on August 30, 2019 and setting this case on a two-week trial calendar beginning on March 16, 2020. *See* [ECF No. 48].

4. On November 21, 2019, while responding to dismissal motions and approximately one month from the first available opportunity to serve discovery, the State Farm Plaintiffs served both requests for documents and interrogatories on all but one of the Defendants.[2]

5. Pursuant to the Court's Scheduling Order and Order of Referral to Mediation, the deadline to file amended pleadings was December 28, 2018. *See* [ECF No. 48].

6. Throughout December 2018, and January and February 2019, the Defendants, collectively, requested nearly ten (10) extensions from the State Farm Plaintiffs for the Defendants to serve their responses to the State Farm Plaintiffs' discovery requests, and the State Farm

---

[2] Defendant Hugo Goldstraj was not served with discovery because he had not been served. Defendant Goldstraj was ultimately served with process on April 24, 2019 after Dr. Goldstraj successfully evaded service for several months requiring the State Farm Plaintiffs to seek concomitant extensions to the deadline to effect service. *See* ECF No. 94, Ret. of Service on Goldstraj; *see also* ECF Nos. 47 & 79, Ors. on Mot. for Ext. of Time to Serve Goldstraj.

4

#70095908_v6

Plaintiffs granted these requests as a matter of professional courtesy. Once received, the State Farm Plaintiffs discovered those responses were incomplete or otherwise deficient which necessitated multiple meet and confer efforts by the State Farm Plaintiffs with each of the Defendants. Following service of complete discovery responses, Defendants intermittently made productions of responsive documents which, again, required the State Farm Plaintiffs to meet and confer regarding deficiencies in said productions.

7. Each clinic received written discovery that requested any and all documents pertaining to the collection of payments for patient treatment including general ledgers and balance sheets, which should have reflected co-payments and/or deductibles collected. *See* **Exhibit B**, Exemplar First Request for Production to Health & Wellness, Request No. 14. The State Farm Plaintiffs also plainly sought all documents relating to the Muse Clinics' collection of co-payments and deductibles. *Id*. at Request Nos. 1, 6, 51, 52. Further, each clinic was required to produce all office guidelines and procedures and while some of the Muse Clinics claimed to have no written procedures at all, others produced some written materials which indicate the Clinics were collecting the co-payments from their Patients. *See* Medical Wellness's General Procedures - Patient Rights and Responsibilities, with the assigned bates number SF v Muse/Med Well Prod 008295, attached as **Exhibit C.**

8. Beginning in early April 2019 and continuing into May 2019, counsel for the State Farm Plaintiffs worked with the six law firms representing Defendants to coordinate their availability to attend depositions and set a deposition schedule to begin in June. This extensive effort to coordinate all schedules was designed to ensure the State Farm Plaintiffs would have any and all responsive documents in its possession by the time of the depositions.

5

#70095908_v6

9. On June 11, 2019, this Court denied Defendants' Motions to Dismiss Plaintiffs' Amended Complaint in their entirety, finding the State Farm Plaintiffs properly stated claims for fraud, unjust enrichment, violations of the Florida Unfair and Deceptive Trade Practices Act, and declaratory relief. *See* [ECF No. 113], Omnibus Or. Denying Def. Mot. to Dismiss.

10. Shortly after entry of this Court's Omnibus Order, the State Farm Plaintiffs took the deposition of defendant Medical Wellness's owner, Noel Santos, on June 17, 2019, -- the first date when all counsel were available. Mr. Santos's deposition provided the first indication any of the Muse Clinics were engaged in a general business practice of failing to collect co-payments and deductibles during the relevant time period. Mr. Santos, as the owner of Medical Wellness testified he could not tell the difference between a co-payment and a deductible. *See* Excerpts N. Santos Dep. 42:10-18, Jun. 18, 2019, attached as **Exhibit 33** to the proposed Second Amended Complaint. Mr. Santos also testified he believed the twenty percent a patient pays when receiving treatment was in fact the deductible, rather than the co-payment. *Id*. Mr. Santos's testimony further raised suspicion when he stated Medical Wellness did not send bills to its patients. Rather, someone from the front desk at Medical Wellness would purportedly show the patient the total charges to compute the amount owed by the patient. *See Id*. at 46:2-47:11. Mr. Santos contradicted himself by testifying that, allegedly, he personally approached every patient regarding their co-payment responsibility, that only he was able to collect co-payments from patients on behalf of Medical Wellness and that he only collected co-payments in cash. *See* Additional Excerpts of N. Santos Dep., June. 18, 2019 at 47:12-19; 48:15 attached as **Exhibit D**. Yet, Mr. Santos testified that Medical Wellness is not in possession of any records that reflect any of those payments being collected because he threw them away and never provided that information to his accountant. *Id*. at 49:16-23; 51:3-10.

#70095908_v6

11. Next, the State Farm Plaintiffs intended to take the deposition of defendant Jose Gomez-Cortes, the current medical director at Pain Relief, on June 18, 2019. However, Dr. Gomez-Cortes failed to appear at his deposition. *See* June 18, 2019 Certificate of Non-Appearance of Jose Gomez Cortes attached hereto as **Exhibit E**. Due to Dr. Gomez-Cortes's failure to appear at deposition and his other failures to participate in discovery, following the withdrawal of his attorney, the State Farm Plaintiffs' filed a motion for clerk's default against Dr. Gomez-Cortes on July 3, 2019. *See* [ECF No. 123], Mot. for Entry of Clerk's Default. On September 25, 2019, the clerk entered a default against Dr. Gomez-Cortes. *See* [ECF No. 146].

12. On June 20, 2019, the State Farm Plaintiffs took the deposition of Andrelvis Perez, the current owner of defendant Health & Wellness who purchased an ownership interest in the clinic in 2015. In light of the information learned during the deposition from Noel Santos, the State Farm Plaintiffs questioned Mr. Perez regarding his knowledge of co-payments and deductibles. Mr. Perez testified Health & Wellness does not accept payments from patients of *any* kind and that it does not have the systems to accept such payments. *See* Excerpts of A. Perez Dep., 52:15-23, June 20, 2019, attached as **Exhibit 16** to the Second Amended Complaint. At his deposition, Mr. Perez testified that Health & Wellness, like Medical Wellness, does not send bills to its patients. *Id*. at 53:5-11.

13. Following the deposition of Mr. Perez, the State Farm Plaintiffs were scheduled to take the deposition of Angel Carrasco, Medical Wellness's medical director from 2008-2013, on June 26, 2019. In lieu of the deposition, Dr. Carrasco offered to provide an affidavit in which he testified he was not aware of Medical Wellness collecting co-payments or deductibles nor making any attempt to collect co-payments or deductibles. *See* July 17, 2019, A. Carrasco Aff. ¶ 11(g), attached as **Exhibit 31** to the proposed Second Amended Complaint.

#70095908_v6

14. On July 19, 2019, the State Farm Plaintiffs next took the deposition of Daniel Collazo, the purported owner of Defendant Pain Relief who purchased the clinic in 2013. Mr. Collazo testified Pain Relief does not collect co-payments or deductibles. *See* Excerpts of D. Collazo Dep., 92:7-9, July 17, 2019, attached as **Exhibit 44** to the proposed Second Amended Complaint. As the current owner of Pain Relief, he is unaware of any policies or guidelines regarding the collection of deductibles or whether in fact deductibles are collected. *Id*. at 93:5-24.

15. Shortly before Dr. Coll's scheduled deposition on July 21, 2019, he agreed to provide an affidavit that indicated he had no knowledge of Medical Wellness collecting or making any effort to collect a co-payment or deductible at Medical Wellness. *See* Aug. 22 2019, J. Coll Aff. ¶ 13(f), attached as **Exhibit 32** to the proposed Second Amended Complaint.

16. The State Farm Plaintiffs next attempted to take the deposition of Annalie Campa on August 7, 2019. Ms. Campa is a licensed massage therapist who worked at Pain Relief previously and now works at Health & Wellness, attended Healing Hands Institute, Inc. (a training school for massage therapists owned by the Muse family), and is romantically involved with Sandor Abrahan, a prior owner of Health & Wellness. However, Ms. Campa failed to attend her deposition. The State Farm Plaintiffs filed a motion requesting the Court compel Ms. Campa's attendance at deposition, s*ee* [ECF No. 134], Mot. to Compel, which this Court granted on September 20, 2019, see [ECF No. 141]. Ms. Campa's deposition is now set to take place on October 2, 2019.

17. On August 9, 2019, days after Ms. Campa's originally scheduled deposition, the State Farm Plaintiffs intended to take the deposition of Manuel Franco, who has been the Health & Wellness medical director since 2013. However, on virtually the eve of his deposition, counsel for the State Farm Plaintiffs was notified that Dr. Franco had counsel for his deposition –despite

the fact that Dr. Franco had been defaulted many months before, *see* [ECF No. 73]—and that Dr. Franco's lawyer was unable to attend the deposition on that date. Dr. Franco's deposition has since been rescheduled for August 27, 2019.

18. Thereafter, on August 13, 2019, the State Farm Plaintiffs took the deposition of Dr. Hugo Goldstraj, the medical director at Health & Wellness from 2007 through 2013. Dr. Goldstraj testified he never saw any patient remit a co-payment at Health & Wellness. *See* Excerpts of H. Goldstraj Dep. 100:10-101:6, Aug. 13, 2019, attached as **Exhibit 17** to the proposed Second Amended Complaint. Moreover, Dr. Goldstraj testified he was not aware of Health & Wellness having policies and procedures of any kind during his tenure as medical director there. *Id*. at 65:23 – 66:10.

19. On August 19, 2019, the State Farm Plaintiffs deposed defendant Beatriz Muse, the original owner of Defendant Health & Wellness, who, through another one of her entities (Confidence Billing & Collection Services, Inc.) performed billing services for not only Health & Wellness but also for Medical Wellness. Ms. Muse testified patients at Health & Wellness were only informed of the cost of the treatment if they asked for that information. *See* Excepts of B. Muse Dep. 98:4-20, Aug. 19, 2019, attached as **Exhibit 18** to the proposed Second Amended Complaint. Ms. Muse further stated "[i]f they didn't ask, I wouldn't tell them anything." *Id*. Ms. Muse also confirmed no patient ever received a bill from Health & Wellness, which corroborated the testimony from Health & Wellness's current owner, Andrelvis Perez. *Id*. at 99:25-100:4.

20. Finally, on August 21, 2019, the State Farm Plaintiffs deposed defendant Lazaro Muse who identified himself as the initial investor behind defendant Health & Wellness and was the business consultant at each of the three Muse Clinics. Mr. Muse testified he provided consulting on all aspects of the Muse Clinic's business operations. *See* Excerpts of L. Muse Dep.

152:15-154:4, Aug. 21, 2019, attached as **Exhibit 19** to the proposed Second Amended Complaint. Despite his apparent comprehensive knowledge of each of the clinics' operations, Mr. Muse could not identify a single activity performed at any of these clinics which constituted an attempt to collect even a single co-payment or deductible. *See Id.* at 299:17-300:14.

21. Thereafter, pursuant to this Court's Scheduling Order and Order of Referral to Mediation, the deadline to complete fact discovery expired on August 30, 2019. *See* [ECF No. 48].

22. As a result of the testimony obtained in the past ninety (90) days, but most notably from Lazaro Muse on August 21, it is clear each of the Muse Clinics failed to engage in a general business practice of attempting to collect co-payments or deductibles or ever intended to collect co-payments or deductibles from their patients in violation of Florida law for the relevant time period at issue.

23. The purpose of collection of co-payments and deductibles serves a significant public policy. Such a requirement provides a payor, like the State Farm Plaintiffs, with "assurance that the patient has given enough thought to the need for (and price of) this medical care to be willing to pay. Patients who pay nothing have no reason to moderate their demands for medical service . . . ." *Kennedy v. Conn. Gen'l Life Ins. Co.*, 924 F.2d 698, 701 (7th Cir. 1991); *see also United Auto. Ins. Co. v. Fla. Wellness & Rehab. Ctr.*, No. 08-20348-CIV, 2009 WL 10667729, at *2 n.2 (S.D. Fla. Feb. 11, 2009) (The Florida legislature enacted the copayment requirement "to create a negative incentive for insureds to control their consumption of medical services. That is, if insureds are required to pay a deductible every time they visit a medical clinic, they will be less likely to make unnecessary visits to the medical clinic.")

#70095908_v6

24. Similarly, the deductible under an auto insurance policy "is an amount for which the policyholder agrees to self-insure" and as such the policyholder is free "to contest any bill that" he or she "is required to pay to meet the deductible." *See Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr.*, 260 So. 3d 219, 222 (Fla. 2019).

25. The Muse Clinics' failure to collect either co-payments or deductibles essentially obviates any patient responsibility in the cost of their treatment and is an intentional effort to incentivize patients to accept treatment without asking any questions about whether it was necessary and what the treatment would cost. By doing so, the Muse Clinic's maximize their opportunity to profit off of the treatment purportedly performed.

26. The State Farm Plaintiffs seek to include allegations regarding the Muse Clinics' general business practice of failing to collect or making any effort to collect co-payments and deductibles because this unlawful practice renders the Muse Clinics' charges unlawful and further demonstrates the Muse Medical Directors failed to comply with their legal obligations in supervising the Muse Clinics. The proposed amendments allow the State Farm Plaintiffs to obtain comprehensive relief for their claims arising out of essentially the same conduct alleged in the Amended Complaint. The State Farm Plaintiffs do not anticipate this amendment will disrupt any of the impending deadlines and will not require any additional discovery.

## IV.   ARGUMENT

The "policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981). Under Rule 15(a)(2), a court should "freely give" leave to amend pleadings when justice requires, and **may only deny leave** when an amendment would result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies, or futility. *Foman v. Davis*, 37 U.S. 178, 182

(1962); *Hess v. Coca-Cola Refreshments, USA, Inc.*, No. 8:13-cv-3136, 2014 WL 5080258, at *3 (M.D. Fla. Sept. 29, 2014). "The Supreme Court has emphasized that leave to amend *must* be granted absent a specific, significant reason for denial. . . ." *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336-37 (11th Cir. 2006) (finding abuse of discretion in denying motion for leave to amend). Thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *W.R. Huff Asset Management Co. v. Kohlberg, Kravis, Roberts*, 209 Fed. Appx. 931, 934 (11th Cir. 2006) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)). If a party seeks leave to amend a pleading after the scheduling order's deadline, then Rule 16(b) is implicated, and the party must show that good cause exists for the amendment. *See Ziegler v. M/V Intermission*, No. 17-cv-60693, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017). Courts engage in a two-step process, first assessing good cause and then applying the Rule 15 standard. *See, e.g., Id*.

      A.    **The State Farm Plaintiffs Have Demonstrated Good Cause for Amending the Complaint.**

If the deadline to amend pleadings under the scheduling order cannot "be met despite the diligence of the party seeking extension," then the good-cause standard is satisfied. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Courts often consider the following factors derived from *Sosa*: "(1) [whether] the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) [whether] the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, [whether] the plaintiff delayed in asking for amendment." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009). Good cause also extends to other factors such as judicial efficiency and newly discovered information. *Id.* at 1375, 1377-78 (Good cause extends to the expediency and consistency that is achieved by combining issues and

12

parties into single litigation); *Ziegler v. M/V Intermission*, No. 17-cv-60693, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017) (judicial efficiency of having all matters decided in one action constitutes good cause); *Blount v. Credit Protection Ass'n, LP*, No. 8:15-cv-1309, 2016 WL 3034066, at *2 (M.D. Fla. May 25, 2016) (uncovering new information relating to extent of defendant's unlawful practices constituted good cause); *Travelers Indemnity Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670, 2015 WL 12806541, at *3-4 (M.D. Fla. Dec. 24, 2015) (good cause demonstrated when plaintiff obtained new information through documents and depositions, and sought leave to amend approximately two months later).

As set forth above, the State Farm Plaintiffs exercised diligence throughout this litigation, serving discovery requests before some of the Defendants even responded to the operative complaint, exhaustively coordinating with counsel for all Defendants to obtain documents and schedule depositions, and attending to discovery issues that have arisen. The Defendants have collectively produced minimal documents[3] and only did so after repeated meet and confers; none of the documents produced clearly reflect the Muse Clinics' lacked an intent to collect co-payments and deductibles or failed to engage in a general business practice of attempting to collect co-payments or deductibles. It was not until the State Farm Plaintiffs began to depose key participants in the alleged fraud scheme– the clinic owners, the medical directors and others – that information was obtained demonstrating such an unlawful practice. Moreover, the State Farm Plaintiffs took these depositions pursuant to times that were coordinated with opposing counsel. After multiple telephone conferences to coordinate agreeable dates, three depositions were scheduled in June,

---

[3] For example, Health & Wellness is an active health care clinic and only produced patient records for 16 patients despite the fact the State Farm Plaintiffs requested patient records for the more than 250 patients that are the subject of this lawsuit. Similarly, defendant Pain Relief simply has no policies or procedures of any kind and Health & Wellness and Pain Relief claim that they never maintained any ledgers for their business activities.

13

#70095908_v6

another three were scheduled in July, and the final depositions taken in August. The State Farm Plaintiffs also sought this information from each of the three Muse Clinics which required the State Farm Plaintiffs to take deposition discovery through the discovery period.

Further, prior to the deposition testimony obtained in this litigation, the State Farm Plaintiffs could not have reasonably known the Muse Clinics were engaged in a general business practice of not collecting co-payments or deductibles. Such information was not readily identifiable in the medical bills and records that comprise the Muse Clinics' claims submissions to the State Farm Plaintiffs. Further, no insured whose claim is at issue in this lawsuit volunteered any such information. Therefore, until the State Farm Plaintiffs had the opportunity to depose the key personnel involved in the alleged scheme, i.e., the clinic owners and medical directors, the State Farm Plaintiffs could not have known of the Muse Clinics' unlawful practice of not collecting or attempting to collect co-payments or deductibles.

In addition to the State Farm Plaintiffs' diligence satisfying good cause, judicial efficiency also supports a finding of good cause. If the State Farm Plaintiffs cannot further amend their Amended Complaint in this action, they must file a new lawsuit in order to enforce their rights and recover for their injuries, resulting in inefficiency and wasting of judicial and party resources. Courts have held granting leave to amend pleadings "promote[s] the expedient resolution of the overall case" and constitutes good cause, particularly when the alternative course of action is for a plaintiff to file a separate lawsuit. *Anderson v. Brown Industries, Inc.*, No. 4:11-cv-0225, 2013 WL 12317876, at *5 (N.D. Ga. Feb. 19, 2013) (judicial efficiency promoted by allowing plaintiff to add a claim rather than file a new lawsuit); *Auto-Owners Ins.*, 648 F. Supp. 2d at 1377 (expediency served by resolving all issues in one action); *Ziegler*, 2017 WL 4119410, at *3 (allowing new cross-claim promoted judicial efficiency). Accordingly, permitting the State Farm

14

#70095908_v6

Plaintiffs to amend their complaint promotes expediency and efficiency, allowing all claims among these parties to be litigated in the same action.

Given the State Farm Plaintiffs' diligent prosecution of its case, lack of knowledge of critical facts until recent deposition testimony and document production, and prompt filing of this Motion, as well as the policies promoted by allowing amendments of pleadings, good cause exists for this Court to grant leave for the State Farm Plaintiffs to file their Second Amended Complaint.

### B. The State Farm Plaintiffs Satisfy the Rule 15 Standard for Further Amending its Amended Complaint.

Rule 15 and interpreting case law "severely restrict[] the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Martorella v. Deutsche Bank Nat'l Trust Co.*, No. 12-cv-80372, 2014 WL 12779556, at *1 (S.D. Fla. Sept. 17, 2014). A "substantial reason" must exist for a court to deny leave, and grounds are generally limited to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opponent, and futility; none of which apply here. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the [d]istrict [c]ourt is not broad enough to permit denial."); *Georgian v. Zodiac Group, Inc.*, 2010 WL 3419706, at *1 (S.D. Fla. Aug. 27, 2010) (granting motion for leave to file Second Amended Complaint with only two months remaining in the discovery period). "The refusal of a federal district court to grant plaintiff leave to amend without any justifying reason appearing for the denial is not [an] exercise of discretion by the court, but is an abuse of discretion and inconsistent with the spirit of the Federal Rules." *Gropp v. United Airlines, Inc.*, 847 F. Supp. 941, 943 (M.D. Fla. 1994) (granting a motion for leave to add additional claims which was sought over a year after suit was filed).

#70095908_v6

No reason exists to deny the amendment the State Farm Plaintiffs seek here. Defendants cannot show undue delay, prejudice, or that the State Farm Plaintiffs have a bad faith or dilatory motive in seeking leave to include these additional grounds for relief. Indeed, the State Farm Plaintiffs only learned of the additional grounds through deposition testimony given between June and August 2019. The State Farm Plaintiffs promptly moved to amend the complaint after completing depositions of the owners, medical directors and billers from each of the three clinics. This testimony made clear the Muse Clinics made no attempt to collect co-pays or deductibles as a general business practice. Further, allowing amendment would not require additional discovery since the information regarding the Muse Clinics' co-payment and deductible collection practices arose during depositions of the Defendants and other individuals related to them.

Allowing amendment would also avoid a second lawsuit. *See Hess*, 2014 WL 5080258, at *3 (M.D. Fla. Sept. 29, 2014) (explaining that permitting plaintiff to fully develop the factual arguments and assert all potential claims it has against Defendants in one lawsuit fulfills the interests of all parties and the court and results in the expeditious resolution of all claims). Finally, Defendants can show no prejudice. The State Farm Plaintiffs do not foresee the need to extend any deadlines as a result of this Motion. However, to the extent Defendants seek to dismiss the Second Amended Complaint, the State Farm Plaintiffs may require a commensurate extension of the summary judgment and mediation deadlines. *See United States for the Use and Benefit of Alexander Contracting Co., Inc. v. Sauer, Inc.*, No. 4:13-cv-449, 2014 WL 12704988, at *2 (M.D. Ga. Oct. 31, 2014) (modest discovery extension does not result in prejudice).

The factors of repeated failure to cure deficiencies and futility clearly do not apply, as the State Farm Plaintiffs have only previously amended the complaint to correct certain jurisdictional allegations, and the Court expressly ruled the State Farm Plaintiffs' Amended Complaint

#70095908_v6

adequately alleged all of its claims in the Omnibus Order Denying Defendants' Motions to Dismiss. [ECF No. 113].  Accordingly, consistent with Rule 15(a)'s mandate and case law strongly favoring amendment of pleadings, the State Farm Plaintiffs request this Court grant leave for the State Farm Plaintiffs to amend the operative complaint.

      WHEREFORE, for all the foregoing reasons, the State Farm Plaintiffs respectfully request the Court grant it leave to file the Second Amended Complaint attached hereto as **Exhibit A**.

## RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that, in accordance with S.D. Fla. L.R. 7.1.A.3, undersigned counsel has conferred with counsel for the Defendants on September 25, 2019 via email. Counsel for Medical Wellness, Health & Wellness, Pain Relief, Beatriz Muse, Lazaro Muse, Noel Santos, Jesus Lorites, indicated that they oppose the relief sought herein. Counsel for the State Farm Plaintiffs contacted counsel for Dr. Goldstraj by phone and by email on September 25, 2019 but was unable to make contact with him. It is unclear whether Dr. Franco is represented by counsel with respect to the entirety of this litigation or with respect to his deposition alone. In an abundance of caution, counsel for the State Farm Plaintiffs contacted the lawyer representing Dr. Franco at deposition on September 26, 2019 by phone and by email but was unable to reach said lawyer to confirm the scope of his representation or whether he opposes this Motion.

Dated:  September 26, 2019            Respectfully submitted,

*/s/ David Spector*
David I. Spector (Florida Bar No. 086540)
E-mail: david.spector@hklaw.com
Caitlin Saladrigas (Florida Bar No. 095728)
E-mail: caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399
**Attorneys for State Farm Plaintiffs**

#70095908_v6

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

/s/ *David Spector*
DAVID SPECTOR (FBN: 086540)

#70095908_v6

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>       kbparkerlaw@gmail.com<br>       parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Michael Nicoleau<br>Michael D. Nicoleau, P.A.<br>11900 Biscayne Boulevard, Suite 770<br>North Miami, FL 33181-2737<br>Telephone: (305) 438-7883<br>Email: michael@nicoleaulaw.com<br>*Attorneys for Defendant Hugo Goldstraj*<br>**Served via email** | Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email**<br><br>Louis V. Martinez, Esq.<br>**LOUIS V. MARTINEZ, P.A.**<br>2333 Brickell Avenue,<br>Suite A-1,<br>Miami, FL 33129<br>Telephone: (305) 764-3834<br>Email: louisvmartinez14@gmail.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL 33012<br><br>       - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL 33175<br>*In Pro Se*<br>**Served via U.S. Mail** |

#70095908_v6