UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANT and STATE
FARM FIRE and CASUALTY
COMPANY

    Plaintiff,

vs.

HEALTH AND WELLNESS SERVICES, INC., BEATRIZ MUSE, LAZARO MUSE, HUGO GOLDSTRAJ, MANUEL FRANCO, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS**, ANGEL CARRASO, JORGE RAFAEL COLL, PAIN RELIEF CLINIC OF HOMESTEAD, CORP., JESUS LORITES and JOSE GOMEZ-CORTES,

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT [D.E. 148]

Defendants, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE** and **BEATRIZ MUSE** ("Defendants"), file this response in opposition to Plaintiffs' Motion for Leave to File Amended Complaints and Incorporate Memorandum of Law and state as follows:

1. Plaintiffs seek to amend the amended complaint to include allegations that the Defendants failed to engage in a general business practice of attempting to collect co-payments and/or deductibles constituting a violation of Florida's Insurance Fraud Statute, Fla. Stat. §817.234. Plaintiffs further allege that but

for recent deposition testimony, they did not know of this conduct and thus now seek to amend their complaint, nine months after the deadline to amend pleadings has lapsed.

2. Defendants oppose the granting of the motion for the following five (5) reasons.

3. **First**, Plaintiffs filed their initial fifty-nine (59) page complaint on August 1, 2018. They have had ample time to amend, rather than seeking to do so over a year into the filing of the complaint. Indeed, the deadline for doing so was December 28, 2018. The current posture of the case does not favor amending the complaint in that discovery closed on August 31, 2019; expert witnesses have been retained; and the dispositive motion deadline is October 31, 2019.

4. **Second**, based on the exhibits attached the original complaint, it is evident that Plaintiffs had years to conduct their investigation, hire investigators and interview witnesses, such as they did with L.O. and B.V. And, since the exchange of written discovery in early summer, Plaintiffs have had sufficient time to amend their complaint than to seek to do so at this late stage. In fact, this was not a situation where Plaintiffs merely filed a bare bones complaint with scant evidence and resources which they were hoping to develop their case during the discovery phase. Quite the contrary. Plaintiff, a nationwide insurance company and the largest in the state of Florida, contracted the prominent firm of Holland & Knight with their vast resources to build their case with evidence and witness testimony, as the record evidence demonstrates.

5. **Third**, as early as June 17, 2019, in the deposition of Defendant Noel Santos,

    State Farm had sufficient information to amend his complaint. Sitting on its laurels for three months until all of the depositions were accomplished was either purposeful or negligent, but in either case, form grounds to deny the motion. Moreover Plaintiffs were alerted once again at the deposition of Beatriz Muse on August 19, 2019, about the minimal co-payments and/or deductible collected. Plaintiffs' team of lawyers should have conducted their due diligence at that time rather than to seek to amend their complaint over a month later and when discovery is now closed.

6. **Fourth**, granting this motion would prejudice the Defendants and violate their due process rights. Specifically, had Defendants known the Plaintiffs were going to make these allegations, Defendants may have prepared their witnesses differently, conducted their own investigation on this issue, and sought other defense witnesses. If Plaintiffs' amend their complaint at this late stage, Defendants will not have the ability to properly defend against any new claims.

7. **Last**, and certainly bears mention, is the irony and hypocrisy of the relief requested in Plaintiffs' motion. Namely, recently when Defendants requested to reopen discovery for a very limited time and narrow purpose – to depose two co-defendants in this case – Plaintiffs objected, presumably because the discovery deadline had passed,[1] despite Defendants' assurance that the depositions would not interfere with the scheduling order. Moreover, Defendants agreed to Plaintiffs taking a handful of depositions way beyond the discovery deadline in this case but Plaintiffs refused this same courtesy to

---

[1] This Court has ordered the Plaintiffs to file an expedited response to Defendant's Motion to Reopen Discovery by September 30, 2019 [D.E.144].

Defendants. Litigation is not intended to be a one way street.

8. The Eleventh Circuit has pointed out that there are plenty of good reasons to deny a motion for leave to amend, including undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility.   See Engle Cases, 2014 WL 4435893 at *19.

9. This Court should deny Plaintiffs' motion or, alternatively, if granted, reopen discovery, reset the scheduling deadlines and continue the trial to December 2020.

WHEREFORE, Defendants respectfully request this Court deny Plaintiffs' motion.

Respectfully submitted,

s/ Richard J. Diaz
_____

Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL   33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 30th   day of September, 2019.

s/ Richard Diaz
_____
Richard J. Diaz, Esq.