UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO REOPEN DISCOVERY

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs") respond to the Motion for Order to Reopen Discovery (the "Motion")[1] filed by defendants Medical Wellness Services, Inc. ("Medical Wellness"), Noel Santos, Lazaro Muse and Beatriz Muse ("the Muse Family") (collectively the "Muse Defendants") on September 24, 2019 [ECF No. 143]. In opposition to the Motion, the State Farm Plaintiffs state as follows:

---

[1] The full title of the Motion is Defendants' Motion for Order to Reopen Discovery for Limited Purpose of Deposing Two Witnesses/Co-Defendants Who Have Cut Deals with the Plaintiff Post Discovery-Cit Off (sic) and Who Were Not Deposed and Are Expected to Be Called to Testify at Trial.  *See* [ECF No. 143].

## I. INTRODUCTION

Fact discovery commenced on October 11, 2018 and closed on August 30, 2019. The Motion asks the Court to reopen fact discovery to allow the Muse Defendants to take depositions they failed to take during the eleven months of discovery afforded by the Scheduling Order and Order of Referral to Mediation ("Scheduling Order") [ECF No. 48] because the Muse Defendants' counsel did not anticipate or plan for the possibility the State Farm Plaintiffs might settle with other defendants not represented by the Muse Defendants' counsel. The Motion fails to articulate or address the "good cause" standard applicable to the Muse Defendants' request. *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only **for good cause** and with the judge's consent.") (emphasis added). Overlooking, for argument's sake, the Muse Defendants' failure to affirmatively address the good cause standard, the facts and circumstances described in the Motion are not sufficient to satisfy this requirement as the Muse Defendants must show the scheduling deadline could not have been met despite the Muse Defendants' diligent efforts to do so. *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). As discussed below, the Muse Defendants' Motion omits pertinent facts which reflect either a lack of diligence by the Muse Defendants to conduct discovery during the period established by the Scheduling Order or an intentional strategy of not seeking same.

Now, after fact discovery is closed, the Muse Defendants seek to take the deposition of one former co-defendant, Jorge Rafael Coll ("Dr. Coll"), and one current co-defendant, Angel Carrasco ("Dr. Carrasco"). These physicians were/are named defendants and were employed as medical directors at defendant Medical Wellness which was owned and/or controlled by the Muse Family. *See* [ECF No. 6], Am. Compl. at ¶¶ 19-20. One of these physicians, Dr. Coll, jointly defended this case with the Muse Defendants and the involvement these physicians had in implementing the

#70470600_v8

fraudulent scheme was known to the Muse Defendants – at the latest – when the State Farm Plaintiffs filed this suit on August 1, 2018.  *See* [ECF No. 1], Compl.

Notably, this is not the Muse Defendants first attempt to take untimely discovery and alter this Court's schedule.  In denying the same Muse Defendants' Motion for Extension of Time of Discovery Cutoff Deadline, the Court explained any delay in the filing of dispositive motions would necessarily interfere with the March 16, 2020 trial date. [ECF No. 139]  Should the Muse Defendants now be allowed to take these untimely depositions, perhaps days before this Court's deadline of October 30, 2019 for the filing of the dispositive motions, the State Farm Plaintiffs may be forced to ask this Court to alter the current schedule so that such testimony may be properly included in the State Farm Plaintiffs' anticipated Motion for Summary Judgment, as without such relief the State Farm Plaintiffs will be prejudiced.[2]

Consequently, the Motion is properly denied.

## II.    LEGAL STANDARD

A party "seeking leave to amend a deadline designated in a scheduling order, such as a deadline for the completion of discovery or a deadline to provide supplemental expert reports, must demonstrate 'good cause' under rule 16(b) of the Federal Rules of Civil Procedure." *Compass iTech, LLC v. eVestment All., LLC*, 14-81241-CIV, 2017 WL 1290849, at *3 (S.D. Fla.

---

[2] On September 25, 2019, the State Farm Plaintiffs filed their Motion for Leave to Amend the Amended Complaint and Incorporated Memorandum of Law to include the Defendants clear failure to attempt to collect co-payments and deductibles as grounds for relief. [ECF No.  148] The grounds for said motion have no bearing on the Muse Defendants' request to re-open discovery as the facts surrounding the failure of the defendant clinics and medical directors' to attempt to collect co-payments and deductibles has always been in the exclusive possession of the Defendants.  The State Farm Plaintiffs began seeking information regarding this potential liability since they served their initial round of written discovery in November 2018 and have asked specific questions about same at every single deposition taken during the discovery period.  The State Farm Plaintiffs' request for such a limited amendment in no way should cause the Muse Defendants to be able to re-open to take depositions of their co-defendants.

Mar. 24, 2017) (citing *Sosa*, 133 F.3d at 1418 n. 2). Rule 16 provides a scheduling order "may be modified **only** for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Thus, the Rule 16(b) standard "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Hayes Healthcare Services, LLC v. Meacham*, 331 F.R.D. 441, 442 (S.D. Fla. 2019) (quoting *Sosa*, 133 F.3d at 1418 and Fed. R. Civ. P. 16 advisory committee's note).

The party seeking modification of the scheduling order "has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so." *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D. Fla. 2007). "'[D]iligence is the key to satisfying the good cause requirement.'" *Julian Depot Miami, LLC v. Home Depot U.S.A., Inc.*, 17-22475-CIV, 2018 WL 3404133, at *3 (S.D. Fla. July 12, 2018) (Scola, J.) (quoting *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012). Absent a showing of diligence, courts "may hold litigants to the clear terms of the scheduling order." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

Moreover, the diligence inquiry "is subsumed in the good cause standard of Rule 16(b)," such that a finding of lack of diligence by the movant "'ends the good cause inquiry.'" *Compass iTech*, 2017 WL 1290849, at *3 (quoting *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. July 1, 2002)). "[C]arelessness is not compatible with a finding of diligence[.] . . ." *Barnette v. Fed. Exp. Corp.*, 2:10-CV-471-FTM-36, 2011 WL 2413437, at *1 (M.D. Fla. June 14, 2011) (internal quotation omitted). Accordingly, where the moving party has failed to seek the needed information before expiration of the deadline, the party cannot establish the diligence

4

necessary to show good cause. *Id.* (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241–42 n. 3 (11th Cir. 2009)).

### III. THE MOTION SHOULD BE DENIED BECAUSE THE MUSE DEFENDANTS HAVE FAILED TO CARRY THEIR BURDEN TO SHOW GOOD CAUSE TO MODIFY THE SCHEDULING ORDER

#### A. The Motion Is Properly Denied Because It Does Not Address the Good Cause Standard

As a threshold matter, the Muse Defendants' Motion does not address the applicable legal standard. Not only do the Muse Defendants fail to explain how they might satisfy the good cause standard set forth above, they fail to even acknowledge the existence of a standard by which their request to extend the discovery deadline must be measured. Because the Muse Defendants, as the movants, carry the burden to show good cause, the Motion is properly denied on this basis alone. *Cf. Hanson v. Ruskin*, CV 16-24836-CIV, 2017 WL 8315894, at *2 (S.D. Fla. Nov. 14, 2017), reconsideration denied, 16-24836-CIV, 2017 WL 8315895 (S.D. Fla. Dec. 14, 2017) (denying motion for leave to extend amendment deadline where moving party failed to carry his burden under Rule 16(b) because, *inter alia*, he provided no explanation for his failure to act during discovery period).[3]

#### B. The Motion Should Be Denied Because the Muse Defendants Did Not Exercise Diligence in Discovery

As Judge Ungaro aptly noted, the moving party's "diligence is the key" to determining whether there is good cause to grant the extension sought. *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) (Ungaro, J.). Here, the record is unfavorable to the Muse Defendants' request.

---

[3] This Court recently denied the Muse Defendants' unopposed motion seeking an extension of the dispositive motions deadline by paperless Order in which the Court emphasized that "extensions are unlikely to be granted **absent particularly extenuating circumstances.**" *See* [ECF No. 139] (emphasis added).

As the Muse Defendants acknowledge in the Motion, Dr. Carrasco and Dr. Coll were named as co-defendants in this action. *See* [ECF No. 143], Motion, ¶ 2. When evaluating whether the Muse Defendants are entitled to take depositions after the close of discovery, which were not sought during the appropriate time period, it is important to highlight the role of Drs. Carrasco and Coll in the scheme that led to this litigation. Both physicians were medical directors for clinics owned and/or controlled by the Muse Defendants and were responsible for day to day supervision which included ensuring the bills submitted were not fraudulent or unlawful. *See e.g.*, [ECF No. 6], at ¶¶ 5-9. As a result, at least in part, the Muse Defendants liability is directly connected to these physicians' dereliction (either intentional or unintentional) of their obligations under Florida law. Therefore, it was obvious from the filing of this case that the information maintained by the physicians would be not only relevant, but potentially the most significant evidence in this case. These physicians are two of the most significant contributors in the alleged unlawful conduct and it is inconceivable the Muse Defendants are or were unaware of exactly the substance of these witnesses' knowledge due to their roles.

In their Initial Disclosure Statement served on October 25, 2018 pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the State Farm Plaintiffs identified Drs. Carrasco and Coll as individuals likely to possess discoverable information concerning the operations, billing, and treatment performed by Medical Wellness. *See* Exhibit "A". Yet, despite being put on express notice the State Farm Plaintiffs believed Carrasco and Coll possessed discoverable information relevant to Plaintiffs' claims for relief, the Muse Defendants chose not to avail themselves of the discovery process regarding Carrasco and Coll.

If these physicians were not cooperating with the Muse Defendants, then their depositions should have been taken during the discovery period. Dr. Coll responded to the Complaint through

separate legal counsel, moved to dismiss the State Farm Plaintiffs' complaint, *see* [ECF No. 42], asserted a counterclaim against the State Farm Plaintiffs, *see* [ECF No. 116], [4] and actively coordinated the scheduling of depositions in this case with all counsel including the lawyers for the Muse Defendants.  While Dr. Carrasco failed to respond to the complaint, both individuals had their depositions noticed by the State Farm Plaintiffs on June 24, 2019 and July 19, 2019, with both depositions ultimately cancelled by the State Farm Plaintiffs.  The cancellations alone, considering that the State Farm Plaintiffs took the deposition of every other defendant in this case, were a clear indication a resolution with these two physicians was likely.  Thus, the Muse Defendants and their counsel knew or should have known well before the end of the discovery period in this case there was a possibility the State Farm Plaintiffs might ultimately settle with one or more co-defendants while still litigating claims against others, including the Muse Defendants.

Further, this is unlike a case where newly discovered documentary evidence is produced and depositions are needed to pursue same.  To be clear, the Muse Defendants have not pointed to any newly discovered facts, documents or other evidence which now causes them to want to take these depositions.  In fact, the affidavits which the Muse Defendants point to are simply pieces of the testimony offered in support of summary judgment motions and, if necessary, at trial.  The information contained in these affidavits is the very information the Muse Defendants could have – and should have – obtained via depositions during discovery.  To now point at this "testimony" and claim this constitutes grounds for an exception to this Court's schedule is without support from any case law and nothing more than a reaction to learning these other defendants support the State

---

[4] Dr. Coll also asserted an affirmative defense invoking Florida's apportionment of fault rules from which it is fair to imply that, with respect to damages, Coll's interests in his defense were not necessarily aligned with those of the Defendants.  That alone should have caused an inquiry amongst the co-defendants or the taking of his depositions.  *See* [ECF No. 116], ¶ 331.

Farm Plaintiffs' position in this litigation.

In fact, the Muse Defendants conducted only nominal discovery in their defense of the State Farm Plaintiffs' claims. All Defendants, except for Dr. Coll, failed to propound any written discovery on the State Farm Plaintiffs including interrogatories, requests for admissions or document requests during the discovery period. The Muse Defendants only took two witness depositions: (i) the State Farm Plaintiffs' expert witness and (ii) their designated representative under Rule 30(b)(6).

The foregoing facts show the Muse Defendants failed to meet the good cause standard for extending the discovery deadline. The Muse Defendants' conduct during the eleven- month discovery period appears to embody a strategy that did not require discovery to be successful. Courts routinely deny motions to extend scheduled deadlines where the movant has failed to diligently avail itself of the opportunity within the time allowed. *See Myhre v. TLFO, LLC*, 14-81036-CIV, 2015 WL 1722866, at *4 (S.D. Fla. Apr. 15, 2015) (affirming bankruptcy court's denial of motion seeking to extend discovery deadlines where movant "simply did not consider what sorts of evidence he would need to support his claim until late in the day, illustrating a lack of diligence."); *see also In re Accutane Products Liab. Litig.*, 923 F. Supp. 2d 1349, 1352 (M.D. Fla. 2013) (denying plaintiffs' request to extend the expert disclosure deadlines where plaintiffs offered no explanation or evidence that would establish good cause); *Delgado v. Magical Cruise Co., Ltd.*, 615CV2139ORL41TBS, 2017 WL 3131443, at *2 (M.D. Fla. July 24, 2017) ("Delgado had a year in which to depose Defendant. He chose to wait until the waning days of discovery to serve his Notice. There are consequences to such a choice. I find no showing of good cause for the unreasonable delay evident here. Therefore, I see no reason to extend the discovery deadline to accommodate Delgado's failure to timely secure Defendant's deposition."); *Julian Depot*, 2018

WL 3404133, at *4 ("The onus is not on Home Depot to outline any claims Julian Depot might have. Rather, the burden rests with Julian Depot to prosecute its own case diligently. . . . [T]he information was not discovered because Julian Depot didn't actively seek it."). As the *Myhre* court observed, the "failure to complete discovery by court-ordered deadlines resulting from a party's own relaxed approach to litigation does not present good cause for an extension." *Myhre*, 2015 WL 1722866, at *4. This reasoning is equally applicable in this case. Under these circumstances, the failure of the Muse Defendants' to seek these depositions during the discovery period warrants denial of the Motion.

      C.      **The Depositions Sought Will Impact The Court's Current Schedule**

From the beginning of this case, the State Farm Plaintiffs paid careful attention to the schedule established by this Court and heeded the multiple notices from the Court that extensions would likely not be granted. Based on same, the State Farm Plaintiffs immediately moved forward with discovery and advised Defendants of the individuals sought to be deposed. *See* Exhibit "B," Emails Reflecting the State Farm Plaintiffs' Attempts to Schedule Depositions. However, as commonly happens, scheduling challenges persisted and the State Farm Plaintiffs had to wait until August 21, 2019 to complete the depositions of the Defendants.[5] As a result, the State Farm Plaintiffs took depositions until August 21, 2019, nine (9) days before discovery cutoff and did so knowing it had the next two months to prepare its motions for summary judgment.

---

[5] The irony of the scheduling challenges is that many of the counsel for the Defendants who claimed they were not available for depositions during the early portions of the discovery period simply failed to appear at the duly scheduled depositions without any explanation – despite the dates being cleared and their calendars accommodated. To highlight this issue, when counsel for the State Farm Plaintiffs requested the deposition of the State Farm Plaintiffs' corporate representative be taken in West Palm Beach, a more convenient location for said witness, one lawyer objected but then subsequently failed to appear for said deposition. To be clear, that was not the case with the counsel for the Muse Defendants who diligently appeared and actively participated at every deposition in this case.

Now, less than a month before such summary judgment motions are due, the Muse Defendants expect the State Farm Plaintiffs to pause their efforts to prepare their dispositive motions to accommodate these untimely depositions. This request comes at the same time the same Muse Defendants have been accommodated to allow for a disclosure of an expert witness, Dr. Nicholas Suite, who was designated for the first time in this case on August 30, 2019 and whose deposition is set for October 22, 2019. During the final month before the dispositive motion deadline, the State Farm Plaintiffs need to complete the deposition of Defendant Lorites whose deposition was started on July 18, 2019 and postponed at the request of his counsel during the deposition and the State Farm Plaintiffs have been endeavoring to have this deposition resume during October. Should this Court allow such a gross deviation from the schedule which the State Farm Plaintiffs adhered to, the State Farm Plaintiffs will be forced to seek a delay of the impending Court-ordered deadlines in order for these additional depositions to be completed, the information obtained during same analyzed and pursued (if necessary), and dispositive motions to be prepared based on same. It would be unduly prejudicial to allow these depositions to occur to the detriment of parties that complied with this Court's mandates yet require the same parties to comply with the existing dispositive motion deadline.[6]

---

[6] Further complicating the month of October, the undersigned counsel is trial counsel for State Farm in the case of *State Farm Mut. Auto. Ins. Co. v. Feijoo*, No. 18-CV-23329 (S.D. Fla.) which is set to proceed to a jury trial before Judge Ruiz on November 12, 2019. While the undersigned does not suggest that a lawyer's agreement to handle another matter should constitute grounds for a deviation from a previously established court deadline, respectfully, it should be considered when the attorney is not the party seeking a delay and deviation from the Court's Scheduling Order and has planned accordingly to zealously represent his/her client in both matters. A party's delay in taking discovery which necessitates relief from an existing court schedule should not cause prejudice to the other parties to the case that properly complied with the schedule.

#70470600_v8

WHEREFORE, for the reasons set forth above, the State Farm Plaintiffs respectfully request this Court enter an order denying the Muse Defendants' Motion and for such other and further relief that this Court deems just and proper.

Dated:  September 30, 2019                             Respectfully submitted,

                                                                                  */s/ David I. Spector*
                                                                                  David I. Spector (Florida Bar No. 086540)
                                                                                  E-mail: david.spector@hklaw.com
                                                                                  Caitlin Saladrigas (Florida Bar No. 095728)
                                                                                  E-mail: caitlin.saladrigas@hklaw.com
                                                                                  **HOLLAND & KNIGHT LLP**
                                                                                  222 Lakeview Avenue, Suite 1000
                                                                                  West Palm Beach, FL 33401
                                                                                  Telephone:  (561) 833-2000
                                                                                  Facsimile:   (561) 650-8399
                                                                                  *Attorneys for State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                  */s/ David I. Spector*
                                                                                  DAVID I. SPECTOR
                                                                                  Fla. Bar No. 086540

## SERVICE LIST

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>      kbparkerlaw@gmail.com<br>      parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Michael Nicoleau<br>Michael D. Nicoleau, P.A.<br>11900 BISCAYNE Boulevard, Suite 770<br>North Miami, FL 33181-2737<br>Telephone: (305) 438-7883<br>Email: michael@nicoleaulaw.com<br>*Attorneys for Defendant Hugo Goldstraj*<br>**Served via email** | Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email**<br><br>Louis V. Martinez, Esq.<br>**LOUIS V. MARTINEZ, P.A.**<br>2333 Brickell Avenue,<br>Suite A-1,<br>Miami, FL 33129<br>Telephone: (305) 764-3834<br>Email: louisvmartinez14@gmail.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL 33012<br><br>    - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL 33175<br>*In Pro Se*<br>**Served via U.S. Mail** |

#70470600_v8