# Exhibit A

STATE OF FLORIDA
DEPARTMENT OF HEALTH

DEPARTMENT OF HEALTH,

     PETITIONER,

    v.                        CASE NO.   2006-30571

GUSTAVO ACOSTA, D.C.,

     RESPONDENT.

_____/

## ADMINISTRATIVE COMPLAINT

Petitioner, Department of Health, by and through its undersigned counsel, files this Administrative Complaint before the Board of Chiropractic Medicine against Respondent, Gustavo Acosta, D.C.  In support Petitioner alleges:

1.    Petitioner is the state department charged with regulating the practice of Chiropractic Medicine pursuant to Section 20.43, Florida Statutes; Chapter 456, Florida Statutes; and Chapter 460, Florida Statutes.

2.    At all times material to this order, Respondent was licensed to practice chiropractic medicine in the State of Florida, having been issued license number CH 8885 on or about December 9, 2004.

3.    Respondent's address of record is 7 S.W. 107 Avenue, Miami, Florida 33174.

4.    On or about January 26, 2006, patient EV presented to Rangel Medical Center for treatment of injuries sustained during

J:\PSU\Medical\Tobey\____C A S E S\acosta, gustavo\acosta.ac.fraud.doc

a January 23, 2006, automobile accident.

5.    At the time that patient EV presented to Rangel Medical Center, the Respondent was medical director for Rangel Medical Center and also provided Health Care Services directly to patients.

6.    During the January 26, 2006 visit, Respondent conducted a brief examination, however, Respondent failed to include details regarding the accident in patient EV's medical records.   The medical history form did not identify patient EV by either name or case file number.

7.    Respondent failed to record an adequate history of patient EV.   For instance, the patient history form indicated that EV has no history of previous surgeries, fractures, or other injuries and indicated that EV was not currently taking any medications.   In fact EV had received a kidney transplant, had a heart stent, and was taking numerous medications related to high blood pressure and his kidney transplant.

8.    The medical records failed to adequately describe patient EV's subjective symptomology.   The only record found of patient EV's complaints were neck, mid back and low back pain, and bilateral knee pain.   There is no record of the specific location, laterality, or nature of the pain and no information as what makes the pain better or worse.

9.   According to EV's patient records, Respondent's examination of patient EV on January 26, 2006 included vital signs, palpation findings, muscle testing of the upper and lower extremities, deep tendon reflexes of the upper and lower extremities.   There were indications of altered ranges of motion of the cervical, thoracic, and lumber spines, and knees but no measurements were recorded.   Respondent indicated a battery of orthopedic tests were positive by the circling of the specific tests.   However, no descriptions or other information is provided as to what made the tests positive such as the nature, location, or distribution of pain or limitations.

10.   In order to be considered minimally adequate, records regarding positive orthopedic tests must contain information as to what made the test positive such as the nature, location or distribution of pain or limitations.

11.   Respondent indicated that EV has a positive AP drawer test which would suggest a tear of the anterior or posterior cruciate ligament, and a positive McMurray's test which would suggest a tear of either the medial or lateral meniscus.

12.   In light of the positive findings suggesting traumatic knee injury, the Respondent's examination of EV's knee would not be acceptable to a reasonable prudent chiropractic physician under similar conditions and circumstances.

13. Respondent diagnosed EV as having a cervical sprain, a thoracic sprain, a lumbar sprain, and knee pain. Respondent indicated that patient EV should receive the following treatments: massage, aquatic therapy, hot/cold packs, ultrasound, electric stimulation, and paraffin bath.

14. Respondent billed EV's insurance company for the January 26, 2006 examination using Current Procedural Terminology Code 99204.

15. Current Procedural Terminology is a listing of descriptive terms and identifying codes for reporting medical services and procedures. The purpose of CPT is to provide a uniform language that accurately describes medical, surgical, and diagnostic services, and thereby serves as an effective means for reliable nationwide communication among physicians and other healthcare providers, patients, and third parties. CPT is the most widely accepted medical nomenclature used to report medical procedures and services under public and private health insurance programs.

16. In order to justify the use of the CPT Code 99204, a new patient visit must involve lat least two out three following items: a detailed history; a detailed examination, and medical decision making of moderate complexity.

17. The January 26, 2006, examination recorded by Respondent was insufficient to justify the use of CPT Code 99204.

18. According to records created by the Respondent, Respondent conducted a re-evaluation of patient EV on March 7, 2006.

19.   Respondent billed EV's insurance company for the March 7, 2006 examination using Current Procedural Terminology Code 99214.

20.   In order to justify the use of the CPT Code 99214, a returning patient visit must involve at least two out three following items: a detailed history; a detailed examination, and medical decision making of moderate complexity.

21.   The March 7, 2006, examination recorded by Respondent was insufficient to justify the use of CPT Code 99214.

22.   According to records created by the Respondent, Respondent conducted a re-examination of patient EV on March 30, 2006.

23.   Respondent billed EV's insurance company for the March 15, 2006 re-examination using Current Procedural Terminology Code 99215.

24.   In order to justify the use of the CPT Code 99215, a returning patient visit must involve at least two out three following items: a comprehensive history; a comprehensive examination, and medical decision making of high complexity.

25.   The March 30, 2006, examination recorded by Respondent was insufficient to justify the use of CPT Code 99215.

26.   According to his medical records, patient EV returned to the Rangel Medical Center approximately 33 times to receive treatment from January 26 through March 30, 2006.

27.   Respondent signed Health Insurance Claims Forms ("HICFs") which indicated that Patient EV was treated approximately 33 times at

the Rangel Medical Center from January 26 through March 30, 2006, and sought reimbursement from EV's insurance company.

28.   Patient EV only went to Rangel Medical Center at most thirteen to fourteen times to receive treatments.

29.   According to his patient records and the HICFs signed by the Respondent, patient EV was provided with the following services during each date of service: hot/cold pack, massage, paraffin bath, hydrotherapy.

30.   Patient EV was only provided with paraffin bath one time.

31.   According to his patient records and the HICFs signed by the Respondent, EV was provided with ultrasound during each of the 21 patient visits from January 26 through March 3, 2006.

32.   Patient EV never received any ultrasound treatments.

33.   According to his patient records and the HICFs signed by the Respondent, EV was provided with exercises during each of the 12 to 13 visits from March 7, 2006 through March 30, 2006.

34.   Patient EV was only provided with exercises 3 or 4 times, not 12 times as indicated in the record.

35.   To the extent the above-mentioned treatment modalities were actually given to patient EV, they were provided by Respondent's licensed massage therapist, Idelfonso Hernandez ("Mr. Hernandez").

36.   The patient notes created by Mr. Hernandez consist of a check off form.   The check off form permitted Mr. Hernandez to check off the treatments allegedly provided to patient EV along with a generalized statement regarding EV's response.   There is also a section of the form where Mr. Hernandez would circle the body parts which EV was received treatment.

37.   The check off forms utilized by Mr. Hernandez are insufficient to justify the care given to patient EV as they fail to describe patient EV's objective and subjective symptomology and response to treatment with adequate detail.

38.   The check off forms utilized by Mr. Hernandez failed to adequately describe the treatment provided to patient EV. For instance, the forms fail to indicate what body parts were treated with electric muscle stimulation, massage, or ultrasound, or the duration of such treatments.   Moreover, the records fail to describe what type of exercise patient EV was provided with and how many of each exercise were completed.

39.   Mr. Hernandez as a licensed massage therapist is not authorized to administer physical therapy to patients.

Count One

40.   Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully stated herein.

41.   Section 460.413(1)(m), Florida Statutes (2005)-(2006), provides that failing to keep legibly written chiropractic medical records that identify clearly by name and credentials the licensed chiropractic physician rendering, ordering, supervising, or billing for each examination or treatment procedure and that justify the course of treatment of the patient, including, but not limited to, patient histories, examination results, X rays, and diagnosis of a disease, condition, or injury is grounds for disciplinary action by the Board of Chiropractic Medicine.

42.   Respondent violated Section 460.413(1)(m), Florida Statutes (2005)-(2006) in the following ways:

a)   By failing to record and/or maintain an adequate examination and history when patient EV first presented for treatment on January 26, 2006.

b)   By failing to record and/or maintain a sufficient examination for patient EV's initial visit on January 26, 2006, to justify Respondent's use of CPT Code 99204.

c)   By failing to record and/or maintain a sufficient re-examination for patient EV's visit on March 7, 2006, to justify Respondent's use of CPT Code 99214.

d)   By failing to record and/or maintain a sufficient re-examination for patient EV's visit on March 30, 2006, to justify Respondent's use of CPT Code 99215.

e)   By failing to record and/or maintain sufficient records that justified the care rendered to patient EV.

43.   Based on the foregoing, Respondent violated Section 460.413(1)(m), Florida Statutes (2005)-(2006), by failing to keep legibly written chiropractic medical records for patient EV that identify clearly by name and credentials the licensed chiropractic physician rendering, ordering, supervising, or billing for each examination or treatment procedure and that justify the course of treatment of the patient, including, but not limited to, patient histories, examination results, X rays, and diagnosis of a disease, condition.

<u>COUNT TWO</u>

44.   Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

45.   Section 460.413(1)(ff), Florida Statutes (2005)-(2006), provides that violating any provision of chapter 456 or

chapter 460, or any rules adopted pursuant thereto is grounds for disciplinary action by the Board of Chiropractic Medicine.

46. Rule 64B2-17.0065, Florida Administrative Code (F.A.C.), sets forth the minimal recordkeeping standards as set forth below in pertinent part:

a. Rule 64B2-17.0065(3), F.A.C., states that the medical record shall be legibly maintained and shall contain sufficient information to identify the patient, support the diagnosis, justify the treatment and document the course and results of treatment accurately, by including, at a minimum, patient histories; examination results; test results; records of drugs dispensed or administered; reports of consultations and hospitalizations; and copies of records or reports or other documentation obtained from other health care practitioners at the request of the physician and relied upon by the physician in determining the appropriate treatment of the patient. Initial and follow-up services (daily records) shall consist of documentation to justify care.

b. Rule 64B2-17.0065(4), F.A.C., states that all patient records shall include a patient history; symptomatology and/or wellness care; examination finding(s), including X-rays when medically or clinically indicated; a diagnosis; a prognosis; assessment(s); a treatment plan; and, treatments provided.

47.   Respondent failed to comply with Rule 64B2-17.0065, F.A.C., in one or more of the following ways:

a)   By failing to record and/or maintain an adequate examination and history when patient EV first presented for treatment on January 26, 2006.

b)   By failing to record and/or maintain a sufficient examination for patient EV's initial visit on January 26, 2006, to justify Respondent's use of CPT Code 99204

c)   By failing to record and/or maintain a sufficient re-examination for patient EV's visit on March 7, 2006, to justify Respondent's use of CPT Code 99214.

d)   By failing to record and/or maintain a sufficient re-examination for patient EV's visit on March 30, 2006, to justify Respondent's use of CPT Code 99215.

e)   By failing to record and/or maintain sufficient records that justified the care rendered to patient EV.

48.   Based on the foregoing, Respondent has violated Section 460.413(1)(ff), Florida Statutes (2005)-(2006), by violating Rule 64B2-17.0065, F.A.C., through a violation of minimal standards for chiropractic record keeping.

## Count Three

49.   Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

50.   Section 460.413(1)(x), Florida Statutes (2005)-(2006), subjects a chiropractic physician to discipline for submitting to any third-party payor a claim for a service or treatment which was not actually provided to a patient.

51.   Respondent submitted claims for services or treatments not provided when he:

a)   signed HICFs indicating that patient EV was treated 33 times at the Rangel Medical Center when he was only treated at most thirteen to fourteen times.

b)   signed HICFs indicating that patient EV received a paraffin bath each time he treated at Rangel Medical Center when in patient EV only received a paraffin bath once.

c)   signed HICFs indicating that patient EV received ultrasound during the 21 patient visits patient EV had from January 26 through March 3, 2006 when in fact patient EV never received ultrasound treatment at Rangel Medical Center.

d)   signed HICFs indicating that patient EV received exercises 12 times from March 7, 2006 through March 30, 2006 even though patient EV only received exercise three to four times.

52.   Based on the foregoing, Respondent has violated Seciton 460.413(1)(x), Florida Statutes (2005)-(2006), by submitting to any third-party payor a claim for service or treatment which was not actually provided to a patient.

## Count Four

53.  Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if set forth fully herein.

54.  Section 456.072(1)(dd), Florida Statutes (2005)-(2006), subjects a chiropractic physician to disciplinary action for intentionally submitting a personal injury protection claim, statement or bill as required by Sec. 627.736 that has been upcoded as defined in Section 627.732.

55.  Section 627.732 Florida Statutes (2005) – (2006) defines upcoding as an "action that submits a billing code that would result in payment greater in an amount than would be paid using a billing code that accurately describes the services performed.

56.  Respondent intentionally upcoded a claim for personal injury benefits when:

   a)  Respondent submitted a claim to EV's insurance company for personal injury protection benefits under CPT code 99204 for patient EV's January 26, 2006 visit. This code pays a greater amount for a new patient receiving an initial examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

   b)  Respondent submitted a claim to EV's insurance company for personal injury protection benefits under CPT

code 99214 for patient EV's March 7, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

c)    Respondent submitted a claim to EV's insurance company for personal injury protection benefits under CPT code 99215 for patient EV's March 30, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

57. Based on the foregoing, Respondent has violated Section 456.072(1)(dd), Florida Statutes (2005)-(2006).

### Count Five

58.  Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

59.  Section 460.413(1)(u), Florida Statutes (2005)-(2006), subjects a chiropractic physician to discipline for delegating professional responsibilities to a person when the licensee delegating such responsibilities knows or has reason to know that such person is not qualified by training, experience, or licensure to perform them.

60.   Mr. Hernandez as a licensed massage therapist is not authorized to provide physical therapy services.

61.   Respondent instructed Mr. Hernandez to provide patient EV therapeutic exercises.

62.   As such Respondent delegated to Mr. Hernandez professional responsibilities which he knew or has reason know that Mr. Hernandez is not qualified by training, experience, or licensure to perform them.

63.   Based on the foregoing, Respondent has violated Section 460.413(1)(u), Florida Statutes (2005)-(2006), by delegating professional responsibilities to a person when the licensee delegating such responsibilities knows or has reason to know that such person is not qualified by training, experience, or licensure to perform them.

<u>Count Six</u>

64.   Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

65.   Section 460.413(n), Florida Statutes (2005)-(2006), subjects a chiropractor to discipline for exercising influence on the patient or client in such a manner as to exploit the patient or client for financial gain of the licensee or of a third party which shall include but not be limited to, the promotion or sale of services, goods, or appliances, or drugs.

66. Rule 64B2-17.005(3)(b), F.A.C., states that overutilization occurs when a claim or claims for chiropractic services, practice, goods or appliances is submitted to that patient or third party payor representing multiple charges for one specific diagnostic service or treatment practice, good or appliance.

67. Respondent violated Section 460.413(1) (n), Florida Statutes, by:

a) submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99204 for patient EV's January 26, 2006 visit. This code pays a greater amount for a new patient receiving an initial examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

b) submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99214 for patient EV's March 7, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

c) submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99215

for patient EV's March 30, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

d)   signing HICFs indicating that patient EV was treated 33 times at the Rangel Medical Center when he was only treated at most thirteen to fourteen times.

e)   signing HICFs indicating that patient EV received a paraffin bath each time he treated at Rangel Medical Center when in patient EV only received a paraffin bath once.

f)   signing HICFs indicating that patient EV received ultrasound during the 21 patient visits patient EV had from January 26 through March 3, 2006 when in fact patient EV never received ultrasound treatment at Rangel Medical Center.

g)   signing HICFs indicating that patient EV received exercises 12 times from March 7, 2006 through March 30, 2006 even though patient EV only received exercise three to four times.

68. Based on the foregoing, Respondent has violated Florida Statute 460.413(1)(n), Florida Statutes (2005)-(2006).

## Count Seven

69.   Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

70.   Section 460.413(j), Florida Statutes (2005)-(2006), subjects a chiropractor to discipline for making or filing a report which the licensee knows to be false.

71.   Respondent violated Section 460.413(1) (j), Florida Statutes, by:

a)   submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99204 for patient EV's January 26, 2006 visit. This code pays a greater amount for a new patient receiving an initial examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

b)   submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99214 for patient EV's March 7, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

c)   submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99215

for patient EV's March 30, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

d)   signing HICFs indicating that patient EV was treated 33 times at the Rangel Medical Center when he was only treated at most thirteen to fourteen times.

e)   signing HICFs indicating that patient EVreceiveda paraffin bath each time he treated at Rangel Medical Center when in patient EV only received a paraffin bath once.

f)   signing HICFs indicating that patient EV received ultrasound during the 21 patient visits patient EV had from January 26 through March 3, 2006 when in fact patient EV never received ultrasound treatment at Rangel Medical Center.

g)   signing HICFs indicating that patient EV received exercises 12 times from March 7, 2006 through March 30, 2006 even though patient EV only received exercise three to four times.

72. Based on the foregoing, Respondent has violated Florida Statute 460.413(1)(j), Florida Statutes (2005)-(2006).

<u>Count Eight</u>

73.  Petitioner re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

74.  Section 460.413(k), Florida Statutes (2005)-(2006), subjects a chiropractor to discipline for making misleading, deceptive, untrue, or fraudulent representations in the practice of chiropractic medicine or employing a trick or scheme in the practice of chiropractic medicine when such trick or scheme fails to conform to the generally prevailing standards of treatment in the chiropractic medical community.

75.  Respondent violated Section 460.413(1) (k), Florida Statutes, by:

a) submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99204 for patient EV's January 26, 2006 visit. This code pays a greater amount for a new patient receiving an initial examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

b) submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99214 for patient EV's March 7, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination

that would have accurately described the level of examination conducted by the Respondent.

c) submitting a claim to EV's insurance company for personal injury protection benefits under CPT code 99215 for patient EV's March 30, 2006 visit. This code pays a greater amount for a returning patient receiving a re-examination than a code for a less extensive examination that would have accurately described the level of examination conducted by the Respondent.

d) signing HICFs indicating that patient EV was treated 33 times at the Rangel Medical Center when he was only treated at most thirteen to fourteen times.

e) signing HICFs indicating that patient EV received a paraffin bath each time he treated at Rangel Medical Center when in patient EV only received a paraffin bath once.

f) signing HICFs indicating that patient EV received ultrasound during the 21 patient visits patient EV had from January 26 through March 3, 2006 when in fact patient EV never received ultrasound treatment at Rangel Medical Center.

g) signing HICFs indicating that patient EV received exercises 12 times from March 7, 2006 through March 30,

2006 even though patient EV only received exercise three to four times.

76. Based on the foregoing, Respondent has violated Florida Statute 460.413(1)(k), Florida Statutes (2005)-(2006).

**WHEREFORE**, the Petitioner respectfully requests that the Board of Chiropractic Medicine enter an order imposing one or more of the following penalties: permanent revocation or suspension of Respondent's license, restriction of practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, corrective action, refund of fees billed or collected, remedial education and/or any other relief that the Board deems appropriate.

**SIGNED** this 30th day of ___May___, 2007.


Ana M. Viamonte Ros, M.D., PHD
Secretary, Florida Department of Health


Tobey Schultz
Assistant General Counsel
DOH Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65
Tallahassee, FL 32399
Florida Bar # 0542131
(850) 245-4640 ext. 8176
(850) 245-4682 FAX
Tobey_schultz@doh.state.fl.us

FILED
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK: Rachnerr
DATE 5·30·07

PCP: 5/24/07 Kirby & Wolfson

J:\PSU\Medical\Tobey\___C A S E S\acosta, gustavo\acosta.ac.fraud.doc

22