# Exhibit B

STATE OF FLORIDA
BOARD OF MASSAGE THERAPY

DEPARTMENT OF HEALTH,

PETITIONER,

v.                                                         CASE NO. 2015-26667

HANZEL ALPIZAR, L.M.T.,

RESPONDENT.
_____/

ADMINISTRATIVE COMPLAINT

COMES NOW, Petitioner, Department of Health, by and through its undersigned counsel, and files this Administrative Complaint before the Board of Massage Therapy against Respondent, Hanzel Alpizar, L.M.T., and in support thereof alleges:

1. Petitioner is the state agency charged with regulating the practice of massage therapy pursuant to Section 20.43, Florida Statutes; Chapter 456, Florida Statutes; and Chapter 480, Florida Statutes.

2. At all times material to this Complaint, Respondent was a licensed massage therapist within the State of Florida, having been issued license number MA 67246 on or about February 3, 2012.

3. Respondent's address of record is 3715 3rd Street West, Lehigh Acres, Florida 33971.

4. At all times material to this Complaint, Respondent did not hold any other healthcare professional licenses or certifications in the State of Florida.

5. On or about and between December 2013, and October 2015, Respondent worked as a massage therapist at Regional Health Center Corporation (Regional Health), located at 6835 Porto Fino Circle, Suite 1, Fort Myers, Florida 33912.

6. At all times material to this Complaint, Respondent was almost always the only treating health care professional on duty at Regional Health.

7. During that time, Respondent would routinely perform and/or bill for the following treatments and modalities:

    a. Hot/Cold Pack, billing code 97010;

    b. Paraffin Bath, billing code 97018;

    c. Electric Stimulation, billing code 97032 or G0283;

    d. Manual Therapy, billing code 97140;

    e. Therapeutic Exercise, billing code 97110;

  f. Contrast Therapy, billing code 97034;

  g. Ultrasound, billing code 97035;

  h. Neuromuscular Reeducation, billing code 97112;

  i. Mechanical Traction, billing code 97012; and/or

  j. Infrared Therapy, billing code 97026.

8. It is inappropriate for a massage therapist to perform mechanical traction, neuromuscular reeducation, and therapeutic exercises; these are treatment modalities performed by someone licensed or certified to do so by law, such as a physical therapist or physical therapist assistant.

9. Respondent does not have the requisite licensure or certification to perform these treatment modalities.

10. It is inappropriate for a massage therapist to operate infrared, ultrasound, and electrical stimulation machinery; these treatments should be administered by someone licensed or certified to do so by law, such as a physical therapist, nurse, or physician.

11. Respondent does not have the requisite licensure or certification to administer these treatments.

12. Section 456.072(1)(o), Florida Statutes (2015), subjects a massage therapist to discipline for practicing or offering to practice beyond the scope permitted by law or accepting and performing professional responsibilities which the licensee knows or has reason to know that she or he is not competent to perform.

13. Respondent practiced beyond the scope permitted to him by law or accepted and performed professional responsibilities which Respondent knew or had reason to know that he was not competent to perform when Respondent performed and/or billed for the following treatments and modalities:

    a. Electric Stimulation, billing code 97032 or G0283;

    b. Therapeutic Exercise, billing code 97110;

    c. Ultrasound, billing code 97035;

    d. Neuromuscular Reeducation, billing code 97112;

    e. Mechanical Traction, billing code 97012; and/or

    f. Infrared Therapy, billing code 97026.

14. Based on the foregoing, Respondent has violated Section 480.046(1)(j), Florida Statutes (2015).

**WHEREFORE**, the Petitioner respectfully requests that the Board of Massage Therapy enter an order imposing one or more of the following penalties: permanent revocation or suspension of Respondent's license, restriction of practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, refund of fees billed or collected, remedial education and/or any other relief that the Board deems appropriate.

**SIGNED this 23 day of January 2019.**

Mary A. Iglehart
Assistant General Counsel
DOH Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65
Tallahassee, FL 32399-3265
Florida Bar # 93590
(p) (850) 558-9856
(f) (850) 245-4684
(e) Mary.Iglehart@flhealth.gov

FILED
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK **Angel Sanders**
DATE **JAN 2 3 2019**

PCP:             1/23/19
PCP Members:     Brooks & Whitridge

DOH v. Hanzel Alpizar, LMT
Case No. 2015-26667

5

## NOTICE OF RIGHTS

Respondent has the right to request a hearing to be conducted in accordance with Section 120.569 and 120.57, Florida Statutes, to be represented by counsel or other qualified representative, to present evidence and argument, to call and cross-examine witnesses and to have subpoena and subpoena duces tecum issued on his or her behalf if a hearing is requested. A request or petition for an administrative hearing must be in writing and must be received by the Department within 21 days from the day Respondent received the Administrative Complaint, pursuant to Rule 28-106.111(2), Florida Administrative Code. If Respondent fails to request a hearing within 21 days of receipt of this Administrative Complaint, Respondent waives the right to request a hearing on the facts alleged in this Administrative Complaint pursuant to Rule 28-106.111(4), Florida Administrative Code. Any request for an administrative proceeding to challenge or contest the material facts or charges contained in the Administrative Complaint must conform to Rule 28-106.2015(5), Florida Administrative Code.

Please be advised that mediation under Section 120.573, Florida Statutes, is not available for administrative disputes involving this agency action.

## NOTICE REGARDING ASSESSMENT OF COSTS

Respondent is placed on notice that Petitioner has incurred costs related to the investigation and prosecution of this matter. Pursuant to Section 456.072(4), Florida Statutes, the Board shall assess costs related to the investigation and prosecution of a disciplinary matter, which may include attorney hours and costs, on the Respondent in addition to any other discipline imposed.