## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE and CASUALTY
COMPANY
        Plaintiff,

vs.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE,
HUGO GOLDSTRAJ, MANUEL FRANCO,
MEDICAL WELLNESS SERVICES, INC.,
NOEL SANTOS, ANGEL CARRASCO, JORGE
RAFAEL COLL, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES and
JOSE GOMEZ-CORTES,

        Defendants.
_____/

**DEFENDANTS, MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE AND BEATRIZ MUSE'S CORRECTED[1] OMNIBUS FILING:**

**I.**     **SUGGESTION OF PERJURY AS TO CO-DEFENDANTS JORGE RAFAEL COLL AND ANGEL CARRASCO**

**II.**     **MOTION TO STRIKE THE JORGE RAFAEL COLL AND ANGEL CARRASCO AFFIDAVITS AS PERJURIOUS (AND TO PRECLUDE THEIR USE BY PLAINTIFFS IN SUPPORT OF THEIR SUMMARY JUDGMENT MOTION)**

**III.**     **REQUEST FOR EVIDENTIARY HEARING TO DISCOVER THE FULL NATURE AND EXTENT OF THE OBSTRUCTION OF JUSTICE FOR CONSIDERATION OF WHETHER SANCTIONS ARE APPROPRIATE AGAINST ANY PERSON WHO ASSISTED IN THE PREPARATION OF THE AFFIDAVITS WITH KNOWLEDGE OF ANY OF THE FALSE ALLEGATIONS THEREIN**

---

[1] This corrected motion cures the deficiencies described in this Court's paperless order dated October 31, 2019 [D.E. 186].

1

Defendants, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE** and **BEATRIZ MUSE** ("Defendants"), state as follows:

### I.    THE PERJURY

#### BACKGROUND

1. Doctors Jorge Rafael Coll ("Coll") and Angel Carrasco ("Carrasco") are co-defendants in this case.

2. Shortly after the discovery cutoff deadline of August 30, 2019, and apparently not by coincidence, Plaintiffs disclosed an affidavit from Carrasco[2] (**Exhibit 1**) and one from Coll[3] (**Exhibit 2**) to the defense. Plaintiffs now rely on these affidavits in support of their motion for summary judgment.[4]

3. The Coll affidavit is a component and condition of a recent settlement by and between Coll and the Plaintiffs.[5]

4. After receiving the affidavits, undersigned counsel initiated an investigation into the veracity of the core allegations of each one and has uncovered not one, but *several* material instances of perjury in both affidavits, as further illustrated below.

(i).    **Dr. Coll's Perjury**

The following are verbatim excerpts from the Coll affidavit followed by proof of the falsehood:

- ¶ 3 of Coll's affidavit states in part, "*I have never been sanctioned or found to have been involved in any fraud or illegitimate medical practice*." This statement is false. On October 25, 2001, the Agency for Health Care Administration ("AHCA") sanctioned Dr.

---

[2] Carrasco's affidavit was signed and notarized on July 17, 2019 and withheld for almost two months when it was disclosed (on September 25, 2019).
[3] Coll's affidavit was signed and notarized on August 22, 2019 but again, it was not disclosed until one month later, on September 25, 2019.  As such, it was also withheld.
[4] As a result of the "admissions" in these affidavits, Coll and Carrasco will invariably lose their medical licenses.
[5] Carrasco remains a Defendant in the case, perhaps explained by his "pro se" status.

- Coll in the amount of $1,099.00 for violating F.S. §458.331(1)(g)(x) IN CASE No. 2001-101252.(**EXHIBIT 3**)
- ¶9 of Coll's affidavit states in part, "*I was also the medical director at D&K Rehab, Sunshine Medical Center and VLO Medical. I no longer work at any of these clinics.*" This statement is false. A September 29, 2019 Florida Health Finder printout for Sunshine Medical Care Group, Inc. identifies Dr. Coll as its current Medical or Clinic Director. (**EXHIBIT 4)**
- ¶11 of Coll's affidavit states in part, "*…I had not reviewed in detail nor received any education by Medical Wellness regarding the laws and/or regulations which apply to medical directors…I did not know the full scope nor all…of my responsibilities…or any of its policies*". The statement is belied by Coll's signatures evidencing his "In Service Training" and his annual review and approval of Medical Wellness's Policy and Procedure Manual as Medical Director for Medical Wellness dated September 24, 2015, September 24, 2014 and September 24, 2013 (**Comp. EXHBIT 5).**
- ¶12 of Coll's affidavit states in part, "*…I have not read, reviewed in detail the laws and/or regulations which apply to medical directors in the state of Florida*". This is a concerning statement that should not be taken lightly. Its similar to a licensed attorney employed at a firm and the attorney would claim to not have read or reviewed the rules and regulations governing the Florida Bar!! Nevertheless, the statement is false because Coll already signed off as having read and reviewed all such responsibilities in the Medical Wellness General Procedures Manual. (**Comp. EXHIBIT6**).
- ¶13(d) of Coll's affidavit states in part, "*I was unfamiliar with all the requirements of Florida Statute §456.057 which sets for the parameters of serving the clinic's medical records…*". This is a false statement as well and is belied by Dr. Coll's signatures on the Medical Wellness Clinical Medical Director Oversight forms. Indeed, subparts 6 and 7 therein affirm that Dr. Coll served as the clinics record owner as defined in s. 456.057 and ensured compliance with the recordkeeping, office surgery and adverse reporting requirements of Chapter 456 and 408. (**Comp. EXHBIT 7).**

(ii)    **Dr. Carrasco's Perjury**

The following are verbatim excerpts from the Carrasco affidavit followed by proof of the falsehood:

- ¶3 of Carrasco's affidavit states, "*I am board certified in neurology*". This is a false/inaccurate statement. A Florida Department of Health profile printout for Carrasco reflects that Carrasco does not hold any certifications from specialty boards recognized by Florida. (**EXHIBIT 8).**
- ¶9 of Carrasco's affidavit states in part, "*…I had not reviewed in detail nor received any education by Medical Wellness regarding the laws and/or regulations which apply to medical directors…I did not know the scope of my responsibilities as Medical Wellness's medical director*". The statement is belied by Carrasco's signatures evidencing his "In Service Training" and his annual review and approval of Medical Wellness's Policy and Procedure Manual as Medical Director for Medical Wellness dated June 22, 2009, June 23, 2010, June 24, 2011 and June 23, 2012 (**Comp. EXHBIT 9).**

3

- ¶10 of Carrasco's affidavit states in part, "…*I have not read, reviewed in detail, nor received any education regarding the laws and/or regulations which apply to medical directors in the state of Florida*". This is a concerning statement that should not be taken lightly. Its similar to a licensed attorney employed at a firm and the attorney would claim to not have read or reviewed the rules and regulations governing the Florida Bar!! Nevertheless, the statement is false because Carrasco already signed off as having read and reviewed all such responsibilities in the Medical Wellness General Procedures Manual. (**Comp. EXHIBIT 10**).
- ¶11(a) of Carrasco's affidavit states in part, "*I never maintained a log of statement reviews of billing that I performed.*" This is a false statement. Attached as **Comp. EXHIBIT 11** are a handful of "Systematic Billing Review" forms signed by Dr. Carrasco while at Medical Wellness that state he has conducted a systematic review of the clinic billing and discovered there were no unlawful charges.
- ¶11(e) of Carrasco's affidavit states in part, "*I was unfamiliar with all the requirements of Florida Statute §456.057 which sets for the parameters of serving the clinic's medical records…*". This is a false statement as well and is belied by Dr. Carrasco's signatures on the Medical Wellness Clinical Medical Director Oversight forms. Indeed, subparts (e) and (i) therein affirm that Dr. Carrasco served as the clinics record owner as defined in s. 456.057 and ensured compliance with the recordkeeping, office surgery and adverse reporting requirements of Chapter 456 and 408.  (**Comp. EXHBIT 12**).

## II. MOTION TO STRIKE THE AFFIDAVITS OF DRS. COLL AND CARRASCO

Based on the proffer herein, the Court can and should: First, make a finding of perjury against Drs. Coll and Carrasco. Next, the Court should strike their affidavits and order that they cannot be used in support of Plaintiffs' motion for summary judgment because they are perjurious and attempt to create a false fact upon which the Plaintiffs intend the Court to rely to grant them summary judgment.

## III. REQUEST FOR EVIDENTIARY HEARING

Last, because it is logically obvious that these individuals did not create these affidavits on their own, the Court should conduct an evidentiary hearing to get answers to the following questions:

1.) Whose idea was it to get these affidavits in the first place?
2.) Who initiated the first drafts of each?
3.) Where are all of those preliminary non-final drafts?
4.) Who were the drafts shared with?

4

5.) Who provided the information that went into the various drafts and final product?
6.) What investigation, if any, did the "drafter(s)" of the various iterations of the affidavits do to verify the accuracy of the facts alleged therein?

## MEMORANDUM OF LAW

Florida courts already have the tools to deal severely with perjury in civil litigation. The recent case of *Cox v. Burke,* 706 So. 2d 43 (Fla. 5th DCA 1998) is an illustration of the severity of the potential remedies. In *Cox*, the trial court invoked a remedy for perjury—that is, dismissal of the perjurer's claim with prejudice. The Fifth District in *Cox* began by articulating the public policy supporting the dismissal: "The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way."

The trial court had dismissed the plaintiff's legal malpractice case due to fraud (perjury) perpetrated by the plaintiff during discovery. Ms. Cox had made false statements under oath regarding her name, driver license details, Social Security number, and prior injuries. The dismissal was upheld on appeal because of the pervasiveness of the fraud which was characterized by the *Cox* court as "calculated to evade or stymy discovery on issues central to the case.

A trial court has the inherent authority to dismiss an action when a party has perpetrated a fraud on the court, and there are, of course, other remedies besides dismissal. *Kornblum v. Schneider,* 601 So. 2d 139 (Fla. 4th D.C.A. 1992).Perjury is, after all, a crime and the court may send the record to the state attorney for investigation. Alternatively, the trial court may strike testimony or pleadings, or hold the perjurer in contempt. *Parham v. Kohler* , 134 So. 2d 274 (Fla.

3d D.C.A. 1961), in which these actions were suggested in lieu of the ultimate sanction of dismissal.

## ARGUMENT

The allegations set forth in the affidavits are not a single "innocent misrepresentation" attributable to maybe a "lapse in memory" of a witness on a minor subject which can be overlooked as a "probable mistake". See, Eleventh Circuit Pattern Instruction 6.1.  Both affidavits are riddled with perjury. Both were executed within weeks of each other and likely "hatched" at an even closer point in time. Coll and Carrasco did not wake up one day and type them up on their own. The format and facts are identical as are many of the aversions in each affidavit. The affidavits were clearly prepared by a lawyer and Carrasco is unrepresented.

## Local Rule 7.1(a)(3)

Undersigned counsel certifies that *prior* to Defendants' Omnibus filing on October 30, 2019 and in compliance with the Local Rule, he had in fact conferred in writing with counsel for the Plaintiffs who advised they objected to any motion to strike.  However, it was mistakenly omitted from the original filing. On October 31, 2019, undersigned counsel contacted counsel for Defendant Jorge Coll, in writing, in a good faith effort to resolve by agreement the issues raised in this motion and he advised that he would not withdraw or correct his client's affidavit. Last, on October 31, 2019, undersigned counsel sent a letter to pro se Defendant Angel Carrasco's address of record advising of the motion and inviting him to contact undersigned's office to discuss the issues raised therein. Should Defendant Carrasco respond to the letter, undersigned counsel will supplement this filing.

## CONCLUSION

Based on the foregoing, the Court should grant the relief requested herein.

Respectfully submitted,

s/ Richard J. Diaz
_____
Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 4th day of November, 2019.

s/ Richard Diaz
_____
Richard J. Diaz, Esq.