UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE and CASUALTY
COMPANY
        Plaintiff,

vs.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE,
HUGO GOLDSTRAJ, MANUEL FRANCO,
MEDICAL WELLNESS SERVICES, INC.,
NOEL SANTOS, ANGEL CARRASCO, JORGE
RAFAEL COLL, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES and
JOSE GOMEZ-CORTES,

        Defendants.
_____/

## DEFENDANTS' MOTION TO REVEAL THE DEAL(S) BETWEEN PLAINTIFFS AND DOCTORS ANGEL CARRASCO AND JORGE COLL

Defendants, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE** and **BEATRIZ MUSE** file this Motion and state:

1. Recently, the Plaintiffs settled with Drs. Angel Carrasco and Jorge Coll. It is apparent that the Plaintiffs will call them to testify as "cooperating witnesses" at trial. Moreover, as expressed in an earlier motion related to this issue – to seek to reopen discovery to depose Drs. Carrasco and Coll – there was clearly a deliberate orchestration between Plaintiffs' counsel and counsel for Drs. Carrasco and Coll to hold the settlement deals secret until after the discovery cut-off date closed to prevent the remaining defendants to have the opportunity to depose these two doctors on their affidavits and 180 degrees

1

reversal from their denials filed in answer to the allegations in the Amended Complaint. Succinctly stated, it was a classical "gotcha move" depriving the Defendants of their ability to properly investigate and defend themselves against the charges in the amended Complaint.

2. As such, the defense is entitled to full disclosure of their settlement agreements with the Plaintiffs.

3. We seek an order requiring full disclosure, not only of the settlement agreement, but all communications between counsel for these parties initiating settlement discussions and containing all offers and counter-offers exchanged before the final settlement agreement was entered.

## MEMORANDUM OF LAW

Courts are not (and indeed should not) be shy to allow litigants to play the rule of "gotcha". District courts possess significant judicial discretion to ensure the due administration of justice, one of which is a defendant's right to a fair trial. This is not only true in criminal cases, but in civil cases as well. See, generally, *In re Barber*, 2016 U.S. App. Lexis 13540; *Miccosukee Tribe of Fla. v. United States*, 518 F.3d 1235 (11th Cir. 2008); *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014); see also, *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349 (11th Cir.2014); *Quite Tech. DC-8, Inc., v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333 (11th Cir. 2003). *Quite Tech* primarily involved the admissibility of expert testimony but the relevant part of the opinion is the last issue addressed and was whether it was appropriate for the party opposing the expert testimony to raise a Daubert motion in a manner that compromised the trial date and the court refused to have the party who engaged in the gamesmanship – if not sandbagging – benefit from such wrongdoing.

## ARGUMENT

Here, the Plaintiffs' conduct has resulted in a compromise of the current trial date.  First, they filed a motion for leave to amend well beyond the deadline and that matter is pending before the court. Second, after they struck a "settlement deal" with co-defendant Coll and obtained "finger-pointing" affidavits against the remaining Defendants, from Drs. Coll and Carrasco, they deliberately concealed and withheld both affidavits, notification of the Coll settlement, including dismissal of Coll, until it was too late for the remaining Defendants to depose these two doctors before discovery cut-off. Then, in one breath, they seek leave to amend their complaint while they object to the Defendants' motion to reopen discovery to take the deposition of Drs. Coll and Carrasco. Advocacy should not be hypocritical or cynical. While lawyers are clearly adversaries, litigation should be a two way street with regards to concessions and courtesies. In any event, Defendant Medical Wellness Services, Inc. will now have to file a motion for leave to file a third party complaint against Dr. Coll and a cross claim against Dr. Carrasco to make claims against them for breach of contract, subrogation, indemnification, fraud, negligent misrepresentation, and common law fraud. However, relative only to this motion, we seek the relief requested in paragraph 3 above.

## CONCLUSION

Based on the foregoing, the Court should grant the relief requested herein.

## Local Rule 7.1(a)(3)

Undersigned counsel certifies that in compliance with the Local Rule, he conferred in writing, with counsel for the Plaintiffs regarding the relief requested herein and Plaintiffs' counsel advised that they decline to agree with the relief requested. Undersigned counsel contacted counsel for Defendant Jorge Coll, in writing, in a good faith effort to resolve by

3

agreement the issues raised in this motion and he advised that he objects to the motion. On November 7, 2019, undersigned counsel sent a letter to pro se Defendant Angel Carrasco's address of record advising of the motion and inviting him to contact undersigned's office to discuss the issues raised therein. Should Defendant Carrasco respond to the letter, undersigned counsel will supplement this filing.

Respectfully submitted,

s/ Richard J. Diaz

———————————————

Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 7th day of November, 2019.

s/ Richard Diaz
_____
Richard J. Diaz, Esq.