UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANT and STATE
FARM FIRE and CASUALTY
COMPANY

    Plaintiff,

vs.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE,
HUGO GOLDSTRAJ, MANUEL FRANCO,
MEDICAL WELLNESS SERVICES, INC.,
NOEL SANTOS, ANGEL CARRASCO,
JORGE RAFAEL COLL, PAIN RELIEF CLINIC
OF HOMESTEAD, CORP., JESUS LORITES and
JOSE GOMEZ-CORTES,

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS [D.E. 183]

The Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, have filed a Statement of Undisputed Facts [D.E. 183] containing 78 assertions of fact. Defendants, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE** and **BEATRIZ MUSE** ("Defendants"), respond to Plaintiffs' Statement of Undisputed Material Facts in Support of Summary Judgment Against All Defendants[1] in equal numerical order of Plaintiffs' submission.

1. Admitted

2. Admitted

---

[1] First, most of the facts are disputed. Second, many of the true facts are not material.

3. Admitted

4. Admitted in part and denied in part. Lazaro Muse did not hire Dr .Goldstraj to hire at HW. (Lazaro Muse Affidavit)

5. Admitted

6. Admitted in part and denied in part. Medical Wellness Services, Inc. ("MW") is not an active Florida corporation with principal place of business.

7. Admitted

8. Admitted

9. Admitted

10. Admitted

11. Admitted

12. Admitted

13. Admitted in part and denied in part. Specifically, the named Defendants deny "with no medical background or experience" as phrased. First, there is no statutory or other legal requirement that only individuals with licenses, background knowledge, training or experience in the medical field can be clinic owners in the state of Florida. Second, Lazaro Muse testified that he had sufficiently familiarized himself with all of the Florida legal requirements for ownership of a medical clinic before he opened "Muse Medical", a non-defendant in this case and thus, an immaterial fact.

14. Admitted

15. Admitted

16. Admitted

17. Admitted

18. Admitted

19. Admitted in part and denied in part. Specifically, the named Defendants deny as to the use of the words "on all aspects of the business". Also, the named Defendants deny that Mr. Muse hired HW medical director Dr. Goldstraj. (See Lazaro Muse affidavit).

20. Admitted in part and denied in part. The Defendants deny that "Ms. Muse provided information to Mr. Santos when he formed MW" as to the form of that allegation. Second, Mr. Muse denies that he hired Dr. Carrasco. (See Lazaro Muse affidavit).

21. Admitted

22. Admitted in part and denied in part. Denied as to the moniker of "Muse Clinics".

23. Admitted

24. Admitted

25. Admitted in part and denied in part. The named Defendants do not agree to the words "outside administrator" as that may be construed as something sinister. Equally, the Defendants do not agree to the word "purportedly". Healing Hands did not "purportedly provide training. HH actually performed training to individuals seeking to become licensed massage therapists and in modalities. We admit that Lazaro Muse is a co-owner of Healing Hands.

26. Without knowledge; denied.

27. Admitted; however, Fresh Water Aquaculture and Better Life Home Health have been inactive since September 23, 2016.

28. Admitted

29. Admitted expect that it is incomplete under the rule of completeness. This statement of fact should reflect that the $1,000.00 per month payments are not – as suggested by the Plaintiffs – without consideration. The undisputed testimony is that the $1,000.00 per month payment is an accommodation for legitimate monthly payment due to Mr. Muse for his legitimate consulting services to Pain Relief. (Deposition of Lazaro Muse pp. 269-271).

30. Admitted in Part and Denied in part. Confidence Billing is an inactive corporation. (See sunbiz.org and Lazaro Muse affidavit).

31. Admitted

32. Admitted

33. Admitted

34. Admitted

35. Admitted

36. Immaterial. Admitted; however, the named Defendants argue that the statute permitted licensed massage therapists to perform those services. This is a matter of statutory interpretation, not a question of fact.

37. Immaterial. Admitted; however, the named Defendants argue that the statute permitted licensed massage therapists to perform those services. This is a matter of statutory interpretation, not a question of fact.

38. Immaterial. Denied. See Report and Deposition Testimony of Defense Expert Nicholas Suite.

39. Immaterial. Denied in that this is a "cherry-picked" and misleading reference to Dr. Suite's deposition testimony. And, as stated above, Defendants argue that the

statute permitted licensed massage therapists to perform those services. This is a matter of statutory interpretation, not a question of fact.

40. Denied. In their answers to the amended complaint, the medical directors all denied that they were unfamiliar with the statutory record-keeping requirements. Moreover, the named Defendants aver that the affidavits relied upon by the Plaintiff ECF Nos. 178 and 179 are fraud and perjury. Additionally, the named Defendants rely upon the report and deposition testimony of Dr. Nicholas Suite.

41. Denied. As stated, Drs. Coll and Carrasco in their answers to the amended complaint denied that they did not meet the standard of care. Moreover, the named Defendants aver that the affidavits relied upon by the Plaintiff ECF Nos. 178 and 179 are fraud and perjury. Additionally, the named Defendants rely upon the report and deposition testimony of Dr. Nicholas Suite.

42. As phrased, denied. MW closed in 2017. Its owner while in operation – Noel Santos – has testified that MW produced all records immediately available but added that additional records were or might be located at a local warehouse and the Plaintiffs did not seek to inspect the records at that warehouse to determine whether additional records, including patient files, existed therein. (Noel Santos deposition p. 71).

43. Denied. First, as phrased, the quotation marks surrounding the word "business consultant" are totally improper because they suggest that Defendant Lazaro Muse used that moniker but was truly an owner of MW. Mr. Muse testified that he was a business consultant for MW, not as "business consultant" for MW. Second, the Plaintiffs recklessly throw out an allegation that Mr. Muse did not have a legally required business associate agreement but provide no law, law rule or statute to

5

support that such document was a legal requirement. In other words, this is a classic use of "admission by silence", which is totally inappropriate. Third and last Lazaro Muse has testified that as a business consultant for MW, he performed the duties for which he was hired. (See, Lazaro Muse deposition and affidavit).

44. Denied. See Report and deposition of Nicholas Suite.

45. Denied. This is an opinion from a non-expert. Defense expert Dr. Nicholas Suite has testified that the medical records were sufficiently documented, including x-ray results regarding patients' treatment.

46. Denied. This is an opinion from a non-expert. Defense expert Dr. Nicholas Suite has testified that the medical records were sufficiently documented, including the modalities performed.

47. Admitted except that there is no law, statute or rule that required there to be any "polices reflecting record keeping standards" for the clinic. Again, this is a classic example of "admission by silence". The fact that something did not happen or did not exist does not establish guilt or an inference of guilt unless the Plaintiffs can establish the absence of something that legally was required to exist or happen.

48. Denied. First, as phrased, the quotation marks surrounding the word "business consultant" are totally improper because they suggest that Defendant Lazaro Muse used that moniker but was truly an owner of Pain Relief. Mr. Muse testified that he was a business consultant for Pain Relief, not as "business consultant" for Pain Relief. Second, the Plaintiffs recklessly throw out an allegation that Mr. Muse did not have a legally required business associate agreement but provide no law, law rule or statute to support that such document was a legal requirement. In other

words, this is a classic use of "admission by silence", which is totally inappropriate. Third and last Lazaro Muse has testified that as a business consultant for Pain Relief, he performed the duties for which he was hired. (See, Lazaro Muse deposition and affidavit).

49. Denied. This is an opinion from a non-expert. Defense expert Dr. Nicholas Suite has testified that the medical records were sufficiently documented, including x-ray results regarding patients' treatment.

50. Denied. This is an opinion from a non-expert. Defense expert Dr. Nicholas Suite has testified that the medical records were sufficiently documented, including the modalities performed.

**\*\* As for Statement of Facts Nos. 51-62, the named Defendants answer those only relative to the period of time when Beatriz Muse owned and operated HW, but note that based on her statute of limitations defense, those factual allegations are irrelevant and immaterial. \*\***

51. Denied. While Dr. Goldstraj testified that he could have been a better medical director at HW, he was quite clear that he met the standard of care in his compliance with the statutes governing record keeping that applied to HW. He also added that patient care was never compromised. (Dr. Goldstraj deposition p. 269).

52. Admitted but any liability for Dr. Franco's shortcoming does not apply to any of the named Defendants herein because Beatriz Muse was no longer an owner of HW while Dr. Franco was its medical director.

53. Admitted but irrelevant because there mere inability to read some handwriting here or there which has nothing to do with the issues in this case. Again, this is an example of "admission by silence" which is totally inappropriate.

54. Denied. First, as phrased, the quotation marks surrounding the word "business consultant" are totally improper because they suggest that Defendant Lazaro Muse used that moniker but was truly an owner of HW. Mr. Muse testified that he was a business consultant for HW, not as "business consultant" for HW. Second, the Plaintiffs recklessly throw out an allegation that Mr. Muse did not have a legally required business associate agreement but provide no law, law rule or statute to support that such document was a legal requirement. In other words, this is a classic use of "admission by silence", which is totally inappropriate. Third and last Lazaro Muse has testified that as a business consultant for HW, he performed the duties for which he was hired. (See, Lazaro Muse deposition and affidavit).

55. Admitted as phrased but denied generally as per the rule of completeness. Drs. Goldstraj and Franco were legally required by statute as medical directors to follow the record keeping requirements for the clinics that employed them. And while they may not have seen or been consulted on those, they admitted that they met those duties at the clinics nevertheless. Thus, under the rule of completeness, this statement of fact is denied.

56. Denied as phrased. Again, under the rule of completeness, Dr. Goldstraj testified that he satisfactorily performed his duties at HW. (Dr. Goldstraj Deposition p. 269).

57. Denied. This is an opinion from a non-expert. Defense expert Dr. Nicholas Suite has testified that the medical records were sufficiently documented, including x-ray results regarding patients' treatment.

58. Denied. Beatriz Muse testified that efforts were made to collect payments from patients while she owned HW. (Deposition of Beatriz Muse p. 102).

59. Denied. Beatriz Muse testified that efforts were made to collect payments from patients while she owned HW. (Deposition of Beatriz Muse p. 102).

60. Admitted as phrased but denied generally because of the rule regarding admission by silence. It was not within the purview of the medical directors to see patients paying a co-payment or a deductible.

61. Denied. Beatriz Muse testified that efforts were made to collect payments from patients while she owned HW. (Deposition of Beatriz Muse p. 102).

62. Denied. Beatriz Muse testified that efforts were made to collect payments from patients while she owned HW. (Deposition of Beatriz Muse p. 102).

63. Admitted as phrased but denied generally because of the rule regarding admission by silence. It was not within the purview of the medical directors to see patients paying a co-payment or a deductible.

64. Admitted as phrased but denied generally because of the rule regarding admission by silence. Moreover, as stated above, Noel Santos testified that there might be records of copayments and deductible at the warehouse which the Plaintiffs refused to seek to inspect. Last and most important, the Florida statute does not require actual collection of copayments or deductible, rather a good faith basis to collect and Noel Santos testified that MW.   (Noel Santos Deposition p. 71).

65. Admitted except that there is no law, statute or rule that required there to be any "polices reflecting record keeping standards" for the clinic. Again, this is a classic example of "admission by silence". The fact that something did not happen or did not exist does not establish guilt or an inference of guilt unless the Plaintiffs can establish the absence of something that legally was required to exist or happen.

66. Denied. (Noel Santos Deposition p. 71).

67. Denied as phrased because the Statement of Fact misleads and misinterprets the actual colloquy of p. 42 of Noel Santos's deposition which went as follows:

    Q: "All right, let me ask you, do you know what a copayment is?

    A: As far as I know it's a deductible.

    Q: Is there a difference between a copayment and a deductible?

    A: As far as I know I worked with a 20 percent that should be paid to the clinic by the patient and 80 percent will be paid by the insurance.

    Q: Is 20 percent a copayment or deductible?

    A: Deductible.

    Q: What made you think that patients were responsible to pay 20 percent?

    A: They signed the documents at that time committing themselves to pay that 20 percent."

    (See Deposition of Noel Santos p. 42). Clearly, Noel Santos knew that for the billings, the insurance would cover 80% and the patient would cover 20%. Thus whether the 20% is labeled as copayment or deductible it has the same legal and factual application and meaning and that it is the responsibility of the patient to cover that charge. Nothing more, nothing less.

**\*\* As for Statement of Facts Nos. 68-71, the named Defendants do not include Pain Relief, we neither admit nor deny those facts.\*\*\***

68. NA

69. NA

70. NA

71. NA

72. Admitted

73. Admitted

74. Admitted

75. Denied as the named Defendants deny there was any "scheme". Furthermore, the named Defendants allege that the Plaintiffs either knew or should have known of the activity giving rise to the amended complaint as all of the information that they compiled in support of the amended complaint existed during the years in which they were making payments to the various clinics.

76. Denied as there was no scheme. Further, there is no record evidence other than allegation about the amounts paid by Plaintiffs to the Defendants and that remains a fact to be proven at trial.

77. Denied as there was no scheme. Further, there is no record evidence other than allegation about the amounts paid by Plaintiffs to the Defendants and that remains a fact to be proven at trial.

78. Without knowledge

WHEREFORE, Defendants have replied to the Plaintiffs' Statement of facts.

Respectfully submitted,

s/ Richard J. Diaz

_____

Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 13th day of November, 2019.

s/ Richard Diaz

_____
Richard J. Diaz, Esq.