

Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.

_____/

### AFFIDAVIT OF DAVID SPECTOR IN OPPOSITION TO DEFENDANT
### JESUS LORITIES' MEMORANDUM OF LAW IN SUPPORT OF HIS
### <u>NOTICE OF MOTION TO DISQUALIFY COUNSEL</u>

STATE OF FLORIDA          )
                          ) ss:
County of Palm Beach      )

BEFORE ME, personally appeared David I. Spector, who, upon being duly sworn, deposes and states:

1.    I am over the age of eighteen (18) and competent to testify herein.

2.    I was admitted to the Florida Bar on September 27, 1996.

3.    From approximately 2009 through February 2019, I was a partner at Akerman LLP

("Akerman") in the West Palm Beach office.  When I joined the firm, it was known as Akerman

Senterfitt & Eidson, P.A.

1

4.     In February 2019, I departed Akerman and joined Holland & Knight as a partner in its West Palm Beach office.

5.     During my tenure with Akeman LLP, I never worked on any engagements with Everett Wilson. Mr. Wilson was a partner of Akerman's health care practice group in the Miami office.

6.     In contrast, I started in Akerman's labor and employment group and subsequently built a national trial practice devoted to the investigation and litigation of complex fraud schemes, and unfair and deceptive practices, on behalf of the largest U.S. insurance companies and self-insured retailers, which ultimately became its own practice group at Akerman.

7.     I began representing State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (the "State Farm Plaintiffs") in or around 2010, and continue to do so through the present.  I am lead counsel in the above styled litigation filed by the State Farm Plaintiffs.

8.     I reviewed Defendant Lorites' Memorandum of Law in Support of his Notice of Motion to Disqualify Counsel, [ECF No. 166], Dr. Lorites' Motion to Disqualify ("Motion to Disqualify").  Accordingly, I reviewed the engagement letter between Akerman and Dr. Lorites dated July 14, 2011 attached to the Motion to Disqualify.

9.     Prior to receipt of the Motion to Disqualify, I had never seen or been made aware of the July 14, 2011 engagement letter.

10.     On July 18, 2019, Holland & Knight began the deposition of Dr. Lorites.  After lunch, Dr. Lorites' counsel advised me that Dr. Lorites had previously been represented by Mr. Wilson at Akerman in connection with Dr. Lorites' relationship with an entity that is unrelated to this litigation, Wellmax Medical Center of Allapattah, LLC.

11.     As I stated on the record at the deposition, prior to July 18, 2019, I did not know that Dr. Lorites had been a client of Akerman.

12.     I have never represented Dr. Lorites in any matter and I am not aware of any other lawyer or staff member who works on matters for State Farm having done so.

13.     I never communicated with Mr. Wilson, in any fashion, about Dr. Lorites and I am not aware of any other lawyer or staff member who works on matters for State Farm having done so.

14.     I never reviewed, nor am aware of, any information which may have been provided by Dr. Lorites to Akerman and I am not aware of any other lawyer or staff member who works on matters for State Farm having done so.

15.     I have no information, confidential or otherwise, regarding Dr. Lorites obtained by Mr. Wilson or any other lawyer that was employed at Akerman regarding any representation of Dr. Lorites.

16.     Prior to Dr. Lorites appearing at his deposition on July 18, 2019, I never communicated with, nor met, Dr. Lorites and I am not aware of any other lawyer or staff member who works on matters for State Farm having done so.

17.     I never acquired any knowledge of any confidential information derived from Akerman's prior representation of Dr. Lorites and I am not aware of any other lawyer or staff member who works on matters for State Farm having done so.  Because I never acquired any knowledge of any confidential information derived from Akerman's prior representation of Dr. Lorites, I have not used any information relating to any such representation by Akerman to the disadvantage of Dr. Lorites.

18.     Holland & Knight LLP has never represented Dr. Lorites.

3

19.     The disqualification of myself and Holland & Knight LLP at this stage in the litigation would result in undue prejudice to the State Farm Plaintiffs. I have represented the State Farm Plaintiffs in this litigation for its entire duration. As counsel for the State Farm Plaintiffs, I, along with the other lawyers and professionals at Holland & Knight litigated dismissal motions, *see* [ECF Nos. 34, 42, & 65] (Dr. Lorites' Motion to Dismiss, Dr. Colls' Motion to Dismiss, and Health & Wellness Services, Inc.'s Motion to Dismiss), obtained written discovery and production from the Defendants, taken twelve depositions, and defended two depositions.

20.     Through these efforts, I obtained considerable information on behalf of the State Farm Plaintiffs which is crucial at this stage of the litigation with mediation, pre-trial motion deadlines and trial looming in the coming months.  To require the State Farm Plaintiffs to hire new counsel at this stage after more than a year in litigation would cause the State Farm Plaintiffs undue prejudice.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
David I. Spector, Esq.

The foregoing instrument was sworn to and subscribed before me this 13th day of November, 2019, by **DAVID I. SPECTOR, ESQ.**, who is:

☑     personally known to me; or

☐     produced a driver's license issued by the _____ Department of Highway Safety and Motor Vehicles as identification; or

☐     produced the following identification: _____



KIMBERLY T. ROARK
MY COMMISSION # FF 950018
EXPIRES: February 27, 2020
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
Kimberly T. Roark
(Print, Type or Stamp Commissioned Name of Notary Public)

4