**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:18-CV-23125-RNS**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS BEATRIZ MUSE,
LAZARO MUSE, NOEL SANTOS, AND MEDICAL WELLNESS SERVICES, INC.'S
MOTION TO REVEAL THE DEAL(S) BETWEEN PLAINTIFFS AND DOCTORS
ANGEL CARRASCO AND JORGE COLL**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and

Casualty Company (collectively the "State Farm Plaintiffs"), hereby file this Response in

opposition to the Motion to Reveal the Deal(s) (the "Motion") filed by defendants Beatriz Muse,

Lazaro Muse, Noel Santos (the "Muse Family"), and Medical Wellness Services, Inc. ("Medical

Wellness") (collectively the "Muse Defendants") [ECF No. 188] and in support state:

I.    **INTRODUCTION & BACKGROUND**

In this action, the State Farm Plaintiffs sued three health care clinics, the three individuals

who controlled those clinics' operations, and the medical directors charged with supervising

treatment performed at the clinics for their collective scheme to unlawfully obtain payment of

Personal Injury Protection ("PIP") benefits of the State Farm Plaintiffs' insureds.  As part of this scheme, the Defendants collectively caused to be submitted thousands of insurance claims for services the Defendants represented were medically necessary and lawfully rendered when they were not.  In particular, the treatment purportedly rendered at Defendants Health and Wellness Services, Inc. ("Health & Wellness"), Medical Wellness, and Pain Relief Clinic of Homestead, Corp. ("Pain Relief") (collectively the "Muse Clinics") was performed pursuant to a Predetermined Treatment Plan geared toward maximizing insurance payments at the expense of providing individualized care to the Muse Clinics' patients.

The Predetermined Treatment Plan was made possible by defendants Dr. Hugo Goldstraj, Dr. Manuel Franco, Dr. Angel Carrasco, Dr. Jorge Coll, Dr. Jesus Lorites and Dr. Jose Gomez-Cortes (the "Muse Medical Directors") who failed to adequately supervise treatment performed at the Muse Clinics to ensure it was not fraudulent or unlawfully rendered, it was performed by appropriately licensed practitioners pursuant to valid prescriptions, and record keeping standards were properly followed.  The overarching scheme alleged by the State Farm Plaintiffs was created by the Muse Family who were the owners, billers, landlords, and consultants to the Muse Clinics, who exercised complete control over those clinics' operations and the unlawful conduct which took place at each one.  As a result of the foregoing conduct, the State Farm Plaintiffs sued each of the Defendants for fraud, violations for Florida's Unfair and Deceptive Trade Practices Act ("FDUTPA"), unjust enrichment and declaratory relief.

Fact discovery in this case was closed on August 30, 2019.  On September 24, 2019, the Muse Defendants filed a motion (the "First Motion)[1] asking this Court to reopen fact discovery to

---

[1] The full title of the Motion is: Defendants' Motion for Order to Reopen Discovery for Limited Purpose of Deposing Two Witnesses/Co-Defendants Who Have Cut Deals with the Plaintiff Post

allow them to take depositions they failed to take during the eleven months of discovery afforded by the Scheduling Order and Order of Referral to Mediation ("Scheduling Order") [ECF No. 48]. The State Farm Plaintiffs' filed their response on September 30, 2019, *see* [ECF No. 150], and the Muse Defendants filed a reply in support of their First Motion on October 1, 2019, *see* [ECF No. 151]. The First Motion remains pending. On October 10, 2019, the Muse Defendants' filed their Supplemental Motion and argued the State Farm Plaintiffs waited until after the close of fact discovery to disclose the affidavits of Drs. Coll and Carrasco, which the Muse Defendants failed to raise in the First Motion. *See* [ECF No. 153]. This Supplemental Motion also remains pending.

In essence, the Muse Defendants ask this Court re-open discovery to receive the documents surrounding any settlement agreements. Furthermore, the Muse Defendants' Motion incorrectly states the State Farm Plaintiffs "settled with Drs. Angel Carrasco and Jorge Coll." *See* the Motion at ¶1. The State Farm Plaintiffs reached a settlement agreement only with Dr. Jorge Coll, and pursuant to that agreement, dismissed him as a Defendant in this lawsuit.

II.  **ARGUMENT**

    A.  **DEFENDANTS' MOTION FAILS TO CITE ANY RULE OR LAW THAT WOULD ENTITLE THEM TO THE SETTLEMENT AGREEMENT AND RELATED COMMUNICATIONS.**

On the surface, the Muse Defendants' Motion appears to center around the State Farm Plaintiffs' settlement agreement with other Defendants in this lawsuit and seeks the production of documents relating to said agreement. In particular, the Muse Defendants state: "we seek an order requiring full disclosure, not only of the settlement agreement, but all communications between counsel for these parties initiating settlement discussions and containing all offers and counter-

---

Discovery-Cit Off [sic] and Who Were Not Deposed and Are Expected to Be Called to Testify at Trial [ECF No. 143].

offers exchanged before the final settlement agreement was entered" *See* the Motion at ¶ 3. In fact, the Muse Defendants fail to cite any case law or rule that entitles them to receive the settlement agreement or communications from the State Farm Plaintiffs.

The remainder of the Motion and incorporated memorandum of law, however, revisits a completely different—and fully briefed–issue, relating to the timing of the Affidavits of Drs. Carrasco and Coll, which the Muse Defendants contend will disrupt this Court's scheduling order. *See* [ECF No. 143], Defendants' Motion for Order to Reopen Discovery for Limited Purpose of Deposing Two Witnesses/Co-Defendants Who Have Cut Deals with the Plaintiff Post Discovery-Cit Off (sic) and Who Were Not Deposed and Are Expected to Be Called to Testify at Trial ("Motion for Order to Re-Open Discovery").; [ECF No. 150], Plaintiffs' Response to Defendants Motion for Order to Re-Open Discovery; [ECF No. 151], Defendants' Reply to Plaintiffs' Response to Motion for Order to Re-open Discovery; [ECF No. 152], Defendants' Supplement to Their Motion for Order to Re-open Discovery; [ECF No. 155], Plaintiffs' Response to Defendants' Reply and Supplemental Motion for Order to Re-Open Discovery. The Muse Defendants' motion focuses on their belief the State Farm Plaintiff's "sandbagged" them regarding the possible affect the affidavits will have on the current trial date.

As previously stated, the Muse Defendants' argument is without merit. Rule 26 requires each party to disclose the name, address, and telephone number of each witness it expects to present, other than solely for impeachment. Fed. R. Civ. P. 26(a)(1) and 26(a)(3)(A). "Nothing in the text of Rules 26(a)(1) or 26(e) requires a party to disclose all the information that a witness may possess. Rather, 26(a)(1) only requires disclosure of the "subjects of" information known to a potential witness." *Brown v. Chertoff*, 2009 WL 50163, at *6 (S.D. Ga. Jan. 7, 2009) aff'd sub nom. *Brown v. Napolitano*, 380 Fed. Appx. 832 (11th Cir. 2010). The State Farm Plaintiffs

identified Drs. Carrasco and Coll in their Initial Disclosures as witnesses who have discoverable information concerning the operations, billing, and treatment performed by Medical Wellness. *See* **Exhibit 1**, Plaintiffs' October 25, 2018 Initial Disclosures. Furthermore, on November 21, 2018, these Defendants listed Drs. Coll and Carrasco as witnesses on their Initial Disclosure. *See* [ECF No. 56], Defendants' Medical Wellness Services, Inc. and Noel Santos' Initial Disclosure Statement. Thus, from as early as October 25, 2018, but certainly by November 21, 2018, the Muse Defendants knew of the Affiants and their specific knowledge of discoverable information. Nevertheless, the Muse Defendants strategically chose not to depose either Drs. Coll or Carrasco.

>    **B.    ANY SETTLEMENT BETWEEN THE STATE FARM PLAINTIFFS AND DR. COLL IS CONFIDENTIAL.**

The settlement between Dr. Coll and the State Farm Plaintiffs' is confidential. The State Farm Plaintiffs are only permitted to disclose the terms if this Court requires them do to so. This is particularly true where counsel for Dr. Coll objected to the relief requested in the Muse Defendants' Motion. *See* [ECF No. 188], Mot. to Reveal the Deal at 3-4 (Rule 7.1 certification reflects that counsel for Dr. Coll objected to the relief sought.) Absent an order from this Court, the State Farm Plaintiffs must abide by the terms of the agreement. Moreover, as set forth above, the Muse Defendants have asserted no law which requires this Court to order the State Farm Plaintiffs to make such disclosure. Unless and until such a showing is made, the State Farm Plaintiffs must maintain the confidentiality of their settlement with Dr. Coll.

>    **C.    THE COMMUNICATIONS SURROUNDING THE COLL SETTLEMENT ARE NOT DISCOVERABLE.**

Courts have routinely held communications surrounding settlement agreements are not discoverable. *See Silver Streak Trailer Company, LLC v. Thor Industries, Inc.*, No. 18-14126-CIV, 2018 WL 8367073 (S.D. Fla. Nov. 15, 2018) (holding that production of documents reflecting settlement negotiations was not permissible because settlement negotiations are not relevant to a

claim or defense); *Finnerty v. Stiefel Laboratories, Inc.*, No. 09-21871-CV, 2011 WL 5842799, at *5 (S.D. Fla. Nov. 21, 2011) (holding that communications reflected compromise negotiations to reach a settlement, thereby deeming them inadmissible under F.R.E. 408). *See also White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368 - 69 (N.D. Ill. 2001). ("This court will not require [plaintiffs] to provide any correspondence or documentation relating to the settlement negotiations. The negotiations themselves do not impact the scope of liability and have no probative value. The settlement agreement, if any, is the culmination of the negotiations and any positions taken by the parties prior to any final agreement are insignificant." The court further reasoned if the documents and communications relating to the negotiations were subject to disclosure, this would undermine the important policy of promoting settlement. ); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div. Inc.*, No. 05-2164, 2007 WL 1246216 (D. Kan. 2007) (holding that discussions and negotiations behind settlement agreement were not discoverable because such communications were irrelevant to the ongoing litigation).

The Southern District addressed precisely this issue in *Silver Streak Trailer Company, LLC v. Thor Industries, Inc.*, No. 18-14126-CIV, 2018 WL 8367073 (S.D. Fla. Nov. 15, 2018). In *Silver Streak*, defendant sought an order compelling production of documents that encompass all communications relating to the settlement. The court denied the motion as to such communications, holding that discussions held to reach settlement are not relevant to claims or defenses. *Id.* at *7. Similarly here, the Muse Defendants seek an order requiring the full disclosure of "all communications between counsel for these parties initiating settlement discussions and containing all offers and counter-offers exchanged." *See* the Motion at ¶ 3. Applying the *Silver Streak* analysis, the settlement communications between counsel for the State Farm Plaintiffs and the settled party, Dr. Coll, have no relevance to the ongoing litigation and to order the production

6

of same, could have far negative implications for other potential settlements. As such, this Court should deny the Muse Defendants' request for an order compelling the production of settlement communications between the State Farm Plaintiffs and Dr. Coll.

## III.   CONCLUSION

For the foregoing reasons stated herein, the Muse Defendants' Motion to reveal the deal should be denied.

DATED: November 21, 2019                              By: /s/ David Spector, Esq.

DAVID SPECTOR (FBN: 086540)
david.spector@hklaw.com
CAITLIN SALADRIGAS (FBN: 095728)
caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:  (561) 650-8399
*Attorneys for the State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

/s/ *David Spector, Esq.*
David Spector, Esq. (FBN: 086540)

#71526591_v9

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email** | Louis V. Martinez, Esq.<br>**DIAZ, REUS & TARG LLP**<br>3400 Miami Tower<br>100 SE 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 375-9220<br>Facsimile: (305) 375-8050<br>Email: lvmartinez@aol.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email** |
| Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>      kbparkerlaw@gmail.com<br>      parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email** | Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL 33012<br><br>   - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL 33175<br>*In Pro Se*<br>**Served via U.S. Mail** |
| Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** | Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL 33180<br>*In Pro Se*<br>**Served via U.S. Mail** |

#71526591_v9