## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE and CASUALTY
COMPANY
                Plaintiff,

        vs.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE,
HUGO GOLDSTRAJ, MANUEL FRANCO,
MEDICAL WELLNESS SERVICES, INC.,
NOEL SANTOS, ANGEL CARRASCO, JORGE
RAFAEL COLL, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES and
JOSE GOMEZ-CORTES,

           Defendants.
_____/

### DEFENDANTS' MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE AND BEATRIZ MUSE'S REPLY TO PLAINITFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO REVEAL THE DEAL(S) BETWEEN PLAINTIFFS AND DOCTORS ANGEL CARRASCO AND JORGE COLL [D.E.227]

Defendants, **MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE** and **BEATRIZ MUSE** file this Reply and state:

Defendants' initial motion was contained within 4 pages; Plaintiffs' response, not surprisingly, is 7 pages long. This Reply is 2 pages long and is plain and simple.

Plaintiffs believe that unless there is a case that meets a legal issue "on all fours", the moving party must lose; that is not the case. Although the cases which the Plaintiffs cite are generically correct on the general principal that, in and of itself, a confidential settlement  - and indeed even a settlement - which may not have been intended to be confidential, may be protected from

1

disclosure in or outside of litigation, none of the facts therein are even remotely similar to those here where settlement negotiations (and the ultimate settlement) were negotiated in order to convert Drs. Coll and Carrasco into witnesses for the Plaintiffs, and where the Plaintiffs deliberately withheld that from disclosure in blatant violation of their ongoing and continuing disclosure obligations under Rule 26. That conduct could warrant dismissal of the amended complaint and further sanctions.

To remind this Court, the discovery cut off for fact witnesses was August 30, 2019; the affidavits of Carrasco and Coll are dated July 17, 2019 and August 22, 2019 respectively; the Plaintiff secretly concealed the deals they made with Drs. Carrasco and Coll until September 25, 2019, one month after the discovery cut-off. But for that misconduct, there is no question that the Defendants would have sought to take their depositions and be entitled to ask for them to reveal the deals. There is no question that defendants both in criminal and civil cases, have a due process right to confront witnesses and evidence against them. Litigation cannot and should not be by "gotcha" and by surprise. Not only is the Plaintiffs' conduct wrong; it is absolutely reprehensible and this Court should deal with it accordingly.

Based on the foregoing, Defendants' motion to reveal the deals should be granted.

Respectfully submitted,

 s/ Richard J. Diaz
_____
Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 22nd day of November, 2019.

s/ Richard Diaz
_____
Richard J. Diaz, Esq.