UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL RESPONSE TO SUBPOENA TO AKERMAN
LLP AND RESPONSE TO DEFENDANT JESUS LORITES' OBJECTION TO
PLAINTIFFS' NOTICE OF INTENT TO SERVE SUBPOENA ON THIRD PARTY
AND MOTION TO QUASH SUBPOENA**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), hereby file this Motion to compel a response to the Subpoena to Akerman LLP ("Akerman") and Response in opposition to "Defendant, Jesus Lorites' Objection to Plaintiff's [sic] Notice of Inent [sic] to Serve Subpoena on Third Party and Motion to Quash Subpoena" (the "Motion") [ECF No. 190] and in support state:

I. **INTRODUCTION**

On October 30, 2019—more than 14 months after he was served with process in this action—Dr. Jesus Lorites ("Dr. Lorites") moved to disqualify counsel for the State Farm Plaintiffs, Holland & Knight LLP ("H&K") and David Spector ("Mr. Spector"). *See* [ECF No. 166], "Defendant Jesus Lorites' Memorandum of Law in Support of His Notice of Motion to Disqualify Counsel" (referred to herein as the "Motion to Disqualify"). As discussed in the State Farm

Plaintiffs' Response, *see* [ECF No. 204], the Motion to Disqualify should be denied for two primary reasons. First, Dr. Lorites waived any right he may have had to seek disqualification by failing to move with reasonable promptness. Second, Dr. Lorites failed to establish that H&K and Mr. Spector's current representation of the State Farm Plaintiffs violates any Rules of Professional Conduct.

Dr. Lorites' Motion to Disqualify is premised on an alleged violation of Rule of Professional Conduct 4-1.9(a) ("Rule 4-1.9"), which pertains to a conflict between a lawyer and a former client. Rule 4-1.9 has no application to H&K. In fact, the comment to Rule 4-1.9 explicitly states "[w]ith regard to disqualification of a **firm** with which a lawyer is associated, see rule 4-1.10." (emphasis added). Rule 4-1.9 also has no application to Mr. Spector because Dr. Lorites never had a direct attorney-client relationship with Mr. Spector. *See RJSG Properties, LLC v. Marbella Condo. Developers, LLC*, No. 3:08CV302-MCR-EMT, 2009 WL 3581637, at *7 (N.D. Fla. Oct. 28, 2009) (finding that Rule 4-1.9 did not apply to attorney, whom the plaintiff sought to disqualify, because the attorney was not involved in the representation of the plaintiff at his prior firm).

In any event, counsel for the State Farm Plaintiffs requested Dr. Lorites provide written authorization so the State Farm Plaintiffs could obtain records from Akerman pertaining to the scope of Dr. Lorites 2011 engagement. Dr. Lorites asserts he retained Akerman in 2011 to review a medical director contract related to his work at Wellmax Medical Center of Allapattah, LLC ("Wellmax"), which is not a defendant in this matter. Dr. Lorites paid a $2,500 retainer for these services. Notwithstanding the explicit terms of the retainer agreement, Dr. Lorites contends he continued to be represented by Akerman for the next 7 years. The Subpoena requests seven categories of documents, including retainer agreements, billing records, and payment records, which should establish the extent to which Akerman continued to represent Dr. Lorites after the $2500 retainer was exhausted and whether Everett Wilson's ("Mr. Wilson") counsel extended beyond Wellmax. This information is imperative because H&K and Mr. Spector have no knowledge of Mr. Everett's 2011 representation of Dr. Lorites aside from the self-serving evidence offered by Dr. Lorites, which significantly restricts their ability to rebut Dr. Lorites' assertion that this lawsuit is "the same or a substantially related matter" in which Mr. Wilson previously represented Dr. Lorites under Rule 4-1.9.

#71480773_v8

Dr. Lorites expressly put Mr. Wilson's prior representation of Dr. Lorites at issue in this case, yet he refused to provide written authorization. Accordingly, the State Farm Plaintiffs issued a subpoena to obtain same from Akerman. Despite bringing the Motion to Disqualify four (4) months before trial, Dr. Lorites asserted privilege[1] and instructed Akerman's General Counsel not to respond to State Farm's subpoena. *See* [ECF No. 190], the Motion. As discussed below, Florida law does not allow such an assertion of privilege where a party has put the privilege at issue. Consequently, the Court should deny Dr. Lorites' Motion, overrule his objections to the Subpoena, and issue an order compelling the production of the documents requested in the Subpoena.

## II. ARGUMENT

### A. DR. LORITES WAIVED ATTORNEY-CLIENT PRIVILEGE

Dr. Lorites waived the attorney-client privilege by moving to disqualify the State Farm Plaintiff's counsel based on an alleged violation of Rule 4-1.9, which put at issue the nature and scope of Mr. Wilson's prior representation of Dr. Lorites. Implied waiver of the attorney-client privilege occurs "where a party voluntarily injects either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications." *Travelers Cas. & Sur. Co. of Am. v. Grace & Naeem Uddin, Inc.*, No. 08-61868-CIV, 2009 WL 10667831, at *2 (S.D. Fla. Oct. 23, 2009) (citation omitted). "The Eleventh Circuit has noted that 'courts have found waiver by implication' in three circumstances: (1) 'when a client testifies concerning portions of the attorney-client communication'; (2) 'when a client places the attorney-client relationship directly at issue'; and (3) 'when a client asserts reliance on an attorney's advice as an element of a claim or defense.'" *Zarrella v. Pac. Life Ins. Co.*, No. 10-60754-CIV, 2011 WL 2447519, at *4 (S.D. Fla. June 15, 2011) (*quoting Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994), *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994)).

Dr. Lorites impliedly waived the attorney-client privilege by two separate means. Not only has Dr. Lorites impliedly waived the attorney-client privilege by placing his prior attorney-client relationship with Mr. Wilson directly at issue in the Motion to Disqualify by asserting a violation of Rule 4.1-9, but also by submitting an affidavit which discusses Dr. Lorites' communications with Mr. Wilson.

---

[1] Dr. Lorites also moved to quash the Subpoena on the ground that it fails to allow a reasonable time to comply because the response deadline, November 11, 2019, was Veterans Day. *See* [ECF No. 190 at ¶ 3]. Because this objection has been rendered moot by the expiration of the deadline, the State Farm Plaintiffs do not address this ground in its Response.

3

#71480773_v8

By seeking to disqualify H&K and Mr. Spector based on a violation of Rule 4-1.9, Dr. Lorites has put at issue whether this lawsuit is "the same or a substantially related matter" in which Mr. Wilson previously represented Dr. Lorites. *See* R. Regulating Fla. Bar 4-1.9(a). The Comment to Rule 4-1.9 provides that "[m]atters are 'substantially related' ... if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." R. Regulating Fla. Bar 4-1.9 comment. "'[W]hether the two matters are substantially related depends upon the specific facts of each particular situation or transaction.'" *Stone v. Bowen*, No. 17-14050-CIV, 2017 WL 3017709, at *3 (S.D. Fla. July 14, 2017) (*quoting In re Weinhold*, 380 B.R. 848, 853 (Bankr. M.D. Fla. 2007)). By injecting factual issues pertaining to the scope and nature of Mr. Wilson's prior representation, Dr. Lorites impliedly waived privilege.

Fairness, one of the primary considerations in determining whether an implied waiver has occurred, also mandates waiver here because knowledge of Mr. Wilson's prior representation of Dr. Lorites is exclusively in the domain of Akerman, Mr. Wilson, and Dr. Lorites. *See Travelers Cas. & Sur. Co. of Am.*, 2009 WL 10667831 at *2. As demonstrated by Mr. Spector's Affidavit, Mr. Spector: (a) never worked with Mr. Wilson on any engagements for Dr. Lorites while associated with Akerman; (b) never acquired knowledge of any material confidential information derived from Mr. Wilson's representation of Dr. Lorites; and (c) did not know Dr. Lorites was a former client of Akerman until Dr. Lorites disclosed this information at his July 18, 2019 deposition, at which time Mr. Spector was no longer associated with Akerman. *See* [ECF No. 204], D. Spector Aff. ¶¶ 11, 13, and 14. Without the documents requested in the Subpoena, which pertain to the scope and nature of Mr. Wilson's prior representation of Dr. Lorites, the State Farm Plaintiffs would not have a fair opportunity to rebut Dr. Lorites' assertion that this lawsuit is "the same or a substantially related matter" in which Mr. Wilson previously represented Dr. Lorites because Mr. Spector is devoid of knowledge of the prior representation.

Dr. Lorites also impliedly waived the attorney-client privilege by submitting an affidavit which discloses attorney-client communications with Mr. Wilson. *MapleWood Partners, L.P.*, 295 F.R.D. at 584 (recognizing that a holder of a privilege may waive the privilege by voluntary disclosure). As set forth below, Dr. Lorites disclosed his communications with Mr. Wilson in his Affidavit:

4

#71480773_v8

> 5. Over the course of Everett Wilson's representation of me, we would meet on several occasions and review the AHCA Requirements for Medical Directors and Forms that I was using as a Medical Director.
>
> 6. Beyond the issue of my contract renewal, I also sought the advice of Everett Wilson in regards to my obligations and responsibilities as a medical director for the various clinics for which I was affiliated.
>
> 7. Everett Wilson also solicited me in my capacity as a medical director to acquire medical clinics and work with him.
>
> 8. Everett Wilson represented me while I was working in my capacity as the Medical Director at Pain Relief Clinic of Homestead.
>
> 9. Everett Wilson also consulted me about proper billing methods and review as a Medical Director in accordance with AHCA guidelines.

*See* [ECF No. 166], Dr. Lorites' Motion to Disqualify, Ex. B at ¶ 5-9. Fundamental fairness precludes Dr. Lorites from selectively disclosing privileged communications with Mr. Wilson that Dr. Lorites views as favorable to his case, while claiming the shelter of privilege to avoid disclosing those that are less favorable. *See Solidda Grp., S.A. v. Sharp Elecs. Corp.*, No. 1224469CIVDIMITROULE, 2013 WL 12091057, at *5 (S.D. Fla. Mar. 19, 2013) ("The [selective disclosure] doctrine is based on the concept of fundamental fairness: 'to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable.'").

    **B.**    **DR. LORITES' GENERAL, BOILERPLATE OBJECTIONS ARE IMPROPER**

Dr. Lorites' objections are improper and should be over-ruled by the Court. First, Dr. Lorites' objections are directed to the Subpoena in its entirety, and thus constitute improper general objections. *See Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, at *2 (S.D. Fla. 2008) (noting the Southern District does not recognize general objections); *see also Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, at *2 (M.D. Fla. 2017) (recognizing general objections "serve no purpose other than to waste the reader's time"). According to the Rules, objections must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). General objections are "inadequate and tantamount to not making any objection at all" because they fail to satisfy the specificity requirement set forth in Rule 34. *Polycarpe*, 2017 WL 2257571, at *1 (citation omitted).

#71480773_v8

The improper nature of Dr. Lorites' general privilege objection is underscored by the fact the Subpoena does not exclusively seek privileged documents. For example, the First and Fourth Requests seek retainer agreements and payment records from Akerman, neither of which are privileged:

1. Any and all documents reflecting Dr. Lorites' engagement or retention of [Akerman] at any time.

4. Any and [all] documents reflecting payments [Akerman] received from Dr. Lorites associated with any invoices sent to Dr. Lorites by [Akeman] at any time.

Under Florida law, retainer agreements and payment records are not privileged. *Finol v. Finol*, 869 So.2d 666, 666 (Fla. 4th DCA 2004) (recognizing that attorney retainer agreements and payment records are not protected by attorney-client privilege; if the billing records reveal the mental impressions and opinions of counsel, this information could be redacted).

Second, Dr. Lorites' objections are boilerplate and not stated with the specificity required by Rule 34. *See* Fed. R. Civ. P. 34(b)(2)(B) (mandating that objections must "state with specificity the grounds for objecting to the request, including the reasons"); *see also Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless'"); *Polycarpe*, 2017 WL 2257571 at *2 (recognizing that the use of boilerplate objections "obstructs the discovery process, violates numerous rules of civil procedure and ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases"). Dr. Lorites merely states the legal ground for the objection—attorney client privilege—but fails to elaborate or provide any explanation or support for the objection. *See Polycarpe*, 2017 WL 2257571, at *3; *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584-85 (S.D. Fla. 2013) (recognizing "a party does not satisfy its burden of proving that a privilege applies by merely asserting a privilege).

C. **DR. LORITES' ALTERNATIVE REQUEST FOR AN *IN CAMERA* REVIEW OF THE REQUEST DOCUMENTS SHOULD BE DENIED**

The Court should deny Dr. Lorites' alternative request for an *in camera* review because at least some of the documents sought are not privileged and the State Farm Plaintiffs are therefore entitled to them. As discussed above, the First and Fourth Requests do not seek privileged documents, and Dr. Lorites has waived any privilege which may exist with regard to the other Requests included in the Subpoena by placing the scope of Mr. Wilson's prior representation at issue. Moreover, the State Fam Plaintiffs would be denied due process if the Court conducts an *in*

*camera* review to determine the merits of the Motion to Disqualify because the State Fam Plaintiffs would not be afforded an opportunity to address how the requested documents demonstrate this lawsuit is not "the same or a substantially related" to Mr. Wilson's prior representation of Dr. Lorites. As the Eleventh Circuit has recognized, *in camera* reviews conducted for factual determinations in a civil case violate the right of due process:

> This Court has recognized that "[o]ur adversarial legal system generally does not tolerate ex parte determinations on the merits of a civil case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. Unit B Sept. 1981). The right to due process "encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Id.*; *see also Lynn v. Regents of the University of California*, 656 F.2d 1337, 1346 (9th Cir. 1981) (holding that in camera review of tenure file for purpose of assisting factual determination in Title VII action violates due process), *cert. denied*, 459 U.S. 823, 103 S.Ct. 53, 74 L.Ed.2d 59 (1982).

*Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) (footnote omitted). Although it is permissible for the Court to conduct an *in camera* review to determine whether the documents requested in the Subpoena are privileged, conducting an *in camera* review to determine the merits of the Motion to Disqualify would be inappropriate here. *See id*.

In sum, the State Farm Plaintiffs are entitled to obtain these records in order to fully assess the viability Dr. Lorites' argument for disqualification under Rule 4-1.9.[2] If, however, this Court determines Rule 4-1.10 controls this dispute, the State Farm Plaintiffs agree to withdraw the subpoena.

### III. CONCLUSION

For the reasons set forth above, the State Farm Plaintiffs request the Court deny Dr. Lorites' Motion, overrule his objections to the Subpoena, and issue an order compelling the production of the documents requested in the Subpoena.

---

[2] If the Court finds Rule 4-1.9 controls the Motion to Disqualify **and** finds that Dr. Lorites did not waive attorney-client privilege with regard to Mr. Wilson's 2011 engagement the State Farm Plaintiffs would agree to Dr. Lorites' alternative request for an *in camera* review. Although this approach would deny the State Farm Plaintiffs the right of due process, the State Farm Plaintiffs have no reason to believe that these documents would be unfavorable to their position in response to the Motion to Disqualify.

#71480773_v8

DATED: November 22, 2019               By: */s/ David Spector, Esq.*

                 DAVID SPECTOR (FBN: 086540)
                 david.spector@hklaw.com
                 CAITLIN SALADRIGAS (FBN: 095728)
                 caitlin.saladrigas@hklaw.com
                 **HOLLAND & KNIGHT LLP**
                 222 Lakeview Avenue, Suite 1000
                 West Palm Beach, FL 33401
                 Telephone:  (561) 833-2000
                 Facsimile:   (561) 650-8399

                 *Attorneys for the State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

                 /s/ *David Spector, Esq.*
                 David Spector, Esq. (FBN: 086540)

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>CHRISTIAN CARRAZANA, P.A.<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>Served via email<br><br>Karen B. Parker, Esq.<br>KAREN B. PARKER, P.A<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email:  kparker@kbparkerlaw.com<br>            kbparkerlaw@gmail.com<br>            parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>Served via email<br><br>Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile:  (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>Served via email | Louis V. Martinez, Esq.<br>DIAZ, REUS & TARG LLP<br>3400 Miami Tower<br>100 SE 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 375-9220<br>Facsimile:  (305) 375-8050<br>Email: lvmartinez@aol.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>Served via email<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL  33012<br><br>   - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL  33175<br>*In Pro Se*<br>Served via U.S. Mail<br><br>Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL   33180<br>*In Pro Se*<br>Served via U.S. Mail |

#71480773_v8