UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT PAIN RELIEF CLINIC
OF HOMESTEAD'S IMPROPER SUMMARY JUDGMENT EXHIBITS**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), hereby move to strike the following documents defendant Pain Relief Clinic of Homestead, Corp.'s ("Pain Relief" or "Defendant") improperly included in its Omnibus Notice of Filing Affidavits and Exhibit in Opposition to the State Farm Plaintiffs' Motion for Summary Judgment ("Omnibus Notice") [ECF No. 200]:

1. Affidavit of Jose Gomez Cortes, M.D. ("Dr. Cortes");
2. Affidavit of Yaqueline Reyes ("Ms. Reyes");
3. Affidavit of Diana Hernandez ("Ms. Hernandez");
4. Defendant's Amended Written Responses to the State Farm Plaintiffs' First Request for Production, Nos. 51-52. ("Amended Responses").

The State Farm Plaintiffs ask the Court to strike these affidavits and documents from the record, disregard them for purposes of the State Farm Plaintiffs' Motion for Partial Summary Judgment, and preclude Pain Relief from using them at trial.

I. **INTRODUCTION AND BACKGROUND**

In violation of Rules 26(a), 26(e), and 37(c) of the Federal Rules of Civil Procedure, Pain Relief failed to serve initial disclosures and failed to identify any witnesses which had discoverable information and documents which it believed supported its defenses. Yet now, after the close of discovery, Pain Relief seeks to use evidence from undisclosed witnesses and undisclosed documents in a desperate attempt to defeat the State Farm Plaintiffs' Motion for Partial Summary Judgment. In addition, Pain Relief attempts to rely on the affidavit of its Medical Director, Dr. Cortes, who previously ignored Plaintiffs' attempts at discovery and disregarded this Court's Orders. As a result, he was defaulted. These untimely disclosures are without justification and prejudicial to the State Farm Plaintiffs, and the Court should strike all three affidavits as well as the late-produced documents.

The State Farm Plaintiffs filed their Motion for Partial Summary Judgment on October 30, 2019 [ECF No. 184], and Defendant filed its Response [ECF No. 202], as well as its Omnibus Notice [ECF No. 200] in support thereof on November 13, 2019. In the Response and Omnibus Notice, Defendant relies on the aforementioned undisclosed witness affidavits and documents, all of which should be struck.

First, Pain Relief submitted an affidavit from Dr. Cortes, who is a named defendant in this lawsuit and against whom a default has been entered. *See* [ECF Nos. 145-47, 200-2]. From the commencement of this case, Dr. Cortes—who is also Pain Relief's employee and medical director—failed to cooperate and avoided providing any information in discovery. The State Farm Plaintiffs properly served written discovery requests and noticed his deposition, but Dr. Cortes refused to respond to the discovery requests, produced no documents, and failed to appear to give testimony. *See* **Exs. 1, 2, & 3,** Plaintiffs' First Request for Production to Dr. Cortes, Plaintiffs' First Set of Interrogatories to Dr. Cortes, and Plaintiffs' Notice of Deposition to Dr. Cortes, respectively. In fact, this Court entered an order compelling Dr. Cortes to (1) provide responses to the State Farm Plaintiffs' discovery requests, (2) produce responsive documents; and (3) attend his deposition on June 18, 2019. [ECF No. 114], June 13, 2019 Or. Granting Pls.' Motion to Compel. In its June 13, 2019 Order, the Court specifically stated if Dr. Cortes failed to comply with the Court's order, he would be subject to default. Dr. Cortes failed to comply with the Court's order; he did not attend deposition and to date has never provided discovery responses or produced any documents. *See* **Ex. 4**, June 18, 2019 CNA. As a result, the State Farm Plaintiffs' filed a Motion

for Default against Dr. Cortes on July 3, 2019, [ECF No. 123]. On September 25, 2019, this Court issued an order directing the clerk to enter a clerk's default against Dr. Cortes, [ECF No. 145], which the clerk did on the same day. [ECF No. 146]. More than two months after the August 30, 2019 discovery deadline and six-weeks after Dr. Cortes was defaulted for his failure to participate in discovery and comply with this Court's orders, Pain Relief filed an affidavit of Dr. Cortes upon which Pain Relief relied in response to the State Farm Plaintiffs' Motion for Partial Summary Judgment.

Second, Pain Relief also attached two affidavits from its own employees, Ms. Reyes and Ms. Hernandez, who Pain Relief never disclosed to the State Farm Plaintiffs even though they purport to have knowledge about facts relevant to this case. [ECF Nos. 200-3, 200-4]. As these witnesses were never disclosed and the State Farm Plaintiffs were not aware of them, the State Farm Plaintiffs had no opportunity to take their depositions.

Finally, also on November 13, 2019, Pain Relief served Amended Written Responses to The State Farm Plaintiffs' Requests for Production Nos. 51-52 -- almost a year after State Farm served the subject discovery requests --and attached approximately six pages of never produced, illegible "receipts" that purportedly represent copayments and deductibles collected by Pain Relief. [ECF Nos. 200-5]. In addition to never being produced, these receipts apparently do not even relate to the claims and patients at issue, as counsel for Pain Relief previously represented that no copayments or deductibles relating to the State Farm Plaintiffs were successfully collected, and that the attached receipts "are all unrelated to the State Farm file." *See* **Ex. 5,** November 14, 2019 E-mail from C. Carrazana. Therefore, the State Farm Plaintiffs request the Court strike all of the aforementioned affidavits and documents from the record, and disregard them in considering the State Farm Plaintiffs' Motion for Partial Summary Judgment.

II. **ARGUMENT**

A. **Legal Standard**

Under Rules 26(a) and 26(e), a party has an affirmative and continuing obligation to disclose all individuals likely to have discoverable information along with the subjects of that information, and must supplement or amend its disclosures if they are incomplete or incorrect. Fed. R. Civ. P. 26(a)(1), 26(e)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1); *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013) (Scola, J.) (striking affidavit in support of opposition to motion for summary judgment when witness had not been disclosed); *Caldentey v. Pace Enters. of S. Fla., Inc.*, No. 06-cv-80383, 2007 WL 9706957, at *3 (S.D. Fla. Oct. 18, 2007) (striking declaration filed in opposition to summary judgment when witness had not been disclosed); *Debose v. Broward Health*, No. 08-cv-61411, 2009 WL 1410348, at *4 (S.D. Fla. May 20, 2009); *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787, 2018 WL 8919913, at *1 (M.D. Fla. Sept. 10, 2018). In considering a motion to exclude a witness who was not listed on a party's initial disclosures, the court considers the following factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Debose*, 2009 WL 1410348, at *4 (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).

Striking or excluding untimely disclosed evidence is consistent with the purpose of the discovery process, and "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905, 2014 WL 631694, at *2 (M.D. Fla. Feb. 18, 2014) (quoting *Dyett v. N. Broward Hosp. Dist.*, No. 03–60804–CIV, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004)) (emphasis added); *see also Trenhs v. Fast Track Paving, Inc.*, No. 10-cv-21981, 2011 WL 1131112, at *2-3, (S.D. Fla. Mar. 25, 2011) (striking an individual as a trial witness when the party had not timely disclosed the witness); *Nance v. Ricoh Elec., Inc.*, 381 F. App'x 919, 922-923(11th Cir. 2010) (affirming district court's striking of undisclosed witnesses and prohibiting use of their declarations). Specifically, a party cannot use an affidavit or declaration in response to a motion for summary judgment if the party had not previously disclosed the affiant or declarant. *Roberta L. Marcus*, 2013 WL 4777170, at *1; *Caldentey*, 2007 WL 9706957, at *3; *Gonzalez v. State of Fla. Dep't of Mgmt. Servs.*, 124 F. Supp. 3d 1317, 1326-27 (S.D. Fla. 2015) (striking late-disclosed affidavit filed in response to motion for summary judgment); *Edwards v. Nat'l Vision, Inc.*, 568 F. App'x 854, 858 (11th Cir. 2014) (affirming district court's striking of late-produced declaration in response to summary judgment).

It is imperative that a party disclose a witness through initial and supplemental disclosures to provide notice to the other party that an individual may become a trial witness or provide

4

summary judgment evidence. *See Clingman & Hanger Mgmt. Assocs., LLC v. Knobel*, No. 16-cv-62028, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2018) (knowledge of existence of evidence or witnesses does not equate to knowledge that individuals would become trial witnesses); *Roberta L. Marcus*, 2013 WL 4777170, at *2-3 (striking affidavit from undisclosed witness in response to motion for summary judgment); *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992) (affirming that the failure to timely disclose exhibits and witnesses warrants their exclusion from trial); *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos.*, 803 F.2d 1160, 1163 (11th Cir. 1986) (affirming the exclusion of a late disclosed witness because the party failed to comply with Fed. R. Civ. P. 26(e)(1)(B)); *Alvarado v. United States*, No. 10-CV-22788, 2011 WL 1769097, at *1 (S.D. Fla. May 4, 2011) (striking late disclosed witnesses who were not included in the initial disclosures).

Further, when a witness fails to cooperate in discovery and prevents the opposing party from obtaining information or taking depositions, that witness cannot later provide evidence in opposition to summary judgment. *Palm Beach Strategic Income, LP v. 358 1276 Canada, Inc.*, No. 08-cv-80186, 2008 WL 11333491, at *5-6 (S.D. Fla. Dec. 1, 2008) (threatening to strike affidavit of witness who had canceled deposition, and ordering deposition of that witness); *S.E.C. v. Cushen*, No. 11-cv-20561, 2012 WL 12864338, at *1-2 (S.D. Fla. May 25, 2012) (affidavits from witnesses who invoked Fifth Amendment privileges during deposition were struck, as plaintiff never had opportunity to cross-examine witnesses and affidavits were filed purely to avoid summary judgment).

**B.     Dr. Cortes's affidavit is improper and prejudicial because he failed to cooperate in discovery, failed to appear at his properly noticed deposition, and prevented the State Farm Plaintiffs from obtaining information.**

A witness or party who fails to cooperate in discovery cannot later provide an affidavit in opposition to summary judgment. *Palm Beach Strategic*, 2008 WL 11333491, at *5-6; *Cushen*, 2012 WL 12864338, at *1-2. In *Palm Beach Strategic*, the plaintiff noticed a defense witness for deposition, but the defense cancelled the deposition twice and never permitted the plaintiff to take the deposition. *Id.* at *5. Then, in opposition to the plaintiff's motion for summary judgment, the defendant filed the witness's affidavit. *Id.* The Court noted the defendant's conduct was highly improper and ordered the defendant to produce the witness for deposition and pay the plaintiff's fees and costs for such deposition. *Id.* at *6. The Court also warned defendant if it failed to cooperate, the affidavit would be struck. *Id.*

#71580991_v7

Similarly, in *Cushen*, the plaintiff was prevented from taking a proper deposition of two defendants. *Cushen*, 2012 WL 12864338, at *1-2. In that case, the SEC took the depositions of two defendants, who invoked their Fifth Amendment privileges and refused to answer substantive questions. *Id.* at *1. Later, in response to the SEC's motion for summary judgment and two months after the close of discovery, the defendants filed affidavits with substantive testimony. *Id.* The court determined the SEC was unfairly prejudiced, as it never had the opportunity to cross-examine the defendants. *Id.* at *2. The court also found the defendants engaged in gamesmanship by waiting until after discovery closed and filing the affidavits to avoid summary judgment. *Id.* Under those circumstances, the Court did not consider a new deposition to be a sufficient remedy, and struck the affidavits. *Id.*

Defendant's attempt to use Dr. Cortes's affidavit in opposition to the State Farm Plaintiffs' motion for summary judgment mirrors the circumstances in both *Palm Beach Strategic* and *Cushen*. Just as in those cases, the State Farm Plaintiffs have been denied the opportunity to seek discovery from Dr. Cortes, despite diligent efforts. The State Farm Plaintiffs served written discovery on Dr. Cortes, but he never served responses or produced any documents. The State Farm Plaintiffs sought relief from this Court due to the lack of responses or production. This Court ordered Dr. Cortes to provide responses, produce documents and appear for deposition. [ECF No. 114], Or. Granting Pls.' Mot. to Compel. Dr. Cortes did none of these things. **Ex. 4** (CNA). In sum, he flatly and repeatedly refused to cooperate or participate in this litigation in any way, shape, or form—despite this Court's unequivocal order to do so. For Dr. Cortes—Defendant's own medical director—to now be permitted to submit an affidavit well after the close of discovery to thwart summary judgment would be tremendously prejudicial to the State Farm Plaintiffs. Indeed, Dr. Cortes and Pain Relief are engaging in the same type of gamesmanship and improper conduct the courts in *Palm Beach Strategic* and *Cushen* found so reprehensible and prejudicial. *See also, Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1287 (M.D. Fla. 2008) (excluding declaration when plaintiff would have been unable to address the affiant's contentions in advance of summary judgment). Accordingly, the Court should strike Dr. Cortes's affidavit.

  **C.** **The affidavits of Ms. Reyes and Ms. Hernandez should be struck because these witnesses were never disclosed to the State Farm Plaintiffs.**

As discussed above, a party is prohibited from using testimony from a witness who was not disclosed pursuant to the party's continuing and affirmative Rule 26 obligations, unless the

failure was substantially justified or harmless. Fed. R. Civ. P. 26(a); Fed. R. Civ. P. 37(c)(1); *Roberta L. Marcus*, 2013 WL 4777170, at *1. Here, Defendant Pain Relief never disclosed Ms. Reyes or Ms. Hernandez to the State Farm Plaintiffs; indeed, Pain Relief never even served disclosures of any kind on the State Farm Plaintiffs, despite requests from the State Farm Plaintiffs for those disclosures. *See* **Ex. 6,** Emails to C. Carrazana. This failure was neither substantially justified nor harmless.

First, Pain Relief's untimely disclosure of Ms. Reyes and Ms. Hernandez was not substantially justified. Both witnesses are current Pain Relief employees, who have been employed at Pain Relief since before this litigation was filed, and purport to have knowledge about the events giving rise to the litigation. Ms. Reyes attests she is a licensed massage therapist, participated in treatment and care of patients at issue in this lawsuit, and reviewed patient records. [ECF No. 200-3], Reyes Aff. at ¶¶ 2-8. Ms. Hernandez is also a current Pain Relief employee who purports to handle administrative tasks such as billing and collections. [ECF No. 200-4], Hernandez Aff. at ¶¶ 2-7. Ms. Reyes and Ms. Hernandez are not newly discovered or unforeseen witnesses such that there could be any justification for failing to disclose them. *Roberta L. Marcus*, 2013 WL 4777170, at *2-3. (party's failure to disclose its employee was not justified, and employee's affidavit was struck); *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394, 2019 WL 1974833, at *2, 4-5 (M.D. Fla. Mar. 13, 2019) (party's failure to disclose one of its executive employees violated Rule 26 and was not substantially justified, and party was precluded from using the employee to provide evidence on a motion or at trial).

Second, Pain Relief's failure to disclose Ms. Reyes and Ms. Hernandez is not harmless; rather, it is extremely prejudicial. "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (quoting *Berryman–Dages v. City of Gainesville Fla.*, No. 1:10cv177–MP–GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012)); *Diamond*, 2019 WL 1974833, at *4 (late disclosure of witness is prejudicial when discovery is closed and dispositive motions have been filed); *Caldentey*, 2007 WL 9706957, at *3 (declaration of undisclosed witness filed in plaintiff's opposition to motion for summary judgment was prejudicial to defendants, who had not had an opportunity to depose the witness). Here, Pain Relief never disclosed these witnesses at any time during discovery, as the first mention of these witnesses came in Pain Relief's opposition to the

#71580991_v7

State Farm Plaintiffs' motion for summary judgment. Discovery has long since closed, and the State Farm Plaintiffs have no opportunity to depose these witnesses. *Coach*, 2014 WL 631694, at *4 (untimely disclosure was not harmless where discovery was closed and plaintiff did not have the opportunity to depose witnesses). Therefore, the Court should strike the affidavits of these witnesses from the record and preclude them from testifying.

> **D.    The Court should strike Exhibit 1 to the Omnibus Notice because Defendant represented in discovery these documents did not exist, and failed to disclose them to the State Farm Plaintiffs until Defendant filed the Omnibus Notice.**

It is undisputed that well after discovery closed, and on the same day Pain Relief responded to the State Farm Plaintiffs' motion for summary judgment, Pain Relief served its Amended Responses and disclosed these documents *for the first time*. The State Farm Plaintiffs' Requests for Production Nos. 51-52, served November 21, *2018*, sought documents relating to Pain Relief's collection of copayments and deductibles from the patients at issue. *See* Pls.' First Req. for Production, [ECF No. 200-5] at 19. More than six months later, Pain Relief responded to these two Requests, "**None in our possession**." *See* **Exs. 7[1] & 8**, Pls. Req. for Production to Pain Relief and Def.'s Resp. thereto (emphasis added). At no point did Pain Relief supplement its document production or amend its responses to reflect it had any responsive documents. In fact, Pain Relief's own corporate representative flatly admitted Pain Relief does not collect co-payments and deductibles. [ECF No. 162], D. Collazo Dep. at 92:1-9. Further, Pain Relief never disclosed this category of documents (or any documents) through initial disclosures as it failed to serve any initial disclosures. Only after the State Farm Plaintiffs filed their motion for summary judgment did Pain Relief suddenly produce completely illegible "receipts" it contends reflect patient copayments and deductible payments. [ECF No. 200-5].

Applying the aforementioned standard that a party may not use evidence it did not properly disclose during discovery absent substantial justification and proof that said actions were harmlessness, Pain Relief should be barred from using the documents it attached as Exhibit 5 to its Omnibus Notice [ECF No. 200-5]. First, there is no justification for failing to produce

---

[1] The original Request for Production served on Pain Relief on November 21, 2018 was inadvertently defective as a result of an administrative error. Plaintiffs' counsel was not made aware of this defect until April 2019 despite having already agreed to multiple extensions to provide responses. At that time, Plaintiffs' counsel served a corrected version of the Request for Production which is attached as Exhibit 7.

documents relating to a key issue in this litigation—whether Pain Relief failed to collect copayments and deductibles in violation of Florida law. The State Farm Plaintiffs specifically requested documents relating to copayments approximately a year ago, and Pain Relief was obligated to search for and produce responsive documents. Pain Relief had these documents in their possession throughout this time period, and a reasonably diligent search would have revealed these documents. *See* [ECF No. 200-4] at 3-8; [ECF No. 200-5] at 4-9; *Gonzalez*, 124 F. Supp. 3d at 1327 (failure to timely supplement discovery responses to include responsive documents not substantially justified); *Jaffe v. Bank of Am., N.A.*, No. 07-cv-21093, 2008 WL 11333255, at *3 (S.D. Fla. Apr. 29, 2008) (explaining, "When a party answers a request by stating that the requested documents do not exist, the other party is, at some point, entitled to rely on that statement, and finding no substantial justification for failing to supplement responses and production). Second, the untimely disclosure is not harmless. Discovery is closed and dispositive motions have been fully briefed. The State Farm Plaintiffs have no opportunity to depose witnesses concerning these illegible documents, their contents, and their authenticity, among other issues. *See Diamond*, 2019 WL 1974833, at *4 (untimely disclosure not harmless when discovery closed and opposing party was unable to depose relevant witnesses); *Gonzalez*, 124 F. Supp. 3d at 1327 (defendant prejudiced when plaintiff failed to disclose document in its possession during discovery period).

Accordingly, the documents should be struck from the record. The disclosure requirements preserve the Federal Rules of Civil Procedure's crucial role in "mak[ing] a trial less a game of blind man' bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958)); *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2008 WL 1883435, at *7 (N.D. Il. Apr. 28, 2008) (granting motion to exclude late disclosed evidence); *see also ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998) (holding the exclusion of evidence was warranted, especially when the party "offered no reason to justify its submission long after the close of discovery").

### III. CONCLUSION

For the foregoing reasons stated herein, the State Farm Plaintiffs respectfully request the Court enter summary judgment in favor of the State Farm Plaintiffs and against Pain Relief on the State Farm Plaintiffs claims for FDUTPA violations, unjust enrichment, and declaratory relief.

### RULE 7.1 CERTIFICATION

9

#71580991_v7

The undersigned hereby certifies that counsel for the State Farm Plaintiffs communicated with counsel for defendant Pain Relief via email on December 2, 2019 in a good faith effort pursuant to Local Rule 7.1 and defendant Pain Relief objects to the relief requested herein.

DATED: December 3, 2019          By: */s/ David Spector, Esq.*

                                                               DAVID SPECTOR (FBN: 086540)
david.spector@hklaw.com
CAITLIN SALADRIGAS (FBN: 095728)
caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399

*Attorneys for the State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

                                                             /s/ *David Spector, Esq.*
                                                              David Spector, Esq. (FBN: 086540)

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>         kbparkerlaw@gmail.com<br>         parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** | Louis V. Martinez, Esq.<br>**DIAZ, REUS & TARG LLP**<br>3400 Miami Tower<br>100 SE 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 375-9220<br>Facsimile: (305) 375-8050<br>Email: lvmartinez@aol.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL 33012<br><br>     - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL 33175<br>*In Pro Se*<br>**Served via U.S. Mail**<br><br>Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL 33180<br>*In Pro Se*<br>**Served via U.S. Mail** |

#71580991_v7