UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:18-CV-23125-RNS**

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY and STATE FARM FIRE AND CASUALTY
COMPANY,

Plaintiff,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUS, LAZARO MUSE, HUGO
GOLDSTRAJ, MAMUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC,, NOEL SANTOS,
ANGEL CARRASCO, JORGE RAFAEL COLL,
PAIN RELIEF CLINIC OF HOMESTEAD, CORP.,
JESUS LORITES, AND JOSE GOMEZ-CORTES,

Defendants.
_____/

**<u>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL RESPONSE TO
SUBPOENA TO AKERMAN LLP AND REPLY TO RESPONSE TO DEFENDANT
JESUS LORITES' OBJECTION TO PLAINTIFFS' NOTICE OF INTENT TO SERVE
SUBPOENA ON THIRD PARTY AND RESPONSE TO MOTION TO QUASH
SUBPOENA</u>**

Defendant, Jesus Lorites, hereby files this Response to the Motion to Compel a Response

to the Subpoena to Akerman LLP ("Akerman") and Reply to Response in opposition to

"Defendant, Jesus Lorites' Objection to Plaintiff's [sic] Notice off Inent [sic] to Serve Subpoena

on Third Party" and Response to Motion to Quash Subpoena and in support states:

## ARGUMENT

### A.  Dr. Lorites has not waived Attorney-Client Privilege

Dr. Lorites did not waive attorney-client privilege when he filed his Motion to Disqualify. As cited by Plaintiffs, courts have found waiver by implication in three circumstances: (1) 'when a client testifies concerning portions of the attorney-client communication'; (2) 'when a client places the attorney-client relationship directly at issue'; and (3) 'when a client asserts reliance on an attorney's advice as an element of a claim or defense.'" *Zarrella v. Pac. Life Ins. Co.*, No. 10-60754-CIV, 2011 WL 2447519, at *4 (S.D. Fla. June 15, 2011) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994), modified on other grounds, 30 F.3d 1347 (11th Cir. 1994)).

Plaintiffs argue that the consideration of fairness is in their favor to mandate waiver. However, their argument rests on a faulty premise in the understanding of "fairness." Plaintiffs position is that fundamental fairness dictates that waiver of the privilege is necessary to rebut Dr. Lorites' arguments as to the matters for which Dr. Lorites engaged Wilson and Akerman. This is simply not true. Once the Court has conducted its *in camera* review of the privileged documents, it can either confirm or deny Dr. Lorites' contentions that they involve substantially similar matters as outlined in the Motion to Disqualify and the Affidavit of Dr. Lorites, the substance of which is that Dr. Lorites retained, engaged and consulted with Wilson regarding AHCA guidelines and his responsibilities as a Medical Director. With this information, Plaintiffs still have the ability to argue that such retention, engagement and consultation is not the same or a substantially related matter.

Further, disclosure of the substance of privileged communications is not only not necessary, but it could inevitably prejudice Dr. Lorites. Should the Court grant Plaintiffs' access to the

substance of the communications, and then the Court later finds that a Motion to Disqualify is not the necessary remedy, despite a violation of the Rules of Professional Conduct, Plaintiffs would now have even more access to information involving the billing methods and AHCA guidelines for which Dr. Lorites sought legal advice with Wilson, which is a substantial part of this case.

### B.  Dr. Lorites' Objections are Proper

Dr. Lorites' objections are not boilerplate objections. While Plaintiffs are correct in their observation that this jurisdiction does not recognize generalized boilerplate objections, Dr. Lorites' objections are sufficient in that they correctly identify why the Plaintiffs' subpoena is improper. Namely, the subpoena seeks a wide variety of documents related to Dr. Lorites' engagement with Everett Wilson and Akerman, which will no doubt contain extremely sensitive attorney-client privilege.

Further, a claim of attorney-client privilege is not a boilerplate objection in any sense of the phrase. Boilerplate objections are those which are hackneyed and do not direct the court to the substance of the objections. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court."). Boilerplate objections based upon attorney-client privilege are those which relate to information which should be in a privilege log. *Id.* at 401. In this case, Dr. Lorites cannot provide the Court with a valid privilege log because he does not have the ability to do so without access to the documents, which are fully in the possession of Akerman. This is one of the reasons that Dr. Lorites has asked for an *in camera* review. [ECF No. 190].

**C.  Dr. Lorites' Alternative Request for an *In Camera* Review of the Requested Documents Does Not Deny Due Process**

There is no reason to deny Dr. Lorittes' Altenative Request for an In Camera Review of the requested documents. As discussed above, the documents sought are privileged and the State Farm Plaintiffs are not entitled to them. Moreover, there is no violation of due process here where the Court is not making an ex parte determination on the *merits* of a civil case. Rather, the Court is making a determination on grounds which are entirely distinct from the substantive merits of the case.[1] In particular, the case which Plaintiffs cites, along with all other relevant cites, deal with the unconstitutionality of an *in camera* review in the context of summary judgment, and not a Motion to Disqualify. *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996)("Therefore, we conclude that the district court erred in using information obtained in its ex parte, in camera examination of the personnel files to judge the merits of Vining's Title VII claim, and we remand the case for a reconsideration of Vining's summary judgment motion."). In fact, *in camera* proceedings have been used before in a Motion to Disqualify context. *First Impressions Design & Mgmt., Inc. v. All That Style Interiors, Inc.*, 122 F. Supp. 2d 1352, 1354 (S.D. Fla. 2000)("submitted for in camera review.")

**D.  Florida Rule of Professional Conduct 4-1.10 Controls This Dispute**

Plaintiffs also state that they agree to withdraw the subpoena if the Court determines that Rule 4-1.10 controls this dispute. As Defendant has continually argued, Rule 4-1.10 controls this dispute

---

[1] judgment on the merits. (18c) A judgment based on the evidence rather than on technical or procedural grounds. — Also termed decision on the merits. JUDGMENT, Black's Law Dictionary (11th ed. 2019)

through subsection (a). Plaintiffs continue to cite Rule 4-1.10(b) as the Rule controlling the dispute, however subsection (b) has no bearing on this dispute because that subsection involves situations where a *newly associated* lawyer brings a potential conflict to the firm. Subsection (b) would only control if Mr. Spector had come to Holland & Knight, and afterwards this case had been initiated. However, the genesis of the conflict goes back to when Mr. Spector brought this lawsuit on behalf of the Plaintiffs while he was still at Akerman, LLP. Therefore, subsection (a) is the rule which properly governs this situation.

### E.  Conclusion

For the reasons set forth above, Defendant Jesus Lorites requests the Court grant his Motion, sustain his objections to the subpoena, and deny the Plantiffs' Request for Production of documents requested in the Subpoena.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Courts using the Florida Courts E-Filing Portal this 6th day of December, 2019, and that a copy hereof has been furnished to the following recipients via electronic mail:   David Spector, Esquire david.spector@hklaw,com, and Caitlin Saladrigas, Esquire at Caitlin.saladrigas@hklaw.com, Christian Carrazana at christian@carrazana-legal.com, and Chad A. Barr, Esq., chad@chadbarrlaw.com,  service@chadbarrlaw.com,  paralegal@chadbarrlaw.com  ; Richard J. Diaz, Esq., rick@rjdpa.com; Louis Martinez, Esq., lmartinez@diazreus.com

KAREN B. PARKER, P.A.
Attorneys for Defendant LORITES
Datran One, Suite 514
9100 South Dadeland Blvd.
Miami, Florida  33156
Tel.: (305) 400-9149
  /s
KAREN PARKER, ESQ.
FBN: 54482
kparker@kbparkerlaw.com
fmartinez@kbparkerlaw.com