UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL DIVISION

| | |
|---|---|
| STATE FARM MUT. AUTO. INS. CO., and ) <br> STATE FARM FIRE & CAS. CO., ) <br> ) <br> Plaintiffs, ) <br> -v- ) <br> ) <br> HEALTH & WELLNESS SERVICES INC., ) <br> BEATRIZ MUSE, LAZARO MUSE, HUGO) <br> GOLDSTRAJ, MANUEL FRACO, ) <br> MEDICAL WELLNESS SERV. INC., ) <br> NOELSANTOS, ANGEL CARRASCO, ) <br> JORGE R.COLL, PAIN RELIEF CLINIC ) <br> OF HOMESTEAD, CORP., JESUS ) <br> LORITES&JORGE GOMEZ CORTES ) <br> ) <br> Defendants, ) <br> _____ ) | CASE NO.: 1:18-cv-23125-RNS |

## DEFENDANT'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

COMES NOW the Defendant, PAIN RELIEF CLINIC OF HOMESTEAD CORP. ("Pain Relief"), by and through undersigned counsel, files this response and memorandum of law in opposition to Plaintiffs' motion to strike. [Doc. 239].

## ARGUMENT

### I.     The Affidavit of Dr. Cortes' should not be stricken

1. State Farm asserts that Dr. Cortes's affidavit should be stricken because he failed to cooperate in discovery. Although Dr. Cortes,' did not appear for deposition, Pain Relief is not a responsible for Cortes' failure to cooperate.

2. There is a reason why State Farm Plaintiffs' chose not to compel Cortes' to appear for deposition after he failed to appear; Plaintiffs' decided to default Cortes instead so that State Farm can argue, as it does now, that Pain Relief cannot rely on Dr. Cortes as a witness.[1] These machinations by State Farm should not go unnoticed. In discovery, Pain Relief disclosed that Dr. Cortes' is the medical director of Pain Relief; that Cortes is the treating physician who treated the State Farm patients. State Farm also knew this from onset; State Farm alleged in the complaint that Cortes prescribed the services at Pain Relief based on a falsified predetermined protocol.

3. Although Cortes is in default and therefore cannot contest his own liability, Pain Relief would be prejudiced if Pain Relief is barred from calling Cortes as a witness to defend its own liability. A corporate defendant can only act through its employees and agents. *Ray v. Spirit Airlines*, 836 F.3d 1340, 1357 (11th Cir. 2016). Cortes is the corporate employee with the most knowledge regarding (a) Pain Relief's compliance with the Clinic Act—Cortes is the medical director—and (b) why the treatment at issue was prescribed. Thus, Pain Relief cannot defend itself without Cortes.

---

[1] The fact that Cortes is in default does not prevent Cortes from providing testimony on behalf of Pain Relief. *See Gov't Employees Ins. Co., v. DG Esthetic and Therapy Center Inc.*, 2019 WL 1992930 at 7 n.3 (S.D. Fla. 2019) ("Even if ... a party in default loses his standing in court, nothing in [the] case law suggests the loss of standing extends beyond a defendant's own liability in the case and renders him unable to give testimony for the benefit of another party.")

3. State Farm relies on *Palm Beach Strategic Income, LP v. 358 1276 Canada, Inc.*, No. 08-cv-80186, 2008 WL 11333491, at *5-6 (S.D. Fla. Dec. 1, 2008). There the Court struck the affidavit of a witness filed by the defendant in opposition to the plaintiff's motion for summary judgment because the defendant prevented the plaintiff from deposing the witness. This is factually inapposite; Pain Relief did **not** prevent nor obstruct State Farm from deposing Cortes.

4. The State Farm also cites *S.E.C. v. Cushen*, No. 11-cv-20561, 2012 WL 12864338, at *1-2 (S.D. Fla. May 25, 2012) where the Court struck affidavits submitted by two party defendants' where the defendants' refused to answer questions in deposition by invoking the Fifth Amendment. This too is factually inapposite. Pain Relief is not offering testimony on a matter where Pain Relief or Cortes' invoked the Fifth Amendment privilege.

**II  The Affidavits of Hernandez and Yaquelin Reyes should not be stricken**

5. The Affidavits of Diana Hernandez ("Hernandez") and Yaquelin Reyes ("Reyes") should not be stricken. The general rule is that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). A failure to disclose a witness in violation of Rule 26 is harmless where the undisclosed witness with knowledge of the relevant facts becomes known during discovery. *Industrial Engineering & Development Inc., v. Static Control Components Inc.*, 2014 WL 4983833 (M.D. Tampa 2014); *See also Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012) ("Although Holder did not include Magargle in his initial disclosure, her identity nevertheless became known to Kapche during discovery.... Because Magargle's identity was 'made known' to Kapche, Holder had no obligation to

supplement his disclosures pursuant to Rule 26(e)(1)(A) [.]"); *Chadwick v. Bank of Am., N.A.*, 616 Fed.Appx. 944, 948 (11th Cir. 2015) (declining to strike an affidavit from a loan officer in support of a motion for summary judgment because the loan officer verified responses to interrogatories, and thus, her knowledge of the case should not have come as a surprise); *Great Am. Assur. Co. v. Sanchuck*, LLC, 8:10–cv–2568–T–33AEP, 2012 WL 3860429 (M.D. Fla. 2012) (declining to strike a witness' testimony even though that witness was not mentioned in the plaintiff's Rule 26 disclosures because the defendant was already made aware of that person through deposition testimony)

6. The failure to disclose Reyes under Rule 26 is harmless; State Farm learned of Reyes in discovery. In Pain Relief's verified answers to interrogatories, Pain Relief disclosed to that both Annalie Campa ("Campa") and Reyes were massage therapists employed at Pain Relief; that both provided physical therapy at the Pain Relief during the relevant time in question. [Doc. 248-1]. After providing these answers, Plaintiffs elected to depose Campa but not Reyes. [Doc. 160-1]

7. The failure to disclose Hernandez is harmless too where State Farm learned of Hernandez by way of Pain Relief's answers to interrogatories and deposition of Pain Relief's owner, Daniel Collazo ("Collazo). Although Collazo initially testified in deposition that Pain Relief did not collect co-payments and deductibles, [Doc. 162, p. 92; LL 5-9], he retracted and stated he doesn't handle the collections; that he doesn't know anything about it. [Id., at p. 93; LL 1-24] Collazo then stated that Diana [Hernandez] is in charge of collections for copayments and deductibles. [Id., at p. 93, LL 9-11] Yet, despite this testimony, Plaintiffs elected not to depose Hernandez to explore whether Pain Relief collected copayments and deductibles.

8. Pain Relief's failure to disclose Hernandez under Rule 26 is substantially justified. Pain Relief did not know, nor had reasons to know, that Hernandez needed to be disclosed as a witness under Rule 26 in order to present a defense on the issue of copayment and deducible collections. This issue was not framed by the pleadings; it was raised instead for the first time when State Farm moved to amend the complaint after discovery cut-off.[2] If this issue was framed in State Farm's pleadings from the onset, Hernandez would have been disclosed as a potential witness on that issue pursuant to Rule 26.

9. Pain Relief, moreover, did not intentionally mislead State Farm in Pain Relief's written responses to State Farm's request for production. Because of mistake, Pain Relief's first represented that Pain Relief's had no records indicating collection of copayments and deductibles. But when State Farm decided to move to amend the complaint to raise this issue after discovery cut-off, the undersigned investigated the matter further, and discovered that Pain Relief had receipts which indicate that Pain Relief successfully collected copayments and deductibles in unrelated cases. [Doc. 239-5]. When the undersigned inquired why Pain Relief represented that it had no such documents, the undersigned discovered that Pain Relief misunderstood State Farm's discovery request as being limited to the State Farm claims for which there are no such records—because Pain Relief was unsuccessful in collecting copayments or deductibles from the State Farm patients.[3] Id.

---

[2] After the discovery cut-off date of August 30, 2019, [Doc. 48], State Farm moved to amend the complaint to raise the alleged failure to collect copayments and deductibles on September 26, 2019. [Doc. 148]. The Court, however, has yet to rule on the motion.
[3] Shortly after Pain Relief amended its written responses to State Farm's request for production, the misunderstanding was explained in an email to State Farm's counsel on November 14, 2019. [Doc. 239-5].

- 4 -

## CONCLUSION

Based on the foregoing arguments, Defendant Pain Relief request that Plaintiffs' motions to strike said affidavits and witnesses be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was electronically served through the CM/EFC system on this 17th day of November 2019 to counsel of record on the attached service list.

Respectfully Submitted,

*/s/Christian Carrazana*
Christian Carrazana, Esq.
Fla. Bar No.: 188115
**CHRISTIAN CARRAZANA, P.A.**
P.O. Box 900520
Homestead Florida 33030
Tel No.: (786) 226-8205
Email:  christian@carrazana-legal.com
*Attorney for Defendant Pain Relief Clinic of Homestead Corp.*

David Spector, Esq.  
Caitlin Saladrigas, Esq.  
Holland & Knight LLP  
222 Lakeview Avenue, Suite 1000  
West Palm Beach Florida 33401  
Telephone:  (561) 833-2000  
Facsimile: (561) 650-8399  
Attorneys for Plaintiff  

Karen B. Parker, Esq.  
Karen B. Parker P.A.  
2550 S. Bayshore Drive, Suite 102  
Coconut Grove Fl 33133  
Telephone: (305) 343-8339  
Email:  kparker@kbparkerlaw.com  
Attorney for Defendant Jesus Lorites  

Michael Nicoleau, Esq.  
NICOLEAU LAW  
11900 Biscayne Blvd., Suite 770  
N. Miami Florida 33181-2737  
Telephone:  (305) 438-7883  
Email:  michael@nicoleaulaw.com  
Email:  eservice@nicoleaulaw.com  
Attorney for Defendant Hugo Goldstraj  

Richard Diaz, Esq.  
Attorney at Law  
3127 Ponce De Leon Blvd.  
Coral Gables Florida 33134  
Telephone: (305) 444-7181  
Facsimile: (305) 444-8178  
Email: rick@rjdpa.com  
Attorneys for Defendants Medical Wellness Services Inc., Beatrize Muse, Lazaro Muse and Noel Santos  

Louis V. Martinez, Esq.  
DIAZ, REUS, & TARG LLP  
3400 Miami Tower  
100 SE 2nd St.  
Miami Florida 33131  
Telephone: (305) 375-9220  
Facsimile: (305) 375-8050  
Email:  lmartinez@diazreus.com  
Attorney for Defendant Health & Wellness Services Inc.