UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS BEATRIZ MUSE,
LAZARO MUSE, NOEL SANTOS, AND MEDICAL WELLNESS SERVICES, INC.'S
MOTION TO STRIKE ANET PEREZ**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), hereby file this Response in opposition to Defendants Motion to Strike Plaintiff's (Late-Filed) Witness, Anet Perez ("Motion to Strike") filed by Defendants Beatriz Muse, Lazaro Muse, Noel Santos (the "Muse Family"), and Medical Wellness Services, Inc. ("Medical Wellness") (collectively the "Muse Defendants") [ECF No. 254] and in support state:

**I.    INTRODUCTION & BACKGROUND**

On June 27, 2019, the Muse Defendants supplemented their initial disclosures to include Anet Perez as an individual likely to have discoverable information. *See* [ECF No. 122], Muse Defendants' Supplemental Initial Disclosure Statement. It was from this day, at the latest, that the

1

Muse Defendants were aware of Ms. Perez and the knowledge she would have regarding the allegations made by the State Farm Defendants and any possible defenses available to the Muse Defendants.

The extent of Ms. Perez' knowledge was completely unknown to the State Farm Plaintiffs when this case was filed in August 2018 and remained unknown to the State Farm Plaintiffs until deposition discovery began in June 2019. During the course of deposition discovery, various witnesses described Ms. Perez's involvement in assisting the clinic defendants in obtaining their clinic licenses. For example, on June 17, 2019 Defendant Noel Santos, the owner of Defendant Medical Wellness, testified that he relied on Ms. Perez to help him complete the applications required by Florida's Agency for Health Care Administration. *See* [ECF No. 171], N. Santos Dep. at Vol I, 67: 9-68: 13. Approximately a week after Mr. Santos described Ms. Perez' critical role in Medical Wellness' licensure, the Muse Defendants supplemented their Initial Disclosures identifying Ms. Perez as an individual with knowledge "Information regarding her assistance to Noel Santos in obtaining AHCA license for Medical Wellness Services and occasional consulting advice to Noel Santos and/or Medical Wellness Services to ensure compliance with relevant regulations to their business activities." *See* [ECF No. 122], Muse Defendants' First Supplement to Initial Disclosure Statement.

As a result of the Muse Defendants' supplemented initial disclosures and the testimony elicited at the depositions of witnesses like Noel Santos, the State Farm Plaintiffs set Ms. Perez for deposition on August 14, 2019. During her deposition, Ms. Perez testified regarding her significant role in obtaining AHCA licensure for the Muse Clinics. Notably, at the conclusion of the State Farm Plaintiffs' counsel's questioning of Ms. Perez on August 14, 2019, counsel for the Muse Defendants proceeded to question her for nearly two hours.

In an abundance of caution, although not necessary, on December 18, 2019, the State Farm Plaintiffs supplemented their initial disclosures to include Anet Perez. *See* **Exhibit 1**, Pls.' December 18, 2019 Supplemental Initial Disclosure Statement.  On December 19, 2019, the Muse Defendants filed their Motion to Strike Anet Perez as a trial witness, based on their belief that the disclosure was untimely.  *See* [ECF No. 245], Defs.' Mot. to Strike Plaintiff's (Late-Filed) Witness, Anet Perez.

The Muse Defendants' Motion to Strike should be denied because (1) the State Farm Plaintiffs had *no* obligation to supplement their Initial Disclosures and (2) even if they did, the Muse Defendants were aware of the existence of Anet Perez and the subject matter of her knowledge as it relates to the claims and defenses asserted, so the disclosure was harmless.

II.   **ARGUMENT**

   A.   **THE STATE FARM PLAINTIFFS HAD NO OBLIGATION TO SUPPLEMENT THEIR INITIAL DISCLOSURES THEREFORE THE DISCLOSURE CANNOT BE UNTIMELY.**

Pursuant to Rule 26, a party has an affirmative and continuing obligation to disclose all individuals likely to have discoverable information along with the subjects of that information, and must supplement or amend its disclosures if they are incomplete or incorrect.  Fed. R. Civ. P. 26(a)(1), 26(e)(1).  However, Rule 26(e)(1)(A) only requires "[a] party who has made a disclosure under Rule 26(a) ... [to] supplement or correct its disclosure or response ... ***if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing***."  Fed. R. Civ. P. 26(e)(1)(A).  Similarly, the Advisory Committee notes state there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process."  Fed. R. Civ. P. 26(e), Advisory Committee's note.

3

#72170788_v2

Judge Rosenbaum considered this issue in *Burden v. Cty. of Opa Locka*, No. 11-22018-CIV, 2012 WL 4764592, at *7 (S.D. Fla. Oct. 7, 2012). In *Burden*, the court considered, for purposes of summary judgment, the affidavits of two of the defendant's witnesses who were not disclosed in a timely manner because the witnesses were already listed on Plaintiff's witness list months prior to the deadline. *Id*. The court held that "to the extent that [p]laintiffs themselves intended to call these witnesses during trial, any claims of surprise that [d]efendant would rely upon their testimony . . . are entirely without merit. *Id*. The court further reasoned that the plaintiffs could not "credibly claim that they did not have an opportunity to depose these individuals as to their 'personal knowledge and other biases.'" *Id*. Other courts in the Southern District are in accord with *Burden*. *See Matrix Health Group v. Sowersby*, No. 18-61310-CIV, 2019 WL 4929917, at *5-6 (S.D. Fla. Oct. 6, 2019) (denying defendant's motion to strike the testimony of a witness, holding that although defendants failed to timely disclose a witness, the plaintiff could not claim to be surprised that the affiant had information relevant to the defenses because the witness and the relevant information was made known to the plaintiff several times throughout discovery, including during the deposition of plaintiff's own 30(b)(6) witness); *see also Cardinal Health, Inc. v. Delivery Specialists, Inc.*, No. 10-20555-CIV, 2011 WL 845915, at *5 (S.D. Fla. Mar. 8, 2011) (holding that although plaintiffs' Rule 26 disclosure was tardy, the defendant was still in possession of the witness' identity and subject of his knowledge long before the discovery cut-off, yet never requested the deposition, nor sought discovery related to the witness' knowledge).

Here, the facts are substantially similar to *Burden*. On June 27, 2019, the **Muse Defendants** identified Anet Perez as an individual who had knowledge of "Information regarding her assistance to Noel Santos in obtaining AHCA license for Medical Wellness Services and occasional

consulting advice to Noel Santos and/or Medical Wellness Services to ensure compliance with relevant regulations to their business activities." *See* [ECF No. 122]. Additionally, counsel for the Muse Defendants attended the deposition of Anet Perez on August 14, 2019 set by the State Farm Plaintiffs. Following the conclusion of the State Farm Plaintiffs' questioning of Ms. Perez, counsel for the Muse Defendants then questioned her for almost two hours regarding her knowledge of the facts pertinent to this case. To now claim, six months after identifying Ms. Perez on their Supplemental Initial Disclosures as an individual with discoverable information, that Ms. Perez should be struck as a trial witness, is preposterous. Having attended her deposition and disclosed her as a potential witness themselves, neither the identity of Ms. Perez nor the substance of her knowledge can come as a surprise to the Muse Defendants. As in *Burden*, because the Muse Defendants themselves listed Anet Perez on their Supplement to Initial Disclosure Statement, any claim of surprise, is without merit.

Accordingly, this Court should deny the Muse Defendants' Motion to Strike Anet Perez.

    **B.**   **ANY UNTIMELY DISCLOSURE OF ANET PEREZ WAS HARMLESS.**

The State Farm Plaintiffs had no obligation to disclose Anet Perez on their Initial Disclosures, nor did they have a subsequent duty to supplement their disclosures to include her. However, even if they did have an obligation to supplement their initial disclosures, any late disclosure was harmless. Under Florida law, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." Fed. R. Civ. P. 37(c)(1); s*ee Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905, 2014 WL 631694, at *2 (M.D. Fla. Feb. 18, 2014) (quoting *Dyett v. N. Broward Hosp. Dist.,* No. 03–60804–CIV, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004))

("the sanction of exclusion is automatic and mandatory *unless* the sanctioned party can show that its violation of Rule 26(a) was *either justified or harmless*.").

In their Motion to Strike, the Muse Defendants fail to cite *any* case law in support of their position, nor do they claim they would be prejudiced in *any way* if Ms. Perez was allowed to testify as a trial witness. In evaluating whether the failure to disclose a witness is harmless, courts in this circuit consider: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Debose*, 2009 WL 1410348, at *4 (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)). Furthermore, "[t]he party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified or harmless." *Nat. Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Security, LLC*, No. 13-CIV-80371, 2015 WL 1121736, at *1 (S.D. Fla. July 29, 2015).

As to the first factor, Ms. Perez played a significant role in the scheme alleged by the State Farm Plaintiffs by assisting Noel Santos in obtaining an AHCA license for Medical Wellness Services and occasional consulting advice to Noel Santos and/or Medical Wellness Services to ensure compliance with relevant regulations to their business activities. These issues are critical to the State Farm Plaintiffs' claims. Additionally, the Muse Defendants concede the importance of this testimony by virtue of their June 2019 disclosure. Second, the State Farm Plaintiffs did not identify Ms. Perez on their Initial Disclosures because they had *no obligation* to do so. In accordance with Rule 26(e), a party has a duty to supplement its initial disclosures only *"if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Furthermore, and most importantly, the Muse Defendants will suffer *no prejudice* if this Court

refuses to strike Ms. Perez as a witness.  Therefore, any late disclosure of Anet Perez by the State Farm Plaintiffs was harmless because the Muse Defendants suffered no prejudice.  "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."  *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (quoting *Berryman–Dages v. City of Gainesville Fla.*, No. 1:10cv177–MP–GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012)).  Important testimony should not be excluded absent some showing of prejudice.  *Burden v. Cty. of Opa Locka*, No. 11-22018-CIV, 2012 WL 4764592, at *7 (S.D. Fla. Oct. 7, 2012); *see also Great Am. Assur. Co.,* 2012 WL 3860429 at *2 (denying Motion to Strike, finding that defendants were put on notice of the affiant and the subject matter of his knowledge, therefore, the probative value outweighed the prejudice, if any); *see also Rodriguez v. Estero Fire Rescue*, No. 2:13-cv-452-FTM-29, 2014 WL 3908165, at *3 (M.D. Fla. Aug. 11, 2014) (declining to impose sanctions, and finding the late disclosure harmless because the plaintiff "knew of the witnesses and that they had relevant knowledge because she listed them in her own disclosures beginning several months prior to the close of discovery.")

In *Great Am. Assur. Co.*, the court found the opposing party was on notice of the affiant and his potential knowledge because the opposing party already disclosed him as a witness and his knowledge had been elicited during a deposition.  *Id*.  In *Great Am. Assur. Co.*, the plaintiffs argued defendants cannot exclude a witness whose relevance defendants were already aware of.  *Id.* at *1.  The court agreed and found that because the defendants had been put on notice of the affiant and his knowledge, the prejudicial impact, if any, was outweighed by the probative value of the testimony and denied the Motion to Strike.  *Id*. at *2.

Here, the Muse Defendants were well aware of Anet Perez' relevance to this case because the Muse Defendants disclosed and deposed Anet Perez.  At Ms. Perez' deposition, the Muse Defendants had ample opportunity to ascertain the scope of Ms. Perez's knowledge.  Essentially, as of their June 2019 supplemental disclosures, and certainly by the date of her deposition, the Muse Defendants possessed exactly the information required by to be disclosed by Rule 26, i.e., the relevant information Ms. Perez had to offer.  Analogous to the defendants in *Great Am. Assur. Co.*, the Muse Defendants have suffered no prejudice because they knew of Anet Perez and had ascertained the scope of her knowledge.

Even if this Court determines the State Farm Plaintiffs had a duty to supplement their initial disclosures, the Muse Defendants have suffered no prejudice as a result of the late disclosure, and as such, their Motion to Strike should be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny the Muse Defendants' Motion to Strike Anet Perez as a trial witness.

Dated:  January 2, 2019               Respectfully submitted,

/s/ David I. Spector
David I. Spector (Florida Bar No. 086540)
E-mail: david.spector@hklaw.com
Caitlin Saladrigas (Florida Bar No. 095728)
E-mail: caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399
*Attorneys for State Farm Plaintiffs*

#72170788_v2

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ David I. Spector*
DAVID I. SPECTOR
Fla. Bar No. 086540

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>2550 S. Bayshore Drive, Suite 102<br>Coconut Grove, FL 33133<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>         kbparkerlaw@gmail.com<br>         parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile:  (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** | Louis V. Martinez, Esq.<br>**LOUIS V. MARTINEZ, P.A.**<br>2333 Brickell Avenue,<br>Suite A-1,<br>Miami, FL 33129<br>Telephone: (305) 764-3834<br>Email: louisvmartinez14@gmail.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL  33012<br><br>       - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL  33175<br>*In Pro Se*<br>**Served via U.S. Mail**<br><br>Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL 33180<br>*In Pro Se*<br>**Served via U.S. Mail** |

#72170788_v2