**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:18-cv-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE and CASUALTY
COMPANY
        Plaintiff,

vs.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE,
HUGO GOLDSTRAJ, MANUEL FRANCO,
MEDICAL WELLNESS SERVICES, INC.,
NOEL SANTOS, ANGEL CARRASCO, JORGE
RAFAEL COLL, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES and
JOSE GOMEZ-CORTES,

        Defendants.
_____/

**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS' EXPERT'S POST-DEPOSITION REPORTS/OPINIONS**

Defendants, HEALTH AND WELLENSS SERVICES INC., PAIN RELIEF CLINIC OF HOMESTEAD, MEDICAL WELLNESS SERVICES, INC., NOEL SANTOS, LAZARO MUSE, BEATRIZ MUSE and JESUS LORITES ("Named Defendants"), state as follows:

1. On August 1, 2018, Plaintiffs filed their complaint

2. On or about August 8, 2019, Plaintiffs disclosed their expert's - Dr. Mark Rubenstein ("Dr. Rubenstein")- report consisting of his review and opinions of several of the patient files for the three clinic defendants.

3. On September 25, 2019, Plaintiffs' expert was deposed on his report and opinions of the patient files he reviewed.

4. On or about January 9, 2020, five months after his initial reports and three months after Dr. Rubenstein was deposed, Plaintiffs, for the first time, make available Dr. Rubenstein's second volume of reports of his ongoing review of the defendant clinics' patient files.

5. The Defendants object to Dr. Rubenstein's post deposition report/review/opinion on patient files to be used at trial.

6. At the time the scheduling order was entered into by the parties, Plaintiffs well knew the volume of files that their expert would need to review. Indeed after both sides retained their experts in this matter, it became apparent that the cost and time in reviewing patient files would make it difficult (if not impossible) for it to be completed before the expert cut-off date for depositions, but neither party sought an extension from the court.

7. Now, Plaintiffs wish to allow their expert to continue (and have indeed had their expert continue) to review patient files since his deposition from which he will be testifying a trial.

8. In an attempt to resolve this matter, Defendants requested Plaintiffs agree to have a reciprocal agreement wherein both experts could do the same thing so long as their opinions did not change before trial.  Not surprisingly, Plaintiffs objected to such request.

9. Based on the foregoing, the Named Defendants seek an order prohibiting Plaintiffs' expert from testifying at trial as to his reviewing any medical files after September 25, 2019.

10. In compliance with the Local Rules, undersigned counsel certifies that he has conferred with counsel for the Plaintiffs regarding the relief requested herein and Plaintiffs oppose the relief requested herein.

## CONCLUSION

Based on the foregoing, the Court should grant the relief requested herein.

Respectfully submitted,

s/ Richard J. Diaz

_____

Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 17th day of January, 2020.

s/ Richard Diaz

_____

Richard J. Diaz, Esq.