# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23125-Civ-WILLIAMS/TORRES

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE
FARM FIRE AND CASUALTY COMPANY,

        Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC. *et al*,

        Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION
## TO STRIKE PLAINTIFFS' UNTIMELY WITNESS

This matter is before the Court on Medical Wellness Services, Inc.'s, Noel Santos's, and Lazaro Muse's ("Defendants") motion to strike State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's ("Plaintiffs") untimely witness. [D.E. 254]. Plaintiffs responded to Defendants' motion on January 2, 2020 [D.E. 264] to which Defendants replied on January 6, 2020. [D.E. 265]. Therefore, Defendants' motion is ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **DENIED**.[1]

---

[1]    On January 21, 2020, the Honorable Robert N. Scola referred Defendants' motion to the undersigned Magistrate Judge for disposition. [D.E. 273].

1

## I. APPLICABLE LEGAL PRINCIPLES AND LAW

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The disclosing party is under a continuing obligation to "supplement or correct its disclosure or response . . . in a timely manner" if additional persons become known and that "information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The Rule 26 disclosure requirements are enforced by Rule 37(c). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (quotation omitted). "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to

comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617(M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005). The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

Ultimately, in deciding whether to exclude a nondisclosed or untimely-disclosed document, courts "consider '(1) the importance of the testimony, (2) the reason for the [the nondisclosing party's] failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been [admitted at trial.]'" *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917, 920 (11th Cir. 2010) (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).

## II. ANALYSIS

Defendants' motion seeks to strike the untimely disclosure of Plaintiffs' trial witness, Anet Perez ("Ms. Perez"). Plaintiffs filed this case on August 1, 2018 [D.E. 1] and served their initial disclosures on October 25, 2018. On August 14, 2019, Plaintiffs deposed Ms. Perez but Defendants allege that Plaintiffs never amended their initial disclosures. Instead, Defendants argue that Plaintiffs waited a year[2]

---

[2] Plaintiffs supplemented their initial disclosures on December 18, 2019.

after the deadline for initial disclosures and four months after Ms. Perez's deposition to disclose Ms. Perez as a trial witness. Because Plaintiffs failed to comply with the Court's Scheduling Order and failed to present any good cause for the untimely disclosure of Ms. Perez, Defendants request that the Court strike her as a trial witness.

The Federal Rules of Civil Procedure make clear that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Rules' Committee Notes also explain that "[l]imiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.,* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties[.]" Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment. This exception is consistent with the purpose of Rule 26, which is to provide the parties with an adequate opportunity to conduct discovery on relevant sources of information about which they would otherwise remain ignorant. *See* Fed. R. Civ. P. 26(e) (requiring that a "party who has made a disclosure under Rule 26(a) . . . supplement or correct its disclosure" only if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

Defendants complain that Plaintiffs' failure to supplement their initial disclosures has prejudiced them because discovery is now closed and the deadline to file dispositive motions has passed. Defendants' motion is entirely without merit because on June 27, 2019, Defendants identified Ms. Perez, in their own Rule 26 disclosures [D.E. 122], as an individual with knowledge relevant to the facts of this case. Defendants also attended Ms. Perez's deposition on August 14, 2019 and, after Plaintiffs finished with their questions, Defendants deposed Ms. Perez for two additional hours. Because Defendants identified Ms. Perez as a relevant witness and then deposed her, it is hard to fathom how Defendants can claim that Plaintiffs' failure to supplement their initial disclosures is prejudicial.

Indeed, courts in our Circuit routinely hold that a party's failure to disclose a witness is "harmless" for purposes of Rule 37(c)(1) where, as here, the opposing party knew of the undisclosed witness. *See Brown v. Chertoff*, 2009 WL 50163, at *4-5 (S.D. Ga. Jan. 7, 2009) *aff'd sub nom. Brown v. Napolitano*, 380 F. App'x 832 (11th Cir. 2010) (denying motion *in limine* where the plaintiff "was aware of the identities of [non-disclosed witnesses] during discovery and could have sought to depose them had he chose to do so"); *Wajcman v. Inv. Corp. of Palm Beach*, 2009 WL 465071, at *5 (S.D. Fla. Feb. 23, 2009) (denying motion *in limine* where party was well aware of non-disclosed witness' existence and significance); *Burden v. City of Opa Locka*, 2012 WL 4764592, at *8 (S.D. Fla. Oct. 7, 2012) (finding that plaintiffs

were unable to demonstrate that the failure to provide them with [non-disclosed witness's declaration] was not harmless because the witness was referenced in the plaintiffs' own complaint); *Wolfe v. Sec'y, Dep't of Corr.*, 2012 WL 6740732, at *1 (M.D. Fla. Dec. 30, 2012) ("The Court agrees that the identity of [non-disclosed witness] was made known to Plaintiff during the discovery process, and thus, his testimony will be permitted. [Non-disclosed witness] was identified . . . during the deposition of Defendant's medical expert."); *Cardinal Health, Inc. v. Delivery Specialists, Inc.*, 2011 WL 845915, at *5 (S.D. Fla. Mar. 8, 2011) (denying motion to strike declaration submitted in support of summary judgment where party should have known of undisclosed witness' existence prior to the filing of the opposing party's summary judgment motion in light of the witness' identification during discovery).

The same reasoning applies in this case because Defendants have long known that Ms. Perez is a significant witness in this case. While it is undisputed that Plaintiffs did not amend their initial disclosures until December 18, 2019, Defendants knew of Ms. Perez's relevance when they amended their own initial disclosures and when they took her deposition. Defendants cannot, as a result, argue that they have suffered any prejudice. *See Berryman–Dages v. City of Gainesville Fla.,* 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."). Accordingly, Plaintiffs' failure to supplement their initial

disclosures is harmless and Defendants' motion to strike Ms. Perez as a trial witness must therefore be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to strike Ms. Perez as a trial witness is **DENIED**. [D.E. 254].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge