UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23125-Civ-SCOLA/TORRES

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE
FARM FIRE AND CASUALTY COMPANY,

      Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC. *et al*,

      Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION
## TO STRIKE DR. RUBENSTEIN'S POST-DEPOSITION OPINIONS

This matter is before the Court on Medical Wellness Services, Inc.'s, Noel Santos's, and Lazaro Muse's ("Defendants") motion to strike the opinions of State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's ("Plaintiffs") expert, Dr. Rubenstein. [D.E. 269]. Plaintiffs responded to Defendants' motion on January 31, 2020 [D.E. 286] to which Defendants replied on February 10, 2020. [D.E. 298]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **DENIED**.[1]

---

[1] On January 21, 2020, the Honorable Robert N. Scola referred Defendants' motion to the undersigned Magistrate Judge for disposition. [D.E. 273].

## I.   APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must also contain the following information: a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the opinions, any exhibits intended to be used in summarizing or supporting the opinions, the experts' qualifications including a list of all authored publications in the previous ten years, a list of all the other cases in which the witness testified as an expert during the previous four years, and a statement of the compensation the expert is to receive for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006). To this end, Rule

2

37(c)(1) provides a self-executing sanction for untimely expert reports. In relevant part, Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (quotation omitted). "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617(M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005). The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

## II. ANALYSIS

Defendants' motion aims to strike the post-deposition opinions of Plaintiffs' expert, Dr. Rubenstein. Plaintiffs retained Dr. Rubenstein because this case involves medical treatment services at several health care clinics. Plaintiffs tasked Dr. Rubenstein with reviewing patient files and drafting an expert report for each clinic. The files that Dr. Rubenstein reviewed in his reports and at his deposition included records that Defendants submitted as part of their insurance claims.

Plaintiffs served Dr. Rubenstein's expert reports in August 2019 where he opined that there were patterns at each clinic where health care professionals failed to meet the required standard of care in treating patients. The parties then deposed Dr. Rubenstein on September 25, 2019 where he explained how he spent nine months reviewing medical records with additional records pending review.[2] Dr. Rubenstein stated that, from the time he issued his expert reports to the date of his deposition, he "continued to review records in the matter and generate individual reports for individual files." [D.E. 169 at 6]. He also explained that there were at least three additional boxes of individual records that needed to be reviewed and that he hoped to finish his review shortly thereafter. *See id*. at 40:20-42:3.

After Dr. Rubenstein's deposition, Plaintiffs served Defendants with 131 of Dr. Rubenstein's summaries with another 80 produced on January 8, 2020. Between Dr. Rubenstein's deposition in September 2019 and his production in

---

[2] Plaintiffs produced at least 500 of these patient files a week prior to Dr. Rubenstein's deposition.

4

January 2020, Plaintiffs claim that Defendants failed to raise any issue with Dr. Rubenstein's ongoing review. However, on January 10, 2020, Defendants became concerned about Dr. Rubenstein's review and questioned whether Plaintiffs violated the Court's Scheduling Order. While Plaintiffs explained that Dr. Rubenstein's opinions had not changed since the date of his deposition, Plaintiffs offered to make Dr. Rubenstein available for a second deposition to alleviate any prejudice that Defendants may have suffered. Defendants rejected that offer, however, because of scheduling restraints and now seek to strike all of Dr. Rubenstein's post deposition opinions. Defendants conclude that Plaintiffs violated the Court's Scheduling Order and that any opinion that Dr. Rubenstein developed after his deposition must be stricken.

Defendants' motion is unpersuasive because – putting aside the failure to include any legal authority or substantive reasons in support of the motion – there is nothing in this record to suggest that Dr. Rubenstein has altered his original opinions. *See Brown v. NCL (Bahamas) Ltd.*, 2016 WL 8716482, at *5 (S.D. Fla. Oct. 13, 2016) ("Motions devoid of any legal authority or a supporting memorandum of law are due to be denied or stricken.") (citing cases). This is significant because, based on a review of relevant cases, Defendants have presented no evidence that Dr. Rubenstein's ongoing review constitutes a "new" expert opinion that violates the Court's Scheduling Order. *See Ward v. Carnival Corp.*, 2019 WL 1228063, at *3 (S.D. Fla. Mar. 14, 2019) (denying motion to strike because "[b]oth declarations build upon the original reports, without changing any of the conclusions or opinions

5

found therein.") (citing *In re Accutane Prods. Liab. Litig.*, 2007 WL 201091, at *1 (M.D. Fla. Jan. 24, 2007) (denying motion to strike supplemental expert report where the report included additional literature review and, in some areas, a degree of new or additional rationale in support of the expert's conclusions, but the core opinions remained the same); *cf. Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009) (excluding expert's untimely second report because it contained opinions regarding claims that went unaddressed in the initial report); *K&H Dev. Group., Inc. v. Howard*, 255 F.R.D. 562, 567-68 (N.D. Fla. 2009) (striking expert's "supplemental" report that included a new theory of damages based on information available when expert prepared initial report).

In fact, Plaintiffs state that Dr. Rubenstein will not be supplementing any of his expert reports because the opinions contained therein are the same as his ongoing review of patient files. *See Mahavisno v. Compendia Bioscience, Inc.*, 2015 WL 4394214, at *3 (E.D. Mich. July 16, 2015) (holding that party's untimely submission of supplemental expert report was harmless because alleged new report expressed the same opinion as the original expert report). The only difference is that the original opinions are now based on an expanded review of patient files that both parties have had access to before the close of discovery.

Defendants' motion also fails for an entirely separate reason because any failure to disclose was harmless. When Defendants deposed Dr. Rubenstein, he explicitly stated that he would continue his review of patient files because he had not yet completed them prior to his deposition. Defendants were therefore on notice

6

that Dr. Rubenstein would be reviewing additional files as this case proceeded to trial. Given this representation, it is hard to fathom how Defendants suffered any prejudice when they knew of Dr. Rubenstein's review for four months after his deposition but did nothing in the interim. Defendants also failed to identify a single record or observation that Dr. Rubenstein made since his deposition that constitutes prejudice. And even if Defendants suffered any prejudice, the failure to disclose is readily curable as Plaintiffs have agreed to continue Dr. Rubenstein's deposition prior to trial.[3] For these reasons, any untimely disclosure is harmless and Defendants' motion to strike must therefore be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to strike Dr. Rubenstein's post deposition opinions is **DENIED**. [D.E. 269].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] On February 10, 2020, the Court granted Defendants' motion for an extension of the trial date in this case – giving the parties even more time to schedule another deposition of Dr. Rubenstein. [D.E. 297]. The trial date was changed from March 10, 2020 to April 7, 2020.