UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:18-CV-23125-RNS**

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY and STATE FARM FIRE AND CASUALTY
COMPANY,

Plaintiff,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MAMUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC,, NOEL SANTOS,
ANGEL CARRASCO, JORGE RAFAEL COLL,
PAIN RELIEF CLINIC OF HOMESTEAD, CORP.,
JESUS LORITES, AND JOSE GOMEZ-CORTES,

Defendants.

_____/

## DEFENDANT DR. JESUS LORITES' MOTION FOR RECONSIDERATION OF ITS MARCH 5, 2020 OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT

**COMES NOW**, Defendant, Dr. Jesus Lorites, by and through undersigned counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and files his Motion for Reconsideration and/or Rehearing of this Court's March 5, 2020 Omnibus Order on Motions for Summary Judgment [ECF No. 321], and, in support thereof, states as follows:

### SUMMARY OF THE ARGUMENT

In granting Plaintiffs' Motion for Summary Judgment and denying Dr. Lorites' Motion for Summary Judgment, the Court committed a clear error in considering facts which were not supported by the record. The Court denied Dr. Lorites' Motion for Summary Judgment on the issue of the Statute of Limitations, citing the doctrine of fraudulent concealment. Not only was

1

fraudulent concealment not argued by Plaintiffs, the record does not support a finding of fraudulent concealment where no evidence in the record exists showing that Dr. Lorites engaged in any affirmative actions. As such, it was a clear error to deny his Motion and grant Plaintiffs' motion on these grounds

Further, the Court considered facts which were not pled by the Plaintiffs in granting their Motion for Summary Judgment. The issue of collecting co-pays and deductibles was one of the reasons for an earlier attempt by Plaintiffs to seek leave to amend their complaint which was denied by the Court as untimely. [ECF No. 252]. Consequently, it was a mistake to grant Plaintiffs' motion for summary judgment on this issue where it was not pled.

## FACTS AND PROCEDURAL HISTORY

This action is based on an alleged scheme involving a series of medical clinics ("the Muse Clinics") which allegedly defrauded Plaintiffs, State Farm, through purportedly unlawful operations. Dr. Jesus Lorites was employed solely as a medical director at one of these clinics, Pain Relief, from August 2010 to April 2013. Plaintiffs filed this lawsuit on July 2018, more than 5 years after Dr. Lorites resigned from Pain Relief. The Plaintiffs continue to improperly include Dr. Lorites in any alleged wrongdoings beyond April, 2013.

Plaintiffs and Dr. Lorites filed dual motions for summary judgment. Dr. Lorites argued that State Farm's claims against him were barred by the applicable statutes of limitations since he resigned April, 2013. Plaintiffs did not dispute the applicable statute of limitations. Rather, they argued that delayed discovery and equitable tolling justified tolling the applicable statutes of limitations. On March 5, 2020, the Court denied Dr. Lorites' Motion for Summary Judgment, citing the doctrine of fraudulent concealment. Dr. Lorites files this motion for reconsideration of the Court's ruling.

## MEMORANDUM OF LAW

### I.      Dr. Lorites' Motion for Reconsideration Should Be Granted

While the Federal Rules of Civil Procedure do not explicitly recognize either a motion for reconsideration or a motion for rehearing, Federal courts in Florida treat such motions as motions designed to alter or amend a judgment pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Am. Univ. of Caribbean, N.V. v. Carital Healtcare, Inc.*, 08-20374-CIV, 2011 WL 13174780, at *1 (S.D. Fla. Mar. 17, 2011). Dr. Lorites respectfully requests that this Court grant his Motion for Reconsideration and/or Rehearing of this Court's March 5, 2020 Order denying Dr. Lorites' Motion for Summary Judgment and, subsequently, vacate the Order denying Dr. Lorites' Motion for Summary Judgment under Rule 59(e) of the Federal Rules of Civil Procedure which provides, in pertinent part, as follows:

> "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

(2020). Rule 59(e) applies to judgments wherein a judgment is classified as any order from which an appeal lies. *See Baldwin v. U.S.*, 823 F. Supp. 2d 1087, 1097 (D.N. 2011).  Although Rule 59(e) does not enumerate any specific grounds for altering or amending a judgment, three (3) grounds have been established to justify the granting of a motion to alter or amend a judgment.  These grounds entail: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) **the need to correct clear error or prevent manifest injustice**.  *See Quintero v. Geico Marine Ins. Co.,* 389 F. Supp. 3d 1153, 1166 (S.D. Fla. 2019), as amended (June 26, 2019)(*emphasis added*). Reconsideration is committed to the district court's sound discretion. *Aligned Bayshore Holdings, LLC v. Westchester Surplus Lines Ins. Co.*, 18-21692-CIV, 2019 WL 4345901, at *1 (S.D. Fla. Sept. 12, 2019).

3

Rule 60(b) allows for 'relief from a final judgment, order, or proceeding' in certain circumstances. Those circumstances include mistake, excusable neglect, newly discovered evidence, fraud by an opposing party, and 'any other reason that justifies relief.'"

In the present case, Dr. Lorites' respectfully requests that this Court utilize this extraordinary remedy of rehearing, as Dr. Lorites relies on the need to correct a clear error of fact and manifest injustice to justify the reconsideration and/or rehearing of the Order denying Dr. Lorites' Motion for Summary Judgment and granting Plaintiffs' Motion for Summary Judgment. First, Dr. Lorites' Motion for Reconsideration and/or Rehearing is timely filed according to Rule 59(e). Second, Dr. Lorites' Motion is appropriate because this Court has, respectfully, misunderstood key facts regarding what is and isn't in the record, and further has considered facts not pled. Dr. Lorites contends that the Order denying his Motion for Summary Judgment and granting State Farm's motion ("the Order") was entered in error and constitutes a manifest injustice because the facts in the record and the law as argued by Dr. Lorites fully supported granting his Motion for Summary Judgment on the issue of his Statute of Limitations defense.

## II.   Lack of Pin Record Citations Did Not Preclude the Court from Fully Examining the Record Which Establishes an Undisputed and Valid Statue of Limitations Defense

In the Order, the Court admonished Dr. Lorites for "providing no direction to the Court as to where amongst the over 200 entries on the docket the Court might find the affidavit, nor does he provide any guidance as to which specific part of his affidavit supports his position." [ECF 321], pg. 6.

As it relates to the first point, Dr. Lorites acknowledged in his reply that his motion for summary judgment was deficient in regard to proper document citation as the affidavit had been filed contemporaneously with the motion and had not been given a number yet. [ECF 219] at p. 2-

3. Dr. Lorites even offered in his reply that if amendment to include pin cites in light of his response was warranted, Dr. Lorites would happily do so. [ECF 219] at p.2. Even still, Counsel for Dr. Lorites acknowledges the mistake made here and the importance of complying with the Local Rules.

However, the lack of pin record citations did not preclude granting summary judgment in favor of Dr. Lorites. While the Court is correct to cite to *Lugo* in stating that the failure to comply with the Local Rules leaves the Court with a "functional analog of an unopposed motion for summary judgment," facts deemed admitted are done so only to the extent they are permitted by the record. *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1343 (S.D. Fla. 2015). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). Such a requirement provides the Court with an opportunity to address the merits of the motion. *State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1159 (S.D. Fla. 2015).

For the reasons stated below, the Court will find that according to what is actually supported by the record, the Court should have ruled that the record did not support fraudulent concealment which would toll the statute of limitations.

### III. There Was No Record Evidence Supporting a Finding of Fraudulent Concealment as to Dr. Lorites.

In denying Dr. Lorites' Motion for Summary Judgment, the Court pointed to the doctrine of Fraudulent Concealment as a reason to the toll the applicable statutes of limitations.[1] This was a mistake for a number of reasons. First, Plaintiffs did not argue fraudulent concealment. The sole

---

[1] The Court did not address the arguments related to delayed discovery and equitable tolling. To the extent that they are still relevant here, Dr. Lorites' restates his position in his Reply to Plaintiff's Response in Opposition to Dr. Lorites' Motion for Summary Judgment. [ECF No. 240]

reference is in a heading, and no law was cited to support the argument. Nevertheless, even if Plaintiffs had made an argument for fraudulent concealment, Plaintiffs did not establish any facts justifying the tolling of the statute by fraudulent concealment.

To invoke fraudulent concealment, a plaintiff must show that a defendant "engage[d] in the *willful* concealment of the cause of action using *fraudulent means* to achieve that concealment." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003) (citing *Berisford v. Jack Eckerd Corp.*, 667 So.2d 809, 811 (Fla. Dist. Ct. App. 1995))(*emphasis added*).  The Court's Order stated that State Farm presented facts establishing that Dr. Lorites made affirmative misrepresentations in the invoices submitted to State Farm. [ECF 321] at p.17. However, when one investigates the record cites that State Farm implemented in their response to Dr. Lorites' Motion for Summary Judgment, one can see that they are not only self-serving, they also do not establish ***any*** affirmative action by Dr. Lorites.

On Page 7 of their response, State Farm lists what they contend establish facts which support application of delayed discovery and equitable estoppel. [ECF 238] at 7. The first fact states:

- "The Muse Clinics repeatedly submitted CMS 1500 forms and accompanying medical records which represented to the State Farm Plaintiffs the treatment performed at the Muse Clinics was lawfully rendered and medically necessary, [ECF No. 181], October 30, 2019 S. Bright Dec. at ¶¶5-6, 15;"

[ECF 238] at 7.

Examining the Declaration of Steven Bright, we see the general allegation in paragraphs 5 and 6 that the Muse Clinics submitted fraudulent CMS 1500 forms without clear allegations as to who did what. This is consistent with Plaintiffs' actions of lumping Dr. Lorites into the alleged scheme without delineating what it is that Dr. Lorites specifically did or pointing to evidence of

Dr. Lorites' actions. Plaintiffs further this in Paragraph 15 of the affidavit by tenuously connecting the CMS 1500 forms to AHCA applications. This is continued in the second fact.

The second fact states:

- "The Medical Directors at the Muse Clinics—Including Dr. Lorites—furthered the understanding that treatment was lawfully rendered and medically necessary because the medical directors signed medical director agreements affirming specifically that they would undertake the responsibility of ensuring that the bills were not fraudulent or unlawful, [ECF No. 235], 2010 & 2012 AHCA Applications for Pain Relief;"

[ECF 238] at 7.

It is true that the AHCA applications contain Dr. Lorites' signature for the licensing of Pain Relief and to further the understanding that treatment at Pain Relief should be lawfully rendered and medically necessary. However, the degree to which this supports State Farm's contention that Dr. Lorites himself engaged in the *willful* concealment of their cause of action is zero. Even viewing this in the light most favorable to Plaintiffs', this sort of allegation can only rise to the level negligence, which is not enough to raise or support fraudulent concealment in order to defeat a statute of limitations defense.

The third fact states:

- "The State Farm Plaintiffs' relied on those CMS 1500 forms and the representation that the services were lawfully rendered and medically necessary, [ECF No. 181], October 30, 2019 Decl. of S. Bright at ¶7; [ECF No. 220], S. Bright Dep. at 172:12 – 177:22."

[ECF 238] at 7.

Only two CMS 1500 forms exist in the record. They are not signed by Dr. Lorites and no evidence in the record supports connecting him to those forms. In fact, the cited portions of the Deposition of Stephen Bright do not make any reference to Dr. Lorites whatsoever. The cited portions only reflect Stephen Bright' explanation of a CMS 1500 form, the process for State Farm to review the forms, and their understanding that the services rendered under such forms are

typically considered lawful and medically necessary. [ECF No. 220], S. Bright Dep. at 172:12 – 177:22. Once again, nothing of the sort provides evidence of fraudulent concealment on the part of Dr. Lorites.

The fourth fact states:

- "The State Farm Plaintiffs were unaware licensed massage therapists ("LMTs") were performing the therapy—some of which was outside the scope of their licensure—because the CMS forms submitted to the State Farm Plaintiffs were signed by either treating physicians or medical directors at the Muse Clinics, not the LMTs, [ECF No. 234], November 26, 2019 Dec. of S. Bright at ¶6;"

[ECF 238] at 7.

This means nothing without any CMS 1500 Form in the record explicitly signed and submitted by Dr. Lorites. None of this suggests *willful* concealment of a cause of action by Dr. Lorites. State Farm submits the proposition that CMS forms were submitted and signed by "treating physicians or medical directors at the Muse Clinics" and yet they only submit two forms signed by the same individual, not Dr. Lorites.

The fifth fact states:

- "When the State Farm Plaintiffs did not issue payment within the 30-day window pursuant to Florida's No-Fault law, the Muse Clinics would routinely file suit against the State Farm Plaintiffs, [ECF No. 234], November 26, 2019 Dec. of S. Bright at ¶¶7-8; and"

[ECF 238] at 7.

Nothing in the declaration of Stephen Bright—or any supporting documentation—ties Dr. Lorites to any facts indicating that he, individually or as medical director for Pain Relief, engaged in litigious threats.

The final fact states:

- "As a result, the State Farm Plaintiffs did not and could not know of the underlying scheme involving the Defendants, including Dr. Lorites, until approximately July 2018.

> [ECF No. 236], Pls. Resp. to Interrogatories No. 4, [ECF No.234], November 26, 2019
> Dec. of S. Bright at ¶9."

[ECF 238] at 7.

Regardless of the fact that this has nothing to do with supporting a fraudulent concealment argument against Dr. Lorites, this argument was already addressed by Dr. Lorites in his reply which noted that, according to State Farm's own logic, all it apparently had to do to discover the alleged scheme was exercise the required due diligence by looking at the forms it possessed again. [ECF No. 219].

As the Court can see, the only two CMS 1500 Forms that exist in the record are Exhibits 3 and 4 to the Amended Complaint. [ECF No. 6]. The sole signature on these forms are by Bernardino O. Enrique, who is not a party to this lawsuit, in 2010. As Dr. Lorites stated in his Motion for Summary Judgment and accompanying affidavit, Dr. Lorites did not execute any of these forms. [ECF 205] at p. 3; Aff. of Lorites ¶ 34. Beyond the CMS 1500 forms, the Plaintiffs have attempted to connect Dr. Lorites to the fraudulent CMS 1500 forms by citing to Exhibit 46 of the Amended Complaint as a supposed example of Dr. Lorites sending fraudulent forms. Yet, this exhibit is merely a spreadsheet of claims sent to State Farm. There are no accompanying forms which contain Dr. Lorites' name or signature signing off on anything related to the subject scheme of this lawsuit.

Plaintiffs had the duty of showing that Dr. Lorites willfully engaged in fraudulent concealment to toll the statute of limitations. *See Sellers v. A.H. Robins Co., Inc.*, 715 F.2d 1559, 1561 (11th Cir. 1983)(holding that Plaintiff bears burden of proving fraudulent concealment to toll the statute); *see also AFFCO New Zealand, Ltd. v. Am. Fine Foods Corp.*, 913 F. Supp. 2d 1331, 1338 (S.D. Fla. 2012)("The burden of establishing that the limitations period should be tolled belongs to the plaintiff."). Plaintiffs have not satisfied this burden. There is not a scintilla of evidence in the record to support such an argument. *See Colony Ins. Co. v. Great Am. All. Ins. Co.,* 317 F.

Supp. 3d 1181, 1185 (S.D. Fla. 2018)("A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party.")(citation omitted). It would be a mistake to ask Dr. Lorites to do anything else as such would amount to requiring Dr. Lorites to prove a negative for a burden that is not his.

The Plaintiffs' sole contention for any of its defenses against the statutes of limitations relied on the allegedly fraudulent CMS 1500 forms. In the absence of any record evidence showing that Dr. Lorites executed these forms, State Farm cannot succeed in its arguments bringing up fraudulent concealment as it relates to Dr. Lorites. No reasonable jury could conclude fraudulent concealment of the cause of action existed by Dr. Lorites himself because sufficient evidence of such actions do not exist. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)(" If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.")(citations omitted).  If Dr. Lorites did not execute the forms, he did not engage in *willful* concealment of any facts. *See Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1114 (S.D. Fla. 2019)(holding that "mere inaction" is wholly insufficient to constitute active and willful concealment). This is a key requirement to raise the doctrine of fraudulent concealment to toll the statute of limitations.

Summary judgment is mandated against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Trustees of Plumbers Local No. 519 Health & Welfare Tr. Fund v. Garcia*, 677 F. Supp. 1554, 1556 (S.D. Fla. 1988). Plaintiffs, after ample opportunity for discovery, failed to find anything constituting willful concealment on the part of Dr. Lorites. Consequently, Dr. Lorites' Motion for Summary Judgment

should have been granted, and Dr. Lorites' further respectfully requests that the Court reconsider its Order denying Dr. Lorites' Motion for Summary Judgment and granting Plaintiffs' Motion for Summary Judgment as to Dr. Lorites.

**IV.**    **The Court Considered Allegation Not Pled by State Farm.**

In the Order, the Court deemed admitted factual allegations regarding the collection of co-pays and deductibles. Nowhere in the Plaintiffs' Amended Complaint was this brought up. [ECF No. 6]. In fact, when Plaintiffs sought leave to amend the complaint to include these allegations, the Court explicitly denied Plaintiffs' motion. [ECF No. 252] at p. 3.

Nevertheless, the Defendants, and in particular Dr. Lorites, were caught by surprise when the Court disposed of the issue in the Order. [ECF No. 321]. Dr. Lorites asks that this Court reconsider this as matters of co-pays and deductibles were never pled.

Parties are bound by the allegations of their pleadings and the admissions contained in the pleadings as between parties. *Hart Properties, Inc. v. Slack*, 159 So. 2d 236, 238 (Fla. 1963). "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates*, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).

The Court denied Plaintiffs' Motion for Leave to Amend to include allegations regarding the collection of co-pays and deductibles. Consequently, these allegations were not part of the pleadings and the Court should not have considered them during its summary judgment considerations.

**CONCLUSION**

Dr. Lorites respectfully requests that this Court grant his Motion for Reconsideration and/or Rehearing of this Court's March 5, 2020 Order denying Dr. Lorites' Motion for Summary Judgment and, subsequently, vacate the Order denying Dr. Lorites' Motion for Summary Judgment and grant his Motion for Summary Judgment and deny the Plaintiffs' Motion for Summary Judgment as to Dr. Lorites, and for such other and further relief as this Court deems just and proper.

**CERTIFICATEN PURSUANT TO LOCAL RULE 7.1**

The undersigned counsel represents and certifies that a good faith effort to address the matter of the motion for reconsideration with Plaintiff's counsel took place through several emails on March 16, 2020 pursuant to Local Rule 7.1(a)(3). The undersigned pointed out to Plaintiffs' counsel that it was Plaintiffs' duty to concede error. Plaintiffs oppose the motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via the Court's CM/ECF system, and on the unrepresented defendants by U.S. Mail.

s/ Karen Parker Karen Parker, Esq.

**SERVICE LIST**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Courts using the Florida Courts E-Filing Portal this 25th day of March, 2020, and that a copy hereof has been furnished to the following recipients via electronic mail: David Spector, Esquire david.spector@hklaw,com, and Caitlin Saladrigas, Esquire at Caitlin.saladrigas@hklaw.com, Christian Carrazana at christian@carrazana-legal.com, and Chad A. Barr, Esq., chad@chadbarrlaw.com, service@chadbarrlaw.com, paralegal@chadbarrlaw.com ; Richard J. Diaz, Esq., rick@rjdpa.com; Louis Martinez, Esq., lmartinez@diazreus.com

> KAREN B. PARKER, P.A.
> Attorneys for Defendant LORITES
> Datran One, Suite 514
> 9100 South Dadeland Blvd.
> Miami, Florida 33156
> Tel.: (305) 400-9149
> /s_____
> KAREN PARKER, ESQ.
> FBN: 54482
> kparker@kbparkerlaw.com
> fmartinez@kbparkerlaw.com