UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:18-CV-23125-RNS**

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY and STATE FARM FIRE AND CASUALTY
COMPANY,

Plaintiff,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUS, LAZARO MUSE, HUGO
GOLDSTRAJ, MAMUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC,, NOEL SANTOS,
ANGEL CARRASCO, JORGE RAFAEL COLL,
PAIN RELIEF CLINIC OF HOMESTEAD, CORP.,
JESUS LORITES, AND JOSE GOMEZ-CORTES,

Defendants.
_____/

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT JESUS LORITES' MOTION FOR RECONSIDERATION**

Defendant, Jesus Lorties, hereby files this Reply to Plaintiffs' Response in Opposition to Defendant Jesus Lorites Motion for Reconsideration and in support states:

**ARGUMENT**

I. **LOCAL RULE 56.1 ONLY WARRANTS ADMISSION OF FACTS. IT DOES NOT AUTOMATICALLY GRANT SUMMARY JUDGMENT.**

Plaintiffs proffer the absurd proposition that failure to follow Local Rule 56.1 automatically precluded summary judgment in his favor. This is a bold misreading of the text of the rule itself, which states that "material facts are deemed admitted…provided that the Court finds that the

material fact at issue is supported by properly cited record evidence." S.D. Fla. L.R. 56.1(c). The effect of the failure to comply with the local rules is not an automatic win for Plaintiffs, merely a resulting "unopposed motion for summary judgment." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Yet, that does not mean a Court can base the entry of summary judgment on the idea that it was unopposed as the Court was still required to review the cited record evidence to determine if there indeed was no genuine issue of material fact. *Pons v. Latin Motors Int'l, LLC*, 17-CV-22439, 2018 WL 2688797, at *2 (S.D. Fla. May 8, 2018).

Plaintiffs contend that *Sasson* is instructive here. Yet the argument on reconsideration in *Sasson* was that the party believed that Local Rule 56.1 was inapplicable and that under the Federal Rules a statement of material facts was unnecessary. *Sasson v. Beard King Corp.*, 17-CV-24445-KMM, 2018 WL 6308696, at *1 (S.D. Fla. Oct. 3, 2018). Dr. Lorites has made no such argument. In fact, Dr. Lorites agreed with this Court that it was error not to comply with the Local Rules. What Dr. Lorites argues is that the record evidence cited by Plaintiffs did not support their argument and that the Court was still required to examine the record evidence.

Plaintiffs also state that Dr. Lorites' citation of the *One Piece of Real Property* and *B&A Diagnostics* have no "factual application" here. Plaintiffs are mistaken as to the reasoning for their citation. As previously mentioned, the effect of failure to follow Local Rule 56.1 is essentially an "unopposed motion for summary judgment." *Mann*, 588 F.3d at 1303. As the cited cases state, the Court was still required to review the evidentiary material to address the merits of the motion. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004); *State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1159 (S.D. Fla. 2015). Further, the idea that *B&A Diagnostics* has no factual application and does not involve failure to comply with the local rules

has absolutely no merit where the court *explicitly* states that the Defendants failed to comply with Local Rule 56.1 and goes on to analyze the resulting effect. *Id.*

Plaintiffs have not, nor can they cite, any case in this District which stands for the proposition that failure to comply with Local Rule 56.1 results in an automatic denial of the party's summary judgment motion and an automatic grant for the other party. This is because such a proposition *would* turn Local Rule 56.1 into a mere technicality. The fact is that the majority of case law stands for the proposition that failure to comply with Local Rule 56.1 only results in admitted material facts only to the extent they are supported *by the record*.[1] Absolutely nothing precludes the Court from examining the record in detail. *See* Hoff v. Steiner Transocean, Ltd., 12-22329-CIV, 2014 WL 273075, at *5 (S.D. Fla. Jan. 24, 2014)("But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still satisfy itself that the evidence on the record supports the uncontroverted material facts that the movant has proposed.")

Finally, Plaintiffs state that it was Dr. Lorites' burden to prove that his statute of limitations affirmative defense was applicable. Yet, the applicability of the statute of limitations was never seriously in dispute. Plaintiffs even conceded that it applied. They merely argued for its delayed accrual or that it should be tolled. That was their burden and it is Dr. Lorites contention that when the Court examines the record evidence that Plaintiffs cite, they will find that it does not support delayed discovery, equitable tolling, or fraudulent concealment. Consequently, Plaintiffs have

---

[1] Courts are also permitted to be lenient and allow revisions to comply with the Local Rules: *Levin v. Nationwide Home Loans, Inc.*, 13-60306-CIV, 2014 WL 11531634, at *1 (S.D. Fla. Mar. 14, 2014)(allowing Plaintiff to file amended response to comply with the Local Rules); Levey v. Wells Fargo Bank, N.A., 14-22164-CIV, 2015 WL 12533125, at *1 (S.D. Fla. Feb. 17, 2015)(giving three days to filed renewed motion accompanied by proper statement of material facts);

failed to rebut Dr. Lorites' argument that the Court was still required to review the record evidence cited by Plaintiffs and Dr. Lorites' Motion for Reconsideration should be granted.[2]

## II. There was no evidence to support fraudulent concealment and Plaintiffs still have not properly supported its application.

Plaintiffs first argue that they did in fact address fraudulent concealment in their response. Once again, they only seem to highlight its passing reference and a single case which they cited but did not extrapolate any analysis from.[3] Nevertheless, Dr. Lorites does not wish to make this a bigger issue than it needs to be. Dr. Lorites only brought this to the Court's attention on Reconsideration to address why he did not fully address fraudulent concealment in his reply.

Plaintiffs then continue to argue that their response to Dr. Lorites' Motion for Summary Judgment "clearly established the Defendants including the Muse Medical Directors like Dr. Lorites, worked together to conceal the unlawfulness and lack of medical necessity of the services rendered at the Muse Clinics." [ECF 340] at p. 10. Plaintiffs further state that the CMS 1500 Forms "represented a medical director, Dr. Lorites, was carrying out his duties, which included day to day supervision of the operations and ensuring the bills were not unlawful and/or fraudulent." Curiously, Plaintiffs did not say this in their Reponse to Dr. Lorites' Motion for Summary Judgment. Plaintiffs only stated that they "relied on those CMS 1500 forms and the representation

---

[2] Plaintiffs also state that it is unclear which order Dr. Lorites is specifically challenging. Should it need clarification: Dr. Lorites is challenging the Court's order denying his Motion for Summary Judgment and in turn granting Plaintiffs' Motion for Partial Summary Judgment. It is Dr. Lorites contention that the Court should have granted his Motion for Summary Judgment and in turn denied Plaintiffs' Motion for Partial Summary Judgment as it related to Dr. Lorites.

[3] The applicability of *Grossman* to this case is questionable. In *Grossman*, there was clear and direct evidence of *willful* concealment on the part of the Defendant arguing that the Statute of Limitations had run. *Grossman v. Greenberg*, 619 So. 2d 406, 408 (Fla. 3d DCA 1993). As Lorites argued in his Motion for Reconsideration and elsewhere in this reply, no record evidence supports the application of the fraudulent concealment doctrine to his actions.

that the services were lawfully rendered and medically necessary." [ECF 238] at p. 7. At no point did they connect Dr. Lorites with the CMS 1500 beyond his signature on the AHCA applcations. In no way does this constitute evidence of *willfull* concealment which would support applying the doctrine of fraudulent concealment to toll the statute of limitations.

Plaintiffs further state that "[t]he fact Dr. Lorites did not personally sign the CMS 1500 Forms is immaterial because his failure to satisfy his statutory obligations allowed the misrepresentations to occur." [ECF 340] at p. 10. First, the fact that Dr. Lorites did not personally sign the CMS 1500 forms is not immaterial because such an action would constitute an affirmative action on Dr. Lorites' behalf which would constitute *willful* concealment. Once again, Plaintiffs have, at best, argued that Dr. Lorites was negligent. Negligence is not enough to successfully raise the doctrine of fraudulent concealment. To do so would stretch the doctrine beyond credulity. Plaintiffs' argument that Dr. Lorites' "failure to ensure the services were lawfully rendered concealed the illegal operation of the clinic" is a patently absurd attempt to twist the facts and the Court should see right through it. [ECF 340] at p. 10.

Plaintiffs then continue to contend that the AHCA applications constitute evidence that Dr. Lorites willfully concealed the nature of the clinic. Plaintiffs write: "When the clinic sent bills to the State Farm Plaintiffs, those bills carried the imprimatur of Dr. Lorites, regardless of whether he signed them." [ECF 340] at p.11. To support this position, Plaintiffs cite a case which not only has nothing to do with the doctrine of fraudulent concealment, but also clearly delineates facts which distinguishes the case from the present one. *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 Fed. Appx. 714, 720 (11th Cir. 2011). The *Physicians* Court notes that ordinarily a manager role would not be sufficient to hold liable for fraudulent activities conducted

by others. *Id*. at 721. However, the Court found sufficient evidence that supported a finding that the defendant had actively engaged in the fraud. *Id.*

Here, no such evidence exists. It is not enough for Plaintiffs to rely on the AHCA applications to implicate Dr. Lorites in fraudulent activities. It is entirely possible that there are numerous medical directors who sign their AHCA applications and then fail in their requisite duties and inadvertently allow fraudulent claims to go out. However, such actions do not rise to the level of fraudulent concealment without something more. Plaintiffs may numerous evidence of fraudulent concealment on the part of other Defendants in this case, but they do not have anything directly implicating Dr. Lorites.

Further, the cases Plaintiffs cite do not even come close to supporting their contentions. Plaintiffs cite *Allstate Ins. Co. v. Vizcay* to say that it represents an affirmation of a jury's finding that "the medical director failed to ensure the clincs' billings were not unlawful or fraudulent where the medical director reviewed insufficient files and a medical billing expert testified…it would have been readily apparent to someone conducting even a cursory review." [ECF 340] at p. 12. Yet this case says nothing about fraudulent concealment, only the delayed discovery doctrine. Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1332 (11th Cir. 2016). The affirmation Plaintiffs represent exists in that case only deals with the fraud claim itself, not the applicability of fraudulent concealment to toll the statute of limitations. The same is virtually true of the citation of *State Farm Mut. Auto. Ins. Co. v. A & J Med. Ctr., Inc*. which doesn't even discuss the statute of limitations. *State Farm Mut. Auto. Ins. Co. v. A & J Med. Ctr., Inc.*, 14-20066-CIV, 2015 WL 4387946 (S.D. Fla. June 24, 2015).

Plaintiffs then go on to say that Dr. Lorites did not cite any authority "which addresses a factual situation analogous to the one present in this case." [ECF 340] at p.12. With all due respect, this

is the pot calling the kettle black. Plaintiffs themselves have not cited a single case with a factual situation analogous to Dr. Lorites. As previously stated, the authority cited by Plaintiffs does nothing to establish a finding that the doctrine of fraudulent concealment should apply to Dr. Lorites. Further, Dr. Lorites' case law in his Motion for Reconsideration clearly lays out how the doctrine is applied and why it should not apply here. Plaintiffs also argue that *Padilla* has no relevance here. This ignores that Dr. Lorites cited *Padilla* for its contention that "'mere inaction' is wholly insufficient to constitute active and willful concealment." [ECF 331] at p.10; *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1114 (S.D. Fla. 2019). That proposition is wholly applicable here, as the evidence cited by Plaintiffs only indicates "mere inaction" on the part of Dr. Lorites. This is not enough to establish fraudulent concealment to toll the statute of limitations.

Plaintiffs argue that they are not arguing an expansion of unsettled law. Dr. Lorites has not argued anything to the contrary. Rather, Plaintiffs continue to argue that the failure to comply with the statute warrants tolling the statute of limitations. [ECF 340] at p.13. Nothing from the quoted portion warrants tolling the statute of limitations. It only states that "upon discovery of an unlawful charge, the medical director or clinic director shall take immediate corrective action." Fla. Stat. § 400.9935(1)(g). Not only does this say nothing of fraudulent concealment, Plaintiffs also do not even bother point to record evidence establishing knowledge of the unlawful billing by Dr. Lorites.[4]

Additionally, Plaintiffs' attempts to cite a Bankruptcy case extending fraudulent concealment to a scheme involving multiple participants is extremely flawed. *In Re Palm Avenue Partners*

---

[4] As Dr. Lorites stated in his Motion for Reconsideration, Dr. Lorites' appearance in the record is very limited. Dr. Lorites was only acknowledged by the Muse Defendants as being a Medical Director for Pain Relief, and the only document referencing Dr. Lorites are the AHCA applications signed by him.

delineates an extensive history by the defendant in question of avoiding the requisite disclosures to investors while in concert with the other Defendants. *In re Palm Ave. Partners, LLC*, 611 B.R. 457, 468 (Bankr. M.D. Fla. 2019). By contrast, the only fact in the present case that Plaintiffs have argued supports tolling is that Dr. Lorites acknowledged in his AHCA application that he had a statutory duty and that he subsequently failed that duty. They have not, as *In re Palm Ave* notes, satisfied the required showing that Dr. Lorites concealed his "improper conduct" through "fraudulent means." Plaintiffs may continue to assert that Dr. Lorites had an active involvement in the Muse Family Scheme, yet they have continually failed to point at any affirmative actions by Dr. Lorites in the record which supports his involvement in the scheme. A finding of fraudulent concealment may exist in the record for the other Defendants, but there is none for Dr. Lorites.

Finally, Plaintiffs attempt to relitigate discovery issues in this case that the Court has already disposed of. Plaintiffs argue that there was not ample opportunity for discovery regarding Dr. Lorites specifically. Plaintiffs argue that because the deposition of Dr. Lorites was initially terminated due to a perceived conflict, and that Dr. Lorites' auditor evaded service, "further information regarding any willful acts of concealment taken by Dr. Lorites personally could not be obtained because of the efforts of his counsel and his 'auditor' to frustrate the discovery process." This is an extremely flawed argument for a number of reasons. First, Dr. Lorites sat for his deposition for almost two hours before it was terminated due to the perceived conflict. [ECF No. 164-1]. That Plaintiffs were unable during this time to glean any inculpatory evidence of fraudulent concealment is not the fault of Dr. Lorites or his counsel. Indeed, this Court already noted that the inability of Plaintiiffs to finish deposing Dr. Lorites was their own doing. [ECF No. 262]. Second, the acts of the "auditor" have nothing to do with Dr. Lorites or his counsel. Third, the idea that the extent of the ability of Plaintiffs to uncover evidence of fraudulent concealment

n/a
n/a

ended with the inability to finish deposing Dr. Lorites is beyond flawed. Plaintiffs had "ample opportunity" to discover the extent of Dr. Lorites' purported involvement through the other defendants deposed in this case.[5] That they failed to uncover further evidence is immaterial to the Court's determination on the issue, and it should not, in any way, prejudice Dr. Lorites.

In responding to Dr. Lorites' Motion for Reconsideration, Plaintiffs have failed to counter Dr. Lorites' arguments. They failed to cite anything else in the record which would constitute an affirmative action or willful concealment that justifies a finding of fraudulent concealment. Instead, Plaintiffs have chosen to twist the requirements to illogical ends. The crux of their argument remains that Dr. Lorites failed his statutory duty, as acknowledged by the AHCA applications, and that, somehow, this constitutes fraudulent concealment. None of the case law that Plaintiffs cite justifies this analysis. As a result, Plaintiffs failed to controvert the assertion of Dr. Lorites' Motion for Reconsideration that the Court's Order constituted a clear error of law and fact when it held that "State Farm has presented facts establishing that…Dr. Lorites made affirmative misrepresentations in the invoices submitted to State Farm." [ECF 321] at p. 26. As Dr. Lorites has pointed out in his Motion and in this Reply, the record does not establish any affirmative misrepresentations by Dr. Lorites. Without more, it was clear error of law and fact to bar Dr. Lorites' statute of limitations defense via the doctrine of fraudulent concealment. Consequently, the Court should grant Dr. Lorites' Motion for Reconsideration.

---

[5] Most notably, Plaintiffs deposed the corporate representative of Pain Relief. [ECF 162-1]. Plaintiffs did not cite the deposition in their Response to Dr. Lorites' Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via the Court's CM/ECF system, and on the unrepresented defendants by U.S. Mail.

s/ Karen Parker

Karen Parker, Esq.

## SERVICE LIST

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Courts using the Florida Courts E-Filing Portal this 14th day of April, 2020, and that a copy hereof has been furnished to the following recipients via electronic mail: David Spector, Esquire david.spector@hklaw,com, and Caitlin Saladrigas, Esquire at Caitlin.saladrigas@hklaw.com, Christian Carrazana at christian@carrazana-legal.com, and Chad A. Barr, Esq., chad@chadbarrlaw.com, service@chadbarrlaw.com, paralegal@chadbarrlaw.com ; Richard J. Diaz, Esq., rick@rjdpa.com; Louis Martinez, Esq., lmartinez@diazreus.com

KAREN B. PARKER, P.A.
Attorneys for Defendant LORITES
Datran One, Suite 514
9100 South Dadeland Blvd.
Miami, Florida  33156
Tel.: (305) 400-9149
 /s
KAREN PARKER, ESQ.
FBN: 54482
kparker@kbparkerlaw.com
fmartinez@kbparkerlaw.com