UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MANUEL FRANCO, MEDICAL
WELLNESS SERVICES, INC., NOEL SANTOS,
ANGEL CARRASCO, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND THE AMENDED
COMPLAINT TO DROP COUNTS FOR COMMON LAW FRAUD AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, hereby file this Motion for Leave to File a Second Amended Complaint in order to drop Counts I-III for Common Law Fraud from the State Farm Plaintiffs' operative complaint ("the Motion"), and in support thereof state as follows:

**I.    INTRODUCTION AND BACKGROUND**

On March 5, 2020, this Court entered an order granting, in large part, the State Farm Plaintiffs' Motion for Partial Summary Judgment on their claims for unjust enrichment, violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and declaratory relief and awarded the State Farm Plaintiffs approximately $2,900,000.00 in damages. *See* [ECF No. 321],

Or. on Mots. for Summ. J. (the "Summary Judgment Order"). As a result of the Summary Judgment Order, the only counts which remain pending are Counts I-III of the State Farm Plaintiffs' Amended Complaint, which allege common law fraud against all remaining defendants[1] and which were not addressed in State Farm Plaintiffs' Motion for Partial Summary Judgment. [ECF No. 6] at ¶¶214-240; [ECF No. 184], Pls.' Mot. for Partial Summ. J. Critically, the Summary Judgment Order awarded the State Farm Plaintiffs' damages in the full amount sought collectively by the State Farm Plaintiffs' claims. In other words, the State Farm Plaintiffs cannot obtain any further award of monetary damages or declaratory relief if they were to continue to pursue the pending fraud claims.

Now, the State Farm Plaintiffs seek leave to file a Third Amended Complaint to drop the remaining fraud claims. Under the circumstances, allowing the State Farm Plaintiffs to amend their Amended Complaint to drop the counts alleging common law fraud will support judicial economy and the interests of justice. At this stage in the litigation, such grounds constitute good cause to support amendment. For the aforementioned reasons, and discussed in greater detail below, the State Farm Plaintiffs request this Court enter an order permitting the State Farm Plaintiffs leave to file the proposed Third Amended Complaint, attached hereto as **Exhibit A**, and drop their pending common law fraud counts, *see* [ECF No. 6], Am. Compl. (Counts I-III), ***without prejudice***.

---

[1] In the Amended Complaint [ECF No. 6], the State Farm Plaintiffs allege common law fraud against all defendants, in the first three (3) counts: Count I (Common Law Fraud against Health & Wellness, Beatriz Muse, Lazaro Muse, Hugo Goldstraj, M.D., and Manuel Franco, M.D.); Count II (Common Law Fraud against Medical Wellness, Beatriz Muse, Lazaro Muse, Noel Santos, Angel Carrasco, M.D. and Jorge Coll, M.D.); and Count III (Common Law Fraud against Pain Relief, Beatriz Muse, Lazaro Muse, Jesus Lorites, M.D., and Jose Gomez-Cortes, M.D.).

**II.     ARGUMENT**

Generally speaking, the "policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981).  "The Supreme Court has emphasized that leave to amend *must* be granted absent a specific, significant reason for denial. . . ." *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336-37 (11th Cir. 2006) (finding abuse of discretion in denying motion for leave to amend).  If a party seeks leave to amend a pleading after the scheduling order's deadline, then Rule 16(b) is implicated, and the party must show that good cause exists for the amendment. *See Ziegler v. M/V Intermission*, No. 17-cv-60693, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017).  Courts engage in a two-step process, first assessing good cause and then applying the Rule 15 standard. *See, e.g., Id.*

Typically, amendment is used by parties to include additional claims, parties, and/or allegations.  However, in scenarios in which a party seeks to drop a count from their complaint, amending the operative complaint is also the appropriate procedural avenue. *See Perry v. Health Mgmt. Assocs. Inc.*, No. 2:13-CV-36, 2018 WL 9814591, at *1 (M.D. Fla. July 19, 2018) (finding the "Eleventh Circuit clearly articulated that one method by which plaintiff could remove Count III – the sole remaining claim – would be by amending her pleading pursuant to Federal Rule of Civil Procedure 15."); *see also* Ex. B, *State Farm Mutual Automobile Insurance Company v. Family Practice and Rehab, Inc. and Gilson Mortimer*, Case No: 6:18-cv-223-Orl-28LRH, ECF No. 67, Or. on Pls.' Mot. for Leave to Amend Compl., (M.D. Fla. 2020) (determining that a proper avenue for State Farm to drop the fraud claim is by amending the complaint).  Further, the Eleventh Circuit specifically held Rule 15 was designed for situations in which a plaintiff wishes to drop a

3

sole remaining count after disposition of all other claims. *Perry v. Schumacher Group of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018).

Moreover, "unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment ... is dismissed ***without*** prejudice." See *Griffith v. Landry's, Inc. and CHLN, Inc.*, No: 8:14-cv-3213, 2016 WL 11578758, at *2 (M.D. Fla. April 29, 2016) (emphasis added) (denying defendants' request for the Court to issue an order deeming the claim to be dismissed with prejudice after it was dropped pursuant to Rule 15).

### A. The State Farm Plaintiffs Have Demonstrated Good Cause Sufficient to Satisfy Rule 16.

If the deadline to amend pleadings under the scheduling order cannot "be met despite the diligence of the party seeking extension," then the good-cause standard is satisfied. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). In determining whether the good cause standard is satisfied, courts often consider the following factors derived from *Sosa*: "(1) [whether] the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) [whether] the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, [whether] the plaintiff delayed in asking for amendment." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009). Good cause also extends to other factors such as judicial efficiency. *Hernandez v. Town & Country Credit Corp.*, No. CV H-15-1718, 2017 WL 11285593, at *2 (S.D. Tex. Jan. 12, 2017). (Finding plaintiffs showed good cause to amend complaint to drop federal count as it promotes judicial economy and efficiency);

The Middle District of Florida addressed the issue of a plaintiff seeking leave to amend to drop a remaining count after disposition of the others. *Perry v. Health Mgmt. Assocs. Inc.*, No. 2:13-CV-36, 2018 WL 9814591, at *1 (M.D. Fla. July 19, 2018). In *Perry*, plaintiff sought leave

4

to file her fifth amended complaint and despite being well past the amendment deadline set forth in the scheduling order, the Court still found that good cause exists for allowing amendment, to drop the **sole remaining claim**. *Id*.

The State Farm Plaintiffs have exercised diligence throughout this litigation, and the filing of this Motion is no different. Defendants cannot show undue delay, prejudice, or that the State Farm Plaintiffs have a bad faith or dilatory motive in seeking leave to drop the counts for common law fraud.  In its March 5, 2020 Order, granting summary judgment to the State Farm Plaintiffs on their FDUTPA and unjust enrichment claims, the Court awarded the State Farm Plaintiffs approximately $2,900,000.00 in damages. In ruling, the Court awarded the State Farm Plaintiffs **all damages** they sought, rendering the remaining common law fraud claims redundant. Therefore, the need for the State Farm Plaintiffs to drop the counts for common law fraud did not arise until the Court granted its motion for summary judgment on March 5, 2020, and could not have been raised earlier.  By that time, the deadline of December 28, 2018, to file amended pleadings had long since past. *See* [ECF No. 48].  Therefore, it was impossible for the State Farm Plaintiffs to have complied with the Court's Scheduling Order.  Furthermore, the State Farm Plaintiffs diligently sought leave to amend to drop the remaining fraud counts and came to an agreement with the Defendants that the State Farm Plaintiffs will seek to drop their fraud claims, without prejudice, in order to seek entry of a final judgment. *See* April 7, 2020 Joint Status Report [ECF No. 338] at 2.

In addition to the State Farm Plaintiffs' diligence satisfying good cause, judicial efficiency also supports a finding of good cause.  Courts have held granting leave to amend pleadings "promote[s] the expedient resolution of the overall case" and constitutes good cause. *Anderson v. Brown Industries, Inc.*, No. 4:11-cv-0225, 2013 WL 12317876, at *5 (N.D. Ga. Feb. 19, 2013)

(granting plaintiff's motion to amend the complaint, because doing so will help overall judicial efficiency). In accordance with this principle, the State Farm Plaintiffs' Motion supports the interests of judicial economy. The only function the Third Amended Complaint will serve is to drop the common law fraud counts. It will not alter or change the other counts, nor will it affect any of the rulings which have been previously entered and no further discovery will be required. After the Court's March 5, 2020 ruling, nothing can be gained by continuing to litigate the common law fraud counts.

Accordingly, the State Farm Plaintiffs have shown good cause exists for this Court to grant leave for the State Farm Plaintiffs to file their Third Amended Complaint and permitting the State Farm Plaintiffs to do so promotes expediency and efficiency. Therefore, the Court can, and should, enter Final Judgment as to all remaining counts and parties.

### B. The State Farm Plaintiffs Satisfy the Rule 15 Standard for Further Amending its Amended Complaint.

Rule 15 and interpreting case law directs "that leave to amend 'shall be freely given when justice so requires.'" *Martorella v. Deutsche Bank Nat'l Trust Co.*, No. 12-cv-80372, 2014 WL 12779556, at *1 (S.D. Fla. Sept. 17, 2014). A "substantial reason" must exist for a court to deny leave, and grounds are generally limited to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opponent, and futility; none of which apply here. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the [d]istrict [c]ourt is not broad enough to permit denial.")..

In analyzing the Rule 15 requirements to allow the State Farm Plaintiffs to drop the common law fraud counts, courts have held plaintiffs should not have to pursue a claim they do not want to pursue. *Hernandez v. Town & Country Credit Corp.*, No. CV H-15-1718, 2017 WL

6

11285593, at *2 (S.D. Tex. Jan. 12, 2017) (finding that justice, efficiency and economy support the requested amendment and the amendment would "serve all the parties' interests" and that plaintiffs "should not, on the one hand, have to pursue a claim that they do not want to pursue, and, on the other hand, have to defend Defendants' efforts to dismiss that claim.").

No reason exists to deny the amendment the State Farm Plaintiffs seek here. As set forth above, the Court's March 5, 2020 Summary Judgment Order, the catalyst for this request, was entered long after the amendment deadline past. As such, the State Farm Plaintiffs were not able to seek the amendment prior to the deadline. However, the State Farm Plaintiffs did move diligently and promptly after receiving that Summary Judgment Order. Moreover, the importance of the amendment is great. By allowing the State Farm Plaintiffs to drop the counts for common law fraud, it will, for all intents and purposes, mark the end of the litigation and thus will promote the interests of judicial economy. Further, by dropping the remaining fraud counts, the parties will avoid further, substantial legal fees. Finally, Defendants can show no prejudice and do not attempt to show prejudice as they do not object to the relief sought herein, nor is there a need for a continuance to cure any prejudice. There will be no need to conduct any further discovery, and granting the amendment will not alter any prior orders entered by this Court.

Balancing the factors consistent with Rule 15(a)'s mandate and case law strongly favoring amendment of pleadings, the State Farm Plaintiffs have demonstrated the Court should grant them leave to amend the amended complaint.

## IV.  CONCLUSION

The State Farm Plaintiffs respectfully request the Court enter an Order granting the State Farm Plaintiffs' Motion for Leave to file a Third Amended Complaint dropping their claims for Common Law Fraud.

## RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel for the State Farm Plaintiffs communicated with counsel for the defendants via email on April 4, 2020, in a good faith effort pursuant to Local Rule 7.1 and all defendants do not object to the relief requested herein.

Dated:  May 15, 2020              Respectfully submitted,

>  /s/ David Spector
>  David I. Spector (Florida Bar No. 086540)
>  E-mail: david.spector@hklaw.com
>  Caitlin Saladrigas (Florida Bar No. 095728)
>  E-mail: caitlin.saladrigas@hklaw.com
>  **HOLLAND & KNIGHT LLP**
>  222 Lakeview Avenue, Suite 1000
>  West Palm Beach, FL 33401
>  Telephone:  (561) 833-2000
>  Facsimile:   (561) 650-8399
>  *Attorneys for State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

>  /s/ David Spector
>       DAVID SPECTOR (FBN: 086540)

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>One Datran Center, Suite 514<br>9100 So. Dadeland Boulevard<br>Miami, Florida 33156<br>Telephone: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>         kbparkerlaw@gmail.com<br>         parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** | Louis V. Martinez, Esq.<br>**DIAZ, REUS & TARG LLP**<br>3400 Miami Tower<br>100 SE 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 375-9220<br>Facsimile: (305) 375-8050<br>Email: lvmartinez@aol.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL 33012<br><br>     - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL 33175<br>*In Pro Se*<br>**Served via U.S. Mail**<br><br>Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL 33180<br>*In Pro Se*<br>**Served via U.S. Mail** |