UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23125-Civ-SCOLA/TORRES

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE
FARM FIRE AND CASUALTY COMPANY,

      Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC. *et al*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's (collectively, "Plaintiffs") motion for attorneys' fees.  [D.E. 346].  Lazaro Muse, Beatriz Muse, Noel Santos, Medical Wellness Services, Inc., and Dr. Jesus Lorites (collectively, "Defendants") responded on May 5 and 6, 2020 [D.E. 348-349], and agreed to the entitlement and the amount of the fees requested.  No other defendant[1] filed a response to Plaintiffs'

---

[1] Plaintiffs were unable to confer with Hugo Goldstraj because they have been unable to reach him since his attorney withdrew from this case.  Plaintiffs also did not confer with Manuel Franco, Angel Carrasco, or Jose Gomez-Cortes because they failed to defend this case and therefore the clerk entered default against them. [D.E. 73, 146].  As for Jorge Coll, Plaintiffs reached a settlement with him and the Court dismissed him from this case on September 24, 2019.  [D.E. 142].  Although counsel for Health Wellness Services, Inc. and Pain Relief Clinic of Homestead, Corp. did not file a response, Plaintiffs stated that both defendants agreed to the fees requested.

1

motion and the time to do so has now passed.  Therefore, Plaintiffs' motion is ripe for disposition.

Based upon a full review of the record, Plaintiffs' motion for fees should be **GRANTED** for the full amount requested in the motion and Plaintiff should receive a total fee award of one million dollars.  The motion should be granted based on the lack of opposition under S.D. Fla. Local R. 7.1 and the parties' agreement to the relief sought.  In addition, the Court's review of the substantive grounds supporting the motion shows that Plaintiffs should be entitled to the fees requested.  Accordingly, it is hereby **RECOMMENDED** that Plaintiffs' motion for fees be **GRANTED**.  [D.E. 346].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have five (5) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of May, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge