UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MEDICAL WELLNESS SERVICES,
INC., NOEL SANTOS, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

**THE STATE FARM PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF FINAL
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), pursuant to Rule 58 of the Federal Rules of Civil Procedure, hereby file this Unopposed Motion for Entry of Final Judgment ("the Motion") and state as follows:

**I.      Factual Background**

1.      This action began on August 1, 2018 when the State Farm Plaintiffs filed their initial complaint against three health care clinics, Health and Wellness Services, Inc. ("Health & Wellness"), Medical Wellness Services, Inc. ("Medical Wellness"), and Pain Relief Clinic of Homestead, Corp. ("Pain Relief"), their respective medical directors, Hugo Goldstraj, Manuel Franco, Angel Carrasco, Jorge Coll, Jesus Lorites, and Jose Gomez-Cortes, and the individuals

who orchestrated the underlying fraud scheme at issue, Lazaro Muse, Beatriz Muse, and Noel Sanots (the "Muse Family"). [ECF No. 1], Compl.

2. Thereafter, the State Farm Plaintiffs obtained clerk's defaults against defendants Drs. Carrasco, Franco, and Gomez-Cortes. *See* [ECF Nos. 73 & 146].

3. Separately, the State Farm Plaintiffs settled with defendant Dr. Coll and this Court dismissed him from this litigation as a result. *See* [ECF No. 142].

4. On March 5, 2020, this Court entered summary judgment on the State Farm Plaintiffs' claims for unjust enrichment, violations of the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"), and declaratory relief. [ECF No. 321], Mar. 5, 2020 Or. on Summ. J. Mots. In doing so, the Court awarded the State Farm Plaintiffs the full amounts paid to Health & Wellness, Medical Wellness, and Pain Relief as damages as follows:

   a. **State Farm Fire**

| Clinic | Associated Medical Director | Amount |
|---|---|---|
| Health & Wellness | Dr. Goldstraj | $306,958.93 |
| Health & Wellness | Dr. Franco | $8,943.61 |
| Medical Wellness | Dr. Carrasco | $156,317.64 |
| Pain Relief | Dr. Lorites | $94,482.69[1] |

   b. **State Farm Mutual**

| Clinic | Associated Medical Director | Amount |
|---|---|---|
| Health & Wellness | Dr. Goldstraj | $1,070,337.35 |

---

[1] In the Order on Summary Judgment Motions, the amounts paid by State Farm Fire and the amounts paid by State Farm Mutual to defendant Pain Relief during the time that Dr. Lorites was the medical director were transposed. The instant Motion and proposed Final Judgment reflect corrected amounts paid.

2

| Health & Wellness | Dr. Franco | $194,174.25 |
| --- | --- | --- |
| Medical Wellness | Dr. Carrasco | $647,730.35 |
| Medical Wellness | NA | $221,302.66 |
| Pain Relief | Dr. Lorites | $145,326.15 |
| Pain Relief | Dr. Gomez-Cortes | $80,758.10 |

c. The Court further found defendant Lazaro Muse is jointly and severally liable for all the amounts paid by the State Farm Plaintiffs to each of the clinics; defendant Beatriz Muse is jointly and severally liable for the amounts paid to Health & Wellness and Medical Wellness; and defendant Noel Santos is jointly and severally liable for the amount paid to Medical Wellness. [ECF No. 321], at 28.

d. The Court also found Dr. Goldstraj is jointly and severally liable for the State Farm Plaintiffs' payments to Health & Wellness during his tenure and Dr. Lorites is jointly and severally liable for the State Farm Plaintiffs' payments to Pain Relief during his tenure. The State Farm Plaintiffs request this Court enter judgment against Dr. Gomez-Cortes, jointly and severally, for payments the State Farm Plaintiffs made to Pain Relief during his tenure as well, now that the State Farm Plaintiffs have filed the appropriate motion for final default judgment as directed by this Court.

e. As a result of the Court granting summary judgment on the State Farm Plaintiffs' declaratory relief claim, the State Farm Plaintiffs do not owe Health & Wellness, Medical Wellness, nor Pain Relief any payments for any outstanding claims. *Id*. at 26-27.

5. In its March 5, 2020 Order on Summary Judgment Motions, the Court noted that final default judgments against Drs. Carrasco, Franco, and Gomez-Cortes were required.[2] *Id*. at 5.

6. On March 24, 2020, the Muse Family and Medical Wellness (the "Muse Defendants") filed a motion for reconsideration attacking this Court's holdings in the Order on Summary Judgment. [ECF No. 330], Muse Def. Mot. for Reconsideration. Dr. Lorites filed a separate motion for reconsideration on March 25, 2020. [ECF No. 331], Lorites Mot. for Reconsideration.

7. While these motions for reconsideration were pending, the State Farm Plaintiffs filed a Motion for Leave to Amend their complaint to drop the pending fraud counts against the remaining defendants. [ECF No. 350], Pls.' Mot. for Leave.

8. During the pendency of the motions for reconsideration, the State Farm Plaintiffs' also filed their Motion for Fees, which Judge Torres granted in his Mary 27, 2020 Report and Recommendation. *See* [ECF No. 351], R&R on Pls.' Mot. for Atty. Fees.

9. On August 11, 2020, this Court denied the motions for reconsideration, deemed the fraud claims dropped from the Amended Complaint, and denied all pending motions as moot. [ECF No. 352], Aug. 11, 2020 Omnibus Or. In its Order, the Court also instructed the State Farm Plaintiffs to either file an amended complaint dropping the defendants subject to clerk's default, *i.e.*, Drs. Carrasco, Franco, and Gomez-Cortes, or seek final default judgments against them. *Id*.

---

[2] In this Court's Order Directing Entry of Clerk's Default against Dr. Gomez-Cortes, the Court required the State Farm Plaintiffs to seek default judgment against the defaulting parties within 14 days after the resolution of liability as to the non-defaulting defendants. [ECF No. 145]. As complete liability was not determined as to the non-defaulting defendants until this Court's August 10, 2020 Omnibus Order denying motions for reconsideration of the Court's Order on Summary Judgment Motions and granting the State Farm Plaintiffs' Motion for Leave, the State Farm Plaintiffs did not previously file a motion for final default judgment against Dr. Gomez-Cortes.

10. In compliance with the Court's August 11, 2020 Order, the State Farm Plaintiffs filed an Amended Complaint dropping Drs. Carrasco and Franco on August 17, 2020 and filed a Motion for Final Default Judgment against Dr. Gomez-Cortes on the same day. *See* [ECF No. 353], Third Am. Compl.; [ECF No. 354], Pls.' Mot. for Final Default J.

11. The State Farm Plaintiffs also filed an Unopposed Motion to Bill Non-Taxable Costs on August 17, 2020. [ECF No. 355], Pls.' Mot. to Bill Costs.

12. Pursuant to Rule 58, as of the date of the filing of the instant Motion, more than 150 days have passed since the entry of this Court's Order on Summary Judgment Motions on March 5, 2020.

13. It is now appropriate for this Court to enter final judgment against the remaining Defendants as set forth in the proposed Final Judgment attached hereto as Exhibit 1.

## II.     Legal Argument

Pursuant to Rule 58, Federal Rule of Civil Procedure, "[e]very judgment and amended judgment must be set out in a separate document…" with certain delineated exceptions. Fed. R. Civ. P. 58(a). Summary judgment orders do not fall within the enumerated exceptions and are subject to the separate document requirement, however, a judgment for attorneys' fees under Rule 54 is not. *See Id*. Further, a party "may request that judgment be set forth on a separate document as required by Rule 58(a)(1)." Fed. R. Civ. P. 58(d). Federal law is clear, "a judgment is not final unless there is some clear and unequivocal manifestation of the trial court of its belief that the decision made, so far as it is concerned, is the end of the case." *SEC v. Monterosso*, No. 07-61693, 2012 WL 12950028 (S.D. Fla. Feb. 16, 2012) (citing *Pandrol USA, LP v. Ariboss Ry. Products, Inc.*, 320 F.3d 1354, 1362-63 (Fed. Cir. 2003)).

In addition to the requirement for the judgment to be set out in a separate document, the Court must approve the form of the judgment, and the clerk must promptly enter the judgment when the court grants other relief not described in subdivision (b). *See* Federal Rule of Civil Procedure 58(b)(2)(B). "Unless the court orders otherwise, the clerk must, without waiting the court's direction, promptly prepare, sign, and enter the judgment when: the court grants other relief not described in this subdivision (b)." Fed. R. Civ. P. 58(b)(2)(B).

Entry of final judgment is appropriate in this matter because no further factual or legal issues remain to be decided. As referenced above, the Court entered summary judgment in favor of the State Farm Plaintiffs on their claims for unjust enrichment, FDUTPA violations, and declaratory relief and in doing so awarded the State Farm Plaintiffs all recoverable damages. [ECF No. 321], Or. on Summ. J. Mots. As a result, the State Farm Plaintiffs sought leave to drop their pending fraud claims, which this Court subsequently granted. [ECF No. 352], Omnibus Or. The Court also denied all pending motions as moot. *Id*. The State Farm Plaintiffs also resolved remaining issues involving defaulted defendants Drs. Carrasco, Franco, and Gomez-Cortes by filing a Third Amended Complaint and a Motion for Final Default Judgment. [ECF No. 353], Third Am. Compl.; [ECF No. 354], Pls.' Mot. for Final Default J. Finally, the State Farm Plaintiffs properly sought applicable costs and fees, the latter of which were awarded by this Court.[3] Therefore, the State Farm Plaintiffs' seek entry of final judgment for the amounts set forth in the

---

[3] In recommending the Court grant the State Farm Plaintiffs' Motion for Attorneys' fees, awarding one million dollars, Judge Torres proposed the State Farm Plaintiffs' receive an award of attorneys' fees in the amount of one million dollars ($1,000,000). Although a separate document is not required for entry of final judgment for attorneys' fees under Rule 54, the State Farm Plaintiffs respectfully request the amount awarded by this Court for attorneys' fees be included in the Final Judgment requested herein. *See* Federal Rule of Civil Procedure 58(a)(3).

#75717059_v9

March 5, 2020 Order on Summary Judgment Motions which are incorporated herein, *infra* at 2-3, and reflected in Exhibit 1, the proposed Final Judgment.

WHEREFORE, for the foregoing reasons, the State Farm Plaintiffs respectfully request this Court enter Final Judgment in favor of the State Farm Plaintiffs against the Muse Defendants, Health & Wellness, Pain Relief, Dr. Lorites, and Dr. Gomez-Cortes consistent with the terms set forth on the proposed Final Judgment, attached as Exhibit 1.

### RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel for the State Farm Plaintiffs communicated with counsel for the Defendants via email on August 17, 2020, in a good faith effort pursuant to Local Rule 7.1, and the Defendants do not object to the relief requested herein.

Dated:  August 17, 2020                                     Respectfully submitted,

*/s/ David Spector*
David I. Spector (Florida Bar No. 086540)
E-mail: david.spector@hklaw.com
Caitlin Saladrigas (Florida Bar No. 095728)
E-mail: caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399
**Attorneys for State Farm Plaintiffs**

#75717059_v9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

/s/ *David Spector*
DAVID SPECTOR (FBN: 086540)

## SERVICE LIST

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>Datran One, Suite 514<br>9100 South Dadeland Boulevard<br>Miami, Florida 33156<br>Office: (305) 400-9149<br>Cell: (305) 343-8339<br>Email: kparker@kbparkerlaw.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile: (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** | Louis V. Martinez, Esq.<br>**LOUIS V. MARTINEZ, P.A.**<br>2333 Brickell Avenue,<br>Suite A-1,<br>Miami, FL 33129<br>Telephone: (305) 764-3834<br>Email: louisvmartinez14@gmail.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL 33012<br><br>    - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL 33175<br>*In Pro Se*<br>**Served via U.S. Mail**<br><br>Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL 33180<br>*In Pro Se*<br>**Served via U.S. Mail** |

9

#75717059_v9