UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CV-23125-RNS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC.,
BEATRIZ MUSE, LAZARO MUSE, HUGO
GOLDSTRAJ, MEDICAL WELLNESS SERVICES,
INC., NOEL SANTOS, PAIN RELIEF CLINIC OF
HOMESTEAD, CORP., JESUS LORITES, AND
JOSE GOMEZ-CORTES,

Defendants.
_____/

**PLAINTIFFS' AMENDED MOTION FOR FINAL DEFAULT
JUDGMENT AGAINST JOSE GOMEZ-CORTES**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively the "State Farm Plaintiffs"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, this Court's March 5, 2020 Order Granting Plaintiffs' Motion for Partial Summary Judgment [ECF No. 321], August 10, 2018 Omnibus Order [ECF No. 352], and August 18, 2020 Paperless Order [ECF No. 357], hereby file the instant Amended Motion for Final Default Judgment Against Jose Gomez-Cortes ("Gomez-Cortes") and state:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On August 1, 2018, the State Farm Plaintiffs filed this action. [ECF No. 1], Compl. The State Farm Plaintiffs named Dr. Jose Gomez-Cortes, the current medical director at clinic defendant Pain Relief Clinic of Homestead, Corp. ("Pain Relief") as an individual defendant. *Id*. On August 3, 2018, the State Farm Plaintiffs filed an Amended Complaint correcting certain

isolated jurisdictional allegations. [ECF No. 6]. Am. Compl. On August 7, 2018, the State Farm Plaintiffs served Gomez-Cortes with process. [ECF No. 9], August 10, 2018 Ret. of Service.

The Amended Complaint alleges the named defendants worked together to defraud the State Farm Plaintiffs through the submission of bills which misrepresented the lawfulness and medical necessity of the services purportedly performed at the clinic defendants. [ECF No. 6]. Am. Compl. at ¶¶ 1-9, 110, 151, 169, 191, 216-219, 225-228, 234-237. With respect to the medical directors, including Gomez-Cortes, the State Farm Plaintiffs alleged each medical director had the legal responsibility to supervise the day-to-day activities of the clinic defendant that employed them as well as ensure bills submitted by that clinic defendant were not fraudulent or unlawful, practitioners employed by the clinic defendant were properly licensed to perform the services they rendered at the clinic defendants, and the clinic defendants properly complied with all applicable record keeping requirements. *Id*. at ¶¶ 5-7, 64, 75, 86. Yet, the medical directors, including Gomez-Cortes, failed to perform any of these responsibilities. *Id*. at ¶¶ 64, 76, 87, 95-96, 110, 134-135, 151, 171-172.

The State Farm Plaintiffs specifically alleged Gomez-Cortes failed to sufficiently review the bills at Pain Relief because he failed to detect a pre-determined treatment protocol which demonstrated the patients at Pain Relief received treatment which was not tailored to their individual needs and thus medically unnecessary and unlawful. *Id*. at ¶¶ 172, 174-191. Further, the Amended Complaint alleges licensed massage therapists ("LMTs") performed therapy services at Pain Relief for which they lacked the requisite level of licensure. *Id*. at ¶¶ 80-82, 181. In particular, the LMTs at Pain Relief were unqualified to perform therapeutic exercises, gait training, and neuromuscular re-education. *Id*. at ¶¶ 80-82. Finally, the State Farm Plaintiffs allege under Gomez-Cortes' supervision Pain Relief failed to comply with the very record keeping

2

requirements with which Gomez-Cortes was responsible for ensuring compliance including failing to ensure treatment records were legible and justified the treatment performed. *Id.* at ¶¶ 201-213. These factual allegations formed the basis for the State Farm Plaintiffs' claims of common law fraud, violations of Florida's Unfair and Deceptive Trade Practices Act, and unjust enrichment which were asserted against all Defendants as well as the declaratory relief claims asserted against the clinic defendants alone.

Three different defendants tested the sufficiency of these allegations to state claims for common law fraud, violations of FDUTPA, and unjust enrichment, including Dr. Jesus Lorites, the prior medical director at Pain Relief. *See* [ECF No. 34], Dr. Lorites' Mot. to Dismiss; [ECF No. 42], Dr. Coll's Mot. to Dismiss; [ECF No. 65], Health and Wellness Services, Inc.'s Mot. to Dismiss. Yet, this Court denied all three motions to dismiss. [ECF No. 113], Omnibus Or. on Mots. to Dismiss.

On December 3, 2018, Gomez-Cortes filed an Answer to the Amended Complaint. He denied the State Farm Plaintiffs' allegations and asserted two affirmative defenses. [ECF No. 63], at ¶¶ 21-22. Gomez-Cortes asserted the State Farm Plaintiffs' damages were caused by "actions or inactions of parties other than Dr. Gomez-Cortes or parties over which Dr. Gomez-Cortes had no authority or control" and the State Farm Plaintiffs' damages "may have been proximately caused by independent, superseding, or intervening acts of parties or entities other than Dr. Gomez-Cortes." *Id.* at 22.

Despite initially participating in this litigation, Gomez-Cortes ignored his discovery obligations. As this Court is well-aware from the State Farm Plaintiffs' Motion for Default, the State Farm Plaintiffs served requests for production and interrogatories on Gomez-Cortes on November 21, 2018. *See* [ECF No. 123], Pls.' Mot. for Default. Despite providing these

documents to Gomez-Cortes following the withdrawal of his counsel, Gomez-Cortes failed to respond. On April 17, 2019, the State Farm Plaintiffs set Gomez-Cortes for deposition. At a hearing on his failure to respond to written discovery, Magistrate Judge Torres ordered Gomez-Cortes respond to discovery, appear at his scheduled deposition, and bring responsive documents to same. [ECF No. 114], Jun. 13, 2019 Or. Granting Pls. Mot. to Compel. Gomez-Cortes did none of these things, despite the Court's order. As a result, on September 25, 2019 the Court directed entry of default against Gomez-Cortes which occurred the same day. *See* [ECF No. 145], Or. Directing Entry of Clerk's Default; [ECF No. 146], Clerk's Default.

Thereafter, the State Farm Plaintiffs filed a Motion for Partial Summary Judgment against the clinic defendants, Health and Wellness Services, Inc. ("Health & Wellness"), Medical Wellness Services, Inc. ("Medical Wellness"), and Pain Relief, as well as the orchestrators of the at-issue scheme, Lazaro Muse, Beatriz Muse, and Noel Santos, and medical directors Hugo Goldstraj, Manuel Franco, Angel Carrasco, Jesus Lorites, and Jose Gomez-Cortes for violations of FDUTPA, unjust enrichment, and declaratory relief. [ECF No. 184], Pls.' Mot. for Partial Summ. J. Although the Court denied the State Farm Plaintiffs' Motion as it related to Gomez-Cortes and other defaulted defendants, the Court granted the State Farm Plaintiffs' Motion as to the remaining defendants. [ECF No. 321], Omnibus Or. on Mots. for Summ. J.

In particular, this Court found the clinic defendants, including Defendant Pain Relief which employs Gomez-Cortes, engaged in, at best, a "half-hearted" effort to collect co-payments and deductibles. *Id*. at 19-20. Further, the Court held the licensed massage therapists who performed gait training, neuromuscular re-education, and therapeutic exercises rendered treatment outside the scope of their license. *Id*. at 15-17. Patients at the clinic defendants, including Pain Relief, received therapy pursuant to invalid prescriptions as demonstrated by the fact these patients

4

received treatment which had not been ordered by a treating physician. *Id*. at 18. Finally, this Court held each clinic defendant failed to comply with record keeping requirements. *Id*. at 17-18. The medical directors, including Gomez-Cortes, were specifically charged with preventing such misconduct from occurring and their failure to do so constituted a violation of Florida's law governing medical directors. Thus, the Court found the services rendered by the clinic defendants were unlawful and noncompensable and granted summary judgment in favor of the State Farm Plaintiffs' claims for violations of FDUTPA, unjust enrichment, and declaratory relief. *Id*. at 20-27.[1]

On May 15, 2020, the State Farm Plaintiffs filed an Agreed Motion for Leave to Amend to drop the remaining common law fraud claims which were not disposed of by the summary judgment. *See* [ECF No. 350], Pls. Mot. for Leave to Amend. This Court granted the State Farm Plaintiffs Agreed Motion for Leave to Amend and the State Farm Plaintiffs' Third Amended Complaint was Deemed Filed. *See* [ECF No. 351], Aug. 10 2020 Omnibus Or. As a result of the entry of summary judgment on the State Farm Plaintiffs' claims for unjust enrichment, violations of FDUTPA, and declaratory relief, and the recent amendment to drop the State Farm Plaintiffs' remaining fraud claims, resolution of liability as to the remaining defendants has been established. *See* [ECF No. 145], Or. Directing Entry of Clerk's Default at 1.

The allegations against Gomez-Cortes are sufficient to support entry of final default judgment against him. Not only do the allegations themselves support such a finding, this Court specifically found LMTs practicing outside the scope of their licenses and failure to comply with record keeping requirements, including the use of invalid prescriptions, rendered the services

---

[1] Defendants Lazaro Muse, Beatriz Muse, Noel Santos and Medical Wellness filed a Motion for Reconsideration of the Court's Order on Motions for Summary Judgment as did Defendant Jesus Lorites. Both motions remain pending.

purportedly performed at the clinic defendants unlawful. These violations further demonstrated the clinic defendants' medical directors, including Gomez-Cortes, failed to comply with their legal obligations, in turn rendering the services unlawful and non-compensable. Moreover, this Court granted the State Farm Plaintiffs' summary judgment on their claims for violations of FDUTPA, unjust enrichment, and declaratory relief.

## II. LEGAL ARGUMENT

### A. APPLICABLE LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs motions for final default judgment. If "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" the clerk may enter the final default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, a plaintiff must file a motion for default judgment. Fed. R. Civ. P. 55(b)(2). Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). Granting a motion for default judgment lies within a district court's sound discretion. *Commodity Futures Trading Comm'n v. Omega Knight 2, LLC*, No. 18-22377-CIV, 2019 WL 6796128, at *5 (S.D. Fla. Sept. 16, 2019).

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009). To do so, a court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *Nextwave Enterprises, LLC v. Waterstone Constr.*, No. CV 17-20583, 2019 WL 5291011, at *1 (S.D. Fla. Sept. 23, 2019), *report and recommendation adopted sub nom. Nextwave Enterprises, LLC v. Waterstone Constr. & Dev., Inc.*, No. 17-20583-CIV, 2019 WL 5535202 (S.D. Fla. Oct. 25, 2019). Put differently, pleadings at the default judgment stage are assessed through a standard

"akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F. 3d 1239, 1245 (11th Cir. 2015) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."). *McNeal v. Nightlife Sols., Inc.*, No. 18-25376-CIV, 2019 WL 4247626, at *2 (S.D. Fla. Sept. 6, 2019). The court must also establish it has subject matter jurisdiction and personal jurisdiction over the defendant. *Sream, Inc. v. Kalandia Inc.*, No. 18-22990-CIV, 2019 WL 1630057, at *1 (S.D. Fla. Apr. 16, 2019) (internal citations omitted).

If the admitted facts are sufficient to establish liability, the court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975); *see also PetMed Express, Inc. v. MedPets.com*, *Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F. 3d 1225, 1231, 1232 n. 13 (11th Cir. 2005) (*quoting Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F. 2d 1538, 1544 (11th Cir. 1985)). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should take place. *Nextwave Enterprises, LLC v. Waterstone Constr. & Dev., Inc.*, No. 17-20583-CIV, 2019 WL 5535202 (S.D. Fla. Oct. 25, 2019).

### B.     THE STATE FARM PLAINTIFFS' MEET THE STANDARD UNDER RULE 55(B).

The State Farm Plaintiffs are entitled to final default judgment against Gomez-Cortes. First, the State Farm Plaintiffs properly obtained services of process on Gomez-Cortes who is a resident of Florida, thus establishing personal jurisdiction. *See* [ECF No. 9]. Second, the Court has appropriate subject matter jurisdiction as both State Farm Plaintiffs are diverse from all defendants and this action involves more than $75,000.00. *See* [ECF No. 6], 3rd Am. Compl. at ¶ 24.

Third, the State Farm Plaintiffs properly alleged causes of action for violations of FDUTPA and unjust enrichment against Gomez-Cortes. As outlined in detail above, the operative complaint alleges Gomez-Cortes played an essential role in the at-issue fraud scheme at Pain Relief. *See id.* at ¶¶ 5-7, 64, 75, 86. Like the other medical directors, Gomez-Cortes was responsible for ensuring the bills generated by Pain Relief were not fraudulent or unlawful. He was also responsible for ensuring practitioners rendered care within the scope of their licenses, prescriptions for treatment were properly followed, and that Pain Relief complied with applicable record keeping requirements. *Id*. Yet, as set forth above, the State Farm Plaintiffs' Complaint alleged he did none of those things. *Id.* at ¶¶ 64, 76, 87, 95-96, 110, 134-135, 151, 171-172.

This Court previously accepted the State Farm Plaintiffs' allegations as sufficient to state the claims upon which it now seeks entry of final default judgment against Gomez-Cortes. This Court entered an order finding as a matter of law the allegations in State Farm Plaintiffs' Amended Complaint sufficiently state claims for violations of FDUTPA and unjust enrichment, which are the subject of this Motion. *See* [ECF No. 113], Or. on Mots. to Dismiss. Moreover, this Court entered summary judgment finding sufficient undisputed record evidence exists to demonstrate the State Farm Plaintiffs are entitled to relief on its claims for unjust enrichment and violations of

FDUTPA. Accordingly, the State Farm Plaintiffs are properly entitled to entry of a default final judgment against Gomez-Cortes.

### C. STATE FARM MUTUAL IS ENTITLED TO DAMAGES AGAINST DR. GOMEZ-CORTES JOINTLY AND SEVERALLY.

Plaintiff State Farm Mutual issued payment to Defendant Pain Relief in the amount of $80,758.10 during the time Gomez-Cortes was employed as medical director there, i.e., April 2013 to the present. *See* Ex. A, S. Bright Decl. at ¶¶ 6-10. The payments State Farm Mutual made were for services which State Farm Mutual was led to believe were lawfully rendered at the time of payment, but, as set forth above were in fact not lawfully performed. *Id*. at ¶¶ 8-9. It was Gomez-Cortes' obligation to supervise Pain Relief during his tenure and in doing so to ensure services rendered there were lawful, but he failed to do so as detailed herein. As a result, State Farm Mutual is entitled to $80,758.10 in damages against Gomez-Cortes, jointly and severally with defendants Pain Relief and Lazaro Muse. *See Id*. at ¶¶ 6-10.

## III. 50 U.S.C. App. § 501 *et seq*.

Pursuant to 50 U.S.C. App. § 501 *et seq*., the State Farm Plaintiffs have searched the Department of Defense Manpower Data Center to determine Jose Gomez-Cortes' military status. To the best of the State Farm Plaintiffs' knowledge, Jose Gomez-Cortes is not in any branch of the military service and has not received notice of induction or notice to report for military service. *See* Ex. B, Affidavit in Compliance with the Servicemembers Civil Relief Act.

## IV. CONCLUSION

The State Farm Plaintiffs respectfully request the Court enter an Order granting the State Farm Plaintiffs' Motion for Final Default Against Defendant Jose Gomez-Cortes as set forth in the attached Default Final Judgment.

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, counsel for the State Farm Plaintiffs communicated with counsel for all represented defendants via email on August 17, 2020, in a good faith effort, and counsel for those represented defendants do not object to the relief requested herein. Separately, on August 20, 2020, the State Farm Plaintiffs sent a letter via FedEx to two separate known addresses for Gomez-Cortes (1840 West 49th Street, Suite 305, Hialeah, FL 33012 – the address provided by Dr. Gomez-Cortes' previous counsel) and (3400 SW 130th Avenue, Miami, FL 33175 – where Dr. Gomez-Cortes was initially served with process). No adult was available to accept the letter at the Hialeah address and no one could be identified at the Miami address. In an abundance of caution, the State Farm Plaintiffs also sent the conferral letter to the email address Dr. Gomez-Cortes provided to the Florida Department of Health. In all correspondence, the State Farm Plaintiffs requested Dr. Gomez-Cortes respond by 3:00 pm on August 21, 2020. Counsel for the State Farm Plaintiffs did not receive a response to any of these attempts to contact Dr. Gomez-Cortes. Counsel for the State Farm Plaintiffs did not attempt contact Defendant Hugo Goldstraj as the relief sought in the instant Motion does not affect him and the State Farm Plaintiffs have been unable to locate him since his attorney withdrew in November 2019.

Dated: August 21, 2020

Respectfully submitted,

*/s/ David Spector*
David I. Spector (Florida Bar No. 086540)
E-mail: david.spector@hklaw.com
Caitlin Saladrigas (Florida Bar No. 095728)
E-mail: caitlin.saladrigas@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
**Attorneys for State Farm Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF and served on all other parties via U.S. Mail.

                                                  /s/ *David Spector*
                                                  DAVID SPECTOR (FBN: 086540)

**SERVICE LIST**

| | |
|---|---|
| Christian Carrazana, Esq.<br>**CHRISTIAN CARRAZANA, P.A.**<br>P.O. Box 900520<br>Homestead, FL 33030<br>Telephone: (786) 226-8205<br>Email: christian@carrazana-legal.com<br>*Attorney for Defendant Pain Relief Clinic of Homestead, Corp.*<br>**Served via email**<br><br>Karen B. Parker, Esq.<br>**KAREN B. PARKER, P.A**<br>One Datran Center, Suite 514<br>9100 So. Dadeland Boulevard<br>Miami, Florida  33156<br>Telephone: (305) 343-8339<br>Email:  kparker@kbparkerlaw.com<br>            kbparkerlaw@gmail.com<br>            parkerlawasst@gmail.com<br>*Attorneys for Defendant Jesus Lorites*<br>**Served via email**<br><br>Richard J. Diaz, Esq.<br>Attorney at Law<br>3127 Ponce De Leon Boulevard<br>Coral Gables, FL 33134<br>Telephone: (305) 444-7181<br>Facsimile:  (305) 444-8178<br>Email: rick@rjdpa.com<br>*Attorneys for Defendants Medical Wellness Services, Inc., Beatriz Muse, Lazaro Muse, and Noel Santos*<br>**Served via email** | Louis V. Martinez, Esq.<br>**LOUIS V. MARTINEZ, P.A.**<br>2333 Brickell Avenue,<br>Suite A-1,<br>Miami, FL 33129<br>Telephone: (305) 764-3834<br>Email: louisvmartinez14@gmail.com<br>*Attorneys for Defendant Health & Wellness Services Inc.*<br>**Served via email**<br><br>Jose Gomez-Cortes, MD<br>1840 West 49th Street, Suite 305<br>Hialeah, FL  33012<br><br>     - AND -<br><br>3400 SW 130th Avenue<br>Miami, FL  33175<br>*In Pro Se*<br>**Served via U.S. Mail**<br><br>Hugo Goldstraj<br>3029 NE 188th Street, Apt. 305<br>Aventura, FL 33180<br>*In Pro Se*<br>**Served via U.S. Mail** |