United States District Court
for the
Southern District of Florida

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company, Plaintiff, <br><br> v. <br><br> Health and Wellness Services, Inc. and others, Defendants. | Civil Action No. 18-23125-Civ-Scola |

### Default Judgment

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (together, "State Farm"), through their complaint, seek damages for an unlawful auto-insurance billing scheme perpetrated by three healthcare clinics—Health & Wellness Services, Inc., Medical Wellness Services, Inc., and Pain Relief Clinic of Homestead, Corp. (collectively the "Clinics")—and seven individuals associated with the clinics: Beatriz Muse; her brother, Lazaro Muse; Beatriz's husband, Noel Santos (together, the "Muse Family"); and four doctors—Drs. Hugo Goldstraj, Jorge Rafael Coll, Jesus Lorites, and Jose Gomez-Cortes. (Am. Compl., ECF No. 6 (as modified by the Court's Omnibus Order, ECF No. 352, and herein)[1].) State Farm and Dr. Coll settled the dispute between them, filing a joint stipulation of dismissal in September 2019. (Jt. Stip., ECF No. 140.) Thereafter, in March 2020, the Court entered summary judgment (1) against the Clinics, Beatriz and

---

[1] In a recent order, the Court granted State Farm's motion for leave to amend its complaint in order to drop counts one through three—the fraud counts. (Omnibus Order, ECF No. 352.) In granting that motion, the Court deemed those three counts to be dismissed from the case, without prejudice. (*Id.* at 11.) In that same order, the Court advised State Farm that the claims against Drs. Manuel Franco, Angel Carrasco, and Gomez-Cortes were still unresolved and, therefore, the Court could not then, without more, enter a final judgment, as State Farm requested. (*Id.*) To resolve those claims, the Court explained, State Farm had to either amend its complaint or file motions for default for those three defendants. (*Id.*) In response, State Farm filed the instant motion for default judgment against Dr. Gomez-Cortes (ECF No. 360) and what it captioned a "Third Amended Complaint" (ECF No. 353). State Farm dropped Drs. Franco and Carrasco in this version of the complaint. The Court assumes no other changes were made to the complaint. Supposing that is the case, the Court finds this refiled pleading unnecessary and apt to lead to confusion when citing to the operative complaint in this case. The Court therefore **strikes** the "third amended complaint" (**ECF No. 353**) from the docket and instead simply deems counts one through three and Defendants Franco and Carrasco to be eliminated from State Farm's amended complaint (ECF No. 6). Accordingly, the Court also **strikes** the answers (**ECF Nos. 365, 366**) Defendants Medical Wellness, Lazaro Muse, Beatriz Muse, Noel Santos, and Dr. Lorites filed in responded to that complaint. These pleadings are due to be struck for the additional reason that they are both untimely.

Lazaro Muse, Santos, Dr. Goldstraj, and Dr. Lorites on State Farm's claims of unjust enrichment and under the Florida Deceptive and Unfair Trade Practices Act; and (2) against the Clinics on State Farm's claim for declaratory relief. (Summ. J. Order, ECF No. 321.) Based on this order and the Court's deemed amendments to the complaint, described above, the only unresolved claims now before the Court are State Farm's FDUTPA and unjust enrichment claims against Dr. Gomez-Cortes. In order to resolve those claims, State Farm has filed a motion for default judgment against Dr. Gomez-Cortes. (Pls.' Mot., ECF No. 360.) No opposition to that motion has been filed and the time to do so has passed. After careful review of that motion, the relevant legal authorities, and the record in this case, the Court **grants** the default judgment (**ECF No. 360**).

### 1. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (cleaned up).[2]

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). See *United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. See *Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004) (Cohn, J.). In

---

[2] The Court uses (cleaned up) to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). Damages not so established cannot be awarded without either "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *Coors*, 777 F.2d at 1543–44 ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp.*, 605 F.2d at 857); *see also Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974) ("[T]he Seventh Amendment right to trial by jury does not survive a default judgment.")

## 2. Background

This matter involves an unlawful auto-insurance billing scheme perpetrated by the Defendants to circumvent Florida law and obtain no-fault (also known as PIP) benefits and medical payments coverage insurance benefits. (Am. Compl. at ¶ 2.) State Farm issued automobile insurance policies and provided its insureds with no-fault benefits intended to compensate its insureds for their reasonable medical expenses incurred as a result of any covered automobile incident. (*Id.* at ¶¶ 10-11; 26-33.) As provided for by the Florida Motor Vehicle No-Fault Law, State Farm is obligated to provide up to $10,000.00 in PIP Benefits—providing for 80% of all reasonable, medically necessary, and related medical bills for services or care that was lawful at the time it was rendered. Fla. Stat. § 627.736(1)(a).

The Clinics were licensed health care clinics operating in Miami-Dade County, Florida. (*Id.* at ¶¶ 12, 17, 21.) Drs. Goldstraj, Lorites, and Gomez-Cortes, and Coll were the Clinics' medical directors. (*Id.* at ¶¶ 15-16; 19-20; 22-23.) Dr. Gomez-Cortes was employed as the medical director at the Pain Relief Clinic from April 2013 through at least the filing of the complaint. (*Id.* at ¶ 23.) Lazaro and Beatriz Muse and Noel Santos orchestrated the schemes perpetrated at the Clinics. (*Id.* at ¶¶ 1, 13-14, 18.)

Florida Statutes section 627.736(1)(a) expressly states that reimbursement for PIP Benefits shall be provided "only for such services and care that are lawfully provided, supervised, ordered, or prescribed" by certain licensed healthcare practitioners. Fla. Stat. § 627.736(1)(a). An insurer or insured is not required to pay a claim or charges for any service or treatment that was not lawful at the time rendered. Fla. Stat. § 627.736(5)(b)(1)(b).

Moreover, health care clinics that fail to operate lawfully are not entitled to retain the monies paid to them by insurers such as the State Farm Plaintiffs. *See State Farm Fire & Cas. Co. v. Silver Star Health and Rehab*, 739 F. 3d 579, 582 (11th Cir. 2013).

According to sections 400.991 and 400.9905 of the Health Care Clinic Act ("HCCA"), to lawfully operate, a health care clinic must either obtain a license through AHCA or qualify for an exemption, such as being "wholly owned by a licensed health care practitioner" such as a chiropractor. Fla. Stat. § 400.9905(4)(g). A licensed health care clinic must employ a medical director who is responsible for supervising the clinic, including but not limited to ensuring the clinic's billings are not fraudulent or unlawful, the clinic complies with all medical record keeping standards, and all practitioners render care within the scope of their respective licenses. Fla. Stat. § 400.9935(1)(d)-(g).

On August 3, 2018, the State Farm Plaintiffs filed their amended complaint for common law fraud, violations of FDUTPA, unjust enrichment, and declaratory relief. (Am. Compl., ECF No. 6.) On August 7, 2018, Gomez-Cortes was properly served with process. (Ret. of Serv., ECF No. 9). The amended complaint alleges the Defendants collectively worked together to defraud State Farm through the submission of bills which misrepresented the lawfulness and medical necessity of the services purportedly performed at the Clinics. (Am. Compl. at ¶¶ 1-9, 110, 151, 169, 191, 216-219, 225-228, 234-237.) With respect to the current and former defendant medical directors, including Dr. Gomez-Cortes, State Farm alleges each medical director had the legal responsibility to supervise the day-to-day activities of the clinic defendant that employed them, as well as ensure bills submitted by that clinic defendant were not fraudulent or unlawful, practitioners employed by the clinic defendant were properly licensed to perform the services they rendered at the clinic defendants, and the Clinics properly complied with all applicable record keeping requirements. (*Id.* at ¶¶ 5-7, 64, 75, 86.) Yet, as the complaint alleges, the medical directors, including Dr. Gomez-Cortes, failed to perform any of these responsibilities. (*Id.* at ¶¶ 64, 76, 87, 95-96, 110, 134-135, 151, 171-172.) State Farm further alleges Dr. Gomez-Cortes was liable jointly and severally for damages incurred by the State Farm Plaintiffs while he was the medical director of the Pain Relief clinic as a result of his integral role in facilitating the alleged fraud scheme. (*Id.* at ¶¶ 239, 271, 293.)

On December 3, 2018, attorney Sean Ellsworth filed an Answer and Affirmative Defenses to State Farm's amended complaint on behalf of Dr. Gomez-Cortes. (Def.'s Ans., ECF No. 63.) As a result, State Farm served discovery directed to Dr. Gomez-Cortes on Mr. Ellsworth on December 21, 2019 and in doing so provided Mr. Ellsworth a 30-day extension to respond.

After many attempts, and after receiving no response, State Farm set Dr. Gomez-Cortes's failure to respond for a hearing before United States Magistrate Judge Edwin G. Torres. As a result of that May 30, 2019, hearing, the Court entered an order requiring Dr. Gomez-Cortes to provide responses and produce discovery as of the date of his June 18, 2019 deposition. (Order Granting Mot. to Compel, ECF No. 114 (Torres, Mag. J.).) In addition, the Court ordered Dr. Gomez-Cortes to appear for deposition. (*Id.* at 2.) The Court forewarned Dr. Gomez-Cortes that if he "fail[ed] to respond to discovery, appear for his deposition, or produce responsive documents, [he would be] subject to default upon filing of a proper motion by the State Farm Plaintiffs." (*Id.*)

Thereafter, Dr. Gomez-Cortes failed to appear for his properly noticed deposition or respond to any of the discovery propounded on him. In response, on July 3, 2019, and in accordance with Federal Rules of Civil Procedure 37(b)(2)(A)(iv) and Southern District of Florida Local Rule 7.1, State Farm asked the Court to enter a default against Dr. Gomez-Cortes for his repeated failures to respond to and participate in the discovery process, including his violation of this Court's June 13, 2019, order granting State Farm's motion to compel, requiring Dr. Gomez-Cortes to provide discovery responses, produce documents, and attend his deposition under penalty of default. (Pls.' Mot. for Def., ECF No. 123.) A Clerk's default against Dr. Gomez-Cortes followed. (Clerk's Def., ECF No. 146.) Based on that default, the Court strikes Dr. Gomez-Cortes's pleadings.

### 3. Analysis

After reviewing the complaint, the Court finds State Farm's motion due to be granted with respect to its claims against Dr. Gomez-Cortes. State Farm's complaint properly alleges causes of action for violations of FDUTPA and unjust enrichment against Dr. Gomez-Cortes. The complaint alleges Dr. Gomez-Cortes played an essential role in the fraud scheme alleged at Pain Relief. (Am. Compl. at ¶¶ 5-7, 64, 75, 86.) Like the other medical directors, Dr. Gomez-Cortes was responsible for ensuring the bills generated by Pain Relief were not fraudulent or unlawful. He was also responsible for ensuring practitioners rendered care within the scope of their licenses, prescriptions for treatment were properly followed, and that Pain Relief complied with applicable record keeping requirements. (*Id.*) Yet, as set forth above, the operative complaint alleges he did none of those things. (*Id.* at ¶¶ 64, 76, 87, 95-96, 110, 134-135, 151, 171-172.) These well-pleaded allegations against Dr. Gomez-Cortes are deemed admitted.

As set forth in an affidavit attached to State Farm's motion for default judgment, during Dr. Gomez-Cortes's employment, Pain Relief submitted bills

to State Farm misrepresenting the services performed at Pain Relief from April 2013 to the present were lawfully rendered when they were not. (Pls.' Mot. for Def. J., Ex. A, S. Bright Decl. ¶¶ 5-7, ECF No. 360-1.) As a result, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual") tendered payment in the amount of $80,758.10 to Defendant Pain Relief during the time period while Gomez-Cortes was employed as medical director at Pain Relief based on the mistaken belief services rendered at Pain Relief were lawful when they were not. (*Id.* at ¶¶ 6-10.) In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Coors*, 777 F.2d at 1544). Because this amount is capable of mathematical calculation and all essential evidence is already of record, the Court finds Plaintiff State Farm Mutual is entitled to damages in the amount of $80,758.10 from Dr. Gomez-Cortes, jointly and severally with Defendants Pain Relief and Lazaro Muse, as set forth in the Court's summary-judgment order (Summ. J. Order at 28), as a result of his role in causing bills for unlawfully rendered services performed at Pain Relief while he was employed there to be submitted to and paid by Plaintiff State Farm Mutual.

### 4. Conclusion

In accordance with the above, the Court **grants** State Farm's motion for default judgment (**ECF No. 360**). In so doing, the Court awards State Farm Mutual **$80,758.10** against Dr. Gomez-Cortes, jointly and severally with Defendants Pain Relief and Lazaro Muse.

The Court also **strikes** State Farm's third amended complaint (**ECF No. 353**), Medical Wellness, Lazaro Muse, Beatriz Muse, and Santos's answer (**ECF No. 365**), and Dr. Lorites's answer (**ECF No. 366**). Instead, the Court deems State Farm's amended complaint (ECF No. 6) to be amended to eliminate counts one through three and Defendants Drs. Franco and Carrasco from this action without further pleading. Accordingly, the Court directs the Clerk to **terminate Defendants Franco and Carrasco** from the docket.

As this resolves all the remaining claims in this case, the Court **orders State Farm to submit**, on or before **September 17, 2020**, a proposed final judgment to the Court, on the docket and in word.doc format to scola@flsd.uscourts.gov.

In the meantime, the Court directs the Clerk to **administratively close** this case and to remove it from the Court's active docket.

Finally, the Court directs the Clerk to **mail** a copy of this order to the pro

se litigants at the addresses indicated below.

**Done and Ordered** in Miami, Florida, on September 10, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to*:

**Dr. Hugo Goldstraj**
3029 NE 188th Street, Apt. 305
Aventura, Florida 33180

**Dr. Manuel Franco**
13400 SW 83rd Avenue
Miami, FL 33156

**Dr. Angel Carrasco**
29224 SW 142 Place
Homestead, FL 33033

**Dr. Jose Gomez-Cortes**
3400 SW 130th Avenue
Miami, FL 33175