United States District Court
for the
Southern District of Florida

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company, Plaintiff, <br><br> v. <br><br> Health and Wellness Services, Inc. and others, Defendants. | ) ) ) ) ) ) Civil Action No. 18-23125-Civ-Scola ) ) ) ) |

## Order Regarding Magistrate's Report and Recommendation and Judgment for Fees

    United States Magistrate Judge Edwin G. Torres entered a report and recommendation (Rep. & Rec., ECF No. 351) on Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company's (together, "State Farm") verified agreed motion for attorney's fees (Pls.' Fees Mot., ECF No. 346), recommending that the Court grant State Farm's motion in the full amount requested, awarding it a total fee award of one-million dollars. Defendants Lazaro Muse, Beatriz Muse, Noel Santos, Medical Wellness Services, Inc., and Dr. Jesus Lorites (ECF Nos. 348, 349) filed responses to the motion, stipulating that they agreed to both State Farm's entitlement to fees as well as the amount requested. (ECF Nos. 348, 349.) In in its motion, State Farm proffers that, in addition to these Defendants, Defendants Health and Wellness Services, Inc., and Pain Relief Clinic of Homestead, Corp., have also agreed to the award of one million dollars in fees. (Pls.' Fees Mot. at 2.) Although State Farm says it was unable to contact pro se Defendant Dr. Hugo Goldstraj and did not contact Defendant Dr. Jose Gomez-Cortes, apparently because of his defaulted status, Lazaro Muse, Beatriz Muse, Santos, and Medical Wellness Services, Inc., in their response, nonetheless represent that *all* the Defendants have agreed to both entitlement to and the amount of the fee award. (Muse Defs.' Resp. at 1.) In any event, no other Defendant ever responded to State Farm's motion. Additionally, no objections have been filed to the report and recommendation and the time to do has passed. Having considered Judge Torres's report, the record, and the relevant legal authorities, the Court agrees with Judge Torres's report and recommendation that the Plaintiffs are entitled to one-million dollars in fees.

    The Court modifies Judge Torres's report and recommendation, however, to the extent it is silent regarding the apportionment of the award among the

Defendants. In their motion, the Plaintiffs urge the Court to find all the Defendants jointly and severally liable for the entirety of the one-million-dollar award. (Pls.' Mot. at 5.) In support, they point out that "each of the Defendants played an essential role in effectuating the scheme." (*Id.*) The Plaintiffs also present legal authority for the proposition that "[w]hen the trial court makes a finding of joint and several liability, awarding attorneys' fees jointly and severally is appropriate." (*Id.* (citing *Flagstar Bank, FSB v. Hochstadt*, 08-80795-CIV, 2010 WL 1226112, at *2 (S.D. Fla. Mar. 4, 2010) (Hopkins, Mag. J.), *report and recommendation adopted*, 08-80795-CIV, 2010 WL 1257680 (S.D. Fla. Mar. 26, 2010) (Hurley, J.)).) While the Court agrees with much of the Plaintiffs' position, as far as it goes, it finds the Defendants should only be liable, albeit jointly and severally, in proportion to the amounts allocated to them in the final judgment (Judgment, ECF No. 374), including those amounts implicated by the Plaintiffs' claims for declaratory relief. *See Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483, 1488 (11th Cir. 1987) ("A court may decide to award fees in the same proportions as a jury assessed actual damages.") For example, Dr. Gomez-Cortes was found liable, jointly and severally with Lazaro Muse and Pain Relief, for only $80,758.10. (Judgement at ¶ 5.) In contrast, though, Lazaro Muse was found jointly and severally liable, with various combinations of Defendants, for nearly three-million dollars of the final judgment award. (*Id.* at ¶¶ 1–5.) Dr. Gomez-Cortes's liability for the fee award, jointly and severally with Lazaro Muse and Pain Relief, should be limited, therefore, to a proportion equal to the percentage that $80,758.10 represents of the entire award as reflected in the final judgment—again, including the amounts implicated by the declaratory judgment. Based on the relatively small amount of the final-judgment award he is responsible for, to find Dr. Gomez-Cortes jointly and severally liable for the entire one-million-dollar fee award would appear grossly unfair. Accordingly, each Defendant is jointly severally liable for only that portion of the fee award that represents the fraction of the total damage award allocated to that Defendant in the final judgment, including the amounts implicated in the declaratory judgment award.

Accordingly, with that modification, the Court **affirms and adopts** Judge Torres's report and recommendation (**ECF No. 351**). The Court thus **grants in part and denies in part** State Farm's motion for fees (**ECF No. 346**).

Consistent with the above, then, the Court awards **$1,000,000** in fees to the Plaintiffs. The Defendants are jointly and severally liable for their fraction of the fee award in proportion to the relative amount of the total damage award

they are responsible for, as set forth in the final judgment.

**Done and ordered** at Miami, Florida, on September 28, 2020.

_____
Robert N. Scola, Jr.
United States District Judge