UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23125-Civ-SCOLA/TORRES

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE
FARM FIRE AND CASUALTY COMPANY,

   Plaintiffs,

v.

HEALTH AND WELLNESS SERVICES, INC. *et al*,

   Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR COSTS**

This matter is before the Court on State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's (collectively, "Plaintiffs") motion for costs. [D.E. 372]. No response was filed in opposition and the time do so has passed. Therefore, Plaintiffs' motion is now ripe for disposition.

Based upon a full review of the record, Plaintiffs' motion for bill of costs should be **GRANTED** for the full amount requested in the motion – $63,207.92. The motion may be granted based on the lack of opposition under S.D. Fla. Local R. 7.1. In addition, the Court's review of the substantive grounds supporting the motion further shows that Plaintiffs are entitled to the taxable costs included in the motion under 28 U.S.C. § 1920.

The only clarification to add is that – similar to the fee award – the cost award should be proportionate to the amounts allocated in the final judgment. [D.E. 374]; *see also Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483, 1488 (11th Cir. 1987) ("A court may decide to award fees in the same proportions as a jury assessed actual damages.") (citing *Strama v. Peterson,* 561 F. Supp. 997, 1001 (N.D. Ill. 1983)). Each defendant should, in other words, be jointly and severally liable for only that portion of the cost award that represents the fraction of the total damage award allocated to that defendant in the final judgment, including the amounts implicated in the declaratory judgment award. Otherwise, a defendant such as Dr. Gomez-Cortes could be liable for a large cost award even though the final judgment entered against him is relatively small in comparison to the other defendants. Accordingly, it is **RECOMMENDED** that Plaintiffs' motion for costs be **GRANTED** and that an award be proportionate to the relative amount of the total damage award entered against each defendant, as set forth in the Court's final judgment.[1] [D.E. 372].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely

---

[1] Plaintiffs assert that, pursuant to the Local Rules, they communicated in a good faith effort with counsel for all represented Defendants via email on August 17, 2020 and that there was no objection to the relief requested. As for the unrepresented defendants, Plaintiffs state that neither Hugo Goldstraj nor Dr. Gomez-Cortes responded to their correspondence and that Plaintiffs were unable to ascertain their position as to the disposition of the motion.

file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge